MICHAEL FLANNERY (SBN 196266)
mflannery@cuneolaw.com
CUNEO GILBERT & LADUCA, LLP
11620 Wilshire Blvd
Suite 900
Los Angeles, CA 90025
Telephone:  (202) 789-3960
Fax:  (202) 789-1813

Attorneys for Plaintiff

[Additional Counsel on Signature Page]

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **AMY FRIEDMAN, on behalf of herself and all others similarly situated,** | **Case No.:** |
| **Plaintiff,** | **CLASS ACTION COMPLAINT FOR:** |
| **v.** | **1. BREACH OF WARRANTY** |
| **GUTHY-RENKER LLC,** | **2. VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW, Business & Professions Code §17200** *et seq.* |
| **Defendant.** | **3. VIOLATION OF CALIFORNIA FALSE ADVERTISING LAW, Business & Professions Code §17500** *et seq.* |
| | **4. VIOLATION OF THE FLORIDA UNFAIR AND DECEPTIVE TRACE PRACTICES ACT;** |
| | **5. COMMON COUNTS/ASSUMPSIT** |
| | **6. NEGLIGENCE—FAILURE TO WARN;** |
| | **7. NEGLIGENCE—FAILURE TO TEST; and** |
| | **8. STRICT PRODUCTS LIABILITY.** |
| | **DEMAND FOR JURY TRIAL** |

## NATURE OF THE ACTION

Plaintiff Amy Friedman ("Plaintiff" or "Friedman"), on behalf of herself and all others similarly situated, by her undersigned attorneys, alleges as follows:

1. This is a class action brought by Plaintiff, on behalf of herself and other similarly situated persons, against Guthy-Renker LLC ("Guthy-Renker" or "Defendant"). Plaintiff seeks damages and equitable remedies for herself and the Class (defined in ¶ 31, below), which includes consumers who have purchased WEN Cleansing Conditioner haircare products, in the following variations: Sweet Almond Mint, Lavender, Pomegranate and Summer Honey Peach ("WEN Cleansing Conditioner" or the "Products").

2. As described below, an inherent design and/or manufacturing defect in Defendant's WEN Cleansing Conditioner causes significant hair loss. Defendant provides no warning about this consequence and, in fact, makes numerous assertions about the gentle nature of the product. For example, on its website, Defendant makes statements such as, "WEN® is gentle enough to use every day" and "WEN® isn't like an ordinary shampoo so you want to use more of it, not less. You can never use too much! The more you use, the better the results." These statements and others were and are false and have harmed Plaintiff and the Class. As a result of the defective nature of the Products, they were and are unfit for their intended use and purpose.

3. Once the hair loss caused by WEN Cleansing Conditioner begins it can often continue for weeks before abating, even if the consumer immediately discontinues use of the product. The hair loss is not *de minimus*—consumers who suffer hair loss often lose one quarter to one third of their hair, or more. As a result, beyond the cost of the Products, consumers are forced to undertake a variety of costly efforts to regain their hair and mask the ill effects of the Products.

1

Plaintiff has suffered injury in fact and loss of money or property as the result of her use of WEN Cleansing Conditioner.

4.     This action arises from Defendant's failure, despite its longstanding knowledge of a material design defect, to disclose and/or warn Plaintiff and other consumers that WEN Cleansing Conditioner can and does cause substantial hair loss.  Indeed, not only did Defendant fail to warn consumers, it actively concealed customers' comments concerning hair loss, by blocking and/or erasing such comments from the WEN Facebook page.

5.     Further, based on inherent defects in the formula and/or manufacture of the WEN Cleansing Conditioner, Defendant knew or should have known that its warranties were being breached by the hair loss caused by the Products.  Defendant knew or should have known that Plaintiff and Class members would suffer damages as the result of the hair loss caused by WEN Cleansing Conditioner. Defendant concealed these facts from Class members, including Plaintiff. Defendant's failure to disclose this defect about which it knew or should have known constitutes both an actionable misrepresentation and an unfair, unlawful, fraudulent, and deceptive business practice.

6.     Plaintiff and other Class members have been damaged by Defendant's concealment and non-disclosure of the defective nature of the Products, because they were misled into purchasing WEN Cleansing Conditioner of a quality and value different than they were promised.  Guthy-Renker has known about this issue for at least four years as the result of public complaints.  Guthy-Renker also knew or should have known about the hair loss issues caused by WEN Cleansing Conditioner as the result of pre-release formulation and testing.  Notwithstanding these complaints, Defendant has failed and/or refused to provide an adequate remedy.

7.     Perhaps most striking about this situation is Defendant's clear and unambiguous knowledge of the hair loss caused by WEN Cleansing Conditioner. After complaining about hair loss caused by WEN Cleansing Conditioner to the United States Food and Drug Administration, Plaintiff received electronic communications from Defendant's consumer affairs department.  One of these emails included more than two dozen comprehensive questions concerning Plaintiff's use of WEN Cleansing Conditioner.  Discovery in this litigation will undoubtedly demonstrate that Defendant formulated these questions long ago and has repeatedly used them with complaining consumers.  Plaintiff subsequently received communications from Defendant's apparent insurer, Chubb.  Rather than address this systemic problem, Defendant is apparently attempting to payoff consumers on the cheap, sweep this problem under the rug and continue its lucrative business selling its defective WEN Cleansing Conditioner.

8.     Despite notice and knowledge of the problems caused by WEN Cleansing Conditioner from the numerous consumer complaints it has received, information from third parties (including the United States Food and Drug Administration), Guthy-Renker has not recalled the WEN Cleansing Conditioner, or offered its customers proper compensation for their damages.

9.     Had Plaintiff and other Class members known about the problems caused by WEN Cleansing Conditioner at the time of purchase, they would not have bought them.

10.     As a result of Defendant's practices, Plaintiff and the other Class members have suffered injury in fact, including economic damages.

11.     Plaintiff therefore brings this action on behalf of herself and a proposed Class of similarly situated purchasers of Guthy-Renker's WEN Cleansing Conditioner.

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §1332 of the Class Action Fairness Act of 2005 because: (i) there are 100 or more class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and (iii) there is minimal diversity because at least one plaintiff and defendant are citizens of different states.  This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

13.     Venue is proper in this District pursuant to 28 U.S.C. §1391 inasmuch as the unlawful practices are alleged to have been directed from this District. Specifically, Defendant Guthy-Renker has its principal place of business in this District, and Defendant regularly conducts and directs its business in and from this District.

## PARTIES

14.     During all times relevant to this suit, Plaintiff, Amy Friedman ("Friedman" or "Plaintiff"), has been a resident of the State of Florida, and currently resides in St. Petersburg, Florida.

15.     Defendant Guthy-Renker is an American corporation whose principal place of business is located at 3340 Ocean Park Blvd, Santa Monica, California. At all times relevant to this complaint Defendant has transacted business in this judicial district and has directed its international operations from this district throughout the United States and the world.

## COMMON FACTS

16.     At all relevant times herein, Defendant has developed, manufactured, marketed, sold and distributed WEN Cleansing Conditioner throughout the United States.

17.    On its website (www.guthy-renker.com) Defendant bills itself as "direct marketing pioneers" and "one of the largest and most respected direct marketing companies in the world, with distribution in 68 countries."  Defendant's website also indicates it has been in operation since 1988.  Defendant sells its products predominantly through celebrity-driven infomercials.    The strong majority of Defendant's sales occur by phone.  Guthy-Renker is best known for its promotion and sale of Proactiv Solution, but it sells six other beauty-related products—including WEN haircare products.

18.    In its marketing materials and on the website for WEN haircare products (www.wen.com), Defendant makes a variety of false and/or misleading statements about WEN Cleansing Conditioner, including, but not limited to, the following:

It seems like I'm using a lot of product. Can I use too much?
WEN® isn't like an ordinary shampoo so you want to use more of it, not less. **You can never use too much! The more you use, the better the results**.

(emphasis added).

Should I use the Cleansing Conditioner every day?
That's up to you. Some people like to wash their hair daily. Others will go a day or two between washings. Although **WEN® is gentle enough to use every day**, if you don't, you can combine 4-6 pumps of Cleansing Conditioner with a quarter-size amount of Styling Creme in a spray bottle with water. Shake vigorously to mix completely. Spritz it on 12-18 inches above hair to provide a light mist. Shake out and restyle or fluff up your hair!

(emphasis added).

Rinse hair thoroughly. Apply WEN® into your palms and rub together. Use 10-16 pumps for short hair, 16-24 for medium length hair and **24-32 pumps for long hair. If your hair is longer/thicker you may need to increase the amount of pumps**.

(emphasis added).

Apply to scalp and hair, adding a splash of water to evenly distribute. WEN® has no harsh detergents or sodium lauryl sulfate, so it won't lather. **Massage thoroughly into hair and leave on for the remainder of your shower.**

5

(emphasis added).

> "**WEN® Cleansing Conditioner** is a revolutionary new concept in hair care. A 5-in-1 formula, this one product takes the place of your shampoo, conditioner, deep conditioner, detangler and leave-in conditioner. **It cleanses hair thoroughly without lathering or harsh ingredients. It's designed not to strip your hair and scalp of natural oils, leaving your hair with more strength, moisture, manageability and better color retention.**

(emphasis added).

19.     The emphasized statements, among others, were and are false and/or misleading.   Defendant expressly tells consumers to use huge amounts of the product, reinforcing these statements with assertions that the product is gentle and you cannot possibly use too much.  Defendant encourages consumers to leave the product in their hair for long periods and fails to provide direct instructions concerning the duration of application.    Indeed, Defendant also encourages consumers to leave small amounts of the product in their hair as a "leave-in conditioner" and not wash it out at all.  In reality, use of Defendant's product can and does cause significant hair loss when used in accordance with Defendant's limited instructions.

20.     Due to Defendant's false and misleading statements, Class members purchased WEN Cleansing Conditioner with no reason to suspect or know the dangers occasioned by use of the Products.  Not until hair loss began could a Class member have any reason to suspect that WEN Cleansing Conditioner is defective, and even then might not immediately make the connection.

21.     Rather than acknowledging the dangers of using WEN Cleansing Conditioner, Defendant further reinforces its false statements with summary of a patently misleading "study".  Defendant states:

In a 3-week study of users of WEN® Cleansing Conditioner†, up to:

100% said hair was more moisturized!

97% noticed that WEN® added more shine!

95% reported that hair became more manageable

Defendant goes on to state below (in smaller print) that these results are not typical.  If the results are not typical, what purpose does this information serve, other than to mislead potential consumers into purchasing Defendant's defective product?

22.    As the direct and proximate result of Defendant's false and misleading statements, Plaintiff and Class members have suffered injury in fact and a loss of money or property through the out-of-pocket costs expended to purchase the WEN Cleansing Conditioner, as well as the costs of mitigating the hair loss occasioned by Defendant's products.

23.    By marketing, selling and distributing WEN Cleansing Conditioner from California to purchasers throughout the United States, Defendant made actionable statements that WEN Cleansing Conditioner was free of defects in design and/or manufacture, and that it was safe and fit for its ordinary intended use and purpose.

24.    By marketing, advertising, selling and distributing WEN Cleansing Conditioner from California to purchasers throughout the United States, Defendant made actionable statements that the ordinary use of the WEN Cleansing Conditioner would not involve undisclosed safety risks.  Further, Defendant concealed what it knew or should have known about the safety risks resulting from the material defects in design and/or manufacture.

25.    Defendant engaged in the above-described actionable statements, omissions and concealments with knowledge that the representations were false and/or misleading, and with the intent that consumers rely upon such concealment, suppression and omissions.  Alternatively, Defendant was reckless in not knowing that these representations were false and misleading at the time they were made. Defendant had exclusive access to data and research conducted prior and during

the design and manufacture phase of the development of WEN Cleansing Conditioner that Plaintiff and Class members could not and did not review.

## PLAINTIFF'S EXPERIENCE

26.    After viewing advertisements for WEN Cleansing Conditioner espousing its safe, innovative and gentle qualities, on or about January 29, 2014, Plaintiff, Amy Friedman, purchased the Sweet Almond Mint basic kit directly from Defendant for a price of $29.95.  Plaintiff had previously used organic shampoos and conditioners, which never caused abnormal hair loss.  At no time did Defendant provide Plaintiff any warnings concerning the potential dangers of using WEN Cleansing Conditioner.

27.    Within two weeks of beginning use of her WEN Cleansing Conditioner, Plaintiff began losing substantial and abnormal amounts of hair. Plaintiff discontinued use, but the hair loss continued for approximately three more weeks.  Ultimately, Plaintiff lost one quarter to one third of the hair on her head. As a result, Plaintiff, a nurse practitioner by profession, was forced to expend substantial sums on vitamins and supplements to attempt to regrow her very long hair.  Additionally, Plaintiff was forced to undertake expensive cosmetic solutions, such as hair extensions, to mask the hair loss.

## ADDITIONAL COMMON FACTS

28.    Plaintiff's experiences are by no means isolated or outlying occurrences.  Indeed, the internet is replete with examples of blogs and other websites where consumers have complained of the exact same issues with WEN Cleansing Conditioner.   A very small sample[1] of the numerous online complaints—dating back several years—appears below:

---

[1] Typographical and grammatical errors in the excerpted complaints have not been corrected and remain as originally written.

- **http://community.qvc.com/forums/wen/topic/305237/hair-loss-after-using-wen-products.aspx**

  **Hair Loss After Using Wen Products**
  Started 07/08/2012 at 10:26 AM in WEN | Last reply 11/15/2013 at 4:03 AM by racerrn

  I'm posting this note after losing massive amounts of hair in patches mostly at the crown of my head, with smaller bald patches all over my scalp. Early this year (2012) I purchased the Wen introductory package (cleanser, deep conditioner, styling creme, styling balm [stick] and a comb) with the auto 30-day refill. Almost immediately after using the product I noticed huge amounts of hair caught in the drain (the water in my shower built up to my ankles so I checked the drain and found a handful of hair -- much more than I've EVER lost at one time). I didn't make the connection between the natural Wen product and my hair loss and honestly didn't think anything of it until I went to get my long, curly hair cut/shaped and was told by the stylist that I had 'alopecia.' I've never had any problem with hair loss and only the regular 'shedding.' This loss of hair was way behind the regular shedding. The stylist showed me a 2" patch at the crown of my head with smaller patches in the area. I located an additional 5 patches around my scalp. After a tugging feeling that the Wen could be the root of my problem, I checked the internet for 'hair loss after using wen' and found many reports of hair loss similar to mine. And the majority of them sound like my experience. For the record, I haven't had any medical issues, dietary changes, lifestyle changes since the onset of hair loss and the only behavioral change I've made is adding Wen to my hair care routine.
  A word of warning to those of you about to purchase WEN Cleansing Conditioner: Wen is a dangerous product.

- **http://womenshair.about.com/u/reviews/products/Wen-Haircare-Products/DO-NOT-BUY-WEN-Made-My-Hair-Fall-Out-With-One-Use.htm**

  **My Review**
  My husband bought this as a birthday gift for me after he overheard me talking to about a friend about it. I only used it once, but that was enough for me. In my first use I lost 100x's the amount of hair than I do in an average shower. I was literally pulling clumps of hair out of my head and I had hair balls running down my legs into the shower drain.
  I look online and found horror stories about people losing so much hair that they were balding and lawsuits of people trying to recup costs from dermatology appointments to try and get there hair back.
  I called the mall kiosk where I bought it and the cashier said, "I've got to tell you, this isn't the first time someone's returned the product and complained that their hair was falling out.
  I would NEVER recommend this product and I wonder how these people can sleep at night with so many people complaining about this problem.

- **http://womenshair.about.com/u/reviews/products/Wen-Haircare-Products/Very-Angry-About-Hairloss-from-WEN.htm**

  **My Review**
  I used Wen hair care for the first time and it was good till the next week. I washed my hair and it was coming out. Wen hair thinned my hair and made

it frizzy. I noticed it right away. I'm so upset! I am African American with long hair, untill I used this mess and thinned my hair!

- **http://womenshair.about.com/u/reviews/products/Wen-Haircare-Products/My-Hair-is-Lifeless-and-Thinning-After-Using-WEN.htm**

   **My Review**
   At first I really liked this product. Then I noticed my hair was feeling greasy and heavy. Now my hair is falling out in gobs daily. I would not recommend this product. My hair is now thinning so bad you can see my scalp. It is lifeless and lusterless.

- **http://womenshair.about.com/u/reviews/products/Wen-Haircare-Products/WEN-Caused-Immeidate-Hair-Loss-for-Me.htm**
   **My Review**
   Note: I have very delicate hair!
   The first wash was amazing! Then the next 3 times (without using any other products) there was massive hair loss. I would put in the conditioner and when I ran my fingers through it to distribute it took me a full minute to get all the hair that had fallen out off my fingers. Then I would see random FULL LENGTH hair floating around my car, my desk, and in my eyes.
   I stopped using it after the 4th day. Today I received an email asking how I like the product.
   After reading other reviews I will be on the phone with them first thing in the morning for a FULL refund. And if they dare try to charge me for the membership....don't get me started.

- **https://getsatisfaction.com/wenbychazdean/topics/wen_causes_hair_to_fall_out_that_cant_be_true**

   ○   **mish** 1 year ago
   Craig,
   YOU can contact me about my hair loss after using WEN! I have suffered hair loss and breakage! I have been using WEN for about 8 months. Thought I was using a safe & healthy product! Saw my Drs. and all tests are normal, nothing in my recent blood work or physical that would point to hair loss! Never made the connection to WEN until I MADE my POOR husband use it , thinking I was doing a good thing! THEN, he suffered hair loss!!!!!!! So TODAY, I googled WEN & Hair loss! I was floored when I saw the MANY complaints of Hair Loss and WEN! Many were told by dermatologists that WEN causes blocked hair follicles. What is most alarming is that people have reported that their hair still has not returned to normal even after stopping the use of WEN! I find that disturbing! They also said that reported that to the FDA
   ○   **snucif@aol.com** 1 year ago

> Started using Wen cleansing Conditioner about 6 or 7 months ago, I bought a package deal on QVC now my thin hair is even thinner and my son says you can see a bald spot in the back! I am going to stop using it.

- **http://wen-haircare.pissedconsumer.com/beware-using-wen-shampoo-hair-loss-20120818340078.html**

sunshine2daI've seen the commercials and thought why not try it because it seems to have a nice effect on hair and felt that my hair could even look better.I was shocked to see after the first wash SO MUCH HAIR IN THE SHOWER.

I have never experienced that in my life. I immediately called company and gal I spoke with advised to keep using with the conditioner as she had lost hair too the first time as it was just kicking out old stuff. I wanted to believe and used again with the conditioner and gobs of hair falling out. I stopped and it has been a month and shedding,shedding, shedding.

I hate to wash my hair as there is so much fall out and now I'm stressed which doesn't help.I only wish I would have read all the other people that are losing their hair with this horrible product.

**HumbleOpinion Jun 02**
I have very thick, healthy, never-colored hair. My overall health is excellent and I am not on any medications. I can confirm that Wen causes hair loss! Just Friday, after a limited trial of Wen, I had hair falling out in the shower. I have never exerienced anything like this in my life. I have not washed my hair since Friday and am frankly fearful of showering! Wen is an awful product - do not tell someone with handfuls of lost hair how much you love Wen!!!

**Thinning Jan 09**
Loved the product at first, but after 8 months, I have lost hair in two spots as well as at the front hairline. I am sad, my hair has always been thick and pretty. I can only pray that after discontinuing usage, maybe it will grow back. Be aware, not a good thing to use.

**COUNT I hate deception Oct 20, 2013Winston Salem, North Carolina**

I used wen on the advice of a family member. I started getting sores on my scalp and my hair came out. There is something in it that causes an infection of the hair follicles, thus the hair falls out. stop using and see a dermatologist.

- **http://www.consumeraffairs.com/cosmetics/wen.html**
Sherry of Sumter, SC on July 5, 2014
I have tried two different types (mint, fig) and the first couple of days my hair was soft, and after a week, my hair was falling out in clumps. My

husband always would ask me "are you okay, I keep finding your hair in the bathroom"..

I promise you as I was washing my hair, clumps would come out in my hands. I called and cancelled and even told them I didn't want a refund (didn't want to go through the hassle of refunds with them after reading reviews). I still had to pay for the next shipment and called American express and they had any new payments after my initial shipment stopped. I am the type of person that I don't believe everything I read without proof and I am telling you the reader this is the honest truth. This was my experience with Wen and the last. I hope this will help somebody even if it's just one. Thank You for your attention...

- **http://www.consumeraffairs.com/cosmetics/wen.html**
Nancy of Dunsford, ON
I started using the WEN Sweet Almond Cleansing Conditioner about 6 weeks ago. I have naturally curly hair that is very fine, just past my shoulders. I used the conditioner as directed 3-4 times a week. Soon after I noticed considerable hair loss. I comb my hair when wet in shower which was filled with hair. My drain full. I thought maybe it was a nutritional imbalance. However, I supplement with Biotin for hair growth and never had a problem with hair loss in past. I spoke to a friend who mentioned she heard that Wen users were complaining of the same. Coincidence? I think not.

- **http://www.consumeraffairs.com/cosmetics/wen.html**
cheryl of Youngstown, OH
I order 5 bottles of wen cleansing conditioners because my aunt got me one for Christmas and at first it worked great so I got more. Then my hair started just falling out. I mean bad. I'm bald in spots. I stopped using it and hair still not quite right. There's got to be something done. My hair was so nice and long now it looks like **. I'm going to talk to a lawyer because I don't even want to leave the house anymore. Thanks to wen by Chaz Dean.

- **http://www.complaintsboard.com/complaints/wen-hair-care-c523263.html**
I purchased this product and after 2 weeks my hair started falling out, let me first say I have no medical issues and this is not normal hair shedding, I didn't connect the hair loss to the wen at first, until a friend said do you think it's the wen, so I googled wen hair loss and there are many women that have had the same reaction, and before some of you wen lovers comment, some women after several months are now having the same results (hair loss), I have contacted the fda and you need to call this number to report it 1-800-332-1088, I went to the wen facebook page and women posting they have hair loss was removed and blocked from commenting, if I would of seen some of these comments my hair would be on my head and not in the trash, it was healthy now it's like straw and brittle, I have stopped using wen over a week now, the hair loss is not as bad, but the damage is done and over half my hair is gone ...please report to the fda and the BBB, don't let them keep selling this to others, save someone from this, wish I had found web sites before I started using it!!!

- **http://katieelizabethchicago.blogspot.com/2013/12/back-wen.html**
Until... my hair started falling out.  At first, I had no idea what it was from. It wasn't alarmingly falling out so I just figured I was just "shedding" more

than normal.  When it continued for quite a while, I decided it had to be something I was using.  I'm always trying new products so I cut out every single styling product that I was using to see if that made a difference. When it didn't and all I was using was the Wen, I decided to do some research.  All you have to do is Google Wen and you'll find tons of articles on Wen + hair loss.  And sadly, it's true for me.  As soon as I stopped using my beloved Wen, the hair stopped coming out in handfuls.

So this is my warning to women - it's NOT worth it!!  I know not everyone has this problem when they use Wen, but why risk it?  There are so many other great options out there that WON'T possibly make your hair fall out!! Check out these articles on Wen hair loss if you're considering trying it:
Wen Shampoo Causes Hair Loss. Do Not Use!
QVC Community on Wen Hair Loss
Wen Products Caused Hair Loss and Damage

- **http://forum.purseblog.com/the-beauty-bar/wen-hair-care-thoughts-466693.html**
I used it for a while, and it did make my hair feel soft. However, I SWEAR it felt like I was loseing hair. I know we all lose a certain amount through out the day, but this felt like a lot. I was in the shower rinseing (keep in mind you have to do a TON of rinseing with this stuff) and I felt something hit my thigh. I looked down, and I kid you not, it was a HUGE wad of my hair!!! I FREAKED after that, and have not touched it since!

- **http://forum.purseblog.com/the-beauty-bar/wen-hair-care-thoughts-466693.html**
OK - SAME for me. I was using the fig. At first it was great. My hair was softer, color held longer (I have fairly thick red color-treated past shoulder length hair). Then I noticed tons of hair by the drain, clumps of it on my skin, just like the quote above. My hair was definitely thinner around my bangs - I freaked out. I wrote to WEN, they answered me with some bs quote - you lose up to 100 hairs a day, medication use (I don't), ageing (I'm not that old). I told them I wasn't looking for compensation, just giving them information and they should quite defending themselves. I was using the Fig because I really like that smell. I am back to my Pureology and am hoping my hair will be restored to its original awesomeness before the Wen.

- **http://forum.purseblog.com/the-beauty-bar/wen-hair-care-thoughts-466693-2.html**
I've been scouring my life and focusing on staying calm while I try to figure out why I, someone with thick hair who has to get it thinned (and my mother still does at the age of 67!), have lost 50% of my hair in the past two weeks! I'm a bit baffled as I am, in general, feeling pretty good.

Out of my research, it says to consider what medication and actions one has done in the past four months. Well, one thing is I started using this all "Natural" WEN Cleansing Conditioner almost exactly four months ago! I come here and see that some others are also describing the same kinds of sudden, significant and scary amounts of hair falling out.

Two weeks ago, I was using the stuff, combing it through my hair in the shower and was shocked to see how much hair I saw in the drain and in the comb and for the past two weeks have been trying to figure out this miserable corundum.

Unfortunately I had just ordered a new supply, but I will never use the stuff again! This has been an unnecessary and very stressful experience. And I'm going to submit this to the FDA as this is a very rough side effect for women.

- **http://forum.purseblog.com/the-beauty-bar/wen-hair-care-thoughts-466693-3.html**

I started using Wen a few months ago and started noticing my hair falling out in handfuls. I also started noticing a significant amount of hair breakage. I have a lot of hair normally and the amount of hair loss is quite noticeable. I stopped using the product when I suspected that it was what might be causing the thinning hair and hair loss. As soon as I stopped the Wen the hair stopped falling. I am waiting to see when hair will start growing back.

It also happened to my daughter, and when she stopped using it it started growing back.

- **http://forum.purseblog.com/the-beauty-bar/wen-hair-care-thoughts-466693-3.html**

I tried it also and at first loved it, but then my hair started falling out as well. I didnt realize until the second time that, that was what was making my hair fall out. Stopped using it and my hair has stopped falling out. I am glad I googled my hunch and found this forum, because I thought something was wrong with me! I also had a painful to the touch lump on my head.

29.    In addition to blog complaints, YouTube features numerous videos also documenting hair loss caused by WEN Cleansing Conditioner.  The problems experienced by Plaintiff are neither isolated, nor unique.  Indeed, this problem is rampant, and rather than acknowledge this serious issue, Defendant is concealing it in order to continue selling the product and reaping windfall profits.

## CLASS ALLEGATIONS

30.    Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

31.    Plaintiff brings this action on her own behalf, and on behalf of the following Classes pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), and/or 23(b)(3). Specifically, the Classes consist of each of the following:

**National Class:**

All persons or entities in the United States who purchased WEN Cleansing Conditioner from August 1, 2009 to the present.

14

Or, in the alternative,

**Florida Class:**

All persons or entities in Florida who purchased WEN Cleansing Conditioner from August 1, 2009 to the present.

32.     Together, the National and Florida Classes shall be collectively referred to herein as the "Class."  Excluded from the Class are Defendant, its affiliates, employees, officers and directors, persons or entities that purchased the WEN Cleansing Conditioner for purposes of resale, and the Judge(s) assigned to this case.

33.     Plaintiff reserves the right to amend or modify the Class definitions in connection with a motion for class certification or as warranted by discovery.

34.     This action has been brought and may properly be maintained on behalf of the Class proposed herein under the criteria set forth in Federal Rule of Civil Procedure 23.

35.     <u>Numerosity</u>:  Plaintiff does not know the exact size or identities of the proposed Class, however, Plaintiff believes that the Class encompasses many thousands or tens of thousands of individuals who are dispersed geographically throughout the United States.  Therefore, the proposed Class is so numerous that joinder of all members is impracticable.  Class members may be notified of the pendency of this action by mail and/or electronic mail, supplemented if deemed necessary or appropriate by the Court by published notice.

36.     <u>Existence and Predominance of Common Questions of Fact and Law</u>: There are questions of law and fact that are common to the Class, and predominate over any questions affecting only individual members of the Class.  The damages sustained by Plaintiff and the other members of the Class flow from the common nucleus of operative facts surrounding Defendant's misconduct.  The common questions include, but are not limited to the following:

a.    whether  Defendants failed to comply with their warranties;

b.    whether WEN Cleansing Conditioner causes hair loss;

c.    whether WEN Cleansing Conditioner contains a design defect;

d.    whether and when Defendant had exclusive knowledge of but failed to disclose the existence and cause of the defect in WEN Cleansing Conditioner;

e.    whether Defendant's conduct violated the Florida Unfair and Deceptive Trade Practices Act;

f.    whether Defendant's conduct violated the California Unfair Competition Law;

g.    whether Defendant's conduct violated the California False Advertising Law;

h.    whether Defendant's conduct constituted a breach of applicable warranties and/or gives rise to claims in assumpsit;

i.    whether, as a result of Defendant's omissions and/or misrepresentations of material facts, Plaintiff and members of the Class have suffered an ascertainable loss of monies and/or property and/or value;

j.    whether Plaintiff and Class members are entitled to monetary damages and/or other remedies and, if so, the nature of any such relief.

37.   <u>Typicality</u>:  All of Plaintiff's claims are typical of the claims of the Class since each Class member was subject the same common inherent defect in the Products.   Furthermore, Plaintiff and all members of the Class sustained monetary and economic injuries including, but not limited to, ascertainable loss arising out of Defendant's wrongful conduct.   Plaintiff is advancing the same claims and legal theories on behalf of herself and all absent Class members.

38.     Adequacy:  Plaintiff will fairly and adequately represent the interests of the Class.  She is committed to the vigorous prosecution of the Class' claims and has retained attorneys who are qualified to pursue this litigation and are experienced in class action litigation.

39.     Superiority:  A class action is superior to other methods for the fair and efficient adjudication of this controversy.  While substantial, the damages suffered by each individual Class member do not justify the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct.  Further, it would be virtually impossible for the members of the Class to individually and effectively redress the wrongs done to them.  A class action regarding the issues in this case does not create any problems of manageability.  The class action device presents far fewer management difficulties than alternative methods of adjudication, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

40.     In the alternative, the Class may be certified because:

a.     the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual Class members which would establish incompatible standards of conduct for Defendant;

b.     The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of the other Class members not parties to the adjudications, or substantially impair or impede the ability to protect their interests; and

c.    Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the members of the Class as a whole.

## VIOLATIONS ALLEGED

## COUNT I

## BREACH OF WARRANTY

41.    Named Plaintiff repeats and re-alleges every allegation in paragraphs 1-40, as if set forth herein in full.

42.    Defendant sold WEN Cleansing Conditioner in its regular course of business.  Plaintiff and Class members purchased the Products.

43.    The Products are "consumer products" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(1), and California and Florida law, respectively.  WEN Cleansing Conditioner costs more than five dollars.

44.    Plaintiff and Class members are "consumers" and "buyers" within the meaning of the Magnuson-Moss Act, 15 U.S.C. § 2301(3) and California and Florida law, respectively.

45.    Defendant is a "supplier" and "warrantor" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(4) – (5).  Defendant is also a "manufacturer" and "seller" within the meaning of California and Florida law, respectively.

46.    Defendant made promises and representations in an express warranty provided to all consumers, which became the basis of the bargain between Plaintiff, Class members and Defendant.

47.    Defendant's written affirmations of fact, promises and/or descriptions as alleged are each a "written warranty".  The affirmations of fact, promises and/or descriptions constitute a "written warranty" within the meaning of the

Magnuson-Moss Act, 15 U.S.C. §2301(6).

48.    By placing such products into the stream of commerce, by operation of law including Section 2314 of the California Commercial Code, the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301 *et. seq.*, and comparable Florida law, including FLA. STAT. § 672.314,  and such other applicable state laws, Defendant also impliedly warranted to Plaintiff and Class members that WEN Cleansing Conditioner were of merchantable quality (*i.e*., a product of a high enough quality to make it fit for sale, usable for the purpose it was made, of average worth in the marketplace, or not broken, unworkable, contaminated or flawed or containing a defect affecting the safety of the product), would pass without objection in the trade or business, and were free from material defects, and reasonably fit for the use for which they were intended.

49.    Defendant breached all applicable warranties because WEN Cleansing Conditioner suffers from a latent and/or inherent defect that causes it to produce substantial hair loss, rendering WEN Cleansing Conditioner unfit for its intended use and purpose.  This defect substantially impairs the use, value and safety of WEN Cleansing Conditioner.

50.    The latent and/or inherent defect at issue herein existed when the WEN Cleansing Conditioner left Defendant's possession or control and was sold to Plaintiff and the Class members.  The defect was undiscoverable to Plaintiff and the Class members at the time of purchase of the WEN Cleansing Conditioner.

51.    All conditions precedent to seeking liability under this claim for breach of express and implied warranty have been performed by or on behalf of Plaintiff and others in terms of paying for the goods at issue.  Defendant having been placed on reasonable notice of the defect in the Products and breach of the warranties, and has had an opportunity for years to cure the defect for Plaintiff and

all Class members, but has failed to do so.

52.    Defendant was on notice of the problems with the WEN Cleansing Conditioner based on the complaints it received directly from Plaintiff and Class members, and from the plethora of public complaints.

53.    Defendant breached its express and implied warranties, as WEN Cleansing Conditioner did not contain the properties Defendant represented.

54.    Defendant's breaches of warranty have caused Plaintiff and Class members to suffer injuries, paying for defective products, and entering into transactions they would not have entered into for the consideration paid.  As a direct and proximate result of Defendant's breaches of warranty, Plaintiff and Class members have suffered damages and continue to suffer damages, including economic damages in terms of the cost of WEN Cleansing Conditioner and the cost of efforts to mitigate the damages caused by same.

55.    As a result of the breach of these warranties, Plaintiff and Class members are entitled to legal and equitable relief including damages, costs, attorneys' fees, rescission, and/or other relief as deemed appropriate, for an amount to compensate them for not receiving the benefit of their bargain.

## COUNT II

## VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW, BUSINESS AND PROFESSIONS CODE § 17200, *et seq.*

56.    Named Plaintiff repeats and re-alleges every allegation in paragraphs 1-40 as though fully set forth at length herein.

57.    Business & Professions Code § 17200, *et seq.* prohibits acts of "unfair competition", which is defined by Business & Professions Code § 17200 as including any "any unlawful, unfair or fraudulent business act or practice . . . ."

58.    Defendant has engaged in unfair competition and unfair, unlawful or fraudulent business practices by the conduct, statements, and omissions described

above, and by concealing from Plaintiff and Class members the material fact that WEN Cleansing Conditioner causes substantial hair loss.  Defendant should have disclosed this information because it was in a superior position to know the true facts related to this defect, and Plaintiff and Class members could not reasonably be expected to learn or discover the true facts related to the defect prior to their purchases.

59.    These acts and practices have also deceived Plaintiff and are likely to deceive reasonable consumers targeted by such statements and omissions.  In failing to disclose this material defect and suppressing other material facts from Plaintiff and Class members, Defendant breached its duties to disclose these facts, violated the UCL, and caused injuries to Plaintiff and Class members.  The omissions and acts of concealment by Defendant pertained to information material to Plaintiff and Class members in that it would have been likely to deceive them based on reasonable consumer's expectations and assumptions based on the safety-related nature of this defect.

60.    The injuries suffered by Plaintiff and Class members are also greatly outweighed by any potential countervailing benefit to consumers or to competition.  Nor are they injuries that Plaintiff and Class members should or could have reasonably avoided.

61.    Plaintiff seeks to enjoin further unlawful, unfair and/or fraudulent acts or practices by Defendant, to obtain restitutionary disgorgement of all monies and revenues generated as a result of such practices, and all other relief allowed under Cal. Bus. & Prof. Code § 17200.

//

//

//

//

## COUNT III

## VIOLATION OF THE CALIFORNIA FALSE ADVERTISING LAW, BUSINESS AND PROFESSIONS CODE § 17500, *et seq.*

62. Named Plaintiff repeats and re-alleges every allegation in paragraphs 1-40 as though fully set forth at length herein.

63. In violation of California Business & Professions Code § 17500, *et seq.*, Defendant has disseminated or caused to be disseminated deceptive advertising misrepresentations, omissions and practices, including the statements referenced, *inter alia*, in paragraph 18, *supra*. These statements are actionable violations of § 17500 in that Defendant expressly states that WEN Cleansing Conditioner have attributes, which they do not possess.

64. Defendant's advertising misrepresentations, omissions, and practices made in connection with the sale of WEN Cleansing Conditioner are unfair, deceptive and/or misleading within the meaning of California Business & Professions Code § 17500, *et seq.* These representations are likely to deceive reasonable consumers.

65. In making and disseminating the statements alleged herein, Defendant knew or should have known that the statements were and are misleading or likely to mislead for the reasons set forth above.

66. As detailed above, Plaintiff suffered injury in fact and a loss of money or property as a result of Defendant's acts and practices, which violate § 17500, *et seq.*

67. Pursuant to California Business & Professions Code § 17535, Plaintiff and members of the Class seek, and are entitled to:

    a. an order enjoining Defendant from continuing to make false and misleading statements concerning WEN Cleansing Conditioner;

b.    restitution and disgorgement of any and all excessive amounts paid to Defendant or its agents;

c.    equitable relief pursuant to Cal. Code of Civil Procedure § 384;

d.    pre- and post-judgment interest at the highest rate allowable by law; and

e.    payment of attorney's fees and costs pursuant to, *inter alia*, Cal. Code of Civ. Proc. § 1021.5, the common fund and private attorney general doctrines.

68.    As a result of Defendant's violations of the false advertising statute, Plaintiff and Class members are entitled to equitable relief as the Court deems appropriate.

## COUNT IV

### VIOLATION OF THE FLORIDA UNFAIR AND DECEPTIVE TRADE PRACTICES ACT

### (On Behalf of the Florida Class Only)

69.    Named Plaintiff repeats and re-alleges every allegation in paragraphs 1-40 as though fully set forth at length herein.

70.    The purpose of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") is "to protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." FLA. STAT. § 501.202 (2).

71.    Defendant has engaged in unfair methods of competition or unconscionable, deceptive, or unfair acts or practices by engaging in the practices described above, including knowingly and intentionally concealing from Plaintiff and Class members the fact that the Products suffer from the Defect (and the costs, risks, and diminished value of the WEN Cleansing Conditioner as a result

of this problem), which was not readily discoverable.  Defendant should have disclosed this information because it was in a superior position to know the true facts related to this Defect, and Plaintiff and Class members could not reasonably be expected to learn or discover the true facts related to this Defect until after manifestation of the Defect.

72.  These unfair methods of competition and unfair and deceptive acts have caused injuries and damages to Plaintiff and members of the Class.

<u>**COUNT V**</u>

**COMMON COUNTS/ASSUMPSIT**

73.  Named Plaintiff repeats and re-alleges every allegation in paragraphs 1-40 as though fully set forth at length herein.

74.  As Plaintiff and the Class show just grounds for recovering money to pay for benefits Defendant received from them, they have a right to restitution at law through an action derived from the common-law writ of assumpsit by implying a contract at law, or a quasi-contract as an alternative to a claim for breach of contract.

75.  Plaintiff and members of the Class conferred a benefit upon Defendant by purchasing WEN Cleansing Conditioner from Defendant.

76.  Defendant had knowledge that this benefit was conferred upon it.

77.  Defendant, having received such benefits, is required to make restitution as the circumstances here are such that, as between the two, it is unjust for Defendant to retain such monies based on the illegal conduct described above. Such money or property belongs in good conscience to Plaintiff and the Class members and can be traced to funds or property in Defendant's possession. Plaintiff and Class members have unjustly enriched Defendant through payments and the resulting profits enjoyed by Defendant as a direct result of such payments. Plaintiff's and Class members' detriment and Defendant's enrichment were

related to and flowed from the conduct challenged in this Complaint.

78.   An entity that has been unjustly enriched at the expense of another is required to make restitution to the other.   Under common law principles recognized in claims of common counts, assumpsit, and quasi-contract, as well as principles of unjust enrichment, under the circumstances alleged herein it would be inequitable for Defendant to retain such benefits without paying restitution or damages therefor.   Defendant should not be permitted to retain the benefits conferred via payments to be received from and/or paid by Plaintiff and Class members as a result of such transactions, and other remedies and claims may not permit them to obtain such relief, leaving them without an adequate remedy at law.

## COUNT VI

## NEGLIGENCE – FAILURE TO WARN

79.   Named Plaintiff repeats and re-alleges every allegation in paragraphs 1-40 as though fully set forth at length herein.

80.   At all times referenced herein, Defendant was responsible for designing, formulating, testing, manufacturing, inspecting, distributing, marketing, supplying and/or selling WEN Cleansing Conditioner to Plaintiff and the Class.

81.   At all times material hereto, the use of WEN Cleansing Conditioner in a manner that was intended and/or reasonably foreseeable by Defendant involved substantial risk of hair loss.

82.   At all times the risk of substantial hair loss was known or knowable by Defendant, in light of the generally recognized and prevailing knowledge available at the time of manufacture and design, as described herein.

83.   Defendant, as the manufacturer, distributor and/or seller of WEN Cleansing Conditioner, had a duty to warn Plaintiff and the Class of all dangers

1   associated with the intended use.

2   84.   Defendant was negligent and breached its duty of care by negligently

3   failing to give adequate warnings to purchasers and users of WEN Cleansing

4   Conditioner, including Plaintiff, about the risks, potential dangers and defective

5   condition of the Products.

6   85.   Defendant knew, or by the exercise of reasonable care, should have

7   known of the inherent design defects and resulting dangers associated with using

8   WEN Cleansing Conditioner as described herein, and knew that Plaintiff and

9   Class members could not reasonably be aware of those risks.  Defendant failed to

10   exercise reasonable care in providing the Class with adequate warnings.

11   86.   As a direct and proximate result of Defendant's failure to adequately

12   warn consumers about the risks and dangers of using WEN Cleansing

13   Conditioner, Plaintiff and the Class have suffered damages as set forth herein.

14   **COUNT VII**

15   **NEGLIGENCE – FAILURE TO TEST**

16   87.   Named Plaintiff repeats and re-alleges every allegation in paragraphs

17   1-40 as though fully set forth at length herein.

18   88.   Defendant did not perform adequate testing on WEN Cleansing

19   Conditioner, which was defectively designed, formulated, tested, manufactured,

20   inspected, distributed, marketed, supplied and/or sold to Plaintiff and the Class.

21   89.   Adequate testing would have revealed the serious deficiencies in the

22   WEN Cleansing Conditioner in that it would have revealed the substantial hair

23   loss occasioned by use of the Products.

24   90.   Defendant had, and continues to have, a duty to exercise reasonable

25   care to properly design—including the duty to test—WEN Cleansing Conditioner

26   that it introduces into the stream of commerce.

27   91.   Defendant breached these duties by failing to exercise ordinary care

28

26

in the design and testing of WEN Cleansing Conditioner, which it introduced into the stream of commerce, because Defendant knew or should have known that WEN Cleansing Conditioner cause substantial hair loss.

92.     Defendant knew or reasonably should have known that Class members such as Plaintiff would foreseeably suffer economic damages or injury and/or be at an increased risk of suffering damage and injury, as a result of its failure to exercise ordinary care in the design of WEN Cleansing Conditioner by failing to conduct appropriate testing.

93.     By reason of the foregoing, Plaintiff and the Class experienced and/or are at risk of experiencing financial damage and injury.

94.     As a direct and proximate result of Defendant's failure to test WEN Cleansing Conditioner designed, formulated, manufactured, inspected, distributed, marketed, warranted, advertised, supplied and/or sold by the Defendant, Plaintiff and the Class have suffered damages.

## COUNT VII

### STRICT PRODUCTS LIABILITY

95.     Named Plaintiff repeats and re-alleges every allegation in paragraphs 1-40 as though fully set forth at length herein.

96.     Defendant was the manufacturer or supplier of WEN Cleansing Conditioner.

97.     As described herein, the Products possessed a defect in manufacturing.

98.     The defect in the Products existed at the time the Products left Defendant's possession.

99.     The Products caused harm and injury to Plaintiff and the proposed Class in that it caused and causes hair loss.

100.   Plaintiff's use of the Cleansing Conditioner occurred in a manner that was reasonably foreseeable to Defendant.

## **PRAYER FOR RELIEF**

WHEREFORE, Named Plaintiff respectfully requests the following relief:

a.   Determine that the claims alleged herein may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and issue an order certifying one or more Classes as defined above;

b.   Appoint Plaintiff as the representative of the Class and her counsel as Class counsel;

c.   Award all actual, general, special, incidental, statutory, and consequential damages to which Plaintiff and Class members are entitled;

d.   Award pre-judgment and post-judgment interest on such monetary relief;

e.   Grant appropriate injunctive and/or declaratory relief, including, without limitation, an order that requires Defendant to replace the WEN Cleansing Conditioner with non-defective products, and/or repay Plaintiff and Class members, or, at a minimum, to provide Plaintiff and Class members with appropriate curative notice regarding the existence and cause of the defect;

f.   Award reasonable attorneys' fees and costs; and

g.   Grant such further relief that this Court deems appropriate.

## **JURY TRIAL DEMANDED**

Named Plaintiff demands a trial by jury on all issues so triable.

//

//

//

Dated July 31, 2014.               /s/ Michael Flannery
MICHAEL FLANNERY (SBN 196266)
mflannery@cuneolaw.com
CUNEO GILBERT & LADUCA, LLP
11620 Wilshire Blvd
Suite 900
Los Angeles, CA 90025
Telephone:  (202) 789-3960
Fax:  (202) 789-1813

William Anderson
(To Apply *Pro Hac Vice*)
wanderson@cuneolaw.com
CUNEO GILBERT & LADUCA, LLP
507 C Street, NE
Washington, DC 20002
Telephone:  (202) 789-3960
Fax:  (202) 789-1813

Brian W. Warwick
(To Apply *Pro Hac Vice*)
bwarwick@varnellandwarwick.com
Janet R. Varnell
(To Apply *Pro Hac Vice*)
jvarnell@varnellandwarwick.com
P.O. Box 1870
Lady Lake, FL  32158
Telephone:  (352) 753-8600
Fax:  (352) 753-8606