O

# United States District Court
# Central District of California

| | |
|---|---|
| AMY FRIEDMAN and JUDI MILLER, on behalf of themselves and all others similarly situated,<br><br>  Plaintiffs,<br><br>  v.<br><br>GUTHY-RENKER LLC,<br><br>  Defendant. | Case No. 2:14-cv-06009-ODW(AGRx)<br><br>**ORDER ESTABLISHING CLASS CERTIFICATION DEADLINE** |

The original putative class action Complaint in this matter was filed on July 31, 2014. (ECF No. 1.) On October 16, the parties stipulated to an extension of time to file the First Amended Complaint and an extension to file a class certification motion, with the suggestion that a new timeline would be submitted to the Court once it ruled on Guthy-Renker's imminent Motion to Dismiss. (ECF No. 31.) On October 17, 2014, the Court granted the joint stipulation and instructed the parties to submit a proposed schedule regarding the motion for class certification within ten days of the Court's ruling on the Motion to Dismiss. (ECF No. 32.) In granting the joint stipulation, the Court waived the requirements of Local Rule 23-3 which requires the proponent of the class to file a motion for certification "[w]ithin ninety days after service of a pleading purporting to commence a class action." L.R. 23-3. On

December 10, 2014, Defendant Guthy-Renker LLC filed its Motion to Dismiss the First Amended Complaint. (ECF No. 36.)

On February 27, 2015, the Court granted in part and denied in part Guthy-Renker's Motion to Dismiss. (ECF No. 41.) On March 13, 2015, the parties filed the pending Joint Stipulation regarding the class certification deadlines, in compliance with the Court's October 17, 2014 Order. (ECF No. 46.) In the Joint Stipulation, the parties request a bifurcation of class certification and the merits, and propose a December 18, 2015 deadline for Plaintiffs to file their motion for class certification. (*Id.*)

The Court rejects both proposals. First, the proposed class certification deadline is arbitrary and excessive. Had the Court not waived the requirements of Local Rule 23-3, the original class certification deadline would have been October 31, 2014. The parties are now requesting a date thirteen and a half months after the original deadline, and a year and a half after the original Complaint was filed. The Joint Stipulation offers no justification for such a delay and without one the Court sees no reason for such a dramatic departure from the regular Central District requirements regarding class certification. Parties bringing class action lawsuits in this District are on notice that the Local Rules regarding class certification motions are more stringent than the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 23(c)(1)(A). There is simply no excuse to not be prepared. This is especially true for these litigants, who have been in court for nearly eight months already. In the interest of fairness, the Court will re-start the Local Rule 23-3 clock as of today. The class certification motion and all subsequent briefing shall be in compliance with the Local Rules.

Second, the Court sees no need to bifurcate the discovery in this matter. Class certification is proper only if "the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Gen Tel. Co of Sw. v. Falcon*, 457 U.S. 147, 161 (1982). "Frequently that 'rigorous analysis' will entail some overlap with the merits of the plaintiff's underlying claim. That cannot be helped."

2

1  *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011). Because the discovery required for class certification and the merits will overlap, the Court sees no need to unnecessarily delay the litigation through bifurcation. The parties can suggest an appropriate case management schedule in their Joint Rule 26(f) Report.

Accordingly, the Court hereby rejects the proposed timeline in the Joint Stipulation. (ECF No. 46.) The deadline to file a class certification is **Wednesday, June 17, 2015**.

**IT IS SO ORDERED.**

March 17, 2015

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**