1  Neville L. Johnson (SBN 66329)
   njohnson@jjllplaw.com
2  Douglas L. Johnson (SBN 209216)
   djohnson@jjllplaw.com
3  Brian T. Shippen-Murray (SBN 288188)
   bmurray@jjllplaw.com
4  JOHNSON & JOHNSON, LLP
   439 North Canon Drive, Suite 200
5  Beverly Hills, California 90210
   Telephone:  (310) 975-1080
6  Facsimile:  (310) 975-1095

7  [Additional Counsel on Signature Page]

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11  **AMY FRIEDMAN and JUDI**            Case No.:  **2:14-cv-06009**
    **MILLER, on behalf of themselves**
    **and all others similarly situated,**   **SECOND AMENDED CLASS**
12                                           **ACTION COMPLAINT FOR:**

13        **Plaintiffs,**                    **1. BREACH OF WARRANTY**
                                             **2. VIOLATION OF CALIFORNIA**
14  **v.**                                       **UNFAIR COMPETITION LAW,**
                                                 **Business & Professions Code**
15  **GUTHY-RENKER LLC, and WEN**              **§17200** *et seq.*
    **BY CHAZ DEAN INC.,**                    **3. VIOLATION OF CALIFORNIA**
16                                               **FALSE ADVERTISING LAW,**
          **Defendants.**                        **Business & Professions Code**
                                                 **§17500** *et seq.*
17                                           **4. BREACH OF CONTRACT**
                                             **5. NEGLIGENCE—FAILURE TO**
18                                               **WARN;**
                                             **6. NEGLIGENCE—FAILURE TO**
19                                               **TEST; and**
                                             **7. STRICT PRODUCTS LIABILITY.**
20
                                             **DEMAND FOR JURY TRIAL**
21

22

23

24

25

26

27

28

## NATURE OF THE ACTION

Plaintiffs Amy Friedman and Judi Miller, (collectively "Plaintiffs"), on behalf of themselves and all others similarly situated, by their undersigned attorneys, allege as follows:

1. This is a class action brought by Plaintiffs, on behalf of themselves and other similarly situated persons, against Guthy-Renker LLC ("Guthy-Renker") and WEN By Chaz Dean Inc. ("WEN") (collectively "Defendants"). Plaintiffs seek damages and equitable remedies for themselves and the Class (defined in ¶ 42, below), which includes consumers who have purchased WEN Cleansing Conditioner haircare products, in the following variations:  Sweet Almond Mint, Lavender, Pomegranate and Summer Honey Peach ("WEN Cleansing Conditioner" or the "Products").

2. Chaz Dean is a famous celebrity hair stylist, who through his company WEN, created and developed the formula for WEN Cleansing Conditioner, which is marketed as "a revolutionary way to cleanse and hydrate the hair."  WEN licenses the Products to Guthy-Renker, which manufactures, markets, sells and distributes WEN Cleansing Conditioner throughout the United States according to the formula and instructions developed by WEN.

3. As described below, an inherent design and/or manufacturing defect in Defendants' WEN Cleansing Conditioner causes significant hair loss. Defendants provide no warning about this consequence and, in fact, make numerous assertions about the gentle nature of the product.  For example, Guthy-Renker's website makes statements such as, "WEN® is gentle enough to use every day" and "WEN® isn't like an ordinary shampoo so you want to use more of it, not less. You can never use too much! The more you use, the better the results."  These statements and others, which related uniformly to all the Products, were and are false and have harmed Plaintiffs and the Class.  In fact, WEN products use

1  numerous harsh chemicals and known human allergens, such as
2  Hydroxycitronellal.  As a result of the defective nature of the Products, they were
3  and are unfit for their intended use and purpose.  During the Class Period,
4  Defendants also represented that WEN Cleansing Conditioners are sulfate-free.
5  However, WEN Cleansing Conditioners actually do contain sulfates, such as
6  Behentrimonium Methosulfate, rendering these statements demonstrably false.

7       4.    Once the hair loss caused by WEN Cleansing Conditioner begins, it
8  can often continue for weeks before abating, even if the consumer immediately
9  discontinues use of the product.  The hair loss is not *de minimus*—consumers who
10 suffer hair loss often lose one quarter to one third of their hair, or more.
11 Plaintiffs have suffered injury in fact and loss of money or property as the result of
12 their use of WEN Cleansing Conditioner.

13      5.    This action arises from Defendants' failure, despite their longstanding
14 knowledge of a material design defect, to disclose and/or warn Plaintiffs and other
15 consumers that WEN Cleansing Conditioner can and does cause substantial hair
16 loss.  Indeed, not only did Defendants fail to warn consumers, they actively
17 concealed customers' comments concerning hair loss, by blocking and/or erasing
18 such comments from the WEN Facebook page.

19      6.    Further, based on inherent defects in the formula and/or manufacture
20 of the WEN Cleansing Conditioner, Defendants knew or should have known that
21 its warranties were being breached by the hair loss caused by the Products.
22 Defendants knew or should have known that Plaintiffs and Class members would
23 suffer damages as the result of the hair loss caused by WEN Cleansing
24 Conditioner. Defendants concealed these facts from Class members, including
25 Plaintiffs.  Defendants' failure to disclose this defect about which it knew or
26 should have known constitutes both an actionable misrepresentation and an unfair,
27 unlawful, fraudulent, and deceptive business practice.

28

7.     Plaintiffs and other Class members have been damaged by Defendants' concealment and non-disclosure of the defective nature of the Products, because they were misled into purchasing WEN Cleansing Conditioner of a quality and value different than they were promised.  Guthy-Renker and WEN have known about this issue for at least four years as the result of public complaints.  They also knew or should have known about the hair loss issues caused by WEN Cleansing Conditioner as the result of pre-release formulation and testing.  Notwithstanding these complaints, Defendants have failed and/or refused to provide an adequate remedy.

8.     Perhaps most striking about this situation is Defendants' clear and unambiguous knowledge of the hair loss caused by WEN Cleansing Conditioner.  For example, Guthy-Renker alone has received more than 17,000 complaints of hair loss caused by WEN Cleansing Conditioner.  Moreover, after complaining about hair loss to the United States Food and Drug Administration, Plaintiff Friedman received electronic communications from Guthy-Renker's consumer affairs department.   One of these emails included more than two-dozen comprehensive questions concerning Plaintiff Friedman's use of WEN Cleansing Conditioner.  Discovery in this litigation will undoubtedly demonstrate that Guthy-Renker formulated these questions long ago and has repeatedly used them with complaining consumers. Plaintiff Friedman subsequently received communications from Guthy-Renker's apparent insurer, Chubb.  Rather than address this systemic problem, Guthy-Renker is apparently attempting to pay off consumers on the cheap, sweep this problem under the rug and continue its lucrative business selling its defective WEN Cleansing Conditioner.

9.     Despite notice and knowledge of the problems caused by WEN Cleansing Conditioner from the numerous consumer complaints it has received, information from third parties (including the United States Food and Drug

Administration), Guthy-Renker and WEN have not recalled the WEN Cleansing Conditioner, or offered its customers proper compensation for their damages.

10. Had Plaintiffs and other Class members known that WEN Cleansing Conditioner could cause hair loss, they would not have purchased the product.

11. As a result of Defendants' practices, Plaintiffs and the other Class members have suffered injury in fact, including economic damages.

12. Plaintiffs therefore bring this action on behalf of themselves and a proposed Class of similarly situated purchasers of Defendants' WEN Cleansing Conditioner.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §1332 of the Class Action Fairness Act of 2005 because: (i) there are 100 or more class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and (iii) there is minimal diversity because at least one plaintiff and defendant are citizens of different states. This Court has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367.

14. Venue is proper in this District pursuant to 28 U.S.C. §1391 inasmuch as the unlawful practices are alleged to have been directed from this District. Specifically, Defendants Guthy-Renker and WEN have their principal places of business in this District, and Defendants regularly conduct and direct their businesses in and from this District.

15. According to Defendant Guthy-Renker's website during the class period stated: "This Agreement and the resolution of any dispute related to this Agreement, the Website, or items you purchased through the Website shall be governed by and construed in accordance with the laws of California."

**PARTIES**

16.    During all times relevant to this suit, Plaintiff, Amy Friedman ("Friedman" or "Plaintiff Friedman"), has been a resident of the State of Florida, and currently resides in St. Petersburg, Florida.

17.    During all times relevant to this suit, Plaintiff, Judi Miller ("Miller" or "Plaintiff Miller"), has been a resident of the State of Maryland, and currently resides in Glenwood, Maryland.

18.    Defendant Guthy-Renker is an American corporation whose principal place of business is located at 3340 Ocean Park Blvd, Santa Monica, California. At all times relevant to this complaint, Guthy-Renker has transacted business in this judicial district and has directed its international operations from this district throughout the United States and the world.

19.    Defendant WEN is an American corporation whose principal place of business is located at 6444 Fountain Avenue, Los Angeles, California.  At all times relevant to this complaint, WEN has transacted business in this judicial district and has directed its operations from this district throughout the United States and the world.

20.    According to Defendants, any and all claims regarding their WEN Cleansing Conditioner are governed by the laws of the state of California.

**COMMON FACTS**

21.    At all relevant times herein, Defendant WEN created and developed the formula for WEN Cleansing Conditioner, which is marketed as "a revolutionary way to cleanse and hydrate the hair."

22.    Defendant WEN licenses WEN Cleansing Conditioner to Defendant Guthy-Renker, who in turn manufactures the product according to the formula developed by WEN and celebrity hair stylist Chaz Dean.

23. At all relevant times herein, Defendant Guthy-Renker has, manufactured, marketed, sold and distributed WEN Cleansing Conditioner throughout the United States.

24. On its website (www.guthy-renker.com) Guthy-Renker bills itself as "direct marketing pioneers" and "one of the largest and most respected direct marketing companies in the world, with distribution in 68 countries."  Guthy-Renker's website also indicates it has been in operation since 1988.  Guthy-Renker sells its products predominantly through celebrity-driven infomercials.  The strong majority of Guthy-Renker's sales occur by phone.  Guthy-Renker is best known for its promotion and sale of Proactive Solution, but it sells six other beauty-related products—including WEN haircare products.

25. In its marketing materials and on its website for WEN haircare products (www.wen.com), Guthy-Renker makes a variety of false and/or misleading statements about WEN Cleansing Conditioner, including, but not limited to, the following:

It seems like I'm using a lot of product. Can I use too much?
WEN® isn't like an ordinary shampoo so you want to use more of it, not less. **You can never use too much! The more you use, the better the results**.

(emphasis added).

Should I use the Cleansing Conditioner every day?
That's up to you. Some people like to wash their hair daily. Others will go a day or two between washings. Although **WEN® is gentle enough to use every day**, if you don't, you can combine 4-6 pumps of Cleansing Conditioner with a quarter-size amount of Styling Creme in a spray bottle with water. Shake vigorously to mix completely. Spritz it on 12-18 inches above hair to provide a light mist. Shake out and restyle or fluff up your hair!

(emphasis added).

Rinse hair thoroughly. Apply WEN® into your palms and rub together. Use 10-16 pumps for short hair, 16-24 for medium length hair and **24-32 pumps for long hair. If your hair is longer/thicker you may need to increase the amount of pumps**.

(emphasis added).

Apply to scalp and hair, adding a splash of water to evenly distribute. WEN® has no harsh detergents or sodium lauryl sulfate, so it won't lather. **Massage thoroughly into hair and leave on for the remainder of your shower.**

(emphasis added).

"**WEN® Cleansing Conditioner** is a revolutionary new concept in hair care. A 5-in-1 formula, this one product takes the place of your shampoo, conditioner, deep conditioner, detangler and leave-in conditioner. **It cleanses hair thoroughly without lathering or harsh ingredients. It's designed not to strip your hair and scalp of natural oils, leaving your hair with more strength, moisture, manageability and better color retention.**

(emphasis added).

26.     The instructions for using WEN Cleansing Conditioner does not vary between scents, and states:

CLEANSING YOUR HAIR IN 3 EASY STEPS:
Step 1:
Rinse hair thoroughly. Apply WEN® into your palms and rub together. Use 10-16 pumps for short hair, 16-24 for medium length hair and 24-32 pumps for long hair. If your hair is longer/thicker you may need to increase the amount of pumps.

Step 2:
Apply to scalp and hair, adding a splash of water to evenly distribute. WEN® has no harsh detergents or sodium lauryl sulfate, so it won't lather. Massage thoroughly into hair and leave on for the remainder of your shower.

Step 3:
Rinse thoroughly and completely, massaging scalp and running fingers through to the ends.

ADDITIONAL USAGE TIPS:
Apply 1/2 to 1 pump depending on hair length and texture as a leave-in conditioner to soaking wet hair. For best results, we highly suggest you cleanse, rinse and repeat, using half the recommended pumps for the first cleanse, and the remaining half for the second cleanse. Unlike many ordinary shampoos, you may find you don't need to cleanse as often.

27.     The emphasized statements are false and/or misleading, and through the instructions on the product, Guthy-Renker expressly instructs consumers to use tremendous amounts of the product, reinforcing these statements with assertions that the product is gentle and you cannot possibly use too much.  Guthy-Renker encourages consumers to leave the product in their hair for long periods, but fails to provide direct instructions concerning the duration of application.  Indeed, Guthy-Renker also encourages consumers to leave small amounts of the product in their hair as a "leave-in conditioner" and not wash it out at all.  In reality, use of the Products can and do cause significant hair loss when used in accordance with Guthy-Renker's limited instructions.

28.     Due to Guthy-Renker's false and misleading statements, Class members purchased WEN Cleansing Conditioner with no reason to suspect or know the dangers occasioned by use of the Products, and used tremendous amounts of the product on their hair as instructed.  Not until hair loss began could a Class member have any reason to suspect that WEN Cleansing Conditioner is defective, and even then might not immediately make the connection due to Defendants' false statements concerning the nature of the product and active concealment of the Products' defects.

29.     Rather than acknowledging the dangers of using WEN Cleansing Conditioner, Guthy-Renker further reinforces its false statements with summary of a patently misleading "study".  Guthy-Renker's "Features" study states:

In a 3-week study of users of WEN® Cleansing Conditioner, up to:

100% said hair was more moisturized!

97% noticed that WEN® added more shine!

95% reported that hair became more manageable

However, Guthy-Renker goes on to state (in much smaller print) that these results are "not typical."  If the results are not typical, what purpose does this information

serve, other than to mislead potential consumers into purchasing Defendants' defective product?

30.   Guthy-Renker sells its WEN Cleansing Conditioner in a variety of different scents, including, Sweet Almond Mint, Pomegranate and Lavender.  The "study" quoted above applies to all three of these scents.  In addition, the "Key Ingredients" listed for all three scents does not differ:

KEY INGREDIENTS

Glycerin: A humectant that provides moisturizing benefits to the hair.

Chamomile Extract: Used for its soothing and calming properties.

Wild Cherry Bark: Formulated to help condition the hair.

Rosemary Extract: Designed to soothe hair.

Panthenol: Designed to help strengthen hair and restore resilience.

As a result, there is no discernable difference between the various scents other than the smell.

31.   As the direct and proximate result of Guthy-Renker's false and misleading statements, Plaintiffs and Class members have suffered injury in fact and a loss of money or property through the out-of-pocket costs expended to purchase the WEN Cleansing Conditioner, as well as the costs of mitigating the hair loss occasioned by Defendants' products.

32.   By marketing, selling and distributing WEN Cleansing Conditioner to purchasers throughout the United States, Guthy-Renker made actionable statements that WEN Cleansing Conditioner was free of defects in design and/or manufacture, and that it was safe and fit for its ordinary intended use and purpose.

33.   By marketing, advertising, selling and distributing WEN Cleansing Conditioner from California to purchasers throughout the United States, Guthy-Renker made actionable statements that the ordinary use of the WEN Cleansing Conditioner would not involve undisclosed safety risks.  Further, Guthy-Renker

concealed what it knew or should have known about the safety risks resulting from the material defects in design and/or manufacture.

34.     Guthy-Renker engaged in the above-described actionable statements, omissions and concealments with knowledge that the representations were false and/or misleading, and with the intent that consumers rely upon such concealment, suppression and omissions.   Alternatively, Guthy-Renker was reckless in not knowing that these representations were false and misleading at the time they were made.  Guthy-Renker had exclusive access to data and research conducted prior and during the design and manufacture phase of the development of WEN Cleansing Conditioner that Plaintiffs and Class members could not and did not review.

## PLAINTIFF FRIEDMAN'S EXPERIENCE

35.     After viewing advertisements for WEN Cleansing Conditioner espousing its safe, innovative and gentle qualities, on or about January 29, 2014, Plaintiff, Amy Friedman, purchased the Sweet Almond Mint basic kit directly from Guthy-Renker for a price of $29.95.   Plaintiff Friedman had previously used organic shampoos and conditioners, which never caused abnormal hair loss.  At no time did Guthy-Renker provide Plaintiff Friedman any warnings concerning the potential dangers of using WEN Cleansing Conditioner.

36.     Within two weeks of beginning use of her WEN Cleansing Conditioner, Plaintiff Friedman began losing substantial and abnormal amounts of hair.   Plaintiff Friedman discontinued use, but the hair loss continued for approximately three more weeks.  Ultimately, Plaintiff Friedman lost one quarter to one third of the hair on her head.  As a result, Plaintiff Friedman, a nurse practitioner by profession, was forced to expend substantial sums on vitamins and supplements to attempt to regrow her very long hair.   Additionally, Plaintiff

Friedman was forced to undertake expensive cosmetic solutions, such as hair extensions, to mask the hair loss.

### PLAINTIFF MILLER'S EXPERIENCE

37. Plaintiff Miller first purchased WEN Cleansing Conditioners (Sweet Almond Mint and Pomegranate) in June 2011. She purchased the WEN Cleansing Conditioners by telephone after viewing Guthy-Renker's advertisements regarding the safe, innovative and gentle qualities of its WEN Cleansing Conditioners. After initial purchases, Plaintiff Miller received automatic shipments of WEN Cleansing Conditioners every few months, until January 21, 2014, when she called and cancelled direct shipments. Plaintiff Miller used the WEN products consistent with the instructions, in some instances using the product as a so-called "spa treatment" and leaving it in her hair for extended periods of time.

38. Beginning in January 2013, Plaintiff Miller noticed that she was losing abnormal amounts of hair. Not suspecting the WEN Cleansing Conditioner was the culprit, Plaintiff Miller only stopped using the products in June 2014, when she finally realized that she was losing substantial amounts of hair only in the areas in which she applied WEN Cleansing Conditioner, among other places, on the crown of her head.

39. As a result of the hair loss caused by the WEN Cleansing Conditioners, Plaintiff Miller was forced to expend substantial sums on vitamins, supplements, and doctor visits to treat and attempt to regrow her hair and treat other serious health issues caused by use of the products. Like Plaintiff Friedman, Plaintiff Miller also contacted the FDA concerning her negative experience with WEN haircare products.

### ADDITIONAL COMMON FACTS

40. Plaintiffs' experiences are by no means isolated or outlying occurrences. Indeed, the internet is replete with examples of blogs and other

11

websites where consumers have complained of the exact same issues with WEN Cleansing Conditioner.   A very small sample[1] of the numerous online complaints—dating back several years—appears below:

- **http://community.qvc.com/forums/wen/topic/305237/hair-loss-after-using-wen-products.aspx**

   **Hair Loss After Using Wen Products**
   Started 07/08/2012 at 10:26 AM in <u>WEN</u> | <u>Last reply</u> 11/15/2013 at 4:03 AM by<u>racerrn</u>

   I'm posting this note after losing massive amounts of hair in patches mostly at the crown of my head, with smaller bald patches all over my scalp. Early this year (2012) I purchased the Wen introductory package (cleanser, deep conditioner, styling creme, styling balm [stick] and a comb) with the auto 30-day refill. Almost immediately after using the product I noticed huge amounts of hair caught in the drain (the water in my shower built up to my ankles so I checked the drain and found a handful of hair -- much more than I've EVER lost at one time). I didn't make the connection between the natural Wen product and my hair loss and honestly didn't think anything of it until I went to get my long, curly hair cut/shaped and was told by the stylist that I had 'alopecia.' I've never had any problem with hair loss and only the regular 'shedding.' This loss of hair was way behind the regular shedding. The stylist showed me a 2" patch at the crown of my head with smaller patches in the area. I located an additional 5 patches around my scalp. After a tugging feeling that the Wen could be the root of my problem, I checked the internet for 'hair loss after using wen' and found many reports of hair loss similar to mine. And the majority of them sound like my experience. For the record, I haven't had any medical issues, dietary changes, lifestyle changes since the onset of hair loss and the only behavioral change I've made is adding Wen to my hair care routine.
   A word of warning to those of you about to purchase WEN Cleansing Conditioner: Wen is a dangerous product.

- **http://womenshair.about.com/u/reviews/products/Wen-Haircare-Products/DO-NOT-BUY-WEN-Made-My-Hair-Fall-Out-With-One-Use.htm**

   **My Review**
   My husband bought this as a birthday gift for me after he overheard me talking to about a friend about it. I only used it once, but that was enough for me. In my first use I lost 100x's the amount of hair than I do in an average shower. I was literally pulling clumps of hair out of my head and I had hair balls running down my legs into the shower drain.

---

[1] Typographical and grammatical errors in the excerpted complaints have not been corrected and remain as originally written.

I look online and found horror stories about people losing so much hair that they were balding and lawsuits of people trying to recup costs from dermatology appointments to try and get there hair back.
I called the mall kiosk where I bought it and the cashier said, "I've got to tell you, this isn't the first time someone's returned the product and complained that their hair was falling out.
I would NEVER recommend this product and I wonder how these people can sleep at night with so many people complaining about this problem.

- **http://womenshair.about.com/u/reviews/products/Wen-Haircare-Products/Very-Angry-About-Hairloss-from-WEN.htm**

  **My Review**
  I used Wen hair care for the first time and it was good till the next week. I washed my hair and it was coming out. Wen hair thinned my hair and made it frizzy. I noticed it right away. I'm so upset! I am African American with long hair, untill I used this mess and thinned my hair!

- **http://womenshair.about.com/u/reviews/products/Wen-Haircare-Products/My-Hair-is-Lifeless-and-Thinning-After-Using-WEN.htm**

  **My Review**
  At first I really liked this product. Then I noticed my hair was feeling greasy and heavy. Now my hair is falling out in gobs daily. I would not recommend this product. My hair is now thinning so bad you can see my scalp. It is lifeless and lusterless.

- **http://womenshair.about.com/u/reviews/products/Wen-Haircare-Products/WEN-Caused-Immeidate-Hair-Loss-for-Me.htm**

  **My Review**
  Note: I have very delicate hair!
  The first wash was amazing! Then the next 3 times (without using any other products) there was massive hair loss. I would put in the conditioner and when I ran my fingers through it to distribute it took me a full minute to get all the hair that had fallen out off my fingers. Then I would see random FULL LENGTH hair floating around my car, my desk, and in my eyes.
  I stopped using it after the 4th day. Today I received an email asking how I like the product.
  After reading other reviews I will be on the phone with them first thing in the morning for a FULL refund. And if they dare try to charge me for the membership....don't get me started.

- **https://getsatisfaction.com/wenbychazdean/topics/wen_causes_hair_to_fall_out_that_cant_be_true**

  o     **mish** 1 year ago
  Craig,
  YOU can contact me about my hair loss after using WEN! I have suffered hair loss and breakage! I have been using WEN for about 8 months. Thought I was using a safe & healthy product! Saw my Drs. and all tests are normal, nothing in my recent blood work or physical that would point to hair loss! Never made the connection to WEN until I MADE my POOR husband use it , thinking I was doing a good thing! THEN, he suffered hair loss!!!!!!! So

13

TODAY, I googled WEN & Hair loss! I was floored when I saw the MANY complaints of Hair Loss and WEN! Many were told by dermatologists that WEN causes blocked hair follicles. What is most alarming is that people have reported that their hair still has not returned to normal even after stopping the use of WEN! I find that disturbing! They also said that reported that to the FDA

o       **snucif@aol.com** 1 year ago
Started using Wen cleansing Conditioner about 6 or 7 months ago, I bought a package deal on QVC now my thin hair is even thinner and my son says you can see a bald spot in the back! I am going to stop using it.

- **http://wen-haircare.pissedconsumer.com/beware-using-wen-shampoo-hair-loss-20120818340078.html**

sunshine2daI've seen the commercials and thought why not try it because it seems to have a nice effect on hair and felt that my hair could even look better.I was shocked to see after the first wash SO MUCH HAIR IN THE SHOWER.

I have never experienced that in my life. I immediately called company and gal I spoke with advised to keep using with the conditioner as she had lost hair too the first time as it was just kicking out old stuff. I wanted to believe and used again with the conditioner and gobs of hair falling out. I stopped and it has been a month and shedding,shedding, shedding.

I hate to wash my hair as there is so much fall out and now I'm stressed which doesn't help.I only wish I would have read all the other people that are losing their hair with this horrible product.

**HumbleOpinion Jun 02**
I have very thick, healthy, never-colored hair. My overall health is excellent and I am not on any medications. I can confirm that Wen causes hair loss! Just Friday, after a limited trial of Wen, I had hair falling out in the shower. I have never exerienced anything like this in my life. I have not washed my hair since Friday and am frankly fearful of showering! Wen is an awful product - do not tell someone with handfuls of lost hair how much you love Wen!!!

**Thinning Jan 09**
Loved the product at first, but after 8 months, I have lost hair in two spots as well as at the front hairline. I am sad, my hair has always been thick and pretty. I can only pray that after discontinuing usage, maybe it will grow back. Be aware, not a good thing to use.

**hate deception Oct 20, 2013Winston Salem, North Carolina**

I used wen on the advice of a family member. I started getting sores on my scalp and my hair came out. There is something in it that causes an infection of the hair follicles, thus the hair falls out. stop using and see a dermatologist.

14

- **http://www.consumeraffairs.com/cosmetics/wen.html**

Sherry of Sumter, SC on July 5, 2014
I have tried two different types (mint, fig) and the first couple of days my hair was soft, and after a week, my hair was falling out in clumps. My husband always would ask me "are you okay, I keep finding your hair in the bathroom"..

I promise you as I was washing my hair, clumps would come out in my hands. I called and cancelled and even told them I didn't want a refund (didn't want to go through the hassle of refunds with them after reading reviews). I still had to pay for the next shipment and called American express and they had any new payments after my initial shipment stopped. I am the type of person that I don't believe everything I read without proof and I am telling you the reader this is the honest truth. This was my experience with Wen and the last. I hope this will help somebody even if it's just one. Thank You for your attention...

- **http://www.consumeraffairs.com/cosmetics/wen.html**

Nancy of Dunsford, ON
I started using the WEN Sweet Almond Cleansing Conditioner about 6 weeks ago. I have naturally curly hair that is very fine, just past my shoulders. I used the conditioner as directed 3-4 times a week. Soon after I noticed considerable hair loss. I comb my hair when wet in shower which was filled with hair. My drain full. I thought maybe it was a nutritional imbalance. However, I supplement with Biotin for hair growth and never had a problem with hair loss in past. I spoke to a friend who mentioned she heard that Wen users were complaining of the same. Coincidence? I think not.

- **http://www.consumeraffairs.com/cosmetics/wen.html**

cheryl of Youngstown, OH
I order 5 bottles of wen cleansing conditioners because my aunt got me one for Christmas and at first it worked great so I got more. Then my hair started just falling out. I mean bad. I'm bald in spots. I stopped using it and hair still not quite right. There's got to be something done. My hair was so nice and long now it looks like **. I'm going to talk to a lawyer because I don't even want to leave the house anymore. Thanks to wen by Chaz Dean.

- **http://www.complaintsboard.com/complaints/wen-hair-care-c523263.html**

I purchased this product and after 2 weeks my hair started falling out, let me first say I have no medical issues and this is not normal hair shedding, I didn't connect the hair loss to the wen at first, until a friend said do you think it's the wen, so I googled wen hair loss and there are many women that have had the same reaction, and before some of you wen lovers comment, some women after several months are now having the same results (hair loss), I have contacted the fda and you need to call this number to report it 1-800-332-1088, I went to the wen facebook page and women posting they have hair loss was removed and blocked from commenting, if I would of seen some of these comments my hair would be on my head and not in the trash, it was healthy now it's like straw and brittle, I have stopped using wen over a

15

week now, the hair loss is not as bad, but the damage is done and over half my hair is gone ...please report to the fda and the BBB, don't let them keep selling this to others, save someone from this, wish I had found web sites before I started using it!!!

- **http://katieelizabethchicago.blogspot.com/2013/12/back-wen.html**

Until... my hair started falling out.  At first, I had no idea what it was from.  It wasn't alarmingly falling out so I just figured I was just "shedding" more than normal.  When it continued for quite a while, I decided it had to be something I was using.  I'm always trying new products so I cut out every single styling product that I was using to see if that made a difference.  When it didn't and all I was using was the Wen, I decided to do some research.  All you have to do is Google Wen and you'll find tons of articles on Wen + hair loss.  And sadly, it's true for me.  As soon as I stopped using my beloved Wen, the hair stopped coming out in handfuls.

So this is my warning to women - it's NOT worth it!!  I know not everyone has this problem when they use Wen, but why risk it?  There are so many other great options out there that WON'T possibly make your hair fall out!!  Check out these articles on Wen hair loss if you're considering trying it:
Wen Shampoo Causes Hair Loss. Do Not Use!
QVC Community on Wen Hair Loss
Wen Products Caused Hair Loss and Damage

- **http://forum.purseblog.com/the-beauty-bar/wen-hair-care-thoughts-466693.html**

I used it for a while, and it did make my hair feel soft. However, I SWEAR it felt like I was loseing hair. I know we all lose a certain amount through out the day, but this felt like a lot. I was in the shower rinseing (keep in mind you have to do a TON of rinseing with this stuff) and I felt something hit my thigh. I looked down, and I kid you not, it was a HUGE wad of my hair!!! I FREAKED after that, and have not touched it since!

- **http://forum.purseblog.com/the-beauty-bar/wen-hair-care-thoughts-466693.html**

OK - SAME for me. I was using the fig. At first it was great. My hair was softer, color held longer (I have fairly thick red color-treated past shoulder length hair). Then I noticed tons of hair by the drain, clumps of it on my skin, just like the quote above. My hair was definitely thinner around my bangs - I freaked out. I wrote to WEN, they answered me with some bs quote - you lose up to 100 hairs a day, medication use (I don't), ageing (I'm not that old). I told them I wasn't looking for compensation, just giving them information and they should quite defending themselves. I was using the Fig because I really like that smell. I am back to my Pureology and am hoping my hair will be restored to its original awesomeness before the Wen.

- **http://forum.purseblog.com/the-beauty-bar/wen-hair-care-thoughts-466693-2.html**
I've been scouring my life and focusing on staying calm while I try to figure out why I, someone with thick hair who has to get it thinned (and my mother still does at the age of 67!), have lost 50% of my hair in the past two weeks! I'm a bit baffled as I am, in general, feeling pretty good.

16

Out of my research, it says to consider what medication and actions one has done in the past four months. Well, one thing is I started using this all "Natural" WEN Cleansing Conditioner almost exactly four months ago! I come here and see that some others are also describing the same kinds of sudden, significant and scary amounts of hair falling out.

Two weeks ago, I was using the stuff, combing it through my hair in the shower and was shocked to see how much hair I saw in the drain and in the comb and for the past two weeks have been trying to figure out this miserable corundum.

Unfortunately I had just ordered a new supply, but I will never use the stuff again! This has been an unnecessary and very stressful experience. And I'm going to submit this to the FDA as this is a very rough side effect for women.

- **http://forum.purseblog.com/the-beauty-bar/wen-hair-care-thoughts-466693-3.html**

I started using Wen a few months ago and started noticing my hair falling out in handfuls. I also started noticing a significant amount of hair breakage. I have a lot of hair normally and the amount of hair loss is quite noticeable. I stopped using the product when I suspected that it was what might be causing the thinning hair and hair loss. As soon as I stopped the Wen the hair stopped falling. I am waiting to see when hair will start growing back.

It also happened to my daughter, and when she stopped using it it started growing back.

- **http://forum.purseblog.com/the-beauty-bar/wen-hair-care-thoughts-466693-3.html**

I tried it also and at first loved it, but then my hair started falling out as well. I didnt realize until the second time that, that was what was making my hair fall out. Stopped using it and my hair has stopped falling out. I am glad I googled my hunch and found this forum, because I thought something was wrong with me! I also had a painful to the touch lump on my head.

41.   In addition to blog complaints, YouTube features numerous videos also documenting hair loss caused by WEN Cleansing Conditioner.  The problems experienced by Plaintiff s are neither isolated, nor unique.  Indeed, this problem is rampant, and rather than acknowledge this serious issue, Defendants are concealing it in order to continue selling the product and reaping windfall profits.

17

## CLASS ALLEGATIONS

42.     Plaintiffs bring this action on their own behalf, and on behalf of the following Class pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), and/or 23(b)(3). Specifically, the Class is defined as:

> All persons or entities in the United States who purchased WEN Cleansing Conditioner via (a) WEN's Website from August 1, 2009 to February 26, 2014; or (b) by telephone from August 1, 2009 to the date of the Court's Class Certification Order.

43.     Excluded from the Class are Defendants, their affiliates, employees, officers and directors, persons or entities that purchased the WEN Cleansing Conditioner for purposes of resale, and the Judge(s) assigned to this case.

44.     Plaintiffs reserve the right to amend or modify the Class definitions in connection with a motion for class certification or as warranted by discovery.

45.     This action has been brought and may properly be maintained on behalf of the Class proposed herein under the criteria set forth in Federal Rule of Civil Procedure 23.

46.     <u>Numerosity</u>:  Plaintiffs do not know the exact size or identities of the proposed Class, however, the Class encompasses tens of thousands of individuals who are dispersed geographically throughout the United States.  Therefore, the proposed Class is so numerous that joinder of all members is impracticable.  Class members may be notified of the pendency of this action by mail and/or electronic mail, supplemented if deemed necessary or appropriate by the Court by published notice.

47.     <u>Existence and Predominance of Common Questions of Fact and Law</u>: There are questions of law and fact that are common to the Class, and predominate over any questions affecting only individual members of the Class.  The damages sustained by Plaintiffs and the other members of the Class flow from the common

nucleus of operative facts surrounding Defendants' misconduct.   The common questions include, but are not limited to the following:

     a.    Whether Defendants  failed to comply with their warranties;

     b.    Whether WEN Cleansing Conditioner causes hair loss;

     c.    Whether WEN Cleansing Conditioner contains a design defect;

     d.    Whether and when Defendants had exclusive knowledge that WEN Cleansing Conditioner caused hair loss but failed to disclose this defect to the public ;

     e.    Whether Guthy-Renker's conduct violated the California Unfair Competition Law;

     f.    Whether Guthy-Renker's conduct violated the California False Advertising Law;

     g.    Whether Guthy-Renker's conduct constituted a breach of applicable warranties;

     h.    Whether Guthy-Renker's conduct constitutes a breach of contract;

     i.    Whether WEN's acts and omissions make it liable to Plaintiffs and the Class for negligence and strict products liability;

     j.    Whether, as a result of Guthy-Renker's omissions and/or misrepresentations of material facts, Plaintiffs and members of the Class have suffered an ascertainable loss of monies and/or property and/or value; and

     k.    Whether Plaintiffs and Class members are entitled to monetary damages and/or other remedies and, if so, the nature of any such relief.

48.   <u>Typicality</u>:  All of Plaintiffs' claims are typical of the claims of the Class since each Class member was subject to the same common inherent defect in

the Products.   Furthermore, Plaintiffs and all members of the Class sustained monetary and economic injuries including, but not limited to, ascertainable loss arising out of Defendants' breach of warranties and other wrongful conduct as alleged herein.   Plaintiffs are advancing the same claims and legal theories on behalf of themselves and all absent Class members.

49.   <u>Adequacy</u>:  Plaintiffs will fairly and adequately represent the interests of the Class.  They are committed to the vigorous prosecution of the Class' claims and have retained attorneys who are qualified to pursue this litigation and are experienced in class action litigation.

50.   <u>Superiority</u>:  A class action is superior to other methods for the fair and efficient adjudication of this controversy.   While substantial, the damages suffered by each individual Class member do not justify the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendants' conduct.  Further, it would be virtually impossible for the members of the Class to individually and effectively redress the wrongs done to them.  A class action regarding the issues in this case does not create any problems of manageability.  The class action device presents far fewer management difficulties than alternative methods of adjudication, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

51.   In the alternative, the Class may be certified because:

a.   the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual Class members which would establish incompatible standards of conduct for Defendants;

b.   The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to

them which would, as a practical matter, be dispositive of the interests of the other Class members not parties to the adjudications, or substantially impair or impede the ability to protect their interests; and

c.    Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the members of the Class as a whole.

## VIOLATIONS ALLEGED

## COUNT I

### BREACH OF WARRANTY
### (Class Claim Against Guthy-Renker)

52.    Named Plaintiffs repeat and re-allege every allegation in paragraphs 1-51, as if set forth herein in full.

53.    Guthy-Renker sold WEN Cleansing Conditioner in its regular course of business.  Plaintiffs and Class members purchased the Products.

54.    According to Guthy-Renker's website, California law applies to any and all claims made in connection with the purchase of its products.

55.    The Products are "consumer products" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(1), and California law.  WEN Cleansing Conditioner costs more than five dollars.

56.    Plaintiffs and Class members are "consumers" and "buyers" within the meaning of the Magnuson-Moss Act, 15 U.S.C. § 2301(3) and California law.

57.    Guthy-Renker is a "supplier" and "warrantor" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(4) – (5).  Guthy-Renker is also a "manufacturer" and "seller" within the meaning of California law.

58.    Guthy-Renker made promises and representations in an express

warranty provided to all consumers, which became the basis of the bargain between Plaintiffs, Class members and Guthy-Renker.

59.     Guthy-Renker's written affirmations of fact, promises and/or descriptions as alleged are each a "written warranty".  The affirmations of fact, promises and/or descriptions constitute a "written warranty" within the meaning of the Magnuson-Moss Act, 15 U.S.C. §2301(6).

60.     By placing such products into the stream of commerce, by operation of law including Section 2314 of the California Commercial Code, and the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301 *et. seq.*, Guthy-Renker also impliedly warranted to Plaintiffs and Class members that WEN Cleansing Conditioner was of merchantable quality (*i.e*., a product of a high enough quality to make it fit for sale, usable for the purpose it was made, of average worth in the marketplace, or not broken, unworkable, contaminated or flawed or containing a defect affecting the safety of the product), would pass without objection in the trade or business, and were free from material defects, and reasonably fit for the use for which they were intended.

61.     Guthy-Renker breached all applicable warranties because WEN Cleansing Conditioner suffers from a latent and/or inherent defect that causes it to produce substantial hair loss, rendering WEN Cleansing Conditioner unfit for its intended use and purpose.  This defect substantially impairs the use, value and safety of WEN Cleansing Conditioner.

62.     The latent and/or inherent defect at issue herein existed when the WEN Cleansing Conditioner left Guthy-Renker's possession or control and was sold to Plaintiffs and Class members.  The defect was undiscoverable by Plaintiffs and the Class members at the time of purchase of the WEN Cleansing Conditioner.

63.     All conditions precedent to seeking liability under this claim for breach of express and implied warranty have been performed by or on behalf of

Plaintiffs and others in terms of paying for the goods at issue.  Guthy-Renker having been placed on reasonable notice of the defect in the Products and breach of the warranties, and has had an opportunity for years to cure the defect for Plaintiffs and all Class members, but has failed to do so.

64.     Guthy-Renker was on notice of the problems with the WEN Cleansing Conditioner based on the more than 17,000 complaints it received directly from Plaintiffs and other Class members.

65.     Guthy-Renker breached its express and implied warranties, as WEN Cleansing Conditioner did not contain the properties it represented.

66.     Guthy-Renker's breaches of warranty have caused Plaintiffs and Class members to suffer injuries, paying for defective products, and entering into transactions they would not have entered into for the consideration paid.  As a direct and proximate result of Guthy-Renker's breaches of warranty, Plaintiffs and Class members have suffered damages and continue to suffer damages, including economic damages in terms of the cost of WEN Cleansing Conditioner and the cost of efforts to mitigate the damages caused by same.

67.     As a result of the breach of these warranties, Plaintiffs and Class members are entitled to legal and equitable relief including damages, costs, attorneys' fees, rescission, and/or other relief as deemed appropriate, for an amount to compensate them for not receiving the benefit of their bargain.

## COUNT II

### VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW, BUSINESS AND PROFESSIONS CODE § 17200, *et seq.*

### (Class Claim Against Guthy-Renker)

68.     Named Plaintiffs repeat and re-allege every allegation in paragraphs 1-51 as though fully set forth at length herein.

69.     According to Guthy-Renker's Website, California law applies to all

claims.

70.    Business & Professions Code § 17200, *et seq.* prohibits acts of "unfair competition", which is defined by Business & Professions Code § 17200 as including any "any unlawful, unfair or fraudulent business act or practice . . . ."

71.    Guthy-Renker has engaged in unfair competition and unfair, unlawful or fraudulent business practices by the conduct, statements, and omissions described above, and by concealing from Plaintiffs and Class members the material fact that WEN Cleansing Conditioner can cause substantial hair loss.  Guthy-Renker should have disclosed this information because it was in a superior position to know the true facts related to this defect, and Plaintiffs and Class members could not reasonably be expected to learn or discover the true facts related to the defect prior to their purchases.

72.    Separate and distinct from the unfair and fraudulent practices involving the hair loss, Guthy-Renker has engaged in an unfair and fraudulent practice of intentionally instructing consumers to use amounts of the product far in excess of the amount reasonably necessary to Condition the hair for the purpose of supporting its automatic re-purchase agreement.  By instructing its customers to: "Use 10-16 pumps for short hair, 16-24 for medium length hair and 24-32 pumps for long hair," Guthy-Renker caused consumers to use substantially more product than reasonably necessary without any additional benefit to the hair.  This unfair and deceptive practice caused consumers to use excessive amounts of WEN Cleansing Conditioner which, in turn, required them to purchase more of the product at regular intervals through Guthy-Renker's automatic repurchase plan. The regular repurchases would not have been necessary but for Guthy-Renker's specific instructions to use excessive amounts of the product thereby necessitating the additional purchases.

73.    These acts and practices have also deceived Plaintiffs and are likely to

deceive reasonable consumers targeted by such statements and omissions. In failing to disclose this material defect and suppressing other material facts from Plaintiffs and Class members, Guthy-Renker breached its duties to disclose these facts, violated the UCL, and caused injuries to Plaintiffs and Class members. The omissions and acts of concealment by Guthy-Renker pertained to information material to Plaintiffs and Class members in that it would have been likely to deceive them based on reasonable consumer's expectations and assumptions based on the safety-related nature of this defect.

74. The injuries suffered by Plaintiffs and Class members are also greatly outweighed by any potential countervailing benefit to consumers or to competition. Nor are they injuries that Plaintiffs and Class members should or could have reasonably avoided.

75. Plaintiffs seek to enjoin further unlawful, unfair and/or fraudulent acts or practices by Guthy-Renker, to obtain restitutionary disgorgement of all monies and revenues generated as a result of such practices, and all other relief allowed under Cal. Bus. & Prof. Code § 17200.

## COUNT III

## VIOLATION OF THE CALIFORNIA FALSE ADVERTISING LAW, BUSINESS AND PROFESSIONS CODE § 17500, *et seq.*

### (Class Claim Against Guthy-Renker)

76. Named Plaintiffs repeat and re-allege every allegation in paragraphs 1-51 as though fully set forth at length herein.

77. According to Guthy-Renker's website, California law applies to all claims.

78. In violation of California Business & Professions Code § 17500, *et seq.*, Guthy-Renker has disseminated or caused to be disseminated deceptive advertising misrepresentations, omissions and practices, including the statements

referenced, *inter alia*, in paragraph 25, *supra*.  These statements are actionable violations of § 17500 in that Guthy-Renker expressly states that WEN Cleansing Conditioners have attributes, which they do not possess.

79.  Guthy-Renker's advertising misrepresentations, omissions, and practices made in connection with the sale of WEN Cleansing Conditioner are unfair, deceptive and/or misleading within the meaning of California Business & Professions Code § 17500, *et seq.*  These representations are likely to deceive reasonable consumers.

80.  In making and disseminating the statements alleged herein, Guthy-Renker knew or should have known that the statements were and are misleading or likely to mislead for the reasons set forth above.

81.  As detailed above, Plaintiffs suffered injuries in fact and losses of money or property as a result of Guthy-Renker's acts and practices, which violate § 17500, *et seq.*

82.  Pursuant to California Business & Professions Code § 17535, Plaintiffs and members of the Class seek, and are entitled to:

    a.    an order enjoining Guthy-Renker from continuing to make false and misleading statements concerning WEN Cleansing Conditioner;

    b.    restitution and disgorgement of any and all excessive amounts paid to Guthy-Renker or its agents;

    c.    equitable relief pursuant to Cal. Code of Civil Procedure § 384;

    d.    pre- and post-judgment interest at the highest rate allowable by law; and

    e.    payment of attorney's fees and costs pursuant to, *inter alia*, Cal. Code of Civ. Proc. § 1021.5, the common fund and private attorney general doctrines.

83.     As a result of Guthy-Renker's violations of the false advertising statute, Plaintiffs and Class members are entitled to equitable relief as the Court deems appropriate.

## COUNT IV

## BREACH OF CONTRACT

### (Class Claim Against Guthy-Renker)

84.     Named Plaintiffs repeat and re-allege every allegation in paragraphs 1-51 as though fully set forth at length herein.

85.     Plaintiffs and the Class entered into a contract to purchase WEN Cleansing Conditioners from Guthy-Renker.

86.     According to Guthy-Renker's website, California law applies to all claims.

87.     Plaintiffs and the Class paid money and conferred a benefit upon Guthy-Renker by purchasing WEN Cleansing Conditioner from Guthy-Renker.

88.     Plaintiffs and the Class have performed all conditions and promises required on their part to be performed in accordance with the agreement to purchase the Products.

89.     Guthy-Renker materially breached its contracts with Plaintiffs and the Class by selling Plaintiffs and the Class Products that were defective and were not what the Plaintiffs and the Class had bargained for.

90.     As a result of Guthy-Renker's breach, Plaintiffs and the Class have suffered harm in the form of damages as they did not receive the benefit of their bargain.

## COUNT V

## NEGLIGENCE – FAILURE TO WARN

### (Class Claims Against Both Defendants)

91.     Named Plaintiffs repeat and re-allege every allegation in paragraphs

1-51 as though fully set forth at length herein.

92.     At all times referenced herein, Defendants were responsible for designing, formulating, testing, manufacturing, inspecting, distributing, marketing, supplying and/or selling WEN Cleansing Conditioner to Plaintiffs and the Class.

93.     According to Guthy-Renker's website, California law applies to all claims.

94.     At all times material hereto, the use of WEN Cleansing Conditioner in a manner that was intended and/or reasonably foreseeable by Defendants involved substantial risk of hair loss.

95.     At all times the risk of substantial hair loss was known or knowable by Defendants, in light of the generally recognized and prevailing knowledge available at the time of manufacture and design, as described herein.

96.     Defendants, as the developers, manufacturers, distributors and/or sellers of WEN Cleansing Conditioner, had a duty to warn Plaintiffs and the Class of all dangers associated with the intended use.

97.     Certainly, after receiving thousands of complaints of hair loss from WEN Cleansing Conditioner customers, a duty arose to provide a warning to consumers that use of the product could result in hair loss.

98.     Defendants were negligent and breached their duty of care by negligently failing to give adequate warnings to purchasers and users of WEN Cleansing Conditioner, including Plaintiffs and the Class, about the risks, potential dangers and defective condition of the Products.

99.     Defendants knew, or by the exercise of reasonable care, should have known of the inherent design defects and resulting dangers associated with using WEN Cleansing Conditioner as described herein, and knew that Plaintiffs and Class members could not reasonably be aware of those risks.  Defendants failed to exercise reasonable care in providing the Class with adequate warnings.

100.  As a direct and proximate result of Defendants' failure to adequately warn consumers that use of WEN Cleansing Conditioner could cause hair loss, Plaintiffs and the Class have suffered damages as set forth herein.

## COUNT VI

### NEGLIGENCE – FAILURE TO TEST

### (Class Claims Against Both Defendants)

101.  Named Plaintiffs repeat and re-allege every allegation in paragraphs 1-51 as though fully set forth at length herein.

102.  According to Guthy-Renker's website, California law applies to all claims.

103.  Defendants did not perform adequate testing on WEN Cleansing Conditioner, which was defectively designed, formulated, tested, manufactured, inspected, distributed, marketed, supplied and/or sold to Plaintiffs and the Class.

104.  Adequate testing would have revealed the serious deficiencies in the WEN Cleansing Conditioner in that it would have revealed the substantial hair loss occasioned by use of the Products.

105.  Defendants had, and continue to have, a duty to exercise reasonable care to properly design—including the duty to test—WEN Cleansing Conditioner before introducing it into the stream of commerce.

106.  Defendants breached these duties by failing to exercise ordinary care in the design and testing of WEN Cleansing Conditioner, which they introduced into the stream of commerce, because Defendants knew or should have known that WEN Cleansing Conditioner could cause substantial hair loss.

107. Defendants knew or reasonably should have known that Class members such as Plaintiffs would suffer economic damages or injury and/or be at an increased risk of suffering damage and injury, as a result of its failure to

29

exercise ordinary care in the design of WEN Cleansing Conditioner by failing to conduct appropriate testing.

108. By reason of the foregoing, Plaintiffs and the Class experienced and/or are at risk of experiencing financial damage and injury.

109. As a direct and proximate result of Defendants' failure to test WEN Cleansing Conditioner designed, formulated, manufactured, inspected, distributed, marketed, warranted, advertised, supplied and/or sold by the Defendants, Plaintiffs and the Class have suffered damages.

## COUNT VII

## STRICT PRODUCTS LIABILITY

### (Class Claim Against Both Defendants)

110. Named Plaintiffs repeat and re-allege every allegation in paragraphs 1-51 as though fully set forth at length herein.

111. According to Guthy-Renker's website, California law applies to all claims.

112. Defendant WEN was the creator and developer of WEN Cleansing Conditioner

113. Defendant WEN licenses the formula for its Cleansing Conditioner to Defendant Guthy-Renker.

114. Defendant Guthy-Renker was the manufacturer or supplier of WEN Cleansing Conditioner at issue in this case.

115. As described herein, the Products possessed a defect in manufacturing in that the formula can cause substantial hair loss.

116. The defect in the Products existed at the time the Products left Defendants' possession.

117. The Products caused harm and injury to Plaintiffs and the proposed Class in that, *inter alia*, it caused and/or causes hair loss.

118.   Plaintiffs' use of the Cleansing Conditioner occurred in a manner that was reasonably foreseeable to Defendants.

## **PRAYER FOR RELIEF**

WHEREFORE, Named Plaintiffs respectfully requests the following relief:

a.   Determine that the claims alleged herein may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and issue an order certifying one or more Classes as defined above;

b.   Appoint Plaintiffs as the representatives of the Class and their counsel as Class counsel;

c.   Award all actual, general, special, incidental, statutory, and consequential damages to which Plaintiffs and Class members are entitled;

d.   Award pre-judgment and post-judgment interest on such monetary relief;

e.   Grant appropriate injunctive and/or declaratory relief, including, without limitation, an order that requires Defendants to replace the WEN Cleansing Conditioner with non-defective products, and/or repay Plaintiffs and Class members, or, at a minimum, to provide Plaintiffs and Class members with appropriate curative notice regarding the existence and cause of the defect;

f.   Award reasonable attorneys' fees and costs; and

g.   Grant such further relief that this Court deems appropriate.

## **JURY TRIAL DEMANDED**

Named Plaintiffs demand a trial by jury on all issues so triable.

Dated: <u>June 8, 2015</u>

/s/ Neville L. Johnson
Neville L. Johnson (SBN 66329)
njohnson@jjllplaw.com
Douglas L. Johnson (SBN 209216)
djohnson@jjllplaw.com
Brian T. Shippen-Murray (SBN 288188)
bmurray@jjllplaw.com
JOHNSON & JOHNSON, LLP
439 North Canon Drive, Suite 200
Beverly Hills, California 90210
Telephone:  (310) 975-1080
Facsimile:  (310) 975-1095

William Anderson, (*Pro Hac Vice*)
wanderson@cuneolaw.com
Charles J. LaDuca, (*Pro Hac Vice*)
charles@cuneolaw.com
Michael J. Flannery (SBN 196266)
mflannery@cuneolaw.com
CUNEO GILBERT & LADUCA, LLP
507 C Street, NE
Washington, DC 20002
Telephone:  (202) 789-3960
Facsimile:  (202) 789-1813

Brian W. Warwick, (*Pro Hac Vice*)
bwarwick@varnellandwarwick.com
Janet R. Varnell, (*Pro Hac Vice*)
jvarnell@varnellandwarwick.com
P.O. Box 1870
Lady Lake, FL  32158
Telephone:  (352) 753-8600
Facsimile:  (352) 504-3301

Attorneys for Plaintiffs and the Proposed
Class