1  Barry R. Schirm (SBN 94553)
   *bschirm@hptylaw.com*
2  Michael B. Giaquinto (SBN 276229)
   *mgiaquinto@hptylaw.com*
3  HAWKINS PARNELL THACKSTON & YOUNG LLP
   445 South Figueroa Street, Suite 3200
4  Los Angeles, CA 90071
   Telephone:  (213) 486-8000
5  Facsimile:  (213) 486-8080

6  Attorneys for Defendant,
   WEN BY CHAZ DEAN, INC.

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11 AMY FRIEDMAN and JUDI MILLER,      )  Case No. 2:14-CV-06009-ODW-AGR
   on behalf of themselves and all other )
12 similarly situated,                 )
                                       )  *Honorable Otis D. Wright, II*
13              Plaintiffs,            )
                                       )
14    v.                               )  **DEFENDANT WEN BY CHAZ DEAN,**
                                       )  **INC.'S, ANSWER TO PLAINTIFFS'**
15 GUTHY-RENKER, LLC and WEN by        )  **SECOND AMENDED COMPLAINT FOR**
   CHAZ DEAN, INC., et al.             )  **DAMAGES**
16                                     )
              Defendants.              )
17                                     )  Complaint:            July 31, 2014
                                       )  Amended Complaint:   June 23, 2015
18                                     )  Trial Date:           None
                                       )
19                                     )
                                       )
20 _____ )

21       Defendant WEN by CHAZ DEAN, INC. (WEN) by counsel hereby provides its

22 combined response to the Complaint and Demand for Jury Trial filed by Plaintiffs

23 Amy Friedman, Judi Miller and all those similarly situated ("Plaintiffs") as follows.

24       The numbered paragraphs correspond to the numbering of the allegations in

25 Plaintiffs' Complaint and such responses are not intended as a response to the

26 allegations made as they may apply to other defendants named in this action.

27 ///

28 ///

## RESERVATION OF RIGHT TO TRIAL BY JURY

WEN reserves the right to and hereby demands a trial by jury.

## ADMISSIONS AND DENIALS

## NATURE OF THE ACTION

1.      Answering paragraph 1, WEN admits only that Plaintiffs purport to bring this matter as a putative class action seeking the relief enumerated, but WEN denies that this matter is appropriate for class action treatment. As to the remainder of this paragraph, WEN alleges it lacks the information and knowledge sufficient to form a belief about the truth of the allegations in this paragraph and denies each of them, generally and specifically, according to Federal Rule of Civil Procedure 8(b)(5).

2.      Answering paragraph 2, WEN admits that it, pursuant to certain terms and conditions licenses products to Guthy-Renker. WEN admits only that Chaz Dean is a hair stylist and the founder of Wen by Chaz Dean Inc. which makes hair care products. WEN  alleges it lacks the information and knowledge sufficient to form a belief about the truth of the remaining allegations in this paragraph and denies each of them, generally and specifically, according to Federal Rule of Civil Procedure 8(b)(5) any inference sought to be drawn therefrom and puts Plaintiffs to their strict proof thereon.

3.      Answering paragraph 3, WEN denies that its products are dangerous or cause hair loss. WEN avers the allegations contained in this paragraph constitute legal conclusions which need not be admitted or denied, but to the extent the court requires a response, denies each of them, generally and specifically according to Federal Rule of Civil Procedure 8(b)(5). WEN is without sufficient information to admit or deny the remaining allegations in this paragraph as they relate to the other defendants, and therefore, denies them.

4.      Answering paragraph 4-6, WEN denies all allegations of this paragraph pursuant to Federal Rule of Civil Procedure 8(b)(5), generally and specifically and any inference sought to be drawn therefrom and puts Plaintiffs to their strict proof

1  thereon.

2      5.     Answering paragraph 7, WEN denies that this matter is appropriate for
3  class treatment under the Federal Rules of Civil procedure and precedent case law in
4  this district. WEN denies the remainder of the allegations of this paragraph pursuant to
5  Federal Rule of Civil Procedure 8(b)(5), generally and specifically and any inference
6  sought to be drawn therefrom and puts Plaintiffs to their strict proof thereon.

7      6.     Answering paragraph 8, WEN is without sufficient information to admit
8  or deny the allegations in this paragraph as they relate to the other defendants, and
9  therefore, denies them.

10      7.     Answering paragraph 9, WEN admits only that it has not recalled its
11  WEN® products. WEN denies that its WEN® products are dangerous or cause hair
12  loss.  WEN denies the remainder of the allegations of this paragraph pursuant to
13  Federal Rule of Civil Procedure 8(b)(5), generally and specifically and any inference
14  sought to be drawn therefrom and puts Plaintiffs to their strict proof thereon.

15      8.     Answering paragraph 10 and 11, WEN alleges it lacks the information
16  and knowledge sufficient to form a belief about the truth of the allegations in these
17  paragraphs and denies each of them, generally and specifically, according to Federal
18  Rule of Civil Procedure 8(b)(5).

19      9.     Answering paragraph 12, WEN admits only that Plaintiffs purport to
20  bring this matter as a putative class action Plaintiffs. WEN denies that this matter is
21  appropriate for class treatment under the Federal Rules of Civil procedure and
22  precedent case law in this district. WEN denies the remainder of the allegations of this
23  paragraph pursuant to Federal Rule of Civil Procedure 8(b)(5), generally and
24  specifically and any inference sought to be drawn therefrom.

25                          **JURISDICTION AND VENUE**

26      10.    Answering paragraph 13, WEN avers that the allegations contained
27  therein constitute legal conclusions which need not be admitted or denied, but to the
28  extent the court requires a response, WEN denies that this matter is appropriate for

1  class treatment. As to any other allegations in this paragraph, WEN alleges it lacks the
2  information and knowledge sufficient to form a belief about the truth of the
3  allegations in this paragraph and denies each of them, generally and specifically,
4  according to Federal Rule of Civil Procedure 8(b)(5).

5       11.   Answering paragraph 14, WEN avers that the allegations contained
6  therein constitute legal conclusions which need not be admitted or denied, but to the
7  extent the court requires a response, admits only its headquarters is in Los Angeles.
8  WEN denies that it engaged or engages in any unlawful practice. WEN further alleges
9  that it lacks the information and knowledge sufficient to form a belief about the truth
10 of the remaining allegations in this paragraph and denies each of them, generally and
11 specifically, according to Federal Rule of Civil Procedure 8(b)(5).

12      12.   Answering paragraph 15, WEN is without sufficient information to admit
13 or deny the allegations in this paragraph as they relate to the other defendants, and
14 therefore, denies them.

15                                **PARTIES**

16      13.   Answering paragraph 16-18, WEN alleges it lacks the information and
17 knowledge sufficient to form a belief about the truth of the allegations in this
18 paragraph and denies each of them, generally and specifically, according to Federal
19 Rule of Civil Procedure 8(b)(5).

20      14.   Answering paragraph 19, WEN admits it is a California corporation with
21 its principal place of business in Los Angeles, California.  WEN alleges it lacks the
22 information and knowledge sufficient to form a belief about the truth of the
23 allegations in this paragraph and denies each of them, generally and specifically,
24 according to Federal Rule of Civil Procedure 8(b)(5).

25      15.   Answering paragraph 20, WEN avers that the allegations contained
26 therein constitute legal conclusions which need not be admitted or denied, but to the
27 extent the court requires a response, WEN alleges it lacks the information and
28 knowledge sufficient to form a belief about the truth of the allegations in this

1  paragraph and denies each of them, generally and specifically, according to Federal
2  Rule of Civil Procedure 8(b)(5).

3  **COMMON FACTS**

4      16.    Answering paragraph 21, WEN admits only that it had a role in the
5  development of WEN® products and some of the quoted language may appear on
6  www.chazdean.com.

7      17.    Answering paragraph 22, WEN admits only that it, pursuant to certain
8  terms and conditions licenses products to Guthy-Renker. WEN is without sufficient
9  information to admit or deny the remaining allegations in this paragraph as they relate
10  to the other defendants, and therefore, denies them, generally and specifically,
11  according to Federal Rule of Civil Procedure 8(b)(5).

12      18.    Answering paragraph 23-25, WEN is without sufficient information to
13  admit or deny the allegations in these paragraphs as they relate to the other
14  defendants, and therefore, denies them.

15      19.    Answering paragraph 26, WEN avers that the statements contained
16  therein do not constitute  the best evidence and aver that original piece of evidence,
17  particularly a document or tangible products, is superior to a these statements and puts
18  Plaintiffs to their strict proof thereon.

19      20.    Answering paragraph 27-34, WEN is without sufficient information to
20  admit or deny the allegations in these paragraphs as they relate to the other
21  defendants, and therefore, denies them.

22  **PLAINTIFF FRIEDMAN'S EXPERIENCE**

23      21.    Answering paragraph 35, WEN is without sufficient information to admit
24  or deny the allegations in this paragraph as they relate to the other defendants, and
25  therefore, denies them, generally and specifically, according to Federal Rule of Civil
26  Procedure 8(b)(5).

27      22.    Answering paragraph 36, WEN  alleges it lacks the information and
28  knowledge sufficient to form a belief about the truth of the allegations in this

1   paragraph and denies each of them, generally and specifically, according to Federal

2   Rule of Civil Procedure 8(b)(5) any inference sought to be drawn therefrom and puts

3   Plaintiffs to their strict proof thereon.

4                           **PLAINTIFF MILLER'S EXPERIENCE**

5         23.    Answering paragraph 37-39, WEN  alleges it lacks the information and

6   knowledge sufficient to form a belief about the truth of the allegations in these

7   paragraphs and denies each of them, generally and specifically, according to Federal

8   Rule of Civil Procedure 8(b)(5) any inference sought to be drawn therefrom and puts

9   Plaintiffs to their strict proof thereon.

10                          **ADDITIONAL COMMENTS**

11        24.    Answering paragraph 40-41, WEN objects to the allegations in these

12  paragraphs, if any, as being irrelevant and containing inadmissible hearsay statements

13  and any such statements contain therein do not constitute the best evidence of such

14  statements. WEN denies that their product is dangerous or causes hair loss.  WEN

15  further alleges it lacks the information and knowledge sufficient to form a belief about

16  the truth of the allegations in these paragraphs and denies each of them, generally and

17  specifically, according to Federal Rule of Civil Procedure 8(b)(5) any inference

18  sought to be drawn therefrom and puts Plaintiffs to their strict proof thereon.

19                          **CLASS ALLEGATIONS**

20        25.    Answering paragraph 42, WEN admits only that Plaintiffs purport to

21  bring this action on behalf of a class, but denies that this case is appropriate for class

22  action treatment. WEN avers the remainder of the allegations contained in this

23  paragraph constitute legal conclusions which need not be admitted or denied, but to

24  the extent the court requires a response, denies each of them, generally and

25  specifically according to Federal Rule of Civil Procedure 8(b)(5).

26        26.    Answering paragraph 43, WEN avers the allegations contained in this

27  paragraph constitute legal conclusions which need not be admitted or denied, but to

28  the extent the court requires a response, admits only that WEN's affiliates, employees,

1    officers and directors, persons or entities that purchased WEN® Cleansing
2    Conditioner for purposes of resale, and the Judge(s) assigned to this case would be
3    excluded from the definition of a class, if any. However, WEN denies that that this
4    matter is appropriate for class treatment.

5         27.    Answering paragraph 44, WEN avers that the statement made herein
6    does not constitute a proper pleading allegation, which need not be admitted or
7    denied, but to the extent the court requires a response, WEN denies that this matter is
8    appropriate for class treatment.

9         28.    Answering paragraph 45, WEN avers the allegations contained in this
10   paragraph constitute legal conclusions which need not be admitted or denied, but to
11   the extent the court requires a response, denies each of them, generally and
12   specifically according to Federal Rule of Civil Procedure 8(b)(5).

13        29.    Answering paragraph 46-51 and all subparts, WEN avers the allegations
14   contained in these paragraphs constitute legal conclusions which need not be admitted
15   or denied, but to the extent the court requires a response, denies each of them,
16   generally and specifically according to Federal Rule of Civil Procedure 8(b)(5) and
17   put Plaintiffs to their strict burden of proof. Further, WEN avers Plaintiffs' purported
18   class cannot be certified because it would be unmanageable, individual legal and
19   factual issues swamp any common questions and class wide resolution would not be a
20   superior method of adjudication.

21                          **FIRST CAUSE OF ACTION**
22                             **Breach of Warranty**
23                      **(Class Claim Against Guthy-Renker)**

24        30.    Answering paragraph 52, WEN incorporates by reference its responses to
25   each of the paragraphs 1-51.

26        31.    Answering paragraphs 52-67, WEN is without sufficient information to
27   admit or deny the allegations in these paragraphs as they relate to the other
28   defendants, and therefore, denies them.

## SECOND CAUSE OF ACTION

### Violation of the California Unfair Competition Law,

### Business and Professions Code § 17200, *et seq.*

### (Class Claim Against Guthy-Renker)

32.   Answering paragraph 68, WEN incorporates by reference its responses to each of the paragraphs 1-68.

33.   Answering paragraphs 69-75, WEN is without sufficient information to admit or deny the allegations in these paragraphs as they relate to the other defendants, and therefore, denies them.

## THIRD CAUSE OF ACTION

### Violation of the California False Advertising Law,

### Business and Professions Code § 17500, *et seq.*

### (Class Claim Against Guthy-Renker)

34.   Answering paragraph 76, WEN incorporates by reference its responses to each of the paragraphs 1-75.

35.   Answering paragraphs 77-83 and all subparts, WEN is without sufficient information to admit or deny the allegations in these paragraphs as they relate to the other defendants, and therefore, denies them.

## FOURTH CAUSE OF ACTION

### Breach of Contract

### (Class Claims Against Guthy-Renker)

36.   Answering paragraph 84, WEN incorporates by reference its responses to each of the paragraphs 1-83.

37.   Answering paragraphs 84-90, WEN is without sufficient information to admit or deny the allegations in these paragraphs as they relate to the other defendants, and therefore, denies them.

///

///

## FIFTH CAUSE OF ACTION

Negligence - Failure to Warn

(Class Claim Against both Defendants)

38.    Answering paragraph 91, WEN incorporates by reference its responses to each of the paragraphs 1-90.

39.    Answering paragraph 92, WEN  alleges it lacks the information and knowledge sufficient to form a belief about the truth of the allegations in this paragraph and denies each of them, generally and specifically, according to Federal Rule of Civil Procedure 8(b)(5) any inference sought to be drawn therefrom and puts Plaintiffs to their strict proof thereon.

40.    Answering paragraph 93, WEN is without sufficient information to admit or deny the allegations in this paragraph as they relate to the other defendants, and therefore, denies them.

41.    Answering paragraph 94, WEN avers that the allegations contained therein constitute conclusions of law which need not be admitted or denied, but to the extent the Court requires a response, WEN denies, generally and specifically, the allegations contained therein according to Federal Rule of Civil Procedure 8(b)(5), and puts Plaintiffs to their specific proof thereon.

42.    Answering paragraph 95, WEN denies, generally and specifically, the allegations contained therein and put Plaintiffs to their specific proof thereon.

43.    Answering paragraph 96, WEN avers that the allegations contained therein constitute conclusions of law which need not be admitted or denied, but to the extent the Court requires a response, WEN denies, generally and specifically, the allegations contained therein according to Federal Rule of Civil Procedure 8(b)(5), and puts Plaintiffs to their specific proof thereon.

44.    Answering paragraph 97, WEN  alleges it lacks the information and knowledge sufficient to form a belief about the truth of the allegations in this paragraph and denies each of them, generally and specifically, according to Federal

1   Rule of Civil Procedure 8(b)(5) any inference sought to be drawn therefrom and puts
2   Plaintiffs to their strict proof thereon.

3      45.   Answering paragraph 98-100, WEN avers that the allegations contained
4   therein constitute conclusions of law which need not be admitted or denied, but to the
5   extent the Court requires a response, WEN denies them and puts Plaintiffs to their
6   specific proof thereon.

**SIXTH CAUSE OF ACTION**

**Negligence - Failure to Test**

**(Class Claim Against both Defendants)**

10     46.   Answering paragraph 101, WEN incorporates by reference its responses
11   to each of the paragraphs 1-100.

12     47.   Answering paragraph 102, WEN is without sufficient information to
13   admit or deny the allegations in this paragraph as they relate to the other defendants,
14   and therefore, denies them.

15     48.   Answering paragraph 103-104, WEN denies, generally and specifically,
16   the allegations contained therein, and puts Plaintiffs to their specific proof thereon.

17     49.   Answering paragraph 105-109, WEN avers that the allegations contained
18   therein constitute conclusions of law which need not be admitted or denied, but to the
19   extent the Court requires a response, WEN denies them and puts Plaintiffs to their
20   specific proof thereon.

**SEVENTH CAUSE OF ACTION**

**Strict Products Liability**

**(Class Claim Against both Defendants)**

24     50.   Answering paragraph 110, WEN incorporates by reference its responses
25   to each of the paragraphs 1-109.

26     51.   Answering paragraph 111, WEN is without sufficient information to
27   admit or deny the allegations in this paragraph as they relate to the other defendants,
28   and therefore, denies them.

52. Answering paragraph 112, WEN admits only that it had a role in the development of WEN® products.

53. Answering paragraph 113, WEN admits that it, pursuant to certain terms and conditions licenses products to Guthy-Renker.

54. Answering paragraph 114, WEN is without sufficient information to admit or deny the allegations in this paragraph as they relate to the other defendants, and therefore, denies them.

55. Answering paragraph 115-18, WEN denies that its products are dangerous or cause hair loss. WEN avers the allegations contained in these paragraphs constitute legal conclusions which need not be admitted or denied, but to the extent the court requires a response, denies each of them, generally and specifically according to Federal Rule of Civil Procedure 8(b)(5).

## AFFIRMATIVE DEFENSES

Without waiving or excusing Plaintiffs' burden of proof or admitting that WEN has any burden of proof, WEN hereby asserts the following affirmative defenses as to each and every cause of action upon which relief may be granted:

### FIRST AFFIRMATIVE DEFENSE

### (FAILURE TO STATE A CAUSE OF ACTION)

1. As to each and every cause of action, WEN alleges Plaintiff's Complaint fails to state a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

### (COMPARATIVE NEGLIGENCE)

2. As to each and every cause of action, WEN alleges upon information and belief that at the time and places mentioned in the Complaint, Plaintiff was careless and negligent, and this carelessness and negligence caused and contributed to any injuries and damages allegedly sustained by Plaintiff. In the event of any judgment or verdict in favor of Plaintiff, the judgment or verdict must be reduced in direct proportion to Plaintiff's carelessness and negligence, if any.

### THIRD AFFIRMATIVE DEFENSE

#### (FAULT OF OTHERS)

3.   As to each and every cause of action, WEN alleges that any loss, injury, or damage to Plaintiff was proximately caused and/or contributed to by the negligent or other tortious acts, omissions, or fault of third parties that WEN neither controlled nor had the right to control, and that no particular damages of Plaintiff were caused by WEN's acts or omissions.

### FOURTH AFFIRMATIVE DEFENSE

#### (VAGUENESS IN DEFECT STANDARDS)

4.   As to each and every cause of action, WEN alleges Plaintiff's Complaint fails to state a cause of action against this Defendant to the extent it is based upon the definition of defect as set forth in the case of *Barker v. Lull*, 20 Cal.3d 413 (1978), or its progeny, since such standard attempts to impose liability under a vague and indefinite law without any objective standard by which WEN's conduct could be measured. Furthermore, California's judicially created definitions of "manufacturing" and "design defects" and the standards for determining whether there has been an actionable failure to warn are unconstitutional in that, among other things, they are void for vagueness and place an undue burden upon interstate commerce.

### FIFTH AFFIRMATIVE DEFENSE

#### (MISUSE AND ABUSE)

5.   As to each and every cause of action, WEN alleges on information and belief before and at the time of the alleged injuries, that the product which allegedly injured Plaintiff was misused, abused, and/or altered and were not being used in their intended manner.   This misuse, abuse, and/or alteration was not reasonably foreseeable to WEN and it caused and/or contributed to Plaintiff's injuries or damages, if any.

///

///

### SIXTH AFFIRMATIVE DEFENSE

### (SPOLIATION OF EVIDENCE)

6.      WEN alleges Plaintiff and/or his agents and representatives failed to preserve the hair care products at issue or its evidentiary value and, by way of spoliation of evidence, Plaintiff has interfered with WEN's ability to properly investigate and prepare a full defense to the matters herein alleged, all to WEN's irreparable damage, thereby providing a legal basis for relief, including but not limited to an order of dismissal and/or an evidentiary sanction.

### SEVENTH AFFIRMATIVE DEFENSE

### (WORKERS COMPENSATION — EXCLUSIVE REMEDY)

7.      As to each and every cause of action, WEN alleges that:

A.      Plaintiff has received or will receive disability and medical benefits under California's workers' compensation law, or similar laws, from Plaintiff's employer or former employer or their workers' compensation or similar insurers, on account of the injuries and damages allegedly sustained by Plaintiff which give rise to this lawsuit and, therefore, Plaintiff's claims are barred by the limitations of 45 U.S.C. § 56 and the exclusive remedy provisions of California Labor Code § 3601, *et seq*.;

B.      At the time of any alleged injury, each of Plaintiff's employers and former employers was careless and negligent in and about the matters alleged in Plaintiff's Complaint, and the carelessness and negligence of each and every of the employers contributed directly and proximately to any alleged injuries or damages sustained by Plaintiff; and

C.      Any judgment or verdict that might be rendered in favor of Plaintiff should be reduced by the amount of all the payments by the employers or insurers, and that each of the employers or insurers should be barred from any recovery by lien or otherwise in connection with this matter under the authority of *Witt v. Jackson* (1961) 57 Cal. 2d 57.

<u>**EIGHTH AFFIRMATIVE DEFENSE**</u>

**(STATUTE OF LIMITATIONS)**

8.      As to each and every cause of action, WEN alleges on information and belief that Plaintiff's Complaint may be barred by the applicable statute of limitations under California Code of Civil Procedure §§ 366.1, 337, 338, 339, 340, 340.2, 343, 353.1, 361, or 474, and Commercial Code § 2725.

<u>**NINTH AFFIRMATIVE DEFENSE**</u>

**(ASSUMPTION OF RISK)**

9.      As to each and every cause of action, WEN alleges on information and belief that Plaintiffs voluntarily and knowingly assumed the alleged risks and hazards incident to the alleged operations, acts, and conduct at the times and places alleged in Plaintiffs Complaint, and Plaintiffs acts proximately caused and contributed to Plaintiffs alleged injuries and damages, if any.

<u>**TENTH AFFIRMATIVE DEFENSE**</u>

**(FAILURE TO FOLLOW WARNINGS)**

10.      As to each and every cause of action, WEN alleges that Plaintiffs were advised, informed, and warned of any potential hazards or damages associated with the normal or foreseeable use, handling, and operation of the WEN hair care product as described in Plaintiffs Complaint, and Plaintiffs failed to follow the warnings.

<u>**ELEVENTH AFFIRMATIVE DEFENSE**</u>

**(COMPLIANCE WITH STATUTES)**

11.      As to each and every cause of action, WEN alleges that all of its conduct and activities, as alleged in Plaintiffs Complaint, conformed to statutes, government regulations, and industry standards based upon the state of knowledge existing at all relevant times.

///

///

///

## TWELFTH AFFIRMATIVE DEFENSE

### (PROPOSITION 51)

12.    As to each and every cause of action, WEN alleges there are other individuals, entities, or parties who are at fault and whose conduct proximately caused Plaintiff's injuries, if any.  If WEN is found responsible to Plaintiff, which WEN expressly denies, WEN is only liable for its proportionate share of non-economic damages as set forth in California Civil Code section 1431.2.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (LACHES)

13.    As to each and every cause of action, alleges that Plaintiff has unreasonably delayed filing this case without good cause.  This delay has directly resulted in prejudice to WEN, and this action is barred by laches.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (UNCLEAN HANDS)

14.    As to each and every cause of action, WEN alleges that Plaintiffs are precluded from maintaining any cause of action against WEN because Plaintiffs' actions preclude equitable relief under the doctrine of unclean hands.

## FIFTHTEENTH AFFIRMATIVE DEFENSE

### (NO WARRANTY)

15.    As to each and every cause of action, WEN gave no warranties, either express or implied, to Plaintiffs, and neither Plaintiffs nor anyone else ever notified WEN of any claim of breach of warranty that resulted in Plaintiffs' alleged injuries.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (LACK OF PRIVITY)

16.    As to each and every cause of action, WEN alleges that Plaintiffs were not in privity of contract with WEN and is, therefore, barred from asserting a warranty claim against WEN.

///

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (VAGUENESS OF DEFECT STANDARDS)

17.    As to each and every cause of action, WEN alleges that the State of California's judicially created definitions of "manufacturing" and "design defects" and the standards for determining whether there has been an actionable failure to warn are unconstitutional in that, among other things, they are void for vagueness and place an undue burden upon interstate commerce.  They also constitute an impermissible effort to regulate in an area that has previously been preempted by the federal government.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (STATE OF THE ART)

18.    As to each and every cause of action, WEN alleges that the state of the medical, scientific, and industrial knowledge and practices was at all material times such that WEN neither breached any alleged duty owed to Plaintiffs, nor knew, or could have known, products it allegedly distributed presented a foreseeable risk of harm to Plaintiffs in their normal and expected use.  Any products, substances, or distributed by WEN were consistent with the state of the art applicable to the products, substances at the time of their manufacture, sale, formulation, or distribution.

## NINETEENTH AFFIRMATIVE DEFENSE

### (FAILURE TO JOIN INDISPENSABLE PARTIES)

19.    As to each and every cause of action, WEN alleges Plaintiffs failed to join indispensable parties under Rules 19 of the Federal Rules of Civil Procedure.

## TWENTIETH AFFIRMATIVE DEFENSE

### (VIOLATION OF COMMERCE CLAUSE)

20.    As to each and every cause of action, WEN alleges that the Commerce Clause of the United States Constitution, U.S. Const. art. I, section 8, cl. 3, precludes the application of a state statute to commerce that takes place wholly outside of a

state's borders, whether or not the commerce has effects within the state, and protects against inconsistent legislation arising from the projection of one state regulatory regime into the jurisdiction of another state.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (PLEAS IN ABATEMENT)

21.     As to each and every cause of action, WEN alleges as pleas in abatement:

A.     That another action is pending between the Plaintiffs and the same or similar defendants on the same transactions and occurrences; and

B.     That Plaintiffs have improperly joined parties in this action.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

### (UNCERTAINTY)

22.     As to each and every cause of action, WEN alleges that Plaintiffs' Complaint and all purported causes of action are vague, ambiguous, and uncertain as they have not linked a product placed into the stream of commerce by WEN which allegedly Plaintiffs.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

### (FORUM *NON CONVENIENS*)

23.     As to each and every cause of action, WEN alleges on information and belief that substantial justice requires that, under 28 USC §1404, this action be transferred to another venue because the facts alleged in the Complaint occurred outside of California and California is not the appropriate forum for the action.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (CHOICE OF LAW)

24.     As to each and every cause of action, WEN alleges on information and belief that all or some of the claims or legal issues raised in Plaintiffs' Complaint are governed by the substantive laws of a state other than California.

///

///

1
**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

2
**(DUE CARE AND DILIGENCE)**

3        25.    As to each and every cause of action, WEN alleges that it exercised due

4   care and diligence in all of the matters alleged in the Complaint, and no act or

5   omission by it was the proximate cause of any damage, injury, or loss to Plaintiffs.

6
**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

7
**(CONTRIBUTION/EQUITABLE INDEMNITY)**

8        26.    As to each and every cause of action, WEN alleges that in the event it is

9   held liable to Plaintiffs, which liability is expressly denied, and any other co-

10  defendants are likewise held liable, WEN is entitled to a percentage contribution of

11  the total liability from the co-defendants in accordance with the principles of equitable

12  indemnity and comparative contribution.

13
**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

14
**(UNUSUAL SUSCEPTIBILITY)**

15       27.    As to each and every cause of action, WEN alleges that Plaintiffs'

16  injuries and damages, if any, were proximately caused or contributed to by Plaintiffs'

17  unforeseeable idiosyncratic condition, unusual susceptibility, or hypersensitive

18  reactions for which WEN is not liable.

19
**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

20
**(GOOD FAITH)**

21       28.    As to each and every cause of action, WEN alleges that Plaintiffs' claims

22  for punitive damages is barred because WEN, at all times and places mentioned in the

23  Complaint, acted reasonably and in good faith, and without malice or oppression

24  toward Plaintiffs.

25
**TWENTY-NINTH AFFIRMATIVE DEFENSE**

26
**(FAILURE TO STATE FRAUD, OPPRESSION, OR MALICE)**

27       29.    As to each and every cause of action, WEN alleges that the Complaint

28  does not state sufficient facts constituting "fraud," "oppression," or "malice," as these

1  terms are used in California Civil Code section 3294.

2  ### THIRTIETH AFFIRMATIVE DEFENSE

3  ### (NO LIABILITY FOR PRODUCTS OF OTHERS)

4       30.    As to each and every cause of action, WEN alleges that it has no liability

5  for products or materials that it did not manufacture, distribute, sell, or otherwise place

6  in the stream of commerce.

7  ### THIRTY-FIRST AFFIRMATIVE DEFENSE

8  ### (STANDING)

9       30.    As to each and every cause of action, WEN alleges that Plaintiffs have no

10  standing to assert any of the claims set forth in the Complaint or to seek restitution,

11  either on their own behalf or as representatives of any purported class, by reason of

12  California's Proposition 64, Article III of the United States Constitution, and other

13  applicable law.

14  ### THIRTY-SECOND AFFIRMATIVE DEFENSE

15  ### (ESTOPPEL)

16       30.    As to each and every cause of action, WEN alleges that Plaintiffs claims

17  are barred by the doctrine estoppel.

18  ### THIRTY-THIRD AFFIRMATIVE DEFENSE

19  ### (NO APPROPRIATE CLASS)

20       33.    As to each and every cause of action, WEN alleges Plaintiffs' purported

21  class cannot be certified because it would be unmanageable, individual legal and

22  factual issues swamp any common questions and classwide resolution would not be a

23  superior method of adjudication.

24  ### THIRTY-FOURTH AFFIRMATIVE DEFENSE

25  ### (NOT A SUBSTANTIAL FACTOR)

26       34.    As to each and every cause of action, WEN denies that any product for

27  which WEN is responsible was a substantial factor in causing Plaintiffs' injury or

28  damages.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (NO MEDICAL CAUSATION)

35.    As to each and every cause of action, WEN denies that Plaintiffs' injuries, if any, were caused by its products.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (FAILURE TO MITIGATE DAMAGES)

36.    As to each and every cause of action, WEN alleges that Plaintiffs failed to mitigate his losses, injuries, or damages and barred from recovering any damages that could have been avoided by reasonable mitigation efforts.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (LACK OF NOTICE)

37.    As to each and every cause of action, WEN alleges that Plaintiff failed to give reasonable, timely, sufficient, and adequate notice to WEN of the alleged liability, damage, or injury, if any.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (SOPHISTICATED USER)

38.    As to each and every cause of action, WEN alleges that, at all relevant times, Plaintiffs because of their own long-standing and continuous experience with the products and substances referred to in Plaintiffs' Complaint, were sophisticated users, handlers, and storers of any and all products and substances. Because Plaintiffs, individually, were sophisticated users who were fully aware of any hazards associated with the products or substances, WEN had no duty to warn them of dangers of which they were already aware.  Plaintiffs' election to use the products or substances that allegedly injured them, without taking any precautions to protect their health and safety, was a superseding cause of their injuries, if any.

///

///

///

### THIRTY-NINTH AFFIRMATIVE DEFENSE

### (OFFSET)

39.    As to each and every cause of action, WEN is entitled to an offset for the total amount of all settlements entered into, or to be entered into by Plaintiffs and any person or entity, including Defendants, relating to Plaintiffs' claims and allegations in this proceeding.

### FORTIETH AFFIRMATIVE DEFENSE

### (SPOLIATION OF EVIDENCE)

40.    As to each and every cause of action, WEN alleges that Plaintiffs and/or her agents negligently or intentionally failed to preserve, and permitted the spoliation of material evidence, including but not limited to the products or substances which Plaintiffs alleges give rise to each and every cause of action in Plaintiffs' Complaint. Such conduct bars Plaintiffs' actions and/or gives rise to liability on the part of Plaintiffs for damages payable to WEN.

### FORTY-FIRST AFFIRMATIVE DEFENSE

### (RES JUDICATA/COLLATERAL ESTOPPEL)

41.    WEN alleges that the causes of action in Plaintiffs; Complaint are barred in whole or in part by res judicata and/or collateral estoppel.

### FORTY-SECOND AFFIRMATIVE DEFENSE

### (RIGHT TO ASSERT AFFIRMATIVE DEFENSES NOT YET APPARENT)

42.    WEN presently has insufficient knowledge or information upon which to form a belief as to the availability of additional, as yet unstated, affirmative defenses. As to each and every cause of action, WEN reserves the right to assert additional affirmative defenses in the event investigation and/or discovery reveal that such defenses would be appropriate.

WEN prays:

1.    That Plaintiffs take nothing from the Complaint on file;

2.    That the present action be dismissed with prejudice;

1      3.     For judgment in favor of WEN and against Plaintiffs on each and every

2  cause of action of Plaintiffs Complaint;

3      4.     That WEN be awarded its costs of suit;

4      5.     That WEN be awarded appropriate credits and setoffs arising out of any

5  payments of others, including workers' compensation settlements, as alleged above;

6  and That WEN be awarded any other relief the Court may deem equitable and proper.

7  Dated: July 3l, 2015                    HAWKINS PARNELL THACKSTON & YOUNG LLP

8

9                                         By: _____
                                               Barry R. Schirm
10                                             Michael B. Giaquinto
                                               Attorneys for Defendant,
11                                             WEN BY CHAZ DEAN, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

The undersigned counsel for Defendant Wen by Chaz Dean Inc. hereby certifies that a true and correct copy of the forgoing document was filed with the Court and served electronically through CM-ECF (Electronic Case Filing) system to all counsel of record to those registered to receive a Notice of Electronic Filing for this case on July 31, 2015.

Barry R. Schirm