O

# United States District Court
# Central District of California

AMY FRIEDMAN and JUDI MILLER, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

GUTHY-RENKER LLC; and WEN BY CHAZ DEAN, INC.,

Defendants.

Case No. 2:14-cv-06009-ODW(AGRx)

**ORDER GRANTING MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL [139]**

## I. INTRODUCTION

Plaintiffs Amy Friedman and Judi Miller bring this putative class action lawsuit against Defendants Guthy-Renker LLC and Wen By Chaz Dean, Inc., wherein they allege that Defendants' "WEN Cleansing Conditioner" line of haircare products caused their hair to fall out. Plaintiffs' counsel now move, with the consent of both Defendants, for an order appointing them as interim class counsel. (ECF No. 139.) For the reasons discussed below, the Court **GRANTS** Plaintiffs' Motion.[1]

## II. FACTUAL BACKGROUND

Wen By Chaz Dean created and developed a haircare product called "WEN Cleansing Conditioner." (Second Am. Compl. ("SAC") ¶ 2.) It then licensed the

---

[1] After considering the papers filed in support of the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

product to Guthy-Renker, which manufactured, marketed, and sold the product throughout the United States. (*Id.*) According to Plaintiffs, this product causes hair loss. (*Id.* ¶ 3.) Plaintiffs assert numerous statutory and common law claims under California state law on behalf of all persons in the United States who purchased the product from August 1, 2009, to the present. (*Id.* ¶¶ 42, 52–118.)

Plaintiffs originally filed this lawsuit on July 31, 2014. (ECF No. 1.) On February 27, 2015, this Court granted in part and denied in part Guthy-Renker's Motion to Dismiss. (ECF No. 41.) Since then, all parties have invested substantial time and resources conducting extensive pre-certification discovery, including numerous discovery motions. (*See generally* ECF Nos. 60–124.) On September 24, 2015, this Court issued an Order staying the case and vacating all dates and deadlines relating to Plaintiffs' class certification motion. (ECF No. 125.) After conducting a status conference with the parties, the Court extended the stay and ordered the parties to conduct mediation. (ECF Nos. 130–131.) To date, the parties have participated in four mediation sessions before Judge Lichtman. (ECF Nos. 135, 137, 140, 144.) These mediations produced a tentative settlement of all class claims. (ECF No. 144.)

On December 23, 2015, another putative class action, entitled *Simmons v. Guthy-Renker LLC*, was brought against Defendants in the United States District Court for the Southern District of New York. (Anderson Decl. at Ex. 1 ("*Simmons* Compl."), ECF No. 139-1.) Like Plaintiffs in this case, the *Simmons* plaintiffs allege that the WEN Cleansing Conditioner caused their hair to fall out, and similarly seek to certify a class comprised of all persons in the United States who purchased the product from December 22, 2009, to the present.[2] (*Id.* ¶ 37.) The *Simmons* plaintiffs assert several statutory and common law claims under federal law, California law, and New York law. (*Id.*) Five days after Guthy-Renker and Wen By Chaz Dean answered the *Simmons* complaint, the *Simmons* plaintiffs moved for class certification and

---

[2] The *Simmons* plaintiffs also seek to certify a subclass of persons "in New York who purchased WEN Products from December 22, 2009 to the present." (*Simmons* Compl. ¶ 37.)

appointment of class counsel. (Anderson Decl. at Ex. 2.) On April 18, 2016, the *Simmons* court stayed all discovery and class certification briefing until May 16, 2016, pending settlement negotiations in the instant matter. (Order, *Simmons v. Guthy-Renker LLC*, No. 1:15-cv-10026 (S.D.N.Y. Apr. 18, 2016), ECF No. 52.)

On April 6, 2016, Plaintiffs' counsel in this case moved to be appointed as interim class counsel under Federal Rule of Civil Procedure 23(g)(3). (ECF No. 139.) No opposition was filed. That Motion is now before the Court for consideration.

### III. LEGAL STANDARD

"The court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). As the Advisory Committee on the Federal Rules of Civil Procedure recognized, substantial resources are often invested by counsel for the putative class at the pre-certification stage. *Id.* advisory committee's notes. This includes conducting extensive discovery, making or responding to motions, and engaging in settlement negotiations. *Id.* Thus, where there is "rivalry or uncertainty" regarding which attorney or law firm is authorized to act on behalf of the putative class—such as when "overlapping, duplicative, or competing class suits are pending before a court"—appointment of interim class counsel is often appropriate. *Id.*; *White v. TransUnion, LLC*, 239 F.R.D. 681, 683 (C.D. Cal. 2006) (citing *Manual for Complex Litigation* (4th) § 21.11); *see also In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006).

"Although neither the federal rules nor the advisory committee notes expressly so state, it appears to be generally accepted that the considerations set out in [Rule 23(g)(1)(A)], which governs appointment of class counsel once a class is certified, apply equally to the designation of interim class counsel before certification." *In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. at 57. Under Rule 23(g), the court must consider four factors in designating class counsel: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's

experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). In addition, the court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

"When one applicant seeks appointment as class counsel, the court may appoint that applicant only if the applicant is adequate under Rule 23(g)(1) and (4). If more than one adequate applicant seeks appointment, the court must appoint the applicant best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2).

### IV. DISCUSSION

The Court finds the appointment of interim of class counsel appropriate here. There are currently two pending actions based on the same allegations of misconduct against the same defendants, both of which seek to certify virtually identical classes. This matter was filed one and one-half years before the *Simmons* matter, and Plaintiffs in this case engaged in significant pre-certification discovery and motion practice during that time. In October 2015, the Court stayed this matter for the express purpose of facilitating settlement discussions between the parties. To date, the parties have engaged in four full days of mediation, which culminated in a tentative settlement on behalf of the entire class. However, given the recent filing of the *Simmons* case and the motion for class certification and appointment of class counsel filed therein, there is now some uncertainty as to the authority of counsel for Plaintiffs in this case to finalize that settlement. Thus, to protect the significant amount of time, effort, and resources the parties have expended reaching this settlement, appointment of interim class counsel is necessary. *See White*, 239 F.R.D. at 683 (courts may consider the need to protect the "integrity of the settlement process" in a pending class action in deciding whether to appoint interim class counsel).

Moreover, the Court is satisfied that Plaintiffs' counsel is an "adequate

applicant" under Rule 23(g)(2).[3]  First, Plaintiffs' counsel have invested a significant amount of time and resources investigating the claims in this case.  Since this action was filed in July 2014, Plaintiffs' counsel opposed Defendants' Motion to Dismiss and/or Compel Arbitration with considerable success, conducted significant discovery (including numerous pre-certification discovery motions), and engaged in four mediation sessions on behalf of the entire class.  Thus, this factor weighs heavily in Plaintiffs' counsel's favor.  Second, after reviewing the supporting declarations of Plaintiffs' counsel, the Court is satisfied that each firm has the necessary experience and expertise litigating consumer product class actions.  (Warwick Decl. ¶¶ 3–9, ECF No. 139-3; Anderson Decl. ¶¶ 3–8, ECF No. 139-1; Johnson Decl. ¶¶ 3–11, ECF No. 139-2; Mot. 5–7.)  Third, having considered Plaintiffs' briefing papers in opposition to Defendants' Motion to Dismiss and/or Compel Arbitration, the Court is satisfied that Plaintiffs' counsel have a strong command of the applicable law and will adequately protect the interests of the class. (ECF No. 38.)  Finally, the substantial resources that Plaintiffs' counsel have already committed to representing the putative class puts it beyond reasonable doubt that they are willing to invest the resources needed to adequately prosecute this action should the tentative settlement ultimately fall through.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

---

[3] While Plaintiffs' counsel is comprised of three separate firms, the Court considers them to be one "applicant" under Rule 23(g)(2) given that all three have represented Plaintiffs as co-counsel since this action's inception, and are jointly requesting appointment here.

## V. CONCLUSION

For the reasons discussed above, the Court hereby **GRANTS** Plaintiffs' Motion. The Court hereby appoints Johnson & Johnson LLP, Cuneo Gilbert & Laduca LLP, and Varnell & Warwick, P.A. as interim class counsel pursuant to Federal Rule of Civil Procedure 23(g)(3). The Clerk of the Court is directed to mail a copy of this Order to the Honorable Valerie E. Caproni, United States District Court for the Southern District of New York, 40 Foley Square, New York, NY 10007.

**IT IS SO ORDERED.**

May 12, 2016

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**