**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| **AMY FRIEDMAN, JUDI MILLER, KRYSTAL HENRY-MCARTHUR, and LISA ROGERS on behalf of themselves and all others similarly situated,** | **Case No. 2:14-cv-06009-ODW-AGR** |
| **Plaintiffs,** | **[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL** |
| **v.** | **Judge:  Hon. Otis D. Wright II** |
| **GUTHY-RENKER LLC and WEN BY CHAZ DEAN, INC.,** | |
| **Defendants.** | |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL**

Before the Court is the Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement.  The Court has considered the Settlement Agreement and Release of Claims; the Joint Declaration of Interim Lead Counsel and the exhibits thereto.

The matter having been submitted and good cause appearing therefore, the Court finds as follows:

1.      All defined terms contained herein shall have the same meanings as set forth in the Settlement Agreement and Release of Claims executed by the settling parties and filed with this Court (the "Settlement Agreement").

2.      The Named Plaintiffs and the Released Parties, through their counsel of record in the Lawsuit, have reached an agreement to settle all claims in the Lawsuit.

3.      The Court preliminarily concludes that, for the purposes of approving

1  this settlement only, and for no other purpose and with no other effect on the

2  Lawsuit, and with no effect upon the Defendants' right to contest certification

3  should the proposed Settlement Agreement not ultimately be approved or should

4  the Effective Date not occur, the proposed Settlement Class meets the requirements

5  for certification under Rule 23 of the Federal Rules of Civil Procedure in that:

6       (a)   the proposed Settlement Class is ascertainable and so numerous

7  that joinder of all Settlement Class Members is impracticable;

8       (b)   there are questions of law or fact common to the proposed

9  Settlement Class;

10      (c)   the claims of the Named Plaintiffs are typical of the claims of

11 the proposed Settlement Class Members;

12      (d)   the Named Plaintiffs will fairly and adequately represent the

13 interests of the proposed Settlement Class Members;

14      (e)   certification of a Settlement Class is superior to other available

15 methods for efficient adjudication of this controversy;

16      (f)   Class Counsel are qualified to serve as counsel for the Named

17 Plaintiffs and the Settlement Class; and

18      (g)   common issues will predominate over individual issues with

19 respect to the Settlement Class.

20      4.   The parties have also presented to the Court for review a Settlement

21 Agreement, which proposes a Settlement that is within the range of reasonableness

22 and meets the requirements for preliminary approval.

23      5.   The parties have also presented to the Court for review a plan to

24 provide notice to the proposed Settlement Class of the terms of the Settlement and

25 the various options each Settlement Class Member has, including, among other

26 things, (1) the option for Settlement Class Members to opt-out of the class action;

27 (2) the option to be represented by counsel of their choosing and to object to the

28

1

1  proposed settlement; and/or (3) the option to participate in the Settlement.  Notice

2  will be disseminated consistent with the Settlement Agreement.  The Court

3  preliminarily concludes that:

4         (a)  the notice proposed is the best practicable under the

5  circumstances, consistent with Fed. R. Civ. P. 23(c)(2)(B), and provides sufficient

6  notice to all Settlement Class Members, and

7         (b)  the contents of the proposed notice and the manner of its

8  dissemination satisfy the requirements of state and federal due process.

9      Good cause appearing therefore, IT IS HEREBY ORDERED that:

10      1.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the

11  Settlement Agreement and Release of Claims, and the Settlement contemplated

12  therein, is preliminarily approved.

13      2.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for

14  purposes of, and solely in connection with, the Settlement, the Court finds that

15  each of the requirements for certification of the Settlement Class set forth in

16  Plaintiffs' Memorandum of Law in Support of Preliminary Approval of Class

17  Action Settlement are met and hereby conditionally certifies the following

18  Settlement Class:

19         All purchasers or users of WEN Hair Care Products in the

20         United States or its territories between November 1, 2007

21         and August 1, 2016, excluding (a) any such person who

22         purchased for resale and not for personal or household

23         use, (b) any such person who signed a release of any

24         Defendant in exchange for consideration, (c) any officers,

25         directors or employees, or immediate family members of

26         the officers, directors or employees, of any Defendant or

27         any entity in which a Defendant has a controlling interest,

28

2

1    (d) any legal counsel or employee of legal counsel for any

2    Defendant, and (e) the presiding Judge in the Lawsuit, as

3    well as the Judge's staff and their immediate family

4    members.

5    3.    The Court appoints and designates the Named Plaintiffs, Amy

6  Friedman, Judi Miller, Krystal Henry-McArthur, and Lisa Rogers as Settlement

7  Class Representatives.  The Court appoints and designates the following attorneys

8  and law firms as Class Counsel:  Neville L. Johnson of Johnson & Johnson, LLP;

9  William H. Anderson of Cuneo Gilbert & LaDuca, LLP; and Brian W. Warwick of

10  Varnell & Warwick, P.A.  The Court authorizes Class Counsel to take approved

11  steps to effectuate the Settlement Agreement and the Settlement contemplated

12  therein on behalf of the Named Plaintiffs and Settlement Class Members.

13    4.    The Court directs that Notice be provided consistent with the terms of

14  the Settlement Agreement.

15    5.    Notice of the proposed Settlement and the rights of Settlement Class

16  members to opt out of the settlement, to object to the settlement, and/or to make a

17  claim shall be given by issuance of Notice consistent with the terms of the

18  Settlement Agreement.  Non-substantive changes to the form of the Notice may be

19  made without seeking further approval of the Court.

20    6.    Class Counsel shall file a Motion for Fees and Costs on or before

21  _____ [30 days before the Final Approval Hearing].

22    7.    A hearing (the "Final Approval Hearing") shall be held in Courtroom

23  11 of the United States District Court for the Central District of California,

24  Western Division, 312 North Spring Street, Los Angeles, CA 90012, on

25  _____ at __:__ a.m./p.m. to consider whether the settlement should be given

26  final approval by the Court and whether this Court should enter a Final Approval

27  Order.

28

3

1       8.     Written objections by Settlement Class Members to the proposed

2  Settlement will be considered if they are filed with the Court and received by Class

3  Counsel and counsel for Defendants on or before _____ [45 days before the Final

4  Approval Hearing].

5       9.     All papers filed in support of final approval of the proposed

6  Settlement shall be filed on or before ____ [30 days before the Final Approval

7  Hearing].  The form of Notice disseminated to the Settlement Class shall be filed

8  with the Court on or before ____ [30 days before the Final Approval Hearing].

9  Evidence that the parties have complied fully with the notice provisions of the

10  Class Action Fairness Act of 2005, 28 U.S.C. § 1715, shall be filed with the Court

11  on or before ____ [30 days before the Final Approval Hearing].

12      10.    At the Final Approval Hearing, Settlement Class Members may be

13  heard orally in support of or, if they have timely submitted written objections, in

14  opposition to the proposed Settlement.

15      11.    Class Counsel and counsel for Defendants should be prepared at the

16  Final Approval Hearing to respond to any objections filed by Settlement Class

17  Members and to provide other information as appropriate, bearing on whether or

18  not the proposed Settlement should be finally approved.

19      12.    In the event that the Effective Date occurs, all Settlement Class

20  Members will be deemed to have forever released and discharged the Released

21  Claims.  In the event that the Effective Date does not occur for any reason

22  whatsoever, the Settlement Agreement shall be deemed null and void and shall

23  have no effect whatsoever.

24      13.    Pending entry of a Final Approval Order (and any appellate review

25  thereof), all discovery, pretrial deadlines, and other pretrial proceedings in the

26  Lawsuit are stayed and suspended until further order of this Court, except as

27  otherwise agreed to by the parties, or as may be necessary to implement the

28

1 Settlement Agreement or this Order.

2      14.    Pending a ruling on the Final Approval Order (and any appellate
3 review thereof) or termination of the Settlement Agreement, whichever occurs
4 earlier, all Settlement Class Members, and any person actually or purportedly
5 acting on behalf of any Settlement Class Member(s), are stayed and enjoined from
6 commencing, instituting, continuing, pursuing, maintaining, prosecuting, or
7 enforcing any Released Claim, directly or indirectly, in any judicial,
8 administrative, arbitral, or other forum, against any of the Released Parties.

9      15.    Other than to enforce its terms, this Order is not admissible as
10 evidence for any purpose against the Released Parties in any pending or future
11 litigation.  In the event that no Final Approval Order is issued or the Settlement
12 Agreement is otherwise terminated pursuant to its terms, the Order shall not be
13 construed or used: (a) as an admission or evidence of the validity of any Released
14 Claim or of any wrongdoing by or against the Released Parties, or (b) as a waiver
15 by the Released Parties of any right to present any evidence, arguments, or
16 defenses (including without limitation to class certification) in this action or any
17 other proceeding.

18
19 DATED:      _____, 2016      _____
20                                      HON. OTIS D. WRIGHT II
                                        United States District Judge
21
22
23
24
25
26
27
28

5