Neville L. Johnson (SBN 66329)
njohnson@jjllplaw.com
Douglas L. Johnson (SBN 209216)
djohnson@jjllplaw.com
Jordanna G. Thigpen (SBN 232642)
jthigpen@jjllplaw.com
**JOHNSON & JOHNSON, LLP**
439 North Canon Drive, Suite 200
Beverly Hills, California 90210
Telephone: (310) 975-1080

William H. Anderson, (*Pro Hac Vice*)
wanderson@cuneolaw.com
Charles J. LaDuca, (*Pro Hac Vice*)
charles@cuneolaw.com
Michael J. Flannery (SBN 196266)
mflannery@cuneolaw.com
**CUNEO GILBERT & LADUCA, LLP**
4725 Wisconsin Avenue, NW, Suite 200
Washington, DC 20016
Telephone: (202) 789-3960

Brian W. Warwick, (*Pro Hac Vice*)
bwarwick@varnellandwarwick.com
Janet R. Varnell, (*Pro Hac Vice*)
jvarnell@varnellandwarwick.com
**VARNELL & WARWICK, P.A.**
P.O. Box 1870
Lady Lake, FL 32158
Telephone: (352) 753-8600

Attorneys for Plaintiffs and the Proposed Class

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| AMY FRIEDMAN, JUDI MILLER, KRYSTAL HENRY-MCARTHUR, and LISA ROGERS on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GUTHY-RENKER LLC and WEN BY CHAZ DEAN, INC.,<br><br>Defendants. | Case No. 2:14-cv-06009-ODW-AGR<br><br>**AMENDED JOINT DECLARATION OF INTERIM LEAD COUNSEL IN SUPPORT OF PRELIMINARY APPROVAL**<br><br>Judge: Hon. Otis D. Wright II<br>Motion Date: September 19, 2016<br>Time: 1:30 p.m.<br>Location: Courtroom 11 |

# AMENDED JOINT DECLARATION OF INTERIM LEAD COUNSEL IN SUPPORT OF PRELIMINARY APPROVAL

Jordanna Thigpen, William Anderson and Brian Warwick, state:

1. We submit this joint declaration, under penalty of perjury as Court-appointed Interim Lead Counsel and the principal counsel from our firms responsible for the investigation, prosecution and proposed settlement of this Lawsuit[1] over the last two years, to assist the Court and members of the proposed Class in evaluating the Settlement that we recommend to the Court. Each of us has personal knowledge of the matters set forth herein, and if necessary would be competent and available to testify, if the Court were to so require.

2. Interim Lead Counsel hereby submit this amended declaration in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement. On August 1, 2016, the Parties appeared before the Court to address the motion for preliminary approval of the putative class action Settlement. While the Court expressed general pleasure at the fact that the Parties reached a Settlement, the Court also expressed concern about two discrete issues: First, the Court indicated that the notice documents should utilize the font typically used by WEN® to make the notice documents more recognizable to Class Members. Second, the Court expressed a desire that the notice documents contain more of a description concerning the value of potential claims so that Class Members would have a greater ability to estimate the potential value of their individual claims.

3. After the hearing, the Parties worked together and with the Settlement Administrator to prepare updated notice documents specifically intended to address the concerns expressed by the Court. Therefore, the Parties are in full agreement regarding the amended documents attached hereto.

4. To address the first concern, the attached revised documents each

---

[1] All capitalized terms, unless otherwise defined, shall have the same meaning as in the Settlement Agreement and Release of Claims.

have been amended to include the WEN® logo so that Class Members will be able to more readily associate the product at issue with the proposed Settlement.

    5.    To address the second concern, the Parties worked together to include the following explanation to Class Members regarding the potential value of their claims in order to assist them in deciding whether to opt-out of the Settlement or to file a claim:

**WHAT IS THE POTENTIAL RANGE OF VALUE OF YOUR CLAIM?**

In order to assist you in deciding whether to participate in the Settlement, and in determining the potential strength and value of your Tier 2 Claim, please see the following explanation regarding the various potential payment Ranges. The Special Master will evaluate your claim based upon review of your specific factual circumstances and the evidence you submit in the following five objective categories:

- Damage to hair and/or scalp;
- Duration of physical injury;
- Emotional damage;
- Out-of-pocket expenses; and
- Medical history.

The value of your claim will be determined, in large part, by the evidence you provide, so please be as thorough and complete as possible in your claim submission. The sufficiency and credibility of your evidence are essential to the Special Master's determination of the value of your claim.

**RANGE 1: Claims Valued Between $0 and $2,500**
A Claimant within Range 1 typically experienced thinning of their hair, limited hair breakage (up to 20% of hair loss) or mild scalp irritation. After Claimant stopped using WEN Hair Care Products ("WEN®"), hair

Case 2:14-cv-06009-ODW-AGR  Document 170  Filed 09/13/16  Page 4 of 8  Page ID #:1930

regrowth took between one and four months. Claimant does not claim or cannot substantiate emotional distress. Claimant likely did not make a complaint with their WEN retailer, or another entity, prior to becoming aware of this lawsuit. Claimant did not see a doctor to address the hair thinning/hair loss issue.  Claimant possesses limited evidence of out-of-pocket expenses. Photographic evidence proving the hair loss is limited. Witness statements verifying the hair loss are limited.

**RANGE 2:   Claims Valued Between $2,500 and $7,500**

A Claimant within Range 2 suffered noticeable hair loss (up to 33%) or scalp irritation after using WEN®. Small bald spots and/or obvious thinning can be observed in photographs.  Claimant likely filed a documented complaint with their WEN retailer, or another entity, prior to becoming aware of this lawsuit and detailed their hair loss in that complaint. Moderate scalp irritation and/or hair loss will likely have persisted for months. Hair regrowth likely took between five to 10 months. Claimant possesses photographic evidence documenting hair loss and timing of regrowth.  A Claimant within this category is also likely to have suffered some emotional damage as a result of the hair loss. Prior to the date of receiving notice of this settlement, Claimant likely sought assistance from at least one doctor relating to their hair loss. A Claimant in this category will submit substantial documented evidence and thorough witness statements verifying the hair loss suffered.

**RANGE 3:   Claims Valued Between $7,500 and $12,500**

A Claimant within Range 3 will have developed large bald spots or overall thinning that covered more than one-third of the Claimant's head after using WEN®. Claimant also could have experienced and can document severe scalp irritation, lasting for several months. Prior to the date of receiving notice of this settlement, Claimant sought treatment from a doctor or other healthcare provider related to their hair loss and possesses evidence

of the visit(s). Claimant received medical advice and subsequent treatment regarding their hair loss and spent money on treatment forms for which Claimant possesses receipts. Claimant also possesses receipts for hairdresser appointments (dated prior to receiving this settlement notice) specifically made for the purpose of masking the hair loss. Claimant may have purchased wigs and/or hair extensions in order to mask the hair loss and has receipts for these purchases. Claimant submits witness statements from a doctor or other healthcare provider(s), hairdresser, and a partner, family member or close friend, verifying the degree and duration of hair loss. Hair regrowth took between 11 and 18 months. Claimant likely suffered documented moderate to severe emotional distress resulting from their hair loss.

**RANGE 4: Claims Valued Between $12,500 and $20,000**

A Claimant within Range 4 lost more than 50% of their hair, including but not limited to, large bald spots. The hair loss will be difficult or impossible to hide. Since stopping use of WEN®, hair regrowth has been minimal. Claimants in this range normally made documented complaints to their WEN retailer, the FDA, or others prior to knowledge of this litigation. Claimant possesses photographic evidence of the condition of their hair shortly before using WEN®, after using WEN®, and current photographs thoroughly demonstrating the extent and severity of hair loss. Claimant possesses documentation evidencing one or more visits to a doctor or other healthcare provider to address hair loss (dated prior to receiving notice of this settlement). Claimant has witness statements from doctor or healthcare provider(s), hairdresser and a partner, family member or close friend, verifying the degree and duration of hair loss. Claimant was required to take steps to mask the hair loss such as wearing a wig, hair extension, scarfs, etc., and has receipts for the same. Claimant possesses evidence that Claimant saw a therapist or other healthcare provider one or more times prior to receiving notice of this settlement to discuss depression, anxiety or other emotional distress

> caused by hair loss and possesses receipts for same.
>
> Within these categories, the Special Master will make upward or downward adjustments based upon the sufficiency and credibility of the evidence, the severity of the hair loss, duration of the hair loss, severity of the emotional distress, and amount of documented out-of-pocket expenses. It is up to you to submit the evidence necessary to support your claim.

This language can be found in the Long Form Notice attached hereto as Exhibit D. Each of the short form notices refer Class Members to the Long-Form Notice, which contains the above explanation and will be available on the Settlement Website.

6. Additionally, the Parties made two revisions to address the transmission of customer lists from QVC and Sephora, two retailers of WEN. Specifically, the preliminary approval order has been revised to order QVC and Sephora to transmit their customer contact info directly to the Settlement Administrator. Finally, the Parties also submit a revised version of the Settlement Agreement that includes the definition of "Released Parties," which was inadvertently omitted from the previously filed version of the Settlement Agreement, as well as a modest extension of the class period to account for the passage of time since the preliminary approval hearing, which is included in each of the documents referencing the class period.

7. Attached hereto as **Exhibit A** is an executed copy of the Settlement Agreement and Release of Claims incorporating the definition of Released Parties and the revised Settlement Class end date.

8. Attached hereto as **Exhibit B** is a draft of the amended proposed email notice, revised in accordance with the Court's direction at the August 1, 2016 hearing, which also includes the revised Settlement Class end date.

5

AMENDED JOINT DECL. OF INTERIM LEAD COUNSEL IN SUPPORT OF PRELIMINARY APPROVAL

9. Attached hereto as **Exhibit C** is a draft of the amended proposed mail notice, revised in accordance with the Court's direction at the August 1, 2016 hearing, which also includes the revised Settlement Class end date.

10. Attached hereto as **Exhibit D** is a draft of the amended proposed long-form notice, revised in accordance with the Court's direction at the August 1, 2016 hearing, which also includes the revised Settlement Class end date.

11. Attached hereto as **Exhibit E** is a draft of the amended publication notice, revised in accordance with the Court's direction at the August 1, 2016 hearing, which also includes the revised Settlement Class end date.

12. Attached hereto as **Exhibit F** is a draft of the amended Tier 1 Claim Form, revised in accordance with the Court's direction at the August 1, 2016 hearing, which also includes the revised Settlement Class end date.

13. Attached hereto as **Exhibit G** is a draft of the amended Tier 2 Claim Form, revised in accordance with the Court's direction at the August 1, 2016 hearing, which also includes the revised Settlement Class end date.

14. Attached hereto as **Exhibit H** is a draft of amended instructions for the Tier 1 and Tier 2 Claim Forms, revised in accordance with the Court's direction at the August 1, 2016 hearing, which also includes the revised Settlement Class end date.

15. Attached hereto as **Exhibit I** is a draft of an amended Preliminary Approval Order, taking into consideration the above-referenced amended documents and the inclusion of language concerning the transmittal of customer lists from QVC and Sephora, on the one hand, to the Settlement Administrator, on the other hand.

16. With the concerns of the Court addressed, undersigned counsel submit that there is no just cause for further delay. The proposed Preliminary Approval Order can be executed so that notice can be issued to the Class, and the hearing

presently scheduled for September 19, 2016 can be canceled.

We declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED:     September 13, 2016

By:     s/ Jordanna G. Thigpen
Jordanna G. Thigpen (SBN 232642)

By:     /s/ William H. Anderson
William H. Anderson (*Pro Hac Vice*)

By:     /s/ Brian W. Warwick
Brian W. Warwick (*Pro Hac Vice*)

**ATTESTATION RE: SIGNATURES**

I, Jordanna G. Thigpen, am the ECF User who is filing Plaintiffs' Amended Joint Declaration of Interim Lead Counsel In Support of Motion for Preliminary Approval.  I attest that all signatories listed, and on whose behalf the filings are being submitted, concur in the content of such filings and have authorized the filing of such documents.

DATED: 9/13/16     **JOHNSON & JOHNSON LLP**

/s/ Jordanna G. Thigpen
Neville L. Johnson (Bar No. 66329)
njohnson@jjllplaw.com
Douglas L. Johnson (Bar No. 209216)
djohnson@jjllplaw.com
Jordanna G. Thigpen (Bar No. 232642)
jthigpen@jjllplaw.com
**JOHNSON & JOHNSON LLP**
439 North Canon Drive, Suite 200
Beverly Hills, California 90210
Telephone: 310.975.1080
Facsimile: 310.975.1095