# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims ("Settlement" or "Agreement") is made and entered into by and between Plaintiffs Amy Friedman, Judi Miller, Krystal Henry-McArthur and Lisa Rogers (the "Named Plaintiffs"), on behalf of themselves and the Settlement Class defined below, and Guthy-Renker LLC ("Guthy-Renker") and WEN by Chaz Dean, Inc. ("WEN by Chaz Dean") (collectively, "Defendants"). For purposes of this Agreement, the Named Plaintiffs and Defendants are described collectively as the "Parties" to this Agreement. Subject to preliminary and final court approval of the Settlement as described below, the Parties state and agree as follows:

## SECTION 1: RECITALS

WHEREAS, Defendants on the one hand, and Named Plaintiffs, on the other hand, are parties to *Friedman, et al. v. Guthy-Renker et al.*, Case No. 2:14-cv-06009-ODW, a putative class action originally filed July 31, 2014, in the United States District Court for the Central District of California (the "Lawsuit");

WHEREAS, Named Plaintiffs allege that Defendants designed, manufactured, advertised, promoted, sold, or otherwise introduced into the stream of commerce WEN Hair Care Products based upon false and misleading statements, and that WEN Hair Care Products have the capacity to, and did cause, *inter alia*, hair loss, hair damage and scalp irritation, in violation of state, federal and common law;

WHEREAS, Defendants vigorously deny all liability with respect to the individual and class claims alleged in the Lawsuit and vigorously deny all allegations of wrongdoing asserted in the Lawsuit;

WHEREAS, extensive arms-length settlement negotiations, including four sessions of mediation before the Hon. Peter D. Lichtman (Ret.), have taken place between Class Counsel, on behalf of the Named Plaintiffs and the proposed Settlement Class, and Defendants;

WHEREAS, the Parties wish to enter into a compromise and settlement to avoid the uncertainty and expense of litigation and to achieve a fair, reasonable and adequate resolution of the Lawsuit;

WHEREAS, after investigating the facts and carefully considering applicable law, the Named Plaintiffs and Class Counsel have concluded that, despite their belief that Named

1

Plaintiffs would prevail on their claims, it would be in the best interests of the Settlement Class to enter into this Settlement Agreement in order to avoid the uncertainties of litigation, particularly complex litigation such as this, and to assure meaningful benefits to the Settlement Class, and that the terms and conditions of this Settlement Agreement, and the Settlement contemplated hereby, are fair, reasonable, and adequate and in the best interests of all members of the Settlement Class;

WHEREAS, after investigating the facts and carefully considering applicable law, Defendants believe that they are not liable regarding any of the claims asserted in the Lawsuit and that they have valid defenses thereto, but they enter into this Settlement Agreement to avoid the risk, expense, inconvenience, and burden of further litigating the Lawsuit, and the distraction and diversion of their personnel and resources, and to obtain the conclusive and complete dismissal of the claims asserted in the Lawsuit;

WHEREAS, this Settlement Agreement is made for the sole purpose of attempting to consummate settlement of this action on a class-wide basis, is made in compromise of disputed claims, and must receive preliminary and final approval by the Court; and

WHEREAS, the Parties hereto agree that this Settlement Agreement shall not be deemed or construed to be an admission or evidence of any violation (or any defense thereto) of any federal or state statute, rule or regulation, or principle of common law or equity, or of any liability or wrongdoing whatever (or any defense thereto), or of the truth or falsity of any of the claims asserted, or that might be asserted, in the Lawsuit, or of the infirmity of any of the claims or defenses that have been raised or could be raised by the Parties;

NOW, THEREFORE, IT IS HEREBY AGREED by and among the undersigned, on behalf of the Named Plaintiffs, the Settlement Class, and Defendants, that the Lawsuit shall be dismissed on the merits and with prejudice upon the Effective Date, and that the Lawsuit in its entirety, and all Released Claims, shall be finally and fully compromised, settled, and released by the Settlement Class against the Released Parties, subject to the approval of the Court as required by Rule 23 of the Federal Rules of Civil Procedure, on the following terms and conditions:

## SECTION 2: DEFINITIONS

The following definitions, in addition to any definitions elsewhere in this Agreement, shall apply for purposes of this Agreement and the Exhibits hereto:

2

**A.**     "Attorney's Fees and Costs" shall mean the portion of the Fund set aside to compensate Class Counsel for their time and to reimburse them for their reasonable expenses utilized to prosecute the Lawsuit on behalf of the Named Plaintiffs and the Settlement Class, as further defined in Section 9, below.

**B.**     "Class" or "Settlement Class" or "Settlement Class Member" shall mean all purchasers or users of WEN Hair Care Products in the United States or its territories between November 1, 2007 and September 19, 2016, excluding (a) any such person who purchased for resale and not for personal or household use, (b) any such person who signed a release of any Defendant in exchange for consideration, (c) any officers, directors or employees, or immediate family members of the officers, directors or employees, of any Defendant or any entity in which a Defendant has a controlling interest, (d) any legal counsel or employee of legal counsel for any Defendant, and (e) the presiding Judge in the Lawsuit, as well as the Judge's staff and their immediate family members.

**C.**     "Class Counsel" shall mean Janet Varnell and Brian Warwick of Varnell & Warwick, P.A.; William Anderson of Cuneo Gilbert & LaDuca, LLP; and Neville Johnson of Johnson & Johnson, LLP.

**D.**     "Defendants" shall mean Guthy-Renker, LLC and WEN by Chaz Dean, Inc.

**E.**     "Fund" or "Settlement Fund" shall mean the $26,250,000 amount paid by Defendants, which shall be used for the purposes set forth in Section 6, below.

**F.**     "Incentive Award" shall mean payments intended to compensate the Named Plaintiffs for bringing the Lawsuit, and in consideration of the time and effort they expended in prosecuting this Lawsuit.

**G.**     "Lawsuit" shall mean *Friedman, et al. v. Guthy-Renker et al.*, Case No. 2:14-cv-06009-ODW, a putative class action lawsuit originally filed July 31, 2014, in the United States District Court for the Central District of California.

**H.**     "Named Plaintiffs" shall mean Amy Friedman, Judi Miller, Krystal Henry-McArthur, and Lisa Rogers.

3

**I.**    "Notice Plan" shall mean the plan for dissemination of notice, as described in Section 11, below.

**J.**    "Parties" shall mean the Named Plaintiffs together with Defendants.

**K.**    "Released Parties" shall mean Guthy-Renker LLC and WEN by Chaz Dean, Inc., as well as any of their successors, assigns, agents, employees, consultants, independent contractors, manufacturers, direct and indirect retail customers and brokers, insurers, parents, subsidiaries, and other corporate affiliates, along with any outlet that sold WEN Hair Care Products, including but not limited to, Amazon, Sephora USA, Inc., and QVC Inc.

**L.**    "Settlement Administrator" shall mean the entity responsible for completing the duties set forth in Section 13, below.

**M.**    "Special Master" shall mean the person or entity responsible for completing the duties set forth in Section 14, below.

**N.**    "Tier 1 Flat Rate Claim" shall mean the claim described in Section 6.A, below.

**O.**    "Tier 2 Adverse Reaction Claim" shall mean the claim described in Section 6.B, below.

**P.**    "WEN Hair Care Products" shall refer to all hair care products marketed and sold under the WEN brand, including but not limited to all fragrances and variations of Cleansing Conditioner, Re-Moist Mask, Treatment Mist Duo, Treatment Oil, SIXTHIRTEEN Ultra Nourishing Cleansing Treatment, Re Moist Intensive Hair Treatment, Styling Crème, Anti-Frizz Styling Crème, Nourishing Mousse, Volumizing Treatment Spray, Replenishing Treatment Mist, Defining Paste, Straightening Smoothing Gloss, Smoothing Glossing Serum, Glossing Shine Serum, Finishing Treatment Crème, Volumizing Root Lift, Texturizing Spray, Detangling Treatment Spray, Men Control Texture, Men Hair and Body Oil, Bath, Body and Hair Oil, and Texture Balm sold through all outlets (including, but not limited to, Guthy-Renker LLC, WEN by Chaz Dean, Inc., QVC, Amazon and Sephora) between November 1, 2007 and September 19, 2016.

**Q.**    "Written Notice of Objection" shall mean the document by which a member of the Settlement Class objects to the Settlement, as described in Section 12, below.

**SECTION 3: AGREEMENT TO RESOLVE PENDING LITIGATION**

In order to avoid the expense, risks and uncertainty of continued litigation, the Parties have agreed to settle this proposed class action on the terms and subject to the conditions of this Settlement Agreement. The Lawsuit, *Friedman, et al. v. Guthy-Renker et al.*, Case No. 2:14-cv-06009-ODW is currently pending in the United States District Court for the Central District of California. The Parties have reached agreement to resolve the Lawsuit as the result of arms-length negotiations between counsel for the Named Plaintiffs and counsel for Defendants, including comprehensive discussions and four formal mediation sessions conducted by Judge Peter D. Lichtman (Ret.) of JAMS in Los Angeles. Prior to mediation, the Parties conducted extensive discovery and briefed various motions, including motions to dismiss and to compel arbitration, as well as to compel discovery. The Named Plaintiffs, believing that the claims have substantial merit and having the benefit of the advice of counsel, have determined that this Settlement Agreement is fair, reasonable, adequate and in the best interests of Named Plaintiffs and the putative Settlement Class. Defendants, denying wrongdoing of any nature and without admitting liability and believing they have no liability in this case whatsoever and meritorious defenses to any and all claims, have agreed to the terms of this Settlement Agreement in order to avoid the risk, expense and burden of further litigating the Lawsuit, and to obtain the conclusive and complete dismissal of the claims asserted in the Lawsuit.

**SECTION 4: CONDITIONAL CLASS CERTIFICATION FOR CLASS SETTLEMENT PURPOSES ONLY**

**A.** The Parties hereby stipulate to certification, for settlement purposes only, of a Settlement Class (the "Class") defined as follows:

All purchasers or users of WEN Hair Care Products in the United States or its territories between November 1, 2007 and September 19, 2016, excluding (a) any such person who purchased for resale and not for personal or household use, (b) any such person who signed a release of any Defendant in exchange for consideration, (c) any officers, directors or employees, or immediate family members of the officers, directors or employees, of any Defendant or any entity in which a Defendant has a controlling interest, (d)

5

any legal counsel or employee of legal counsel for any Defendant, and (e) the presiding Judge in the Lawsuit, as well as the Judge's staff and their immediate family members.

On or before June 24, 2016, the Parties shall jointly file a motion seeking that the Court enter the proposed Preliminary Approval Order filed concurrently with the Parties' Joint Motion for Preliminary Approval of Class Action Settlement, preliminarily certifying the Settlement Class, appointing the Named Plaintiffs as representatives of the Settlement Class, and appointing Class Counsel for the Settlement Class. As will be set forth in the proposed Preliminary Approval Order, the Parties agree that Class Counsel shall be Brian Warwick and Janet Varnell of Varnell & Warwick, PA, William Anderson of Cuneo Gilbert & LaDuca, LLP, and Neville Johnson of Johnson & Johnson, LLP.

**B**.     The Parties further agree and stipulate that the preliminary and conditional certification of the Settlement Class and appointment of Class Counsel shall be binding only if this Settlement Agreement is executed, not terminated in accordance with Section 18, approved by the Court both preliminarily and finally, and affirmed upon any appeal. If the Settlement Agreement is terminated or rejected, the Parties stipulate and agree that they will jointly request that the Court vacate the certification of the Settlement Class without prejudice to any Party's position on the issue of class certification, and restore the Parties to their respective litigation positions as they existed immediately prior to their entry into this Settlement Agreement.

## SECTION 5: NO ADMISSION OF LIABILITY OR OTHER CONCESSION

The Parties and their respective counsel agree that the settlement of the Lawsuit is not a concession, admission or acknowledgement by any Defendant that a litigation class could properly be certified in the Lawsuit. The Parties therefore agree not to assert in any context that the fact of this proposed settlement, or any stipulation to certification of the Settlement Class, constitutes any concession or admission by Defendants that a litigation class could properly be certified. The Parties and their respective counsel further agree that no aspect of this Agreement, its provisions, the negotiations or the positions of any of the Parties leading to its execution, shall be construed as a concession, admission or acknowledgement by Defendants of the truth of any of the allegations made in the Lawsuit, or of any liability, fault or wrongdoing of any kind on the

part of any Defendant. Accordingly, this Settlement Agreement shall not be offered or received in evidence in any action or proceeding in any court, private forum, administrative proceeding, or other tribunal as any kind of admission or concession by Defendants.

**SECTION 6: SETTLEMENT CONSIDERATION**

In exchange for the releases provided in Section 16 of this Agreement, Defendants agree to provide consideration of $26,250,000 (the "Fund").  This Fund shall be used to, *inter alia*, pay for notice and claims administration by a professional claims administration provider (the "Settlement Administrator"), to pay Class Member claims, to provide incentive awards to the Named Plaintiffs, as described in Section 8, to compensate the Special Master, as described in Section 14, and to compensate Class Counsel, as described in Section 9. None of these funds shall revert to Defendants under any circumstances.  To the extent any money remains in the Fund after all valid claims have been paid, all notice and administration costs have been paid, all incentive awards have been paid, and the attorney's fees and costs have been distributed, such residual funds, to the extent any exist, shall revert to *cy pres*. The Parties will agree on an acceptable *cy pres* recipient(s) within 30 days after the hearing on the Parties' Motion for Preliminary Approval and will submit the proposed *cy pres* recipient(s) to this Court for approval.  Assuming Court approval, the Settlement Administrator shall remit payment to the *cy pres* recipient(s) of any residual money in the Fund within 30 days of the expiration date of the last check mailed to a Settlement Class Member.

A.     **Tier 1 Class-Wide Flat Rate Claims**

Any member of the Settlement Class who purchased WEN Hair Care Products, and does not timely request to opt-out of the Settlement Class, shall be entitled to submit a claim against the Fund for a one-time flat payment of $25 per person as compensation for claims of misrepresentation regarding the qualities and attributes of WEN Hair Care Products, or undocumented claims of bodily injury, including but not limited to hair loss, hair damage, scalp pain or irritation, after using WEN Hair Care Products or Hair Care Products. $5,000,000 of the Fund shall be set aside to pay Class Members making Tier 1 claims.

1.     To be eligible for a Tier 1 payment from the Fund, a Class Member must timely submit to the Settlement Administrator a completed Tier 1 Claim Form

signed by the Settlement Class Member under penalty of perjury, in the form attached as Exhibit 2 to this Settlement Agreement attesting that the Settlement Class Member purchased WEN Hair Care Products.  A Class Member submitting only a Tier 1 Claim need not submit any additional Supporting Documentation, as defined in Section 6.B.2 of this Agreement, below.

2.      The Settlement Administrator as defined in Section 13 of this Agreement shall have the full and final authority to determine the validity of any Tier 1 claims submitted against the $5,000,000 allocated to pay Tier 1 claims. Before declining any Tier 1 claim, the Settlement Administrator shall issue a one-time request to the Class Member, in order to permit the Class Member to provide any information that is missing or improperly submitted on the Tier 1 Claim Form.

3.      If Tier 1 Claims exceed the $5,000,000 allocated for payment of such claims at $25 per class member, then the Settlement Administrator shall distribute the funds pro rata, so that the full proceeds of the Tier 1 allocation are paid to all Class Members who submitted valid claims. If there are amounts remaining in the Tier 1 allocation after the payment of all valid Tier 1 claims, those remaining amounts shall be added to the monies allocated for Tier 2 claims.

**B.      Tier 2 Documented Adverse Reaction Claims**

Any member of the Settlement Class who alleges to have suffered bodily injury, including but not limited to hair loss, hair damage, scalp pain or irritation, as a result of using WEN Hair Care Products, and does not timely request to opt-out from the Settlement Class, may make a claim against the Fund for reimbursement of amounts spent to redress such alleged injuries, as well as an injury award designed to compensate the Class Member for any alleged injuries sustained, up to a maximum of $20,000 per Class Member, as set forth below. In order to make a claim under Tier 2, the Class Member must submit a valid and complete Tier 2Claim Form, along with Supporting Documentation as described in Section 6.B.2 of this Agreement.

1.      The Settlement Administrator and Special Master shall have authority to determine the validity, or lack thereof, of any Tier 2 claims submitted, including the sufficiency of the Class Member's evidence of his or her claimed injury and

any other documentation submitted in support of the claim. After reviewing the evidence submitted on any claim, the Special Master shall have the authority to decline to award any damages.  Before declining any claim against the Fund for reimbursement of expenses, the Settlement Administrator shall issue a one-time request to the Class Member to provide any information that is missing or improperly submitted on the claim form. The Special Master shall review any Tier 2 Claims prior to final denial. The Special Master identified in Section 14 shall have full and final authority over any declination decision with respect to a Tier 2 claim and the Special Master's decision shall not be subject to an appeal or reconsideration.   Any Class Member whose Tier 2 Claim is denied shall be considered to have submitted a Tier 1 Claim and shall be considered eligible for such claim; and, the Settlement Administrator shall consider the validity of the Tier 1 Claim.

2.      The following forms of documents will be considered "Supporting Documentation" and  shall be received by the Settlement Administrator in support of a Tier 2 claim: before or after photographs (labeled or dated as such) depicting the Class Member's claimed injury, video testimony of the Class Member describing the claimed injury, medical records from a licensed medical professional related to the Class Member's claimed injury, and/or supporting declarations from witnesses who verify the Class Member's claimed injury. Additionally, the following forms of Supporting Documentation shall be received by the Settlement Administrator in support of a claim for reimbursement of out-of-pocket expenses incurred to redress injury purportedly caused by WEN Hair Care Products: dated medical bills evidencing payments related to the Class Member's claimed injury, dated receipts for out-of-pocket expenses, dated credit card statements evidencing payment by the Class Member related to the Class Member's claimed injury, or dated bank statements evidencing payment of out-of-pocket expenses related to the Class Member's claimed injury.  Dated receipts and/or declarations supplied by, for example, a medical provider or hairdresser confirming the amount spent to redress a claimed injury will also be considered.

9

3.      The Supporting Documentation described above is not intended to provide an exclusive list of the supporting evidence that may be submitted in support of a Claim. The Settlement Administrator and Special Master shall have discretion to accept forms of evidence in addition to or in place of the examples set forth above and explained more fully in the Tier 2 Claim Form submitted as Exhibit G to the Joint Declaration of Interim Lead Counsel in Support of Preliminary Approval.

4.      Should Tier 2 Claims exceed the amount available to pay Tier 2 Claims after the deduction of the $5,000,000 fund set aside for Tier 1 Claims, Incentive Awards, Attorney's Fees and Costs and Administrative Costs and Expenses, the payment of Tier 2 claims will be reduced on a pro rata basis.

**C.      Adverse Event Warning**

Defendants agree that all labels for WEN Cleansing Conditioner created after the Effective Date shall bear a common sense caution materially consistent with the following:  "If you experience any adverse reaction after using this product, immediately cease use and consult a physician."

Under no circumstances shall Tier 2 Claims exceed the total amount of the Fund less Tier 1 Claims, Incentive Awards to Named Plaintiffs (Section 8); Attorneys' Fees and Costs (Section 9); and Administrative Costs and Expenses (Section 17).  If Tier 2 Claims exceed the amount of the Fund less Tier 1 Claims, Incentive Awards to Named Plaintiffs (Section 8); Attorneys' Fees and Costs (Section 9); and Administrative Costs and Expenses (Section 17), the Settlement Administrator shall distribute the funds pro rata so that the remaining proceeds of the Fund are paid to all Class Members who submitted valid Tier 2 Claims.

**SECTION 7: TIMING OF PAYMENTS TO CLASS MEMBERS**

**A.**      No payments shall be made to any Settlement Class Member until after the Effective Date defined in Section 22 below.  Payments from the Fund shall be made after the Effective Date, no later than ten (10) days after all Claims have been received and approved for payment. The Settlement Administrator shall determine appropriate payment on a *pro rata* basis if the number of claims paid in full would exceed the amount available for payment of Tier 1 Claims or Tier 2Claims, respectively.

10

**B.**      Payments for Tier 2 Claims shall not be made until the Settlement Administrator and the Special Master have determined the appropriate amount to pay for each valid claim, so that a determination can be made as to whether any amounts will need to be adjusted pro rata. Payments to Settlement Class Members shall be paid by check from the Settlement accounts administered by the Settlement Administrator, and shall be sent by first-class mail. All checks (or cover letters transmitting them) issued to Settlement Class Members on Tier 2 Claims submitted pursuant to this Agreement shall state that they must be cashed within 120 days from the date issued. The Settlement Administrator will make its best efforts to contact any Settlement Class Member whose check has been returned as undeliverable, and will have the power to void, reissue and re-mail checks as appropriate. To the extent that any amount awarded and sent to a Settlement Class Member remains unclaimed at the conclusion of this period, the Settlement Administrator shall remit payment to the Court-approved *cy pres* recipient(s) discussed in Section 6, *supra*.

## SECTION 8: INCENTIVE AWARDS TO NAMED PLAINTIFFS

Subject to approval by the Court, Named Plaintiffs Amy Friedman and Judi Miller, who were subject to extensive discovery, including review of medical records and deposition shall receive Incentive Awards of $25,000 each for their substantial contribution in the prosecution of this Lawsuit for the benefit of the Class. Named Plaintiff Krystal Henry-McArthur shall receive an Incentive Award of $5,000 for her efforts in prosecuting the action for the benefit of the Class. And Named Plaintiff Lisa Rogers shall receive an Incentive Award of $2,500 for her efforts in prosecuting the Lawsuit on behalf of the Class. These payments are incentive payments intended to compensate the putative class representatives for bringing the Lawsuit, and in consideration of the time and effort they expended in prosecuting these class actions. The Parties agree that the Named Plaintiffs may submit claims as Settlement Class Members under the terms and provisions of this Settlement Agreement and the award of an incentive payment for service as a Named Plaintiff shall not in any way bar or limit their entitlement to seek recovery under this Settlement Agreement. Subject to Court approval, the Incentive Awards shall be paid within five (5) days of the Effective Date. Payments shall be made by the Settlement Administrator out

11

of the Fund, by check, payable to the Named Plaintiffs, and sent by first-class mail to Class Counsel, Varnell & Warwick, P.A.

## SECTION 9: ATTORNEY'S FEES AND COSTS

In light of the substantial work, considerable expenses expended, and risks associated with prosecuting this Lawsuit on behalf of the Class, Defendants agree not to oppose an application by Class Counsel for up to $6,500,000 to cover all costs and fees incurred in prosecuting this action on behalf of the Class.  This request equates to slightly less than 25% of the Fund. Subject to Court Approval, payment of the Court-awarded Attorney's Fees and Costs shall be paid within five (5) days of the Effective Date.  Payments shall be made out of the Fund, by check, payable to Varnell & Warwick, P.A. Trust Account, for distribution to all Class Counsel.  Defendants shall have no liability to any Class Counsel or other person claiming entitlement to any portion of the Court-awarded Fees and Costs, and Class Counsel shall defend and indemnify Defendants against any claims, demands, liens, actions or proceedings arising out of or relating to any dispute over the distribution of the Attorney's Fees and Costs.

## SECTION 10: PRELIMINARY APPROVAL ORDER

As set forth in Section 4.A above, on or before June 24, 2016, the Parties shall jointly move the Court for entry of an order (the "Preliminary Approval Order") not materially different from the Proposed Preliminary Approval Order submitted concurrently with the Parties' Joint Motion for Approval of Class Action Settlement.

## SECTION 11: NOTICE TO SETTLEMENT CLASS

With the motion for preliminary approval, counsel for the Parties shall jointly submit to the Court a proposed notice documents including: (1) a proposed email notice; (2) a proposed US mail notice; (3) a long-form notice to be used on the Settlement website; and (4) a draft publication notice, which shall be disseminated by a Court-approved Settlement Administrator who shall provide notice to the Settlement Class (the "Class Notice").  The Parties agree that the Notice Plan will include the following, subject to the approval of the Court:

   A.    **U.S. Mail and Electronic Mail Notice**

The Settlement Administrator shall provide notice by electronic mail to every Settlement Class Member for whom Defendants possess an email address.  If Defendants possess only a physical address for a Settlement Class Member, the Settlement

Administrator shall provide notice by First-Class United States mail, postage pre-paid. Each notice to be sent via U.S. Mail shall be run through the National Change of Address Database. The text of the Mailed and Electronic Mail Notice shall be agreed upon by the Parties and submitted to the Court for advance review and approval.  The U.S. Mail and Electronic Mail Notice program shall be completed within 60 days of the Court's entry of an order granting preliminary approval to the Settlement.

**B.      Settlement Website**

Within two (2) business days after the Court grants Preliminary Approval, the Settlement Administrator shall cause the Settlement Website (www.xxxx.com) to become accessible to Settlement Class Members. The Settlement Website shall include, at a minimum, the following documents: the operative complaint, the Settlement Agreement and all Exhibits, the Preliminary Approval Order, the Claim Form, the Long Form Notice, as well as a set of Frequently Asked Questions ("FAQ") and corresponding answers, which shall set forth key dates and information pertinent to the Lawsuit. The Settlement Website shall be maintained and updated until  30 days after the Effective Date, or 30 days after the conclusion of the Claims Period, whichever occurs later.

**C.      Publication Notice**

Notice will also be provided by advertisements in appropriate print and electronic media as agreed to by the Parties. The Publication Notice shall include reference to the URL for the Settlement Website, in accordance with the approved Notice Plan. The text of the Publication Notice shall be approved by the Parties and submitted to the Court for advance review and approval. Publication Notice shall be completed within 60 days of the Court's entry of an order granting preliminary approval to the Settlement.

**SECTION 12: OPT-OUT AND OBJECTION PROCEDURES**

**A.      Opt-Out Procedures**

Any potential member of the Settlement Class who wishes to be excluded from the Settlement may submit a written request to opt out of the Settlement Class. Any such request must be prepared in the manner directed in the Class Notice, must be postmarked no later than 105 days after the date the Court enters an order granting preliminary approval, and must be mailed to the Settlement Administrator at the address specified in

13

the Notice. Opt-out requests must be exercised individually by a potential Settlement Class Member, not as or on behalf of a group, class or subclass, and must be signed by the Class Member. The Settlement Administrator shall promptly log each opt-out request received and provide copies of the log and all opt-out requests to Class Counsel and Defendants within five (5) business days of receiving the opt-out request.

**B.      Effect of Not Opting Out**

This Settlement Agreement shall bind all putative Settlement Class Members who do not timely and properly opt-out of the Settlement Class, and all their claims shall be dismissed on the merits and with prejudice and released as provided for in this Settlement Agreement. The Named Plaintiffs shall not elect or seek to opt out from the Settlement Class and agree to refrain from disparaging the Settlement Agreement to Class Members or encourage Class Members to not submit a Claim Form or to submit an opt-out request to be excluded from the Settlement Agreement.

**C.      Objections**

Settlement Class Members who do not submit a timely opt-out request from the Settlement Class and who wish to object to the fairness, reasonableness, or adequacy of this Settlement Agreement, may do so if they comply with the procedures set forth in this Settlement Agreement.

1.      Required Content for Objections. In order to be effective, any objection must be in writing, and must contain the following information (the "Written Notice of Objection"): (1) a heading referring to the Lawsuit and identification of any litigation in which the Class Member is a named party; (2) a statement expressly indicating when the Class Member purchased WEN Hair Care Products, the outlet from which it was purchased, an accounting of any claimed damages (including any damages claimed for false or misleading advertising and/or from an adverse reaction to WEN Hair Care Products); (3) the court, case name and case number of any lawsuit in the last ten (10) years in which the Class Member has objected or served as a class representative; (4) whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel, and if through counsel, information identifying that counsel by name, address, bar

14

number, and telephone number; (5) a statement of the legal and factual bases for the objection; (6) a description of any and all evidence the objecting Settlement Class Members may offer at the Final Approval Hearing, including but not limited to the names and expected testimony of any witnesses, and copies of any exhibits; and (7) the signature of the Class Member.

2. <u>Objection by Settlement Class Members through Legal Counsel.</u> Settlement Class Members who are represented by counsel must file an appearance and the Written Notice of Objection with the Clerk of the Court for the United States District Court for the Central District of California within 105 days after the Court enters an order granting preliminary approval. These materials must also be served upon the Settlement Administrator by first class mail, postmarked no later than 105 days after the Court enters an order granting preliminary approval.

3. <u>Objection by Unrepresented Settlement Class Members.</u> Settlement Class Members who are not represented by counsel and wish to object shall serve their Written Notice of Objection upon the Settlement Administrator by first class mail, postmarked no later than 105 days after the Court enters an order granting preliminary approval. The Settlement Administrator shall promptly provide copies to the Court and to counsel for the Parties.

4. <u>Individual Objections Only.</u> The right to object to the proposed settlement must be exercised individually by a Settlement Class Member, or his or her attorney, and not as a member of a group, class or subclass. The objection must be signed by the Class Member and his or her counsel; an objection signed by counsel alone shall not be sufficient.

5. <u>Invalid Objections.</u> Failure to comply timely and fully with these objection procedures shall result in the invalidity and dismissal of any objection. Class Members who fail to file and serve timely written objections in accordance with this Settlement Agreement shall be deemed to have waived any objections, shall not be heard at the Final Approval Hearing, and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement. Defendants and

15

Class Counsel shall file any response to the objections with the Court no later than seven (7) days before the Final Approval Hearing.

**SECTION 13: SETTLEMENT ADMINISTRATION**

The Parties will select an experienced Settlement Administrator to perform the services described in this Settlement Agreement, subject to the approval of the Court. The Parties shall enter into an agreement with the Settlement Administrator regarding settlement administration. Among its other duties, the Settlement Administrator shall:

**A.      Attorney General Notice**

Mail notice of this Settlement Agreement to the state attorneys general and the United States Attorney General, in accordance with the Class Action Fairness Act, within ten days of the date on which this Settlement Agreement is filed with the Court;

**B.      Settlement Website**

Maintain the Settlement Website, which shall include copies of the operative complaint, the Settlement Agreement and all Exhibits, the Preliminary Approval Order, the Claim Form, the Long Form Notice, as well as a set of Frequently Asked Questions ("FAQ"), which set forth key dates and information pertinent to the Lawsuit. The Settlement Website shall include an email address through which Settlement Class Members may submit questions concerning the Settlement. The Settlement Administrator shall maintain the Settlement Website until 30 days after the Effective Date, or 30 days after the conclusion of the Claims Period, whichever occurs later;

**C.      Notice Dissemination**

Provide Notice in accordance with the Notice Plan submitted by the Parties and approved by the Court;

**D.      Informational Phone Line**

Maintain a toll-free VRU telephone system containing recorded answers to frequently asked questions, along with an option permitting callers to leave messages in a voicemail box and receive a return call from a live operator;

**E.      Class Member Communications**

Respond, as necessary, to inquiries from Settlement Class Members and potential Settlement Class Members;

**F.     Provision of Exclusion Requests**

Receive and provide to counsel for the Parties, within five (5) business days of receipt, copies of all requests for exclusion from the Settlement Class. In addition, the Settlement Administrator shall prepare and provide to the Court and counsel for the Parties a list of all persons who timely request exclusion from the Settlement Class and any necessary affidavit or declaration of the Settlement Administrator concerning such list;

**G.     Provision of Claim Forms**

At the request of counsel for the Parties, provide copies of Claim Forms and supporting materials submitted by Settlement Class Members;

**H.     Claim Review**

Evaluate, and determine the validity of, Tier 1 Claims, as well as analyzing Tier 2 Claims in order to assist the Special Master;

**I.     Notice Declaration**

On or before the deadline set for moving for final approval, the Settlement Administrator shall prepare a declaration concerning the notice program and attesting to the fact that the notice program satisfies due process requirements and is the best notice practicable pursuant to Fed. R. Civ. P. 23;

**J.     Responsibility for Fund**

The Settlement Administrator shall safely and securely maintain the settlement Fund in compliance with the terms of the Settlement Agreement;

**K.     Dissemination of Class Member Payments**

Make the payments to claimants as specified in this Settlement Agreement;

**L.     Claim Review and Auditing**

The Settlement Administrator shall be responsible to review and audit claims submitted, and any supporting factual material, and to obtain such additional information from the claimants as the Special Master may request.

**M.     Dispute Resolution**

The Claims Administrator and/or Special Master shall have broad powers to seek the input and advice of the parties regarding any issue that may arise and both shall have

17

the ability to contact counsel for all parties regarding any issue that may arise.  In the event that an issue involving the Settlement cannot be resolved by the parties with the assistance of the Claims Administrator and Special Master, any party has the right to seek a determination by the Court to resolve any conflicts that arise, if and when necessary.

## SECTION 14: SPECIAL MASTER

The Parties will select, subject to Court approval, a competent and experienced Special Master to evaluate and make a final determination of Tier 2 Claims. The Parties shall enter into an agreement with the Special Master to perform analysis and determine the amount of any claims for payment for Tier 2 claims.  The Special Master's fees will be capped at $250,000 and will be paid out of the Fund.   Any and all unused portion of the $250,000, shall be made available for payment of notice and costs of administration.

## SECTION 15: CLAIM PERIOD

Class Members shall have six (6) months from the completion of the Notice period to file postmarked claims. Claims submitted after this deadline will not be considered. Settlement Class Members may obtain the Claim Form online from the Settlement Website, by emailing or writing the Settlement Administrator, or by calling the toll free telephone number maintained by the Settlement Administrator. Claim Forms and supporting documentation may be submitted electronically or by regular mail.

## SECTION 16: RELEASE OF CLAIMS

For purposes of this Settlement Agreement, "Released Claims" means any and all claims arising out of or in any manner related to the subject matter of the Lawsuit, including, but not limited to, the sale, marketing, advertising, distribution, design, formulation, manufacture, purchase, or use of WEN Hair Care Products by any Settlement Class Member, regardless of whether any such claim is known or unknown, asserted or as yet unasserted.

It is the clear and unequivocal intention of the Parties, and each of them, that this Agreement shall be effective as a full and final accord and satisfaction, release, and discharge of each and every Released Claim specifically or generally referred to in this Agreement.  In furtherance of this intention, each party hereto acknowledges that it or she understands Section 1542 of the Civil Code of the State of California, which provides as follows:

**"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS**

18

**OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."**

Each party waives and relinquishes any and all rights and benefits which it or she has or may have under Section 1542 of the Civil Code of the State of California, and under any and all similar provisions contained in the law of any and all other jurisdictions, within and without the United States, to the full extent that it or she may lawfully so waive all such rights and benefits pertaining to the subject matter of the releases contained in this Agreement.

This Release of Claims shall not affect the ability of any governmental entity to conduct an investigation or assert a claim on its own behalf, but the Release of Claims shall continue to have preclusive effect as to any and all relief for or on behalf of any Settlement Class Member who has not opted-out of the Settlement.

**SECTION 17: ADMINISTRATIVE COSTS AND EXPENSES**

All reasonable costs associated with the implementation of the proposed Settlement, including (a) the reasonable fees and costs incurred by the Settlement Administrator, (b) the reasonable fees and costs incurred by the Special Master (up to $250,000), and (c) the reasonable cost of providing notice of the proposed Settlement to the members of the Settlement Class in accordance with the Notice Plan approved by the Court, shall be paid out of the Fund.

**SECTION 18: RESERVATION OF RIGHT TO VOID AGREEMENT**

The Parties reserve the right to void this Settlement Agreement, from inception, as if it had never been entered into, if:

A.      there are more than a specified number of opt-outs. Defendants and counsel for Plaintiffs have reached a confidential agreement on that number, and jointly shall ask leave of Court to submit that information to the Court under seal simultaneously with this Settlement Agreement, and to maintain that information under seal thereafter; or

B.      if the Court, or a reviewing court, fails to approve the fairness of this Settlement, or reverses or modifies it in any material respect.

**SECTION 19: FINAL JUDGMENT**

If none of the events described in Section 18 occur, and this Settlement Agreement (including any modification to this Settlement Agreement made with the written consent of all Parties) is approved by the Court following the Final Approval Hearing scheduled by the Court,

19

the Parties shall request that the Court enter an order granting final approval to this class action settlement.

## SECTION 20: EXECUTION OF DOCUMENTS AND BEST EFFORTS

The Parties to this Settlement Agreement shall execute all documents and perform all acts reasonably necessary and proper to effectuate its terms. The Parties agree to put forth their best efforts to obtain preliminary and final approval of the Settlement.

## SECTION 21: JURISDICTION

The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Settlement Agreement, and the Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement terms reflected in this Settlement Agreement.

## SECTION 22: EFFECTIVE DATE

The "Effective Date" of this Settlement Agreement shall be the first date when each and all of the following conditions have occurred: (a) This Settlement Agreement has been fully executed by the Parties and their counsel; (b) Orders have been entered by the Court granting preliminary approval of this Settlement Agreement and approving the Notice Plan, as provided above; (c) The Court has entered a Final Order and Judgment approving this Settlement Agreement, as provided above; and (d) The Final Order and Judgment is no longer subject to review by any court, and has not been reversed or modified in any material respect.

## SECTION 23: COMMUNICATIONS WITH THE SETTLEMENT CLASS

The Class Notice shall list the addresses, telephone numbers, e-mail addresses, websites, and other contact information of Class Counsel and the Settlement Administrator. Other than as provided in this Settlement Agreement, communications with Settlement Class Members relating to the Lawsuit or this Settlement, after preliminary certification of the class, shall be handled through Class Counsel and the Settlement Administrator.  Nothing in this Settlement Agreement shall be construed: (a) to prevent Defendants from communicating orally, electronically, or in writing with potential Settlement Class Members in the ordinary course of business on matters unrelated to the Lawsuit; or (b) to prevent Defendants from communicating with Settlement Class Members regarding WEN Hair Care Products in direct response to a consumer call, email or post (in which case Defendants will only provide hair treatment or care advice to a consumer

who used WEN Hair Care Products, or direct a Settlement Class Member to the Settlement Administrator or the Settlement Website). The Parties agree that, subject to the conditions set forth herein, they shall be permitted to respond to any and all media inquiries provided that said responses do not disparage Defendants, Defendants' counsel, WEN Haircare Products, Plaintiffs, Plaintiffs' counsel, the merits of Plaintiffs' claims, or the Settlement.  In addition, prior to making any responsive public statements to any media or press outlets, the Parties shall first obtain prior written approval from the other Parties of the statement to be made, or the talking points to be used; and, such approval shall not be unreasonably withheld. Plaintiffs' Counsel hereby expressly approve of Defendants' prior media statement regarding the tentative settlement of this litigation, along with the language contained within the May 5, 2016 Joint Status Report.  Further, nothing in this provision shall preclude or limit Defendants from engaging in any and all marketing, public relations, sales and other activities in their normal course of business, or from continuing to dispute the proposition that WEN Hair Care Products are unsafe or that they cause hair loss or hair breakage.

### SECTION 24: RESOLUTION OF OTHER ISSUES

In the event that there are any developments in the effectuation and administration of this Settlement Agreement that are not addressed by the terms of this Agreement, then such matters shall be addressed as agreed upon by counsel for the Parties, and, failing agreement, as shall be ordered by the Court.

### SECTION 25: ENTIRE AGREEMENT

This Settlement Agreement, together with the confidential agreement of the parties regarding the number of opt-outs that will trigger Defendants' reservation of the right not to be bound by this Settlement Agreement in accordance with Section 18 above, constitutes the entire agreement between and among the Parties with respect to Settlement of the Lawsuit. The Exhibits to this Settlement Agreement are an integral part of the Settlement and are hereby incorporated and made part of this Settlement Agreement. This Settlement Agreement supersedes all prior negotiations and agreements and may not be modified or amended except by a writing signed by Counsel for Defendants and by Class Counsel.

**SECTION 26: CHOICE OF LAW**

This Settlement Agreement shall be governed by the internal laws of the State of California; provided, however, that the terms of the Settlement Agreement shall not be construed more strictly against one Party than another merely because of the fact that it may have been prepared by counsel for one of the Parties, it being recognized that, because of the arms-length negotiations resulting in the Settlement Agreement, both Parties have contributed substantially and materially to the preparation of the Settlement Agreement.

**SECTION 27: DISPUTE RESOLUTION**

Any dispute arising from or related in any way to this Settlement Agreement shall be resolved solely and exclusively before the United States District Court for the Central District of California.

**SECTION 28: HEADINGS AND GRAMMAR**

The various headings used in this Agreement are solely for the Parties' convenience and may not be used to interpret this Agreement.  The headings do not define, limit, extend or describe the Parties' intent or the scope of this Agreement.  The neuter form of a pronoun shall be considered to include within its meaning the masculine and feminine forms of the pronoun, and vice versa.

**SECTION 29: EXECUTION IN COUNTERPARTS**

This Settlement Agreement may be executed in counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument.

**SECTION 30: NOTICES AND DATES**

With respect to dates, the Parties agree that if the last day of any period mentioned in this Settlement Agreement falls on a weekend or court holiday, that period shall include the next business day.

DATED:     September 13, 2016

**JOHNSON & JOHNSON**

**By:**    <u>s/ Jordanna G. Thigpen</u>
Neville L. Johnson (SBN 66329)
njohnson@jjllplaw.com
Douglas L. Johnson (SBN 209216)
djohnson@jjllplaw.com
Jordanna G. Thigpen (SBN 232642)
jthigpen@jjllplaw.com
JOHNSON & JOHNSON, LLP
439 North Canon Drive, Suite 200
Beverly Hills, California 90210
Telephone:  (310) 975-1080
Facsimile:  (310) 975-1095

**By:**    <u>s/ William Anderson</u>
William Anderson
(*Pro Hac Vice*)
<u>wanderson@cuneolaw.com</u>
Charles J. LaDuca
(*Pro Hac Vice*)
charlesl@cuneolaw.com
Michael Flannery (SBN 196266)
mflannery@cuneolaw.com
CUNEO GILBERT & LADUCA, LLP
507 C Street, NE
Washington, DC 20002
Telephone:  (202) 789-3960
Fax:  (202) 789-1813

**By:**    <u>s/ Brian W. Warwick</u>
Brian W. Warwick
(*Pro Hac Vice*)
<u>bwarwick@varnellandwarwick.com</u>
Janet R. Varnell
(*Pro Hac Vice*)
<u>jvarnell@varnellandwarwick.com</u>

23

jvarnell@varnellandwarwick.com
Steven T. Simmons
(*Pro Hac Vice*)
ssimmons@varnellandwarwick.com
P.O. Box 1870
Lady Lake, FL  32158
Telephone:  (352) 753-8600
Facsimile:  (352) 753-8606

*Counsel for Named Plaintiffs and the Proposed Class*


**Guthy-Renker, LLC**

**By:** _____

**Title:** _____




**WEN by Chaz Dean, Inc.**

**By:** _____

**Title:** _____ President/CEO


24

jvarnell@varnellandwarwick.com
Steven T. Simmons
(*Pro Hac Vice*)
ssimmons@varnellandwarwick.com
P.O. Box 1870
Lady Lake, FL  32158
Telephone:  (352) 753-8600
Facsimile:  (352) 753-8606

*Counsel for Named Plaintiffs and the Proposed Class*

**Guthy-Renker, LLC**

By: _____

D. W. van de Bunt
EVP & Chief Administrative Officer

Title: _____


**WEN by Chaz Dean, Inc.**

By: _____

Title: _____

25

**Approved as to Form:**

**LEWIS WAGNER, LLP**

**By:**    s/ Dina M. Cox
Dina M. Cox
 (Admitted *Pro Hac Vice*)
dcox@lewiswagner.com
Janelle P. Kilies
(Admitted *Pro Hac Vice*)
jkilies@lewiswagner.com
501 Indiana Avenue, Suite 200
Indianapolis, IN 46202
Tel:   (317) 237-0500
Fax:   (317) 630-2790

*Counsel for Defendant Guthy-Renker, LLC*

**HAWKINS PARNELL THACKSTON & YOUNG LLP**

**By:**    s/ Barry R. Schirm
Barry R. Schirm (SBN 94533)
bschirm@hptylaw.com
Michael B. Giaquinto (SBN 276229)
mgiaquinto@hptylaw.com
445 S. Figueroa, Suite 3200
Los Angeles, CA  90071-1651
Telephone:  (213)486-8000
Fax: (213)486-8080

*Counsel for Defendant Wen by Chaz Dean, Inc.*

25