LEWIS WAGNER, LLP
Dina M. Cox (Admitted *pro hac vice*)
dcox@lewiswagner.com
Janelle P. Kilies (Admitted *pro hac vice*)
jkilies@lewiswagner.com
501 Indiana Avenue, Suite 200
Indianapolis, IN 46202
Telephone:   317-237-0500
Fax:            317-630-2799

LATHAM & WATKINS LLP
Jonathan M. Jackson, Bar # 257554
jonathan.jackson@lw.com
355 South Grand Avenue
Los Angeles, CA 90071
Telephone:    213-891-1234
Fax:            213-891-8763

*Attorneys for Defendant*
*Guthy-Renker, LLC*

## UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMY FRIEDMAN and JUDI MILLER, on behalf of themselves and all others similarly situated, Plaintiffs, v. GUTHY-RENKER, LLC and WEN BY CHAZ DEAN, INC., Defendants. | Case No. 2:14-cv-06009-ODW-AGR<br><br>Hon. Otis D. Wright II<br><br>**UNOPPOSED APPLICATION FOR LEAVE TO FILE UNDER SEAL** |

Pursuant to this Court's September 14, 2016 Minute Order (Doc. 171), the Parties hereby submit this Unopposed Application for Leave to File Under Seal and jointly move this Court, under Civil Local Rule 79-5, to file a document under seal. Specifically, the Parties seek to file the confidential opt-out threshold referenced in Section 18(A) of the Parties' Settlement Agreement (Doc. 153-3) under seal. *See* Exhibit A (Redacted Version of Document Proposed To Be Filed Under Seal). In support of this Application, the Parties state as follows:

1.    Following extensive arms-length settlement negotiations, including four sessions of mediation before the Hon. Peter D. Lichtman (Ret.), the Parties entered into a class-wide settlement of this matter (the "Settlement Agreement"). *See* Doc. 153, Notice of Unopposed Motion and Unopposed Motion for Preliminary Approval of Class Action Settlement.

2.    As part of the Settlement Agreement, the Parties reserve the right to void the Settlement Agreement, from inception, if there are more than a specified number of opt-outs.  (Doc. 153-3, p. 20).  The Parties reached a confidential agreement on the specified number of opt-outs, and now jointly request this Court for leave of Court to submit this information under seal.

3.    A party seeking to seal a document filed with the court must (1) comply with Civil Local Rule 79–5; and, (2) rebut "a strong presumption in favor of access" that applies to all documents other than grand jury transcripts or pre-indictment warrant materials. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Parties seeking to seal court documents must establish "compelling reasons" for doing so. *Id.*

4.    With respect to the first prong, Local Rule 79–5 requires, as a threshold, a request that establishes good cause or demonstrates compelling reasons why the strong preseumption of public access in civil cases should be overcome. Civil L.R. 79–5. *Thomas v. Magnachip Semiconductor Corp.*, No. 14-CV-01160-JST, 2016 WL 3879193, at *6 (N.D. Cal. July 18, 2016) (citing Civil L.R. 79–

5(d)(1)(A).   A application to file documents under seal must also fulfill the requirements of Civil Local Rule 79–5.2.2. "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." *Thomas*, 2016 WL 3879193, at \*6.

5.     Preliminary approval of a settlement is an issue more than tangentially related to the merits of the case, and therefore the "compelling reasons" standard applies. *Kiersey v. eBay, Inc.*, No. 12-CV-01200-JST, 2013 WL 5609318, at \*2 (N.D. Cal. Oct. 11, 2013). In *Thomas*, the parties Motion to File Under Seal contended that the conditions under which Magnachip may terminate the settlement, in particular the threshold number of opt-out exclusions by class members, must remain confidential in order "to avoid enabling one or more stockholders to use this knowledge to insist on a higher payout for themselves on threat of breaking up the Settlement." *Id.* at \*7. The court held that sealing the opt-out threshold information as confidential to prevent third parties from utilizing it for the improper purpose of obstructing the settlement and obtaining higher payouts was a "compelling reason". *Thomas v. Magnachip Semiconductor Corp.*, No. 14-CV-01160-JST, 2016 WL 3879193, at \*7 (N.D. Cal. July 18, 2016) (granting the parties Motion to File Under Seal).

6.     In the present action, keeping the confidential opt-out threshold under seal is necessary to avoid other attorneys from acting in collusion to destroy the Settlement.  Keeping the opt-out threshold confidential is permissible because this information is not relevant to any putative Settlement Class Member's decision as to whether the Settlement is fair, reasonable or adequate.   Many courts – both within and outside the Ninth Circuit – which have specifically considered this issue, have concluded that it is appropriate to maintain similar agreements as confidential. For example, courts have concluded that the conditioner under which a settlement can be terminated need not be disclosed because they have "no legitimate bearing

1    on a class member's decision to opt-out of [a] settlement, object, or file a claims

2    form." *In re Remeron End-Payor Antitrust Litig.*, No. Civ. 02-2007 FSH, 2005 WL

3    2230314, at *18 (D.N.J. Sept. 13, 2005) (permitting the supplemental agreement to

4    be submitted under seal "in the interested of consummating the settlement"); *see*

5    *also In re Warfarin Sodium Antitrust Litig.*, 212 F.R.D. 231, 253 (D. Del 2002)

6    ("The notice did not need to include details such as . . . the confidential 'opt-out'

7    threshold beyond which defendant reserved the right to withdraw from the

8    settlement" because it was "irrelevant to members' opt-out decision.").

9           7.    Here, the Settlement Agreement, along with the various Notice

10   documents, contain all of the information that is pertinent to Settlement Class

11   Members' decision to participate in, opt-out of, or object to the proposed

12   Settlement.  The opt-out threshold has no impact whatsoever on these substantive

13   terms of the proposed Settlement, and the Settlement Class Member's knowledge of

14   the requisite threshold will not further inform their decision with regard to

15   participating in the Settlement.  Rather, disclosure of the opt-out threshold would

16   run the risk of allowing manipulation and solicitation of opt-outs by third parties

17   seeking leverage to negotiate special treatment, an outcome that is undesirable to all

18   Parties in this action.  *In re HealthSouth Corp. Sec. Litig.*, 334 Fed. App'x 248

19   (11th Cir. 2009) ("The threshold number of opt outs required to trigger the blow

20   provision is typically not disclosed and is kept confidential to encourage settlement

21   and discourage third parties from soliciting class members to opt out.").

22          8.    The Parties submit that there are sound reasons for maintaining the

23   confidentiality of the opt-out threshold, and no benefit to the Settlement Class

24   Members support the disclosure.  Therefore, the Parties request the confidential opt-

25   out threshold (Exhibit A) be permitted to remain confidential and field under seal in

26   its entirety.

27

28

1

2     DATED:  September 19, 2016

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted:

By: s/ Dina M. Cox
LEWIS WAGNER, LLP
Dina M. Cox (Admitted *Pro Hac Vice*)
dcox@lewiswagner.com
Janelle P. Kilies (Admitted *Pro Hac Vice*)
Jkilies@lewiswagner.com
501 Indiana Avenue, Suite 200
Indianapolis, Indiana 46202
Telephone:  (317) 237-0500
Facsimile:  (317) 630-2790

LATHAM & WATKINS LLP
Jonathan M. Jackson
jonathan.jackson@lw.com
355 South Grand Avenue
Los Angeles, California 90071-1560
Telephone:  (213) 485-1234
Facsimile:  (213) 891-8763

Attorneys for Defendant Guthy-Renker, LLC

1

## **PROOF OF SERVICE**

2

3

I certify that this document is being filed through the Court's ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on September 19, 2016.

4

5

6

*s/ Dina M. Cox*
Dina M. Cox

7

LEWIS WAGNER, LLP
501 Indiana Avenue, Suite 200
Indianapolis, IN 46202
Office (317)237-0500
Fax (317)630-2790

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28