


1  Neville L. Johnson (SBN 66329)
   njohnson@jjllplaw.com
2  Douglas L. Johnson (SBN 209216)
   djohnson@jjllplaw.com
3  Jordanna G. Thigpen (SBN 232642)
   jthigpen@jjllplaw.com
4  **JOHNSON & JOHNSON, LLP**
   439 North Canon Drive, Suite 200
5  Beverly Hills, California 90210
   Telephone: (310) 975-1080
6
7  William H. Anderson, (*Pro Hac Vice*)
   wanderson@cuneolaw.com
   Charles J. LaDuca, (*Pro Hac Vice*)
8  charles@cuneolaw.com
   Michael J. Flannery (SBN 196266)
9  mflannery@cuneolaw.com
   **CUNEO GILBERT & LADUCA, LLP**
10 507 C Street, NE
   Washington, DC 20002
11 Telephone: (202) 789-3960

12 Brian W. Warwick, (*Pro Hac Vice*)
   bwarwick@varnellandwarwick.com
13 Janet R. Varnell, (*Pro Hac Vice*)
   jvarnell@varnellandwarwick.com
14 **VARNELL & WARWICK, P.A.**
   P.O. Box 1870
15 Lady Lake, FL 32158
   Telephone: (352) 753-8600
16
17 *Attorneys for Plaintiffs and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| **AMY FRIEDMAN, JUDI MILLER, KRYSTAL HENRY-MCARTHUR, and LISA ROGERS on behalf of themselves and all others similarly situated,**<br><br>Plaintiffs,<br><br>v.<br><br>**GUTHY-RENKER LLC and WEN BY CHAZ DEAN, INC.,**<br><br>Defendants. | Case No. 2:14-cv-06009-ODW-AGR<br><br>**DECLARATION OF JEFFREY D. DAHL IN SUPPORT OF UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Judge: Hon. Otis D. Wright II<br>Motion Date: June 5, 2017<br>Time: 1:30 PM<br>Location: Courtroom 11 |

# DECLARATION OF JEFFREY D. DAHL

I, JEFFREY D. DAHL, declare as follows:

1. I am over the age of 18 and not a party to this action. I make this declaration in support of Class Counsel's Motion for Final Approval of this Class Action Settlement. I have personal knowledge of the facts set forth below and, if called as a witness, I could and would competently testify thereto.

2. I am Founder of Dahl Administration, LLC ("Dahl"). Dahl has been selected by the Parties in their Settlement Agreement and appointed by the Court as Settlement Administrator for the above-titled action pursuant to the Court's *Order Granting Stipulation To File A Third Amended Complaint [152] And Granting Motion For Class Certification And Preliminary Approval Of Class Settlement* [153] entered by the Court on October 28, 2017 ("Preliminary Approval Order"). I am a nationally recognized expert with over 24 years of experience in class action notice and settlement administration. I have provided settlement administration services for more than 500 class actions involving securities, product liability, fraud, property, employment and discrimination. I have experience in all areas of settlement administration including, but not limited to, notification, claims processing and distribution. I have served as a Distribution Fund Administrator for the U.S. Securities and Exchange Commission. Background information on Dahl is attached as **Exhibit 1** hereto.

3. This Declaration describes: (a) the distribution of a supplemental notice of the Settlement Agreement to the state attorneys general and the United States Attorney General in accordance with the notice provisions of the Class Action Fairness Act;  (b) the sending of U.S. Mail Notice and Electronic Mail Notice to Settlement Class Members; (c) implementation of Web-based publication notice; (d) creation of an informational settlement website through which potential Settlement Class Members can obtain detailed information about the Settlement,

access case documents, and download and file Claim Forms and supporting documentation; (e) implementation of a toll-free telephone helpline; (f) other communications with potential Settlement Class Members related to the settlement; (g) a reporting of exclusion requests related to the settlement; (h) a reporting of objections received by the Settlement Administrator; and (i) an accounting of additional Settlement costs related to extensions of the Settlement related to a delay in final Settlement approval.

**DISTRIBUTION OF SUPPLEMENTAL CAFA NOTICE**

4. Counsel for Guthy-Renker mailed a CAFA notice on July 15, 2016. On September 23, 2016, as required by 28 U.S.C. §§ 1715(a) and (b), Dahl mailed a supplemental notice of the proposed settlement of this action via Certified Mail to the Attorneys General in all fifty states, the District of Columbia, the U.S. territories, and the U.S. Attorney General (the "Supplemental CAFA Notices"). The mailings included the items set forth in the Supplemental CAFA Notices. As an example, a copy of the Supplemental CAFA Notice (without the court filings that were included with the mailing on CD-ROM) that was mailed to the U.S. Attorney General is attached hereto as **Exhibit 2**.

5. Copies of the United States Postal Service ("USPS") Certified Mail Receipts for the CAFA Notices are attached hereto as **Exhibit 3**.

**NOTICE TO SETTLEMENT CLASS**

6. Beginning on October 26, 2016, Dahl received potential Class Member data for identified WEN purchasers from the Defendants (Guthy-Renker and WEN by Chaz Dean), QVC, Sephora, Amazon.com, Overstock.com, and Class Counsel (Warwick). The final data file was received from Amazon.com on December 30, 2016.

7. The data fields provided varied by entity, but generally included customer name, email address, and mailing address. Actual fields provided by

entity were dependent on the individual entity's business practices for capturing customer data. For example, 200,000 records in the Sephora database contained email address information but no mailing address information, since Sephora does not capture mailing address information for most in-store purchases. Dahl reviewed the data for missing or incomplete information and did not load records that did not contain at least a customer name. Duplicate records were identified and removed when possible. The final potential Class Member records loaded by entity were:

| Entity | Final Records Loaded |
|---|---|
| Guthy-Renker | 5,036,956 |
| WEN by Chaz Dean | 218,649 |
| QVC | 2,218,769 |
| Sephora | 467,355 |
| Amazon | 160,484 |
| Overstock | 9,475 |
| Warwick | 1 |
|  | 8,111,689 |

8. Dahl marked records as eligible to receive either a mailed Notice or an e-mailed Notice. Dahl marked records to receive a mailed Notice if there was no e-mail address present or if the customer had 'opted out' of receiving e-mail communications in accordance with the data provider's e-mail policies. The final list of Class Members to be sent a mailed Notice contained 1,814,750 records ("Mailed Notice List") and the final list of Class Members to be sent an email Notice contained 6,233,241 records ("Email Notice List"); the total of these two lists is 8,047,991. There were 63,698 records that were not in either list because the records did not contain either a mailing address or an email address.

9. In order to obtain the most current mailing address for potential Class Members, Dahl processed the Mailed Notice List through the United States Postal

Service's National Change of Address ("NCOA") database. This process updates addresses for individuals who have moved within the last four years and who filed a change of address card with the USPS.

| Source Format | Initial Email Notice (78.22% Delivered) | Initial Mailed Notice | Notice Not Sent | Total |
|---|---|---|---|---|
| Guthy-Renker | 4,097,531 | 911,401 | 28,024 | 5,036,956 |
| Wen by Chaz Dean | 93,293 | 125,243 | 113 | 218,649 |
| QVC | 1,407,743 | 775,553 | 35,473 | 2,218,769 |
| Sephora | 464,876 | 2,460 | 19 | 467,355 |
| Amazon | 160,389 | 92 | 3 | 160,484 |
| Overstock | 9,408 | 1 | 66 | 9,475 |
| Warwick | 1 | 0 | 0 | 1 |
| | **6,233,241** | **1,814,750** | **63,698** | **8,111,689** |

10. Of the initial Notices sent by email, 78.22% were delivered. Dahl mailed Postcard Notices to potential Class Members whose email Notices went undelivered, when a mailing address was present. Dahl mailed Postcard Notices to 1,317,246 records with failed email Notices. A copy of the Email Notice is attached as **Exhibit 4** hereto. A copy of the Postcard Notice is attached as **Exhibit 5**.

11. Dahl was responsible for receiving and re-mailing, when possible, any Postcard Notice returned as undeliverable by the USPS. As of May 1, 2017, Dahl has received 195,183 undeliverable Postcard Notices. Of these, 3,137 Postcard Notices were returned by the USPS with a forwarding address and were been re-mailed to the new address provided; 192,046 Postcard Notices have been returned by the USPS without a forwarding address and the undeliverable address information was sent to an address search firm for tracing. New addresses were located for 126,475 records and Postcard Notices were re-mailed to the new addresses.

12. Potential Settlement Class Members were able to request that a Long Form Notice and Claim Forms be mailed to the Class Member's mailing address. Long Form Notice and Claim Form packets could be requested by email, mail or phone. As of May 1, 2017, Dahl mailed a total of 16,499 Long Form Notice and Claim Forms to Potential Settlement Class Members.  A copy of the Long Form Notice and Claim Form packet is attached as **Exhibit 6** hereto.

13. As of May 1, 2017, at least 97.12% of the Settlement Class Members identified through records from Guthy-Renker, WEN by Chaz Dean, QVC, Sephora, Amazon.com, Overstock.com, and Class Counsel (Warwick) received either the Email Notice or the Postcard Notice.

## PUBLICATION NOTICE

14. Dahl's media partner FRWD implemented a web-based publication notice campaign between December 23, 2016 and December 26, 2016 using banner-style notice, mobile display ads and social media ads.  The web-based publication notices contained a link to the Settlement website at www.WenClassSettlement.com.  Copies of the publication notices are attached as **Exhibit 7**.

15. The banner-style notices were caused to appear in prominent positions on a subset of the most visited websites on the Internet, as measured by the comScore 2000 and on social media. The publication notices ran on websites when the site's demographics match the target audience.  The web-based publication notice generated 12,726,672 banner ad impressions and 2,043,467 social media impressions. In total, the web-based publication notices were placed on selected websites 14.7 million times.

## SETTLEMENT WEBSITE

16. Dahl established a settlement website at www.WenClassSettlement.com.  The settlement website was activated on

November 1, 2016, and it is still operating. Dahl worked with counsel for both Parties to develop the content for the settlement website based upon the Court-approved Long Form Notice. Counsel reviewed and approved the content prior to implementation of the website. A screen capture of the settlement website homepage is attached as **Exhibit 8**.

17. The settlement website provides settlement Class Members with general settlement information; news about the settlement; a list of important dates and deadlines; a list of frequently asked questions and responses; a link to file online claim; downloadable versions of settlement documents, including the Long Form Notice, Claim Forms, Settlement Agreement, and the Order Granting Stipulation to File a Third Amended Complaint and Granting Motion for Class Certification and Preliminary Approval of Class Settlement; and information on how to contact the Settlement Administrator via email, U.S. Mail, or phone.

## SETTLEMENT INFORMATION LINE

18. On November 1, 2016, Dahl established a toll-free settlement information line (1-888-247-5266) to assist Settlement Class Members and any other persons seeking information about the settlement. The helpline is fully automated and operates 24 hours per day, seven days per week. The helpline is still operating.

19. The toll-free telephone system includes a voice response system that allows callers to listen to general information about the settlement and listen to responses to frequently asked questions (FAQ's), including directions on how to obtain a Long Form Notice and Claim Forms. Dahl worked with counsel for the Parties to prepare responses to the FAQ's to provide accurate answers to anticipated questions about the settlement, and Counsel approved the full helpline script prior to implementation. Callers also had the option to leave a voicemail for a callback from Dahl staff.

20.     As of May 1, 2017, the settlement information line has received 121,120 telephone calls.

## OTHER COMMUNICATIONS

21.     As of May 1, 2017, Dahl has received, and responded to when appropriate, 15,294 emails related to this settlement and 2,076 pieces of written correspondence.

## REQUESTS FOR EXCLUSION

22.     The postmark deadline for potential class members to request to be excluded from this settlement was February 10, 2017.  As of May 1, 2017, Dahl has received 3,773 timely exclusion requests and 41 late exclusion requests.  A list of Settlement Class Members requesting exclusion from the settlement is attached as **Exhibit 9**.

## OBJECTIONS

23.     The postmark deadline for potential class members to object to the settlement was February 10, 2017.  As of May 1, 2017, Dahl has received 10 timely objections and two late objections. The Paciorkowski objection was postmarked on February 21, 2017.  The Ferguson objection was postmarked March 3, 2017.  Copies of the objections received by Dahl are attached as **Exhibit 10**.

## ADDITIONAL SETTLEMENT COSTS

24.     There are some additional estimated settlement administration costs associated with 12-month, 18-month, or 24-month extensions in the settlement administration timeline for the above-captioned matter.

25.     To calculate the estimated additional costs, I took into consideration Dahl's historical experience with other class actions including another similar hair loss class action that was appealed.  I also considered the historical calls and emails we have received from class members in this matter and extrapolated them out over the 12-month, 18-month and 24-month periods.

DECLARATION OF JEFFREY D. DAHL IN SUPPORT OF FINAL APPROVAL

26. I included the following categories of additional expenses: (a) additional project management and project coordination work to be performed by Dahl staff; (b) the creation and posting of updates to the website and updates to recorded and live telephone scripts; (c) maintenance of the settlement website and updating the telephone Frequently Asked Questions and Answers on the telephone support helpline; and (d) receiving and responding to mail, email and calls from claimants.

27. The detailed fee estimate for the additional costs is attached as **Exhibit 11**. The largest component of the additional fees, due to delay of final settlement approval, would be the costs to respond to ongoing inquiries from the over 400,000 class members who filed claims. Estimated additional total costs and additional average monthly costs for 12-month, 18-month, and 24-month extensions of the settlement administration timeline are as follows:

|  | Number of Additional Months | | |
|---|---|---|---|
|  | 12 Months | 18 Months | 24 Months |
| Total Additional Costs | $87,550 | $131,200 | $174,850 |
| Average Additional Monthly Costs | $7,296 | $7,289 | $7,285 |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed in Minneapolis, Minnesota

**Dated:** May 1, 2017　　　**By:** _____
　　　　　　　　　　　　　　　　　Jeffrey D. Dahl

8

DECLARATION OF JEFFREY D. DAHL IN SUPPORT OF FINAL APPROVAL