**Exhibit 10**

WEN-OBJ 1

WEN Settlement Administrator
c/o Dahl Administration
P.O. Box 3614
Minneapolis, MN 55403-0614

RECEIVED DEC 0 9 2016

Lindsey Buss
4097 Tamarack Bay Rd
Loon Lake, WA 99148

November 30, 2016

RE: WEN® Hair Care Class Action  / Case No. 2:14-cv-06009-ODW

I'm writing to object to the settlement.  Although I didn't use WEN long term, I believe it to be a safe and wonderful alternative to traditional shampoos. My aunt avoids almost all chemicals and sticks to healthy alternatives for everything in her life. She has used WEN for years and is very satisfied.

Thank you,

Lindsey Buss

WEN-OBJ 2

November 28, 2016

# Written Notice of Objection

RECEIVED DEC 0 1 2016

FRIEDMAN v GUTHY-RENKER, LLC, et al.
Case No 2:14-CV-06009-ODW

I DO NOT INTEND TO APPEAR AT THE Final Approval Hearing

STATEMENT:

I find no fault with WEN Products and feel this class action suit is a waste of the Courts' time. I have used Wen Products for years and find them an exceptional healthy solution for my long, thick, shiny, healthy hair. This settlement against WEN should not be approved.

Christina Brown

1002 Emerald Bay
Laguna Beach, Ca 92651
949) 497-7085

WRITTEN NOTICE of Objection

Rosemary Renz
17133 Knobley Rd.
Burlington, WV.
                26710
PH# 304-289-5173
January 23Rd 2017

Wen class settlement objective
c/o Dahl administration
P.O. Box 3614
Minneapolis, MN.
                55403-0614
**RECEIVED JAN 3 0 2017**

Friedman V. Guthy-Renker, LLC, eTaL.,
law suit
Claimant I.D. 50973727
    "       "     31186211
    "       "     04451471

To whom it may concern

   I do not plan on Attending or counsel attending.
My Reason for objecting is as follow:
I started the use of Wen in Aug. 2015 to Aug 2016 between that
time I notice some unusual breakage of my hair. In Sept. 2016
I stopped useage of all their products. I have 7 unused
Wen products which I am very skeptical of using since
Knowledge of class action suit by mail in Dec, which
Verified to me there is something wrong with their Products,

   I can can Regain my hair, (I hope). I would Like to
Regain all my money and Return unused products
at their expense

   Enclosed copies of canceled checks Also attatched.
                    1914 - 29.95
                    1938 - 86.82
                    1962 - 45.85
                    2050 - 53.90
                    2059 - 16.10
                    $262.62

   For your Time and consideration I thank you.

                    Rosemary J.W. Renz
                    Rosemary Renz

*Date: December 5, 2016*          *Branch Banking and Trust*          *Page 1 of 1*

*Reference: 20000018648647:20000018648647:20000014857648*

**ROSEMARY J WILSON RENZ** 1YR+
PH. 304-289-5173
RR 1 BOX 212A
BURLINGTON, WV 26710-9526

17133 Knobley Rd.

14589407

1914
69-339/515

Aug, 18th 2015

PAY
to the order of    When Hair Care    $ 29.95

Twenty Nine    .95/100    Dollars

**BB&T**   BRANCH BANKING AND TRUST COMPANY
1-800-BANK BBT   BBT.com

*Elite* GOLD

For    Hair care    Signature    Rosemary J W Renz

4482308396

4125510230

| Date | 20150924 | Account Number | - - - - - - - - - |
|---|---|---|---|
| Amount | 2995 | CR-DR | D |
| Serial Number | 0000001914 | Transaction Link | |

Date: December 5, 2016          *Branch Banking and Trust*                    *Page 1 of 1*

Reference: 20000018648902:20000018648902:20000014857903

**ROSEMARY J WILSON RENZ** 1YR+
PH. 304-289-5173
17133 KNOBLEY RD
BURLINGTON, WV 26710

**1938**
69-339/515

*Oct. 16th 2015*
Date

PAY to the order of *Wen Hair Care*            $ *86.82*

*Eighty Six* _____ .82/100 Dollars

**BB&T** BRANCH BANKING AND TRUST COMPANY
1-800-BANK BBT  BBT.com

For *Order - 7275010 Cust #*          Signature *Rosemary Renz*

| | |
|---|---|
| **Date** | 20151020 |
| **Amount** | 8682 |
| **Serial Number** | 0000001938 |

**Account Number**
**CR-DR**                        D
**Transaction Link**

Date: December 5, 2016        *Branch Banking and Trust*        *Page 1 of 1*

Reference: 20000018648683:20000018648683:20000014857684





| | | |
|---|---|---|
| **Date** | 20151214 | |
| **Amount** | 7585 | **Account Number** |
| **Serial Number** | 0000001962 | **CR-DR** D |
| | | **Transaction Link** |

Date: December 5, 2016          *Branch Banking and Trust*          *Page 1 of 1*

*Reference: 20000018648733:20000018648733:20000014857733*

**ROSEMARY J WILSON RENZ** 1YR+
17133 KNOBLEY RD
BURLINGTON, WV 26710-7479

# 16118677

2050

69-339/515

July 6th 2016

PAY to the order of   West hair care   $ 53.90

Fifty three ———————— 90/100 Dollars

BB&T  BRANCH BANKING AND TRUST COMPANY
1-800-BANK BBT  BBT.com

*Private Vantage*

For  Order

Signature  Rosemary J W Renz

001   70480689631   001   TC :1

| Date | 20160726 | Account Number | |
| --- | --- | --- | --- |
| Amount | 5390 | CR-DR | D |
| Serial Number | 0000002050 | Transaction Link | |

Date: December 5, 2016          Branch Banking and Trust          Page 1 of 1

Reference: 20000018648871:20000018648871:20000014857871



**ROSEMARY J WILSON RENZ** 1YR+
17133 KNOBLEY RD
BURLINGTON, WV 26710-7479

2059
69-339/515

Order #
16118617                    Amount owed,

Aug. 1st 2016

PAY to the order of    West Hair Care                    $  16.10

Sixteen                                        10/00   Dollars

BRANCH BANKING AND TRUST COMPANY
1-800-BANK BBT  BBT.com
BB&T

Private Vantage

For Cust # 7295010          Signature  Rosemary Renz

| | |
|---|---|
| **Date** | 20160805 |
| **Amount** | 1610 |
| **Serial Number** | 0000002059 |

| | |
|---|---|
| **Account Number** | |
| **CR-DR** | D |
| **Transaction Link** | |

WEN-OBJ 4

Written Notice of Objection - Friedman v. Guthy-Renker, L.L.C.

RECEIVED FEB 1 0 2017

To Whom It May Concern:

My name is Melissa Randolph and I object to the Wen Hair Care Class Action Settlement -
Friedman, et al. v. Guthy-Renker et al. in the United States District Court for the Central District of
California; Case No. 2:14-cv-06009-ODW.  I feel the relief and notice is inadequate and the
compensation is excessive.  My attorney may appear at the settlement hearing.

*Mel Randolph*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

RECEIVED FEB 1 0 2017

CASE NO.: CV 14-06009-ODW-AGR

| | |
|---|---|
| AMY FRIEDMAN, ET AL.            )  | |
| )  | |
| Plaintiff,                     )  | |
| )  | |
| vs.                            )  | |
| )  | **NOTICE OF APPEARANCE AND** |
| GUTHY-RENKER LLC, ET AL.       )  | **OBJECTION TO SETTLEMENT** |
| )  | |
| Defendant.                     )  | |
| )  | |
| )  | |
| )  | |
| )  | |

TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Attorney William Wright of the law firm THE WRIGHT LAW OFFICE, PA, hereby enters his appearance as counsel for Objector Melissa Randolph.

DATED:  February 7, 2017

_s/William C. Wright_
William C. Wright
Florida Bar No. 038816
THE WRIGHT LAW OFFICE, P.A.
301 Clematis Street, Suite 3000
West Palm Beach, FL  33401
Telephone: 561-514-0904
Facsimile:  561-514-0905
willwright@willwrightlawoffice.com

Attorney for Melissa Randolph

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 7, 2017, the foregoing documents were sent via U.S.

Mail in accordance with the settlement requirements.


<u>s/William C. Wright</u>

WEN-OBJ 5

— Notice of Objection —
to the Friedman v. Guthy-Renker
L.L.C., et al., Law Suit

RECEIVED FEB 1 3 2017

My name is Kathleen M. Horn, I am a class member. I do not intend to appear at the Final Approval Hearing. I called and left a message with Varnell & Warwick, P.A. Lady Lake Florida about the Wen settlement. I did not receive a Return call.

I feel that the one time payment of 25°° is not enough. I paid more than that for the products.

I used it for about 8-10 months when I started Realizing something was wrong. My Scalp burned while I used it, thought it was the mint Scalp was still burning after I Rinsed it out. My Scalp became very tender and still is. I also noticed that I was losing more hair than normal. My hair is curly and even the curl wasn't and isn't like it had been all my life. I quit using it and have not used it since. I believe it has permanently damaged my Scalp and hair. I believe my proof can be Realized by all of the other users of this product, and to the damage it has done to them.

Thank-you

Kathleen M. Horn
213 Chipman Lane
Auburndale Fl.
33823

RECEIVED FEB 1 3 2017

Written Notice of Objection

Friedman v. Guthy-Renker LLC et al. Case No.
2:14-cv-06009-ODW

Claiment ID 52364053 Tremaine Charles

WEN CLASS SETTLEMENT OBJECTION

This is my letter of objection to the Wen
Class Settlement. Making this decision literally
made me sick to my stomach. The thought of
writing this letter and never being taken
seriously on the whole situation leaves my stomach
in knots. I ordered Wen 5-13-14 after seeing
an informercial and thought this is going to
be great little did I know that that was
far from the truth. I started using the
products as soon as I got them. About a
week or so of using them I started to
lose hair but I just thought It was
split ends or some type of shedding because
I have natural hair. I continued to use
the products for the month and so on. It
wasn't until the burning, itching and tightness
started is when I stopped using them. I
thought it was the products but wasn't sure
I went to the dermatologist one day because
the pain was to much to bear I couldn't
even ~~touch~~ touch my hair because it hurt
so bad. She literally just slightly touched

my hair and scalp and I instantly started to cry because it hurt so bad. I have been suffering since June 2014 So I started researching and found that I wasn't the only one that had issues with Wen. I saw the class action suit and ⬤ joined. So I finally get an email with Wen Settlement on it and was extremely happy until I opened it and started reading. The tier one is a complete insult because I'm sorry but the actual products cost more than $25 my doctor's visits Cost more than $25 my prescriptions cost more than $25 that's a slap in the face and the teir 2 is not much better because I don't have the money to go to a shrink and complain about my head pain In the beginning I had insurance my husband lost his job which left me with no insurance So for a poor person like me I just have to sit in silence and remain in pain EVERY SINGLE DAY of my life because the pain never goes away. I've been in pain so long I no longer know what its like not to be which is down right awful So when I see the tier 2 asking for all this proof I don't have but I have my proof and my story I feel like its just

another way that a big rich company can get over on the little people with no voice and have proof just not the way WEN is asking for it. Yes I have proof of my hair loss, prescriptions which nothing ever work to relieve my pain I still have a bottle of the cleansing shampoo I just don't have it the way their asking for it. Should I be looked over for it? NO. The reason I'm objecting is because I won't settle for $25 dollars or submit all my proof as a teir 2 only to have them say its not good enough and be bumped back down to teir 1 and I lose I lose because I'll still be in pain EVERYDAY. I'll still cry everytime I comb my hair. I'll still cry everytime I was my hair. I'll still cry everytime I look at my combs, brushes, and sink and see my hair in them. I'll still cry or jerk away everytime someone tries to touch my hair. I'll still get angry and cry everytime I see a check for $25 knowing that this was my one chance to try to make this right to have someone see my side and feel my pain. I'm only asking that you don't dismiss my letter of objection and take it seriously because what WEN did was wrong and it hurt a lot of people.

I'm just looking for a cure and compensation for my suffering. Thanks to WEN I have really low self-esteem because of my hair. My hair has not and will not grow not matter what I use. And no matter what I use it always makes the burning and itching even worse. Its like my head is on fire and cold water just feeds the fire making it worse. I wouldn't wish this pain on my worst enemy. If you need my proof that I have I can provide it for you. I will not be at the hearing because I can't afford to travel

Tremaine Charles
tremaine charles

WEN-OBJ 7

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

RECEIVED FEB 1 3 2017

AMY FRIEDMAN and JUDI
MILLER, on behalf of themselves
and all others similarly situated,

                                 Case No. 2:14-cv-06009-ODW

    Plaintiffs,

v.

GUTHY-RENKER, LLC, et al.

    Defendants.

---

NOW COMES, Pro Se Objector PAMELA A. SWEENEY and hereby files these objections to the proposed settlement in this matter.

## PROOF OF MEMBERSHIP IN THE CLASS

Upon information and belief PAMELA A. SWEENEY, PRO SE ("Objector") has reviewed that certain notice of class action and proposed settlement which is undated (the "Notice"). As a result, she has determined that she is a member of the class, as it is defined in that Notice. She has filed a timely claim. Her address, e-mail address and telephone number are listed at the conclusion of this objection.

## NOTICE OF INTENT TO APPEAR

Objector hereby gives notice that she does NOT intend to appear at the Fairness Hearing presently scheduled for June 5, 2017 at 1:30 p.m. PST at the United States District Court for the Central District of California, 350 West First Street, Los Angeles.

## REASONS FOR OBJECTING TO THE SETTLEMENT

1. Claims administration process fails to require reliable oversight, accountability, and reporting about whether the claims process actually delivers what was promised.

2. Any amount of attorney fees that are rewarded should be withheld to assure Class Counsel's continuing oversight and involvement in implementing settlement.

3. The fee calculation is unfair in that the percentage of the settlement amount is far too high. Attorneys' fees are disproportionate to the value of the Recovery of the Class.

4. The individual time and cost entries are shown in summary format only. All fees and costs requested should be shown in greater detail including each time entry and detailed cost entries. Objector believes no fee request can be adjudicated as reasonable in the absence of documentation, including detailed billing records (including hourly rates of the professionals, hours accumulated and details of cost incurred). The detailed billing statements are the only method which they can be evaluated by Class Members and the Court to determine the reasonable nature (or not) of the request. Objector hereby requests that these detailed billing statements be ordered posted on the Settlement Website for review by all Class Members and the Court prior to any monies being distributed to Class Counsels. Thereafter, all Class

Members be afforded reasonable time to review the detailed billings and object if necessary.

5. The objector herein hereby adopts and joins in all other objections which are based on sufficient precedent and theories of equity and law in this case and hereby incorporates said objections by reference as if they were fully described herein.

## **CONCLUSION**

**WHEREFORE**, This Objector, for the foregoing reasons, respectfully requests that the Court, upon proper hearing:

1. Sustain these Objections;
2. Enter such Orders as are necessary and just to adjudicate these Objections and to alleviate the inherent inadequacies and unreasonableness of the proposed settlement.
3. Award an incentive fee to this Objector for her role in improving the Settlement, if applicable.

Respectfully submitted,

Pamela A. Sweeney, Pro Se
6666 Odana Road
Suite 116
Madison, WI 53719
424-488-4383
pam.sweeney1@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2017, I caused to be filed the foregoing with the Settlement Administrator via U.S. First Class Mail.

Pamela A. Sweeney

RECEIVED FEB 1 3 2017

*Pamela L. Behrend*
*1800 Willow Oak Dr*
*Wexford, PA 15090-2506*

February 10, 2017

Settlement Administrator
WEN Class Settlement Objections
 c/o Dahl Administration
P.O. Box 3614,
Minneapolis, MN 55403-0614

Re: AMY FRIEDMAN and JUDI MILLER, on behalf of themselves and all
others similarly situated, Plaintiffs, v. GUTHY-RENKER, LLC and WEN BY
CHAZ DEAN, INC., Defendants. Case No. 2:14-cv-06009-ODW(AGRx)

Dear Settlement Administrator,

I am a member of the settlement class described on page 3 of the Longform
Settlement Notice. Between November 1, 2007 and September 19, 2016 I
purchased one or more of the Wen products listed in the paragraph in the longform
notice titled "Who is in the settlement?"

As a resident of the State of Pennsylvania I am writing to object to the
proposed settlement; specifically with regard to the fact that Pennsylvania, along
with 8 other states, has an unfair and deceptive trade practices act the provides for
statutory minimum damages. In the case of Pennsylvania that amount is $100, 4
times the amount of the proposed tier 1 class-wide flat rate claim amount of $25.

The third amended class action complaint shows that plaintiff's Friedman,
Henry-McArthur and Lisa Rogers are all residents of the State of Florida; which
does not have statutory minimum damages in its unfair and deceptive trade
practices act. Additionally plaintiff Miller is a resident of the State of Maryland;
which also does not have statutory minimum damages in its unfair and deceptive
trade practices act.

Page 1 of 2

I understand from my husband, who is a Pennsylvania lawyer, that the named plaintiffs' claims have to be typical of the claims of all the other class members. Clearly this isn't true regarding the class members from Alaska, Colorado or Indiana, whose state law provides for $500 in statutory damages. Nor is it true with regard to residents of Ohio and Oregon, whose state law provides for $200 in statutory damages, or Pennsylvania and New Mexico state law provides for $100. The eighth state, Massachusetts, provides for $25 in statutory damages.

Therefore, it seems clear that the claims of Friedman, Henry-McArthur, Rogers and Miller are not typical of the claims of class members from any of the aforesaid 8 states.

Also, paragraph 9 of the notice regarding Tier 1 Class-wide Flat Rate Claims caps the total amount of claims at $5 million. That's all well and good if 200,000 or less people file claims. However, the problem is that a 5 million or more people file claims, they will each get one dollar less. At the fairness hearing next June I would like the Court to ask how many people have filed tier 1 claims so that it can determine whether those class members are actually getting anything from this proposed settlement. I believe it would be facially unfair for class members in the 8 states to provide for statutory damages to receive little or nothing for their claims.

In closing I also object to the attorney's fee as being unreasonable and excessive. There are several reasons for this objection including the fact that Tier 1 class members like me are not being treated fairly or adequately by this proposed settlement.

Thank you for your kind attention.

Yours truly,

*Pamela Behrend*

Pamela L. Behrend

Page 2 of 2

WEN-OBJ 9

**Ellen Bentz**
**427 Delta Avenue, C1-12**
**Cincinnati, Ohio 45226**

RECEIVED FEB 1 3 2017

February 9, 2017

Settlement Administrator
WEN Class Action Objections
c/o Dahl Administration
P.O. Box 3614
Minneapolis, MN 55403-0614

Re:    *Written Notice of Objection*
       *Friedman v. Guthy-Rinker, LLC et al.*

Dear Sir or Ms.:

My name is Ellen Bentz and I write to object to the proposed settlement in the Wen hair care products matter. I am a member of the class, for I have purchased Wen hair care products between November 1, 2007 and September 19, 2016. Moreover, I received notice of the proposed settlement in a November 27, 2016 email, a copy of which is attached. I am not presently a named party in any litigation, and I do not intend to be present at the final approval hearing since I live in Ohio.

I find the settlement to be unfair for several reasons. First, the total amount of the settlement is insufficient to fully compensate each class member for his or her personal injuries. As I understand it, the total settlement fund is $26,250,000, of which $6,500,000 will go to attorneys' fees, and approximately $825,000 to administrative costs. That leaves $5,000,000 for Tier 1 claims, and the rest (approximately $13,867,500) for the more severe Tier 2 claims. If the claims submitted by class members are greater than the funds set aside to pay the claims, then payments will be proportionally reduced.

The amount of settlement is inherently unfair because the fund will likely be tapped and the 6,000,000 class members will be required to take a proportional share. As I had significant hair loss, I would be a Tier 2 class member. Tier 2 claims fall into four separate ranges: Range 1 ($0 to $2,500), Range 2 ($2,500 to $7,500), Range 3 ($7,500 and $12,500) and Range 4 ($12,500 to $20,000). With only $13,867,500 available for Tier 2 claimants, if just under 700 class members – or 0.011% of the class - fall into the most severe Range 4 and each is entitled to $20,000, then all Tier 2 class members must take a proportional share. Similarly, and as the court pointed out, if the average payout on Tier 2 claims is $2,5000, then only 5,547 class members – or 0.092% of the class – can submit Tier 2 claims before proportional reductions kick in. With nearly 6,000,000 class members, this clearly demonstrates that the settlement fund is underfunded, and likely will not fully compensate potential class members.

In sum, the settlement is based in large part upon an assumption that there will be few claims made. That may be unlikely in light of the fact that these are personal injury claims involving hair loss, which caused embarrassment and distress to individuals. This case differs greatly from a class action for the purchase of a consumer product where the amount of the class action award is nominal to the class member, and to which a claim is inconsequential. To the contrary, hair loss resulting from the use of Wen hair care products is personal, and devastating, and likely there will be significant claims made. Conversely, if the assumption is correct that there will be few claims made, then a $6,500,000 award of attorneys' fees may be excessive in light of a low payout to the class.

Second, the $6,500,000 in attorneys fees is likely unreasonable, although it is impossible to assess since Plaintiffs' motion for attorneys' fees is not due until May 1, 2017. As objections are due nearly three months prior, objectors and class participants are precluding from adequately assessing or objecting to them. Thus, because the attorneys' fee motion is set nearly three months after the deadline for objections, class members do not have an adequate opportunity to object to the fee motion itself, which runs counter to the theory of allowing class members to file objections in the first place. How can a class member object if he or she doesn't know the facts and evidence in support of the fee request?

In any event, simply because class counsel seeks the benchmark 25% of the settlement fund does not make the fees reasonable as a matter of course, for that is a mechanical, formulaic approach that provides for an unreasonable award in this case. Indeed, counsel has not submitted any documents demonstrating the work they actually performed to justify 25% of the settlement. From the court's docket, it doesn't appear that the lawyers did anywhere near $6,500,000 worth of work. From July 2014 through October 2015, class counsel filed a 30-page complaint, an amended complaint, a 19-page opposition to a motion to dismiss, a protective order, a handful of stipulations on scheduling, a "Rule 26(f) Report", a motion to compel discovery, a second amended complaint, a 13-page "Stipulation for ESI Protocol", a second motion to compel discovery and some additional briefing on it. At that point, the court stayed the case to allow the parties to discuss resolution and embark upon mediation. The parties then resolved the matter, which resulted in various filings to memorialize that agreement and to gain preliminary approval from the court. Even assuming a high hourly rate of $650, class counsel would have needed to commit 10,000 hours to this case. That seems highly unlikely, considering the matter was resolved prior to class certification and trial.

Third, if the dollar award of the settlement negotiated between Plaintiff and Wen was decreased based upon the "warning" that Wen agreed to provide, then the settlement is unfair, for the "warning" is useless. The "warning" that one should consult one's doctor if they have an adverse reaction adds nothing.

All of the above are indicia of self-dealing and/or implicit collusion. Class counsel is receiving a disproportionate amount of the settlement fund, which is exacerbated by the fact that the Defendant has agreed in the settlement agreement to not challenge either the amount of attorneys' fees, or the incentive awards. This paves the way for named plaintiff and plaintiffs' counsel to look after themselves at the expense of the class members.

The settlement is also unfair and inappropriate because the opt-out period runs on February 10. Thus, from the time I was given email notice on November 27, 2016, I have had less than 75 days to evaluate my case, collect my evidence, determine the scope of my injuries, potentially retain counsel, and evaluate whether I am better served opting out of the class, or remaining with the class. Considering the Plaintiffs and Defendants have set a range upwards of $20,000 per case, 75 days is simply too short of time to perform such an analysis where significant dollars are at issue. Once again, this differs great from a run of the mill consumer class action involving contract, where damages per class member are minimal. Here, significant personal injuries are at stake, therefore requiring a longer opt-out period.

The settlement is also unfair and unreasonable in that it caps personal injury damages for a class member at $20,000 for the most severe of injuries. However, class members could have extremely significant injuries, hair loss, emotional distress and embarrassment for which $20,000 is insufficient to compensate them for their injuries. This is particularly true when one looks at the guidelines for claims evaluation, where the $12,500 - $20,000 tier requires "loss of more than 50% of hair with minimal regrowth," coupled with visits with healthcare providers to discuss depression. Under those circumstances, a $20,000 settlement seems incredibly low and insufficient. When coupled with the low settlement fund of $13,867,500, it is clear that the settlement is not in the best interests of the class members. Moreover, there is absolutely no evidence at this point to determine the number of people who suffered serious injuries, or the value of those injuries, to make an informed decision on whether the tiers are sufficient, or whether there is enough money in the settlement fund to cover these claims.

The settlement is also unfair in that if a party does not respond to the class action notice by April 28, 2017, they waive forever a significant personal injury claim, for the settlement agreement contains a full and broad release. This will be exacerbated if the claim response rate is particularly low. For this reason alone, these tort based claims are not well-suited for class action treatment, and are better suited for an multidistrict litigation format, where each case stands on its own merits after consolidation for purposes of pretrial discovery and other procedural and substantive issues are hashed out.

Finally, the $25,000 incentive awards of Plaintiffs Friedman and Miller are excessive, in that they are $5,000 more than any individual class plaintiff could recover in this action. These Plaintiffs in this case could be more interested in maximizing those incentive awards to the detriment of the class. In fact, other than baldly stating that these two plaintiffs were deposed and involved in "substantial discovery," Plaintiff does not set forth the time either actually expended to justify such a high incentive award.

For all of these reasons, I respectfully object to the proposed class action settlement in this case.

Very Truly Yours,

Ellen Bentz

3

**From:** "info@WenClassSettlement.com" <administrator@qgemail.com>
**Date:** November 27, 2016 at 11:25:36 AM EST
**To:** ebentz331@gmail.com
**Subject:** WEN Hair Care Products Class Action Settlement
**Reply-To:** noreply@qgemail.com

*wen*

Claimant ID: 07814403
This Summary Notice is for: Ellen Bentz

**If you purchased or used WEN® Hair Care Products between November 1, 2007 and September 19, 2016, you could receive a payment from a class action settlement. To learn more, read the rest of this email, visit www.WENClassSettlement.com, or call 1-888-247-5266.**

*LEGAL NOTICE: Your legal rights are affected. Read this Summary Notice carefully. The United States District Court for the Central District of California ordered this Notice after it preliminarily approved a Class Action Settlement in the case of Friedman, et al. v. Guthy-Renker, et al., Case No. 2:14-cv-06009-ODW.*

A settlement has been reached in a lawsuit filed against Guthy-Renker LLC and WEN by Chaz Dean, Inc. ("Defendants"). The lawsuit alleges that Defendants designed, manufactured and sold WEN® Hair Care Products ("WEN®") which allegedly caused certain users to suffer personal injury including hair loss, hair damage or scalp irritation. Plaintiffs also asserted that statements made in connection with the marketing of WEN® were untrue and misleading. Defendants vigorously deny these allegations and contend that there is no link between hair loss and WEN®. Liability is disputed in this matter, and WEN® has not been proven to cause hair loss to consumers, nor has it been legally determined that any advertising of the Products was false or misleading. The makers of WEN® stand behind the quality, safety, and formulation of the Products, all of which meet or exceed all safety and quality standards set by the cosmetics industry. However, to avoid the cost of a trial, and potential risks for both sides, the Parties have reached a Class Action Settlement, which was preliminarily approved by the United States District Court for the Central District of California on October 28, 2016.

**What Does the Settlement Provide?**

Defendants have agreed to settle this matter through the creation of a non-reversionary Settlement Fund of $26,250,000.00, which will be used to pay valid claims, as well as for the costs of notice and administration of the Settlement, Incentive Awards to the Named Plaintiffs and Attorneys' Fees and Costs. $5,000,000 of the Fund will be set aside to pay Tier 1 Class-Wide Flat Rate claims. Any person who purchased or used WEN® can file a Tier 1 Claim for a one-time $25 cash payment as compensation for claims of personal injury after using WEN® or for alleged false statements regarding WEN®. If Tier 1 Claims exceed the $5,000,000 allocated to pay Tier 1 Claims, the payments made to each Class Member who submit a valid Tier 1 Claim will be reduced on a *pro rata* basis.

The remainder of the Fund will be used to pay Tier 2 Documented Adverse Reaction Claims of up to $20,000 per Class Member, to compensate consumers for claimed adverse reactions causing personal injury such as hair loss, hair damage, scalp irritation and emotional distress that accompanied such alleged

injuries. If the claims made against the Fund collectively exceed the total amount of the Fund (after the deduction of the $5,000,000 fund set aside for Tier 1 Claims, Incentive Awards, Attorney's Fees, and Costs and Administrative Costs and Expenses), the payments to each Class Member who submit a valid Tier 2 Claim will be reduced on a *pro rata* basis. More information regarding the potential value of your specific claim can be found in the Long Form Notice available at www.WENClassSettlement.com.

Class Members can submit only one claim, either a Tier 1 Claim or a Tier 2 Claim. However, Class Members whose Tier 2 Claims are denied shall be automatically considered to have made and be eligible for a Tier 1 Claim.

## How Do You Submit A Claim?

To qualify for payment, you must complete and submit the appropriate Claim Form, signed by you under penalty of perjury, along with any required supporting documents by **April 28, 2017**. Online Claim Forms and instructions for submitting claims are available at www.WENClassSettlement.com. Paper Claim Forms and instructions can also be obtained by calling 1-888-247-5266.

## What Are Your Other Options?

If you do not want to be legally bound by the Settlement, you must "opt out" or exclude yourself by mailing a note signed by you that lists: your full name, signature, address and the statement: "I wish to be excluded from the WEN Class Action Settlement." Opt-Out statements must be postmarked no later than **February 10, 2017**. If you properly exclude yourself, you will not get any Settlement payment and you cannot object to the Settlement. However, you will retain any legal claims you may have against the Defendants and may be able to sue on your own in the future.

If you are a Class Member, you can object to any part of the Settlement you do not like and the Court will consider your views. Your objection must be timely, in writing, and contain certain specific information as described in more detail at www.WENClassSettlement.com or available by calling 1-888-247-5266. Objections must be received by the Court, Class Counsel and Defendants' Counsel by **February 10, 2017**.

The Court will hold a Final Approval Hearing at 1:30 P.M. on June 5, 2017, in Los Angeles, California. At this hearing, the Court will consider whether the settlement is fair, reasonable and adequate and whether to approve the Named Plaintiffs' Incentive Awards and the Attorneys' Fees and Costs requested by Class Counsel. You may attend the hearing, and you may hire your own lawyer, but you are not required to do either. The Court will consider timely written objections and will listen to objectors who request to speak at the hearing.

## What To Do If You Have Questions

This Notice is just a summary. A more detailed notice, as well as the Settlement Agreement and other documents related to this lawsuit, can be found online at www.WENClassSettlement.com. For more information, you may call or write to the Settlement Administrator at 1-888-247-5266 or WEN Settlement Administrator, c/o Dahl Administration, P.O. Box 3614, Minneapolis, MN 55403-0614.

**Subject: WEN Hair Care Products Class Action Settlement**
**Reply-To:** noreply@qgemail.com

*wen*

Claimant ID: 45715817
This Summary Notice is for: Ellie Bentz

**If you purchased or used WEN® Hair Care Products between November 1, 2007 and September 19, 2016, you could receive a payment from a class action settlement. To learn more, read the rest of this email, visit www.WENClassSettlement.com, or call 1-888-247-5266.**

*LEGAL NOTICE: Your legal rights are affected. Read this Summary Notice carefully. The United States District Court for the Central District of California ordered this Notice after it preliminarily approved a Class Action Settlement in the case of Friedman, et al. v. Guthy-Renker, et al., Case No. 2:14-cv-06009-ODW.*

A settlement has been reached in a lawsuit filed against Guthy-Renker LLC and WEN by Chaz Dean, Inc. ("Defendants"). The lawsuit alleges that Defendants designed, manufactured and sold WEN® Hair Care Products ("WEN®") which allegedly caused certain users to suffer personal injury including hair loss, hair damage or scalp irritation. Plaintiffs also asserted that statements made in connection with the marketing of WEN® were untrue and misleading. Defendants vigorously deny these allegations and contend that there is no link between hair loss and WEN®. Liability is disputed in this matter, and WEN® has not been proven to cause hair loss to consumers, nor has it been legally determined that any advertising of the Products was false or misleading. The makers of WEN® stand behind the quality, safety, and formulation of the Products, all of which meet or exceed all safety and quality standards set by the cosmetics industry. However, to avoid the cost of a trial, and potential risks for both sides, the Parties have reached a Class Action Settlement, which was preliminarily approved by the United States District Court for the Central District of California on October 28, 2016.

**What Does the Settlement Provide?**

Defendants have agreed to settle this matter through the creation of a non-reversionary Settlement Fund of $26,250,000.00, which will be used to pay valid claims, as well as for the costs of notice and administration of the Settlement, Incentive Awards to the Named Plaintiffs and Attorneys' Fees and Costs. $5,000,000 of the Fund will be set aside to pay Tier 1 Class-Wide Flat Rate claims. Any person who purchased or used WEN® can file a Tier 1 Claim for a one-time $25 cash payment as compensation for claims of personal injury after using WEN® or for alleged false statements regarding WEN®. If Tier 1 Claims exceed the $5,000,000 allocated to pay Tier 1 Claims, the payments made to each Class Member who submit a valid Tier 1 Claim will be reduced on a *pro rata* basis.

The remainder of the Fund will be used to pay Tier 2 Documented Adverse Reaction Claims of up to $20,000 per Class Member, to compensate consumers for claimed adverse reactions causing personal injury such as hair loss, hair damage, scalp irritation and emotional distress that accompanied such alleged injuries. If the claims made against the Fund collectively exceed the total amount of the Fund (after the deduction of the $5,000,000 fund set aside for Tier 1 Claims, Incentive Awards, Attorney's Fees, and Costs and Administrative Costs and Expenses), the payments to each Class Member who submit a valid Tier 2 Claim will be reduced on a *pro rata* basis. More information regarding the potential value of your specific claim can be found in the Long Form Notice available at www.WENClassSettlement.com.

Class Members can submit only one claim, either a Tier 1 Claim or a Tier 2 Claim. However, Class Members whose Tier 2 Claims are denied shall be automatically considered to have made and be eligible for a Tier 1 Claim.

**How Do You Submit A Claim?**

To qualify for payment, you must complete and submit the appropriate Claim Form, signed by you under penalty of perjury, along with any required supporting documents by **April 28, 2017**. Online Claim Forms and instructions for submitting claims are available at www.WENClassSettlement.com. Paper Claim Forms and instructions can also be obtained by calling 1-888-247-5266.

## What Are Your Other Options?

If you do not want to be legally bound by the Settlement, you must "opt out" or exclude yourself by mailing a note signed by you that lists: your full name, signature, address and the statement: "I wish to be excluded from the WEN Class Action Settlement." Opt-Out statements must be postmarked no later than **February 10, 2017.** If you properly exclude yourself, you will not get any Settlement payment and you cannot object to the Settlement. However, you will retain any legal claims you may have against the Defendants and may be able to sue on your own in the future.

If you are a Class Member, you can object to any part of the Settlement you do not like and the Court will consider your views. Your objection must be timely, in writing, and contain certain specific information as described in more detail at www.WENClassSettlement.com or available by calling 1-888-247-5266. Objections must be received by the Court, Class Counsel and Defendants' Counsel by **February 10, 2017.**

The Court will hold a Final Approval Hearing at 1:30 P.M. on June 5, 2017, in Los Angeles, California. At this hearing, the Court will consider whether the settlement is fair, reasonable and adequate and whether to approve the Named Plaintiffs' Incentive Awards and the Attorneys' Fees and Costs requested by Class Counsel. You may attend the hearing, and you may hire your own lawyer, but you are not required to do either. The Court will consider timely written objections and will listen to objectors who request to speak at the hearing.

## What To Do If You Have Questions

This Notice is just a summary. A more detailed notice, as well as the Settlement Agreement and other documents related to this lawsuit, can be found online at www.WENClassSettlement.com. For more information, you may call or write to the Settlement Administrator at 1-888-247-5266 or WEN Settlement Administrator, c/o Dahl Administration, P.O. Box 3614, Minneapolis, MN 55403-0614.

WEN-OBJ 10

THOMAS PACIORKOWSKI, ESQ.
P.O. Box 24182
Jersey City, N.J. 07304
tom@paciorkowski.net
(201) 823-0901

RECEIVED FEB 2 7 2017

February 17, 2017

Settlement Administrator
WEN Class Settlement Objections
c/o Dahl Administration
P.O. Box 3614
Minneapolis, MN 55403-0614

Re:   Friedman, et al., v. Guthy-Renker, LLC and WEN by Chaz Dean, Inc.
      Case No. 2:14-cv-06009-ODW (AGRx)

Dear WEN Settlement Administrator:

I write to inform you that the enclosed letter dated January 27, 2017 was returned and not filed with the court. A copy of that letter was also mailed to you at the same time.

Since the letter was not filed with the court, the copy previously mailed to you will serve as my official objection. Please provide the letter and copies to the court and to all counsel.

Sincerely,

Thomas Paciorkowski, Esq.

Enclosures.

THOMAS PACIORKOWSKI, ESQ.
P.O. Box 24182
Jersey City, N.J. 07304
tom@paciorkowski.net
(201) 823-0901

January 27, 2017

**Certified Mail # 7014 1820 0001 8093 7412**
Honorable Otis D. Wright, II
United States Courthouse
350 West First Street, Courtroom 5D
Los Angeles, CA 90012

Re:    Friedman, et al., v. Guthy-Renker, LLC and WEN by Chaz Dean, Inc.
       Case No. 2:14-cv-06009-ODW (AGRx)

Dear Judge Wright:

On behalf of myself and class members Carmel Micewicz and Paul Micewicz, I
write to apprise the Court of problems in the claims administration process in the
above referenced case concerning claims submitted by WEN users who did not
purchase WEN products.

As this Court is aware, the Class is defined as purchasers or users of WEN
products. Settlement Agreement § 2 (B). As such, a user of WEN who did not
purchase the product is a class member. For example, if mom purchased WEN,
and mom, dad, brother, and sister used WEN, then mom, dad, brother, and sister
are all class members and entitled to file a claim. Likewise, people who received
and used WEN products as gifts, are also class members, even though they did
not purchase WEN. The inclusion of WEN users in the Class is important
because the settlement release includes claims for personal injury.

Unfortunately, both the online claim form and the paper claim form require
purchase information that does not exist for WEN users who did not purchase
WEN. For example, on December 28, 2016 I attempted to file an online claim as
a WEN user on the claims administration website but the claim form programing
would not allow me to proceed without entering a purchase date. Likewise, the
paper claim form requires class members to identify the number of WEN
products purchased and the retailers they purchased from. (See attached paper
claim forms). No information is requested concerning the use of WEN.

Honorable Otis D. Wright, II
January 27, 2017
Page 2

I attempted to resolve the issue by contacting the claims administrator. I sent an
email to the claims administrator explaining the problem on December 28, 2016.
(See attached email and response.) I also called the claims administrator the
same day and left a voicemail message.

On January 4, 2017, the claims administrator responded by email and wrote only,
"If you would provide us your name and mailing address, we can send you the
forms." (See attached email and response.)

On January 6, 2017, I wrote back explaining I could download the paper claim
form myself, and wanted to know if the online claim form will be corrected to
allow WEN users who did not purchase WEN to file claims online.

Thereafter I received a telephone call from the claims administrator. Instead of
correcting the online claim form to enable WEN user-only claims, the claims
administrator told me to enter any purchase date into the online form. As an
attorney and an officer of the court, I am not comfortable entering false
information into a claim form – especially a form that requires a declaration under
penalty of perjury as to the accuracy of the information submitted.

Instead of filing a claim online, I am submitting a paper claim via postal mail.
(See attached copy of claim form.) Unfortunately, purchase information is also
required on the paper claim form in the section labeled "Class Membership &
Background." No information related to using WEN products is requested on the
paper claim form. Since I used WEN but did not purchase WEN, I am not
including any purchase information. The only information submitted on my claim
form is my contact information and my signature.

I am not alone in this dilemma. Class member, Carmel Micewicz purchased and
used WEN. She received postcard notice in the mail. Her husband, Paul
Micewicz, did not purchase WEN, but rather, used the WEN products his wife
purchased. So, Carmel Micewicz is both a purchaser and a user of WEN, while
her husband, Paul, is just a WEN user. Therefore, like my claim form, Paul
Micewicz's claim form contains only his signature and contact information.

My concern is that paper claim forms without Class Membership & Background
information (*i.e.,* purchase information) as well as online claim forms with
erroneous purchase information that WEN users were required to fabricate
because of the online claim form programming, will be rejected during the claims
evaluation process.

Honorable Otis D. Wright, II
January 27, 2017
Page 3


To safeguard that claims filed by class members who only used WEN are not
rejected by the claims administrator for the above deficiencies in the claims
administration process, I urge the Court to include in its Final Approval Order, a
provision that the claims administrator shall not deny TIER 1 flat rate claims that
have either no purchase information or erroneous purchase information.


Respectfully submitted,

Thomas Paciorkowski, Esq.


cc:     Settlement Administrator (via regular postal mail)
        WEN Class Settlement Objections
        c/o Dahl Administration
        P.O. Box 3614, Minneapolis, MN 55403-0614


Enclosures: Claim Form – Thomas Paciorkowski
            Claim Form – Carmel Micewicz
            Claim Form – Paul Micewicz
            Notice Post Card received by Carmel Micewicz
            Emails between Mr. Paciorkowski and claims administrator

Luwona Ferguson

WEN-OBJ-11

Written Notice of Objection

RECEIVED MAR 0 6 2017

Friedman v. Guthy - Renker, L.L.C.,
Wen Hair Product   class Action Suit
Class Action Attorney  Varnell and Warwick P.A.
Lady Lake Florida

   As that I am a former cosmotologist
the need for me to see a doctor was
not in questioned. I knew what to
do.
1. Stop using the product
2. Have Guthy-Renker Stop sending (contact them)
me the product.
3. Treat my injury.

When I called and asked Guthy - Renkers
to stop sending the product I asked
them if they would allow me to return
the product that I had. I was
told to hold on to it and I still
have it.

Patricia L. Seastrom-Miller
2105 Sargent Ave
Simi Valley, Ca. 93063-2744
(805) 210-2202

RECEIVED FEB 0 3 2017

WEN Class Settlement Exclusions
C/O Dahl Administration
P.O. Box 3614, Minneapolis, MN 55403-0614

January 29, 2017

Re: Friedman, et al. v. Guthy-Renker et al., Case No. 2:14-cv-06009-ODW

To whom this may concern,

When I first saw evidence of what appeared to be the beginning of a
lawsuit against WEN, it was on the social media called Face Book. I had
been using WEN since it was first introduced, probably prior to 2007 or at
least from that beginning. I had been "invited" to attend one of Chas
Dean's promotions of his product and actually taste and sample the
ingredients. I had long hair at the time and it only grew longer and thicker
and better conditioned since I started using it. I had the same hair dresser
for over 30 years and even she told me how much better conditioned my
hair had become since using WEN.  I loved the product and believe the
allegations against it to be ludicrous!

I am choosing to both object and opt out because I believe the product
called WEN to be outstanding as well as believing there is absolutely
NOTHING in the product that is harmful to hair, body, or human! I used
the product for over 10 years and my hair had always been gorgeous!

The ONLY reason I no longer use WEN is due to the absolutely **horrible**
customer service provided by Guthy-Renker! I started purchasing through
them in my maiden name, Seastrom, Patricia (Patty) at 6445 Yarmouth Ave

Reseda, California 91335. I used it more than 5 years at that address but it was a continual fight with that horrible company. It had NOTHING to do with the product. The customer service was awful and the rudeness of the employees forced me to actually start over and buy the product in my new husband's name, Brett Miller. We moved to Simi and I used his name for a number of years but often had the same problems with horrible customer service.

Then, the law suit came up and I wondered: is this why my hair had been thinning? I finally found out NO, because I had changed my life style and was eating totally different to lose weight and become healthier. I stopped using it for a while and after my weight stabilized and my health improved, I went back to using WEN again. But the customer service, AGAIN, is so damn poor (please excuse my language, but it is the ONLY way I can explain how BAD Guthy-Renker company is!) that I quit using it once and for all!

I object to the law suit because there is NOTHING in WEN that would cause hair loss. Look at these people's health and their eating and lifestyle habits. That could be the greatest cause. You can actually EAT WEN and it would be harmless. I believe it to be a great product and the people suing are ignorant and money grubbing! Therefore, I will not be a part of such idiocy!!

Thank you for your time.
Sincerely,

Patricia L. Seastrom-Miller

Plsm; copy on file