Neville L. Johnson (SBN 66329)
njohnson@jjllplaw.com
Douglas L. Johnson (SBN 209216)
djohnson@jjllplaw.com
Jordanna G. Thigpen (SBN 232642)
jthigpen@jjllplaw.com
**JOHNSON & JOHNSON, LLP**
439 North Canon Drive, Suite 200
Beverly Hills, California 90210
Telephone:  (310) 975-1080

William H. Anderson (*Pro Hac Vice*)
wanderson@cuneolaw.com
Charles J. LaDuca, (*Pro Hac Vice*)
charles@cuneolaw.com
Michael J. Flannery (SBN 196266)
mflannery@cuneolaw.com
**CUNEO GILBERT & LADUCA, LLP**
4725 Wisconsin Avenue, NW, Suite 200
Washington, DC 20016
Telephone:  (202) 789-3960

Brian W. Warwick (*Pro Hac Vice*)
bwarwick@varnellandwarwick.com
Janet R. Varnell, (*Pro Hac Vice*)
jvarnell@varnellandwarwick.com
**VARNELL & WARWICK, P.A.**
P.O. Box 1870
Lady Lake, FL  32158
Telephone:  (352) 753-8600

*Attorneys for Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| **AMY FRIEDMAN, JUDI MILLER, KRYSTAL HENRY-MCARTHUR, and LISA ROGERS on behalf of themselves and all others similarly situated,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**GUTHY-RENKER LLC and WEN BY CHAZ DEAN, INC.,**<br><br>**Defendants.** | Case No. 2:14-cv-06009-ODW-AGR<br><br>**REDACTED JOINT OMNIBUS DECLARATION IN SUPPORT OF CLASS COUNSEL'S (1) UNOPPOSED MOTION FOR FINAL APPROVAL AND (2) UNOPPOSED MOTION FOR ATTORNEYS' FEES AND COSTS AND CLASS REPRESENTATIVES' FEE AWARD IN CLASS ACTION SETTLEMENT**<br><br>Judge:  Hon. Otis D. Wright II<br>Motion Date:  June 5, 2017<br>Time:  1:30 PM<br>Location:  Courtroom 5D |

**<u>REDACTED JOINT OMNIBUS DECLARATION OF CLASS COUNSEL
IN SUPPORT OF FINAL APPROVAL</u>**

Neville Johnson, William Anderson and Brian Warwick, state:

1.      We submit this Joint Omnibus Declaration, under penalty of perjury as Court-appointed Class Counsel and the principal partners from our firms responsible for the investigation, prosecution and proposed settlement of this Lawsuit[1] over the last two years, to assist the Court and members of the proposed Class in evaluating the Settlement that we recommend to the Court.  Due to overlapping issues in both Motions, a duplicate copy of this Declaration is submitted in support of both (1) the Motion of Class Counsel for Attorneys' Fees and Costs and Class Representatives' Fee Award and (2) Motion for Final Approval of Class Action Settlement.  Each of us has personal knowledge of the matters set forth herein, and if necessary would be competent and available to testify, if the Court were to so require.

2.      The work performed by Class Counsel occurred over nearly three years of hard-fought, contested litigation.  In brief, Class Counsel summaries the work that was done to bring this case to a successful close:

3.      **Pre-Litigation Investigation:** Prior to filing this Lawsuit counsel undertook substantial pre-filing research concerning the factual and legal claims asserted in the Lawsuit.  This investigation consumed significant time and resources, but was necessary to advance the claims of Plaintiffs and the proposed Class.  Throughout the pendency of this action, Plaintiffs' counsel has worked on a purely contingent basis, advancing all costs and assuming the risk that the case would not succeed.

4.      **Motion Practice and Discovery:** Following this period of pre-filing research, this Lawsuit was initiated against Guthy-Renker on July 31, 2014. After Plaintiffs filed an amended complaint, a motion to dismiss and compel arbitration

---

[1] All capitalized terms, unless otherwise defined, shall have the same meaning as in the Settlement Agreement.

was filed on December 10, 2014.  On February 27, 2015, this Court, granted in part and denied in part the motion to dismiss and compel arbitration.  Shortly thereafter an intensive period of discovery began.  Defendants produced and Plaintiffs reviewed thousands of pages of discovery.  Plaintiffs engaged multiple experts pertaining to the advertising claims and bodily injury claims asserted in the Lawsuit. Defendants served extensive and wide-reaching discovery on Plaintiffs Friedman and Miller including interrogatories, requests for production of documents and hotly contested third-party subpoenas directed to more than a dozen medical providers. Depositions were conducted of Plaintiffs Friedman and Miller in Florida and Maryland, respectively.  Additionally, Plaintiffs conducted depositions of Guthy-Renker employees on a range of topics in North Carolina and California.  Plaintiffs served more than 75 formal requests for production of documents, over 100 requests for admission and 18 interrogatories.  In addition to the foregoing, Plaintiffs served various third-party subpoenas.  Two motions to compel were litigated against Guthy-Renker arising out of Plaintiffs' discovery requests.  On June 19, 2015, in midst of the discovery process, Plaintiffs filed a Second Amended Complaint naming WEN by Chaz Dean, Inc. as a Defendant.  Subsequent to the filing of WEN by Chaz Dean, Inc.'s answer to the Second Amended Complaint, Plaintiffs promptly served discovery on WEN by Chaz Dean, Inc.

5.      There has been extensive discovery in this case.  Class Counsel served over 100 requests for admission, 75 requests for production of documents and 18 detailed interrogatories.  A summary of Plaintiffs' discovery requests is set forth below:

| Requests for Production | Service Date | Response Date(s) |
| --- | --- | --- |
| Requests 1-56 | March 24, 2015 | 4/24,  5/7,  5/12,  5/22, 6/26, 7/27, 9/1, 9/2 |
| Requests 57-61 | June 23, 2015 | 7/27 |
| Requests 62-75 | July 23, 2015 | 8/25 |

| Request 76 | August 20, 2015 | Pending |
|---|---|---|
| **Interrogatories** | | |
| Requests 1-10 | March 26, 2015 | 5/5, 5/12, 5/22, 7/17 |
| Requests 11-18 | July 24, 2015 | 8/26 |
| **Requests for Admission** | | |
| Requests 1-56 | April 2, 2015 | 5/5, 5/22, 7/17 |
| Requests 57-69 | May 19, 2015 | 6/29, 7/27 |
| Requests 70-101 | July 23, 2015 | 8/25 |

This reflects the immense amount of discovery that was necessary to gather information and substantiate Plaintiffs' claims. Class Counsel also reviewed thousands of pages of relevant documents produced by Defendants and took depositions of Defendants' employees and executives on a range of topics in North Carolina and California. When Plaintiffs' counsel did not believe that they had received sufficient data from Defendants, Plaintiffs' counsel filed two motions to compel to ensure that the information and documents that they believed most essential were produced. These two motions to compel were vigorously opposed and litigated by Defendants. In addition to the foregoing, Plaintiffs served various third-party subpoenas. Plaintiffs' Counsel reviewed approximately a dozen studies and ingredient analyses produced by Defendants, as well as the formulas of the WEN Haircare Products. Further, counsel reviewed an extensive Excel spreadsheet, which detailed complaints from thousands of WEN customers and synthesized the content of adverse reaction intake forms completed by those individuals.

6.     Plaintiffs' Counsel engaged and consulted with multiple experts knowledgeable about the subject matter of the lawsuit to assist them in the review and analysis of information obtained through discovery, as well as in developing their theory of this case. Plaintiffs' Counsel retained one of the world's foremost dermatological experts who has published over 2,500 works on dermatology, in a medical career spanning more than five decades. Plaintiffs' Counsel also consulted

with multiple epidemiological experts.  Finally, Plaintiffs' Counsel retained an expert in advertising, with specific experience in the design and implementation of, among other things, choice-based conjoint analysis to assist in proving the false advertising claims.

7.     Conversely, Defendants served, and Plaintiffs Friedman and Miller responded to, substantial and invasive discovery.  Both were deposed on topics ranging from the mundane to extremely personal medical and mental health history.

8.     **Settlement Discussions:** On September 24, 2015, this Court issued a stay of the litigation in order to facilitate negotiation of a potential settlement.  The Parties attended four mediations (January 29, 2016; February 29, 2016; March 1, 2016; and March 31, 2016), which were conducted at JAMS in Los Angeles before the Hon. Peter D. Lichtman (Ret.).  Numerous counsel attended the mediations, variously representing Plaintiffs, Defendants, and Defendants' insurers.  Negotiation of the proposed Settlement in this action was complex, hard-fought and at times highly contentious—it repeatedly appeared as though the Parties would not reach agreement.  Some of the mediations involved more than a dozen representatives for Defendants, including their insurers, in-house employees and outside counsel. Nevertheless, at the conclusion of the March 31, 2016, mediation, Judge Lichtman made a mediator's proposal that all Parties ultimately accepted on April 29, 2016. Since that time, the Parties held a two-day in-person meeting in Los Angeles on May 9-10, 2016, served and responded to a variety of confirmatory discovery and worked diligently to reduce the Settlement Agreement to writing.

9.     **Class Member Communications and Claims Administration:** From the outset, Plaintiffs' counsel has had numerous conversations with Class Members from all over the country.  All Class Counsel have diligently responded to and assisted Class Members with requests for information, filling out claim forms, and resolving questions about the settlement, particularly as to Tier 2 Claimants who

experienced more severe loss. In addition, the Claims Administrator, Dahl Administration, has submitted a separate declaration detailing the work that it performed on behalf of the Class. Between each of the firms, Plaintiffs' counsel and their staff of each firm have answered well over 1000 calls and emails from class members seeking assistance and information concerning the lawsuit and the filing of claims. Plaintiffs' counsel also regularly convene conference calls with the settlement administrator, special master and opposing counsel to ensure that the claim process proceeds smoothly.

10. **Work Since Preliminary Approval:** Following preliminary approval by this Court, the parties worked to address concerns expressed by the Court, including the negotiation and provision of ranges designed to assist Class Members in evaluating the potential value of their claims.

11. On parallel track, the parties subpoenaed Class Member lists from WEN retailers QVC, Sephora, and Amazon in anticipation of the necessity to provide direct notice. Although confidentiality agreements were successfully negotiated with QVC and Sephora, Amazon refused to respond to the subpoena. At that point, Plaintiffs issued a separate subpoena to Amazon, which Amazon also refused to honor.

12. After multiple efforts by Plaintiffs' Counsel to negotiate for release of the class list from Amazon also failed, Amazon moved for a protective order in the United States District Court for the Western District of Washington. *See* **Exhibit 1** attached hereto, which is a true and correct copy of the docket report for Western District of Washington Case No. 2:16-cv-01714-JLR. Plaintiffs' counsel opposed that motion on November 2, 2016. Amazon replied, and a hearing was held on December 20, 2016. The Court ruled from the bench, finding against Amazon and requiring the provision of the class list.

13. In addition to gathering all of the necessary documentation and research

**REDACTED** JOINT OMNIBUS DECLARATION OF CLASS COUNSEL

to support the instant filing, Plaintiffs' counsel also issued subpoenas and convened depositions of four of the objectors to the pending settlement. On March 31, 2017, the parties deposed Objector Pamela Behrend.  On April 5, 2017, the parties deposed Objector Christy Whaley Sparks.  On April 10, 2017, the parties deposed Objector Pamela Sweeney.  On April 18, 2017, the parties deposed Objector Ellen Bentz.

14.    Class Counsel also spoke with other objectors and Class Members who had concerns about the settlement.  For example, Class Counsel William Anderson spoke twice with one of the objectors, Ms. Charles, and corrected some misunderstandings she had concerning the terms and nature of the Settlement.  Ms. Charles thought that Defendants would be evaluating her claim, but once she understood that a neutral third-party was evaluating claims, she decided to file a claim.  Plaintiffs' counsel, Brian Warwick, spoke with Ms. Horn and clarified that she could file a claim under Tier 2 for her hair loss and scalp irritation.  Thereafter, Varnell & Warwick paralegal, Karen Stroly, assisted Mr. Horn in filing a timely Tier 2 claim.  One Class Member, Rosemary Renz, explains that she experienced hair breakage after using WEN and does not want to use the bottles she has remaining, but instead wishes to receive full reimbursement for those bottles. While the Settlement does not provide direct reimbursement, if Ms. Renz makes a Tier 2 claim for her physical damages she is likely to receive funds that could compensate her at a level consistent with the amounts she requests.  Plaintiffs' Counsel have reached out to Ms. Renz and suggested this course of action.

15.    Of note is a situation involving Objector Christy Whaley-Sparks, who is represented by attorney Amy Davis.  Ms. Davis is also counsel in the mass action case pending before this Court styled: *Collazo v. Wen By Chaz Dean, et al,* that was filed nearly eight months after the *Friedman* action.  *Collazo* features many of the same allegations as *Friedman*, many of the same consumer complaints in the same order, and the same claims as *Friedman*, except that *Collazo* did not plead a claim

for assumpsit.  Although Ms. Davis opted many of her clients out of the Settlement, it appears that 319 of Ms. Davis's clients have decided to participate in the Settlement, with one of those—Mrs. Sparks—electing to object with Ms. Davis acting as counsel.  Attached hereto as **Exhibit 2** is a true and correct copy of an email sent from Amy Davis to William Anderson dated March 11, 2017 reflecting Ms. Davis' position.

16.     The portions of Mrs. Sparks' deposition referenced in the Memorandum of Law in Support of Final Approval are attached hereto as **Exhibit 3**.  Throughout the deposition, Ms. Davis resorted to an unfortunate number of speaking objections and witness coaching, as well as at least seven instructions to her client not to answer.  To make matters worse, Mrs. Sparks indicated in her deposition that she completed her claim form by herself raising further questions about the conscionability of the fee agreement—particularly as Ms. Davis repeatedly asserted that the percentage of the Mrs. Sparks' recovery that would go to legal fees was privileged.

17.     The portion of Mrs. Sweeney's deposition referenced in the Memorandum of Law in Support of Final Approval are attached hereto as **Exhibit 4**.  In deposition, it became clear that Mrs. Sweeney is an aspiring *pro se* professional objector.  Mrs. Sweeney has filed nine pro se objections in the last few years, include five objections, just last year.

18.     The portion of Ms. Bentz' deposition referenced in the Memorandum of Law in Support of Final Approval are attached hereto as **Exhibit 5**.  Ms. Bentz filed an objection under her own signature, but after serving her with a subpoena a lawyer named Bryce Lenox contacted Plaintiffs' Counsel indicating that in fact he had ghostwritten her objection.  In deposition, Ms. Bentz could not grasp many of the concepts articulated in the objection she signed.  For example, although her objection advocated for a mass tort MDL that would require each claimant to hire

**REDACTED** JOINT OMNIBUS DECLARATION OF CLASS COUNSEL

counsel, in deposition she contradicted her lawyer's objection and abandoned that position.  It also came to light during the deposition that not only did Ms. Bentz not have a representation agreement with her counsel (a violation of Ohio Ethics Rule 1.5(c)(1) if the representation is contingent), she owes Mr. Lenox money from a prior representation, further calling into question the motives for this objection.  It also came to light during the deposition that not only did Ms. Bentz not have a representation agreement with her counsel (a violation of Ohio Ethics Rule 1.5(c)(1) if the representation is contingent), she owes Mr. Lenox money from a prior representation, further calling into question the motives for this objection.  See **Exhibit 6** attached hereto, a true and correct copy of an email from Mr. Lenox to William Anderson, dated April 14, 2017.

19.    **Class Representative Fee Awards:** Class Counsel propose that, subject to approval by the Court, Named Plaintiffs Amy Friedman and Judi Miller, who were subject to extensive discovery, including invasive review of medical records and deposition, shall receive Incentive Awards of $25,000 each for their substantial contribution in the prosecution of this Lawsuit for the benefit of the Class;  Named Plaintiff Krystal Henry-McArthur shall receive an Incentive Award of $5,000 for her efforts in prosecuting the action for the benefit of the Class; and Named Plaintiff Lisa Rogers shall receive an Incentive Award of $2,500 for her efforts in prosecuting the Lawsuit on behalf of the Class.

20.    Should this Settlement not be finally approved, the Parties would be required to embark on a costly, time-consuming and uncertain road.  Should the case not settle, Plaintiffs expect that considerable additional medical expert work would be required, including at least one clinical study anticipated to cost hundreds of thousands of dollars.  Plaintiffs also expect that further conjoint analysis and hedonic regression would add significantly to this total in order to prove the false advertising claims asserted in the Lawsuit.  If this case does not settle, Plaintiffs' counsel

anticipate that a significant number of additional depositions would be required. It is also likely that a myriad of additional motions would be filed, including motions to compel discovery against Defendants and various third-parties. There is significant risk that an MDL would be filed further delaying the litigation. Even in the absence of an MDL, should Plaintiffs succeed on a contested motion for class certification an interlocutory appeal pursuant to Fed. R. Civ. P. 23(f) would likely be filed by Defendants. Likewise, should class certification be denied by the Court in a contested motion, Plaintiffs would likely pursue a Fed. R. Civ. P. 23(f) appeal. Even if a class were not certified, Plaintiffs' counsel would simply pursue the case on behalf of the hundreds of additional clients that have pursued representation from them. In sum, in the absence of a Settlement this Court and the Parties face the prospect of years of costly additional litigation with no guarantee as to the outcome.

21.    Thus, having thoroughly investigated this case and aggressively litigated it on behalf of Plaintiffs, undersigned counsel firmly believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of Named Plaintiffs and the Settlement Class.

22.    Class Counsel have extensive experience in consumer class actions, and have determined based on the progression of this case and the risks involved in continued litigation that the Settlement is in the best interests of the Settlement Class, for the reasons set forth herein, and in the separate Declarations of William H. Anderson, Brian W. Warwick, and Neville L. Johnson.

23.    Class Counsel seek attorneys' fees in the amounts set forth in the separate Declarations of William H. Anderson, Brian W. Warwick, and Neville L. Johnson and summarized below:

**REDACTED** JOINT OMNIBUS DECLARATION OF CLASS COUNSEL

| Firm | Pre-Suit Investigation and Complaint, and First Amended Complaint | Dispositive Motion Practice | Discovery and Discovery Motion Practice | Settlement, Mediation and Confirmatory Discovery | Final Approval, Objector Discovery and Claims Administration | Totals |
|---|---|---|---|---|---|---|
| Date Range | 7/1/2014-11/3/2014 | 11/4/2014-2/27/15 | 2/28/15-9/24/15 | 9/25/15-10/28/16 | 10/29/16-5/1/17 | |
| V&W | 87.2 | 217.7 | 468.3 | 872.5 | 466.6 | 2112.30 |
| CGL | 112.75 | 74.00 | 638.75 | 1034.35 | 414.0 | 2273.85 |
| J & J | 0 | 11.1 | 313.3 | 249 | 166.7 | 740.1 |
| Totals | 199.95 | 384.6 | 1420.35 | 2155.85 | 1047.30 | 5126.25 |

Class Counsel worked particularly hard to achieve a great settlement for the Class. As can be demonstrated from the summary above, more time was spent on settlement than on any other type of work in the case. The Settlement was the product of good faith, arm's-length negotiations among experienced and well-informed counsel. The parties' negotiations occurred during four separate mediations held over a period of several months at JAMS in Los Angeles with Hon. Peter D. Lichtman (Ret.). Anyone present for these complicated and contentious negotiations would find any suggestion of collusion laughable—Plaintiffs were represented by representatives of each firm comprising lead counsel at each mediation, while Defendants brought 14-18 representatives to each mediation including no fewer than five law firms and four insurance companies. The substantial number of individuals and entities involved made for a very complex and difficult negotiation dynamic in which all groups voices were heard, sometimes very loudly. Given the multiplicity of priorities and interests present in the mediation, allegations of self-dealing or collusion are absurd. In the absence of a mediator's proposal made by an objective neutral that all parties respect, it is unlikely that any resolution would have been reached. Further, as discussed above, the parties were informed by extensive documentary and other discovery, as well as substantial expert analysis.

24.     Class Counsel also had expenses in the total amount of $72,793.43, which is documented and supported in the separate Declarations of William H. Anderson, Brian W, Warwick, and Neville L. Johnson

25.     Class Counsel respectfully request that the Court grant the requested fees of $3,157,133.50 with a modest multiplier of just below 2.04, which is more than reasonable in a class action of this size and complexity and considering the work done and detailed in the separate Declarations of Class Counsel.

We declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED:     May 1, 2017

By:     s/ Neville L. Johnson
        Neville L. Johnson (SBN 66329)

By:     /s/ William H. Anderson
        William H. Anderson (*Pro Hac Vice*)

By:     /s/ Brian W. Warwick
        Brian W. Warwick (*Pro Hac Vice*)

## ATTESTATION RE: SIGNATURES

I, Jordanna G. Thigpen, am the ECF User who is filing Plaintiffs' Joint Omnibus Declaration in Support of Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement and Unopposed Motion for Attorneys' Fees and Costs and Class Representatives' Fee Awards in Class Action Settlement and Motion for Final Approval of Class Action Settlement.  I attest that all other signatories listed, and on whose behalf the filings are being submitted, concur in the content of such filings and have authorized the filing of such documents.

DATED: May 1, 2017            **JOHNSON & JOHNSON LLP**

/s/ Jordanna G. Thigpen
Neville L. Johnson (SBN 66329)
njohnson@jjllplaw.com
Douglas L. Johnson (SBN 209216)
djohnson@jjllplaw.com
Jordanna G. Thigpen (SBN 232642)
jthigpen@jjllplaw.com
439 North Canon Drive, Suite 200
Beverly Hills, California 90210
Telephone: 310.975.1080
Facsimile: 310.975.1095

# EXHIBIT 1

# U.S. District Court
# United States District Court for the Western District of Washington (Seattle)
# CIVIL DOCKET FOR CASE #: 2:16-cv-01714-JLR

Friedman et al v. Guthy-Renker LLC et al
Assigned to: Judge James L. Robart
Case in other court:  Central District of California, 2:14-cv-6009-
                      ODW-AGR
Cause: 00:0000 Cause Code Unknown

Date Filed: 11/04/2016
Date Terminated: 12/21/2016
Jury Demand: None
Nature of Suit: 890 Other Statutory Actions
Jurisdiction: Federal Question

**Plaintiff**

**Amy Friedman**                        represented by   **Beth E Terrell**
                                                         TERRELL MARSHALL LAW GROUP
                                                         PLLC
                                                         936 NORTH 34TH STREET
                                                         STE 300
                                                         SEATTLE, WA 98103-8869
                                                         206-816-6603
                                                         Fax: 206-319-5450
                                                         Email: bterrell@terrellmarshall.com
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Blythe H Chandler**
                                                         TERRELL MARSHALL LAW GROUP
                                                         PLLC
                                                         936 NORTH 34TH STREET
                                                         STE 300
                                                         SEATTLE, WA 98103-8869
                                                         206-816-6603
                                                         Email: bchandler@tmdwlaw.com
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Jennifer Rust Murray**
                                                         TERRELL MARSHALL LAW GROUP
                                                         PLLC
                                                         936 NORTH 34TH STREET
                                                         STE 300
                                                         SEATTLE, WA 98103-8869
                                                         206-816-6603
                                                         Fax: 206-319-5450
                                                         Email: jmurray@terrellmarshall.com
                                                         *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Judi Miller**                         represented by   **Beth E Terrell**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Blythe H Chandler**
                                                         (See above for address)

WAWD CM-ECF V6.1.1-6.0

*ATTORNEY TO BE NOTICED*

**Jennifer Rust Murray**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Krystal Henry-McArthur**      represented by   **Beth E Terrell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Blythe H Chandler**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jennifer Rust Murray**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Lisa Rogers**      represented by   **Beth E Terrell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Blythe H Chandler**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jennifer Rust Murray**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Guthy-Renker LLC**

**Defendant**

**Wen by Chaz Dean Inc**

V.

**In Re**

**Amazon Services LLC**      represented by   **Vanessa Soriano Power**
*regarding subpoena directed to Amazon*                       STOEL RIVES (WA)
600 UNIVERSITY ST
SUITE 3600
SEATTLE, WA 98101-3197
206-386-7553
Fax: FAX 206-386-7500
Email: vanessa.power@stoel.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/19/2016 | 1 | NON-PARTY AMAZON SERVICES LLC'S MOTION FOR PROTECTIVE ORDER by Attorney Vanessa Soriano Power. (Receipt #: SEA080964). (Attachments: # 1 Attorney List, # 2 Civil Cover Sheet, # 3 Declaration of Vanessa Power, # 4 Exhibit A, # 5 Exhibit B, # 6 Exhibit C, # 7 Exhibit D, # 8 Exhibit E, # 9 Exhibit F, # 10 Exhibit G, # 11 Exhibit H, # 12 Exhibit I, # 13 Exhibit J, # 14 Exhibit K, # 15 PROPOSED Order Granting Non-Party Amazon Services LLC's Motion for Protective Order) Noting Date 11/4/2016, (DJ) (Additional attachment(s) added on 10/20/2016: # 16 E-mail Requesting New Case) (DJ). (Entered: 10/20/2016) |
| 10/20/2016 | 2 | CERTIFICATE OF SERVICE by In Re Amazon Services LLC (Power, Vanessa) (Entered: 10/20/2016) |
| 11/02/2016 | 3 | NOTICE of Appearance by attorney Beth E Terrell on behalf of Plaintiffs Amy Friedman, Krystal Henry-McArthur, Judi Miller, Lisa Rogers. (Terrell, Beth) (Entered: 11/02/2016) |
| 11/02/2016 | 4 | RESPONSE, by Plaintiffs Amy Friedman, Krystal Henry-McArthur, Judi Miller, Lisa Rogers, to 1 MOTION to Quash. (Attachments: # 1 Proposed Order)(Terrell, Beth) (Entered: 11/02/2016) |
| 11/02/2016 | 5 | DECLARATION of William H. Anderson filed by Plaintiffs Amy Friedman, Krystal Henry-McArthur, Judi Miller, Lisa Rogers re 1 MOTION to Quash (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6)(Terrell, Beth) (Entered: 11/02/2016) |
| 11/04/2016 | | **MINUTE ENTRY:** Pursuant to counsels' Response 4 to Motion for Protective Order 1 , case number 2:16-mc-166, originally assigned to the Honorable Robert S. Lasnik, is now assigned a civil case number 2:16-cv-1714 and is reassigned in rotation to the Honorable James L. Robart. All future pleadings must now bear the newly assigned civil cause number. (RE) (Entered: 11/04/2016) |
| 11/04/2016 | | **NOTICE** Pursuant to Fed.R.Civ.P 7.1, Amazon Services LLC must file a Corporate Disclosure Statement by 11/14/2016. (RE) (Entered: 11/04/2016) |
| 11/04/2016 | 6 | REPLY, filed by In Re Amazon Services LLC, TO RESPONSE to 1 MOTION to Quash (Power, Vanessa) (Entered: 11/04/2016) |
| 11/09/2016 | 7 | CORPORATE DISCLOSURE STATEMENT identifying Corporate Parent Amazon.com, Inc. for Amazon Services LLC. Filed pursuant to Fed.R.Civ.P 7.1. Filed by Amazon Services LLC (Power, Vanessa) (Entered: 11/09/2016) |
| 12/05/2016 | | Set/Reset Hearings: Hearing on the motion for protective order (Dkt. #1) set for Tuesday, December 13, 2016 at 11:00 a.m. before Judge James L. Robart. (CC) (Entered: 12/05/2016) |
| 12/06/2016 | | Set/Reset Hearings: Hearing on the motion for protective order set for Tuesday, December 13, 2016 at 11:00 a.m. is RESCHEDULED for Tuesday, December 20, 2016 at 09:00 a.m. before Judge James L. Robart. (CC) (Entered: 12/06/2016) |
| 12/15/2016 | 8 | NOTICE of Appearance by attorney Jennifer Rust Murray on behalf of Plaintiffs Amy Friedman, Krystal Henry-McArthur, Judi Miller, Lisa Rogers. (Murray, Jennifer) (Entered: 12/15/2016) |
| 12/15/2016 | 9 | NOTICE of Appearance by attorney Blythe H Chandler on behalf of Plaintiffs Amy |

| | | Friedman, Krystal Henry-McArthur, Judi Miller, Lisa Rogers. (Chandler, Blythe) (Entered: 12/15/2016) |
|---|---|---|
| 12/15/2016 | | Set/Reset Hearings: The Hearing on the motion for protective order set for Tuesday, December 20, 2016 at 09:00 a.m. is RESCHEDULED to Wednesday, December 21, 2016 at 9:00 a.m. before Judge James L. Robart. (AD) (Entered: 12/15/2016) |
| 12/21/2016 | 10 | MINUTE ENTRY for proceedings held before Judge James L. Robart - Dep Clerk: *Ashleigh Drecktrah*; Pla Counsel: *Beth Terrell and Blythe Chandler*; Non-Party Counsel: *Vanessa Soriano Power*; CR: *Nickie Drury*; **Motion Hearing** held on 12/21/2016. The court hears from plaintiff's counsel and non-party Amazon Services LCC's counsel re: Motion for Protective Order (Dkt. # 1 ) filed by Amazon Services LLC. The motion is denied for the reasons stated on the record. No costs or sanctions imposed. (AD) (Entered: 12/21/2016) |
| 01/04/2017 | 11 | TRANSCRIPT REQUEST by Plaintiffs Amy Friedman, Krystal Henry-McArthur, Judi Miller, Lisa Rogers for proceedings held on 12/21/2016, Requesting Attorney: Beth E Terrell. (Terrell, Beth) (Entered: 01/04/2017) |
| 01/05/2017 | 12 | TRANSCRIPT REQUEST by In Re Amazon Services LLC for proceedings held on 12/21/16, Requesting Attorney: Vanessa Soriano Power. (Power, Vanessa) (Entered: 01/05/2017) |
| 01/11/2017 | 13 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Motion Hearing held on 12/21/2016 before Judge James L. Robart.<br><br>Parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Information regarding the policy can be found on the court's website at www.wawd.uscourts.gov.<br><br>To purchase a copy of the transcript, contact court reporter Nickoline Drury, nickoline_drury@wawd.uscourts.gov, 206-370-8508.<br><br>Release of Transcript Restriction set for 4/11/2017, (ND) (Entered: 01/11/2017) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 05/01/2017 11:43:08 | | |
| **PACER Login:** | Jordanna:4504593:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:16-cv-01714-JLR |
| **Billable Pages:** | 4 | **Cost:** | 0.40 |

# EXHIBIT 2

**William Anderson**

| | |
|---|---|
| **From:** | Amy Davis <adavis@cdbfirm.com> |
| **Sent:** | Saturday, March 11, 2017 11:28 AM |
| **To:** | William Anderson |
| **Cc:** | bwarwick@varnellandwarwick.com; bchristiansen@cdfirm.com |
| **Subject:** | Re: WEN:  Rule 45 Subpoena to Objector Sparks |

Mr. Anderson,

Thank you for the explanation.  It is very helpful. I believe we can provide additional information or otherwise answer your questions without the need for the subpoena.

With regard to Ms. Sparks, we have gathered information from her in support of her Tier 2 claim, including her proof of purchase, proof of economic damages, photos and a video in which she describes in her own words, in her own way how she has been injured by WEN.

We can provide that information and a copy of our engagement letter with her (standard contingency), subject to Plaintiffs' agreement to keep her personal identification information and the letter confidential, making sure those things are not used for any purpose other than the litigation and not disclosed to the public either through redaction or filing under seal.

There is no financial arrangement with Ms. Sparks beyond the engagement agreement. We represent a total of 318 people who will participate in the class action settlement if finally approved. Those 318 clients made that decision based on our work product, attorney-client communication privileged advice. That said, the decision was based generally on our belief that, absent the defects we mentioned in the objection, these 318 clients could be made whole in the class action settlement; our other clients could not.


As you know, the Court prohibited joint objections. So each of the 318 class action clients is relying on the objections asserted on behalf of Ms. Sparks. It just didn't make sense to file 318 briefs making the same objections.

Ms. Sparks is the first client on whose behalf our firm has filed an objection to a proposed class action settlement. I believe there may be some misunderstanding about that fact; we did not file an objection to the Suave 30 Day Keratin Smoothing Kit class action settlement. This is Ms. Sparks' first objection. In fact, I am 99.9% sure she's never before participated in a class action at all. I can confirm that belief.

My hope is that this information will allow you to proceed without the need for the deposition or request for production.

I look forward to hearing from you.

Very best regards,

**Amy E. Davis**
Partner**|**Shareholder
CHRISTIANSEN DAVIS, LLC

Main (214) 838-3501
Toll Free (800)-388-1736

Fax (972) 332-2306
adavis@cdfirm.com

On Mar 10, 2017, at 4:22 PM, William Anderson <wanderson@cuneolaw.com> wrote:

Ms. Davis,
Although the objection does provide your client's name, it provided no other detail, omitting much of the information required by Section 12.C of the settlement agreement.  Among other things, the document requests and deposition will be directed toward ascertaining whether your client is a member of the class (the objection does not indicate, for example, when she purchased WEN, where she purchased it, how long she purchased it for, etc.).  Additionally, the objection does not identify with any specificity what, if any, damages your client sustained.  Similarly, the objection does not identify whether Ms. Sparks has previously objected to other settlements, the nature of your relationship with this client and what, if any, financial or other arrangements have been made with her.  Since it appears that you opted out every single other client you have, counsel also have questions regarding why Ms. Sparks elected to object and not opt out.  All of these topics and others have been repeatedly held to be reasonable subjects for inquiry of an objector.  Your client is attempting to derail a multi-million dollar class settlement that stands to benefit thousands of people without providing any detail about the nature of her claims or her membership in the class.  We take her objection very seriously and believe that she has pertinent and discoverable information.  Your prompt response to each of the topics addressed in my email of this morning would be appreciated.  Alternatively, if your intention is to move to quash the subpoena, we would appreciate knowing that as well so that we can promptly put it before the Court for resolution.
Regards,
Bill

William H. Anderson, Esq.
Cuneo Gilbert & LaDuca, LLP
4725 Wisconsin Avenue, NW
Suite 200
Washington, DC 20016
Phone: 202-789-3960
Fax: 202-789-1813

 Please consider the environment before printing this email.
The information contained in this message may be attorney-client or work-product privileged and should be treated as confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by return e-mail, destroying the original message and any copies.

**From:** Amy Davis [adavis@cdbfirm.com]
**Sent:** Friday, March 10, 2017 4:50 PM
**To:** William Anderson
**Cc:** bwarwick@varnellandwarwick.com; bchristiansen@cdfirm.com
**Subject:** Re: WEN: Rule 45 Subpoena to Objector Sparks

Mr. Anderson,

Before I can answer your questions, may I trouble you for more information about what it is you are seeking by way of the subpoena and deposition? I'm not sure what information would be relevant in response to the objection.

Many thanks,

**Amy E. Davis**
Partner|Shareholder
CHRISTIANSEN DAVIS, LLC

Main (214) 838-3501
Toll Free (800)-388-1736
Fax (972) 332-2306
adavis@cdfirm.com

On Mar 10, 2017, at 2:23 PM, William Anderson <wanderson@cuneolaw.com> wrote:

> Dear Ms. Davis,
>
> We write to inform you that we will be issuing a subpoena duces tecum and ad testificandum for your client, Ms. Sparks.  First, please advise whether you will accept electronic service of the subpoena or whether you will require us to have you formally served.  Second, we would like to work cooperatively with you to identify the location and date most convenient for your client.  But your objection does not provide any information concerning where your client resides.  We are willing to depose her near her home if you provide that information.  Alternatively, we are willing to depose her at or near your office in Dallas.  Finally, we are willing to depose her in Los Angeles if you prefer.  Please advise what days work best for your client the week of April 3 for the deposition.  If we do not hear from you with responses by Monday, March 13, 2017, at 3:00 p.m. Eastern we will choose a date and location (in Los Angeles) and have the subpoena formally served, but, again, it is our hope that we can work together to identify a mutually agreeable date and location.
>
> Regards,
> Bill Anderson
>
>
> William H. Anderson, Esq.
> Cuneo Gilbert & LaDuca, LLP
> 4725 Wisconsin Avenue NW, Suite 200
> Washington, DC 20016
> Phone: 202-789-3960
> Direct: 202-587-5058
> Fax: 202-789-1813
>
>
> The information contained in this message may be attorney-client or work-product privileged and should be treated as confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by return e-mail, destroying the original message and any copies.

The information contained in this message may be attorney-client or work-product privileged and should be treated as confidential information intended only for the use of the individual or

entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by return e-mail, destroying the original message and any copies.

# EXHIBIT 3

# REDACTED – FILED UNDER SEAL

# EXHIBIT 4

# REDACTED – FILED UNDER SEAL

# EXHIBIT 5

# REDACTED – FILED UNDER SEAL

# EXHIBIT 6

**Jordanna Thigpen**

| | |
|---|---|
| **From:** | William Anderson <wanderson@cuneolaw.com> |
| **Sent:** | Monday, May 01, 2017 10:16 AM |
| **To:** | Jordanna Thigpen |
| **Subject:** | Fwd: Bentz 6 of 6 emails. |

Here is the email from Bryce Lenox.

William H. Anderson, Esq.
Cuneo Gilbert & LaDuca, LLP
4725 Wisconsin Avenue NW, Suite 200
Washington, DC 20016
Phone: 202-789-3960
Direct: 202-587-5058
Fax: 202-789-1813

Begin forwarded message:

> **From:** Bryce Lenox <bryce@gileslenox.com>
> **Date:** April 14, 2017 at 10:35:56 AM CDT
> **To:** William Anderson <wanderson@cuneolaw.com>
> **Subject: Re: Bentz 6 of 6 emails.**
>
> You are correct.  I have no representation agreement with her, and she has no prior objections.
>
>
>> On Apr 14, 2017, at 11:20 AM, William Anderson <wanderson@cuneolaw.com> wrote:
>>
>> Thank you, Bryce.  It appears that all the emails came through.  I do not see a representation agreement.  Do you have one?  I also do not see any documents concerning prior objections, is that because Ms. Bentz has not objected before?
>>
>> Please advise.
>>
>> Thank you,
>> Bill
>>
>>
>> William H. Anderson, Esq.
>> Cuneo Gilbert & LaDuca, LLP
>> 4725 Wisconsin Avenue NW, Suite 200

Washington, DC 20016

Phone: 202-789-3960

Direct: 202-587-5058

Fax: 202-789-1813

-----Original Message-----

From: Bryce Lenox [mailto:bryce@gileslenox.com]

Sent: Friday, April 14, 2017 8:38 AM

To: William Anderson <wanderson@cuneolaw.com>

Subject: Bentz 6 of 6 emails.

This has two files attached.

Bryce A. Lenox, Esq.

Giles Lenox

1018 Delta Avenue, Suite 202

Cincinnati, Ohio 45208

Office:  513-815-3853

Direct: 513-520-9829

bryce@gileslenox.com

The information contained in this message may be attorney-client or work-
product privileged and should be treated as confidential information intended only
for the use of the individual or entity named above.  If the reader of this message
is not the intended recipient, or the employee or agent responsible to deliver it to
the intended recipient, you are hereby notified that any dissemination, distribution
or copying of this communication is strictly prohibited.  If you have received this
communication in error, please immediately notify us by return e-mail, destroying
the original message and any copies.

Bryce A. Lenox, Esq.
Giles Lenox
1018 Delta Avenue, Suite 202
Cincinnati, Ohio 45208
Office:  513-815-3853
Direct: 513-520-9829
bryce@gileslenox.com

The information contained in this message may be attorney-client or work-product privileged and should be treated as confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by return e-mail, destroying the original message and any copies.