Neville L. Johnson (SBN 66329)
njohnson@jjllplaw.com
Douglas L. Johnson (SBN 209216)
djohnson@jjllplaw.com
Jordanna G. Thigpen (SBN 232642)
jthigpen@jjllplaw.com
**JOHNSON & JOHNSON, LLP**
439 North Canon Drive, Suite 200
Beverly Hills, California 90210
Telephone: (310) 975-1080

William H. Anderson, (*Pro Hac Vice*)
wanderson@cuneolaw.com
Charles J. LaDuca, (*Pro Hac Vice*)
charles@cuneolaw.com
Michael J. Flannery (SBN 196266)
mflannery@cuneolaw.com
**CUNEO GILBERT & LADUCA, LLP**
507 C Street, NE
Washington, DC 20002
Telephone: (202) 789-3960

Brian W. Warwick, (*Pro Hac Vice*)
bwarwick@varnellandwarwick.com
Janet R. Varnell, (*Pro Hac Vice*)
jvarnell@varnellandwarwick.com
**VARNELL & WARWICK, P.A.**
P.O. Box 1870
Lady Lake, FL 32158
Telephone: (352) 753-8600

*Attorneys for Plaintiffs and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| **AMY FRIEDMAN, JUDI MILLER, KRYSTAL HENRY-MCARTHUR, and LISA ROGERS on behalf of themselves and all others similarly situated,**<br><br>Plaintiffs,<br><br>v.<br><br>**GUTHY-RENKER LLC and WEN BY CHAZ DEAN, INC.,**<br><br>**Defendants.** | Case No. 2:14-cv-06009-ODW-AGR<br><br>**DECLARATION OF NEVILLE L. JOHNSON IN SUPPORT OF UNOPPOSED MOTION OF CLASS COUNSEL FOR ATTORNEYS' FEES AND COSTS AND CLASS REPRESENTATIVES' FEE AWARD IN CLASS ACTION SETTLEMENT**<br><br>Judge: Hon. Otis D. Wright II<br>Motion Date: June 5, 2017<br>Time: 1:30 PM<br>Location: Courtroom 11 |

# DECLARATION OF NEVILLE L. JOHNSON

I, NEVILLE L. JOHNSON, declare as follows:

1. I am an attorney admitted to practice before this Court. Along with my co-counsel, I have been appointed Interim Lead Class Counsel as one of the law firms representing Amy Friedman, Judi Miller, Krystal Henry-McArthur, and Lisa Rogers ("Plaintiffs"), individually and on behalf of all others similarly situated (the "Class") in the class action proceeding against Guthy-Renker, LLC and WEN by Chaz Dean, Inc. ("Defendants"). I make this declaration in support of Class Counsel's Motion for Attorneys' Fees and Costs and Class Representatives' Fee Award as part of the Class Action Settlement. I have personal knowledge of the facts set forth below and, if called as a witness, I could and would competently testify thereto.

**A. Work Performed By Johnson & Johnson LLP In This Matter**

2. My firm served as local counsel for this action and performed many duties as Lead Counsel.

3. In approximately November 2014, my firm was first approached by our co-counsel to serve as Local Counsel. We immediately began work on the opposition to the motion to dismiss and researching and investigating the case and pleadings filed as of that date.

4. We performed extensive work on discovery, including drafting, reviewing, and negotiating complex discovery issues, some of which resulted in additional motion practice with two motions to compel. We prepared for several depositions.

5. **Settlement:** Between January 29, 2016-March 31, 2016, myself and members of my firm participated in four separate all-day mediation sessions with counsel for Defendants Guthy-Renker and Wen by Chaz Dean, Inc. ("Defendants"), and Plaintiffs Amy Friedman, Judi Miller, Krystal Henry McArthur, and Lisa

1

Rogers, as well as nearly one dozen additional counsel for various insurance companies associated with Defendants. Both before and during the mediation sessions, we participated in drafting briefs for Judge Lichtman, who served as the mediator, as well as negotiating and discussing finer points of the settlement with co-counsel.

6. Settlement of this matter was one of the more complex cases I have ever worked on. Each side fought very hard for their respective positions. It repeatedly appeared as if the Parties would not reach agreement. Finally the parties adjourned, having made significant progress on the settlement, and we were not far apart. Ultimately, we decided to accept Judge Lichtman's mediator's proposal on April 29, 2016. Thereafter, the parties held a two-day in-person meeting in Los Angeles on May 9-10, 2016 to finalize the settlement, respond to a variety of confirmatory discovery, and work to reduce the Settlement Agreement to writing.

7. At all times our negotiations with Defendants were non-collusive and conducted at arms-length.

**B. Johnson & Johnson LLP's Experience, Qualifications and Views on the Verdict**

8. The attorneys at Johnson & Johnson LLP have represented a wide range of clients in complex litigation.

9. I have been practicing law in Southern California since 1975. Throughout my career, I have been involved in litigating, trying and settling dozens of entertainment and consumer class action cases in California and elsewhere. My hourly rate is $900 which is commensurate with the level of skill and experience an attorney with over 40 years of work product has. My history and biography supporting this rate is more fully set out in my Firm's Biography, which was submitted with and attached to my previous Declaration in support of our Motion for Preliminary Approval of Class Action Settlement, and which also

reflects the experience and accomplishments of the firm and the attorneys working on this case. This firm resume reflects that the attorneys in this case from my firm have successfully adjudicated some of the largest and most important class action lawsuits in the United States entertainment business.

10. Johnson & Johnson LLP attorneys have extensive experience in the litigation, trial, and settlement of other complex class action cases as well. Some of the significant entertainment and consumer class action cases in which Johnson & Johnson LLP attorneys have served as Class Counsel or had prominent roles include the following cases:

a. *Fears v. Wilhelmina, et. al.*, Case No. 02-CV-4911 (S.D.N.Y.). We pioneered a class action lawsuit against the major New York model agencies (including Ford Models, Elite, Wilhelmina) on behalf of thousands of New York models for conspiring to fix model commissions and other terms in violation of the Sherman Antitrust Act. The matter resulted in an approximate $25 million recovery for the models, including substantial reforms in the manner in which model agencies can operate. Published Decisions: *Fears v. Wilhelmina Model Agency, Inc.*, 2005 WL 1325297 (S.D.N.Y. Jun 06, 2005); *Fears v. Wilhelmina Model Agency, Inc.*, 2004 WL 594396, 2004-1 Trade Cases P 74,351 (S.D.N.Y. 2004); *Fears v. Wilhelmina Modeling Agency, Inc.*, 61 Fed. R. Evid. Serv. 1451 (S.D.N.Y. 2003). We were co-lead counsel in the case.

b. *Ory. v. Columbia House Music Club*, U.S. District Court for the Central District of California, Case No. CV02-2342SJO. We brought a class action lawsuit for copyright infringement against record clubs, Columbia House and BMG Direct, as a result of their 30 year practice of paying composers of musical compositions only 75% of the publishing royalties they are statutorily entitled. The matter was successful (despite that a nearly

identical action was dismissed by the courts 10 years earlier), resulting in a $6.5 million settlement for composers as well as industry reforms preventing this conduct in the future. We were co-lead counsel in the case.

      c.    *Webb v. Directors Guild of America, Inc.*, Los Angeles Superior Court, Case No. BC352621. Class action for breach of contract and conversion was certified and settled which caused over $5 million dollars of unpaid royalties to be paid out to all the members of the guild. We were sole counsel.

      d.    *Osmond v. Screen Actors Guild, Inc.*, Los Angeles Superior Court, Case No. BC377780. Class action for money had and received and conversion was certified and settled for tens of millions of dollars in unpaid royalties to be paid to the members of the guild. We were lead counsel in the case.

      e.    *Richert v. Writers Guild of America West, Inc.*, Los Angeles Superior Court, Case No. BC352621. Class action for money had and received and conversion was certified in 2010. The case settled for one hundred million dollars in unpaid foreign royalties to all members of the guild. We were lead counsel.

      f.    *Martha Davis, as assignee of "The Motels," v EMI Group Limited*, United States District Court, Northern District Of California, San Francisco Division, Case No. 4:12-cv- 01602-YGR. We represented two of the plaintiffs in this class action, which recently settled for $11.5 million and an increase in royalties.

      g.    *In Re: Warner Music Group Corp. Digital Downloads Litigation*, United States District Court, Northern District Of California, San Francisco Division, Case No. 12-CV-0559-RS. We represented a lead

plaintiff, which recently settled for $11.5 million, with an increase in royalties.

11.  Douglas L. Johnson, my partner, is an accomplished trial attorney with whom I have worked since 1998, when he started as a clerk. We have personally settled many class actions in California and in other states.

12.  Jordanna G. Thigpen, a senior counsel in the Johnson & Johnson LLP, assisted greatly with this case. She has been with my firm since April 2015. Before Ms. Thigpen was with my firm, I knew her to have an outstanding reputation as a rising star in the trial lawyer community. Before joining my firm, Ms. Thigpen worked at an exceptional plaintiff's firm, Cotchett, Pitre & McCarthy, LLP, with whom I have had a personal and professional relationship with for many years. Ms. Thigpen is very highly regarded as an excellent and skilled attorney who displays tenacity plus professionalism and integrity. Since Ms. Thigpen joined my firm, I can see why she developed such an outstanding reputation as a litigator. She is a very skilled and experienced litigator who practices at a level beyond her years of experience. In the last year Ms. Thigpen and I have worked on several cases together, including this one, and I have seen firsthand the exceptional skill, talent, and abilities she brings into the courtroom. During this case, she was primarily responsible for assisting with motion practice and assorted filings and was indispensable as she personally researched and located our expert and handled communications with him on behalf of my firm. Her hourly rate of $600 is more than reasonable considering her skill and the Los Angeles market.

13.  During the nearly three years this case was pending, we had other associates who worked on the case, and did much of the "heavy lifting," the tedious meet and confer, document review and motion practice. I supervised these attorneys during their employment at Johnson & Johnson LLP and directed their activities along with Douglas Johnson. The vast majority of their tasks were related

to discovery and trial preparation for the first trial. Those associates' hourly rates are highly reasonable and comparable to that of other associates in the Los Angeles market.

14. The overwhelming majority of my practice involves providing legal services on a contingency fee basis. However, I do sometimes charge clients by the hour for discrete matters and my current rate is $900, and $1100 if the hourly billing is deferred until the case is settled or completed. While the overwhelming majority of my practice is contingency-based, this is the actual rate I charge billing clients if retained on an hourly basis to handle entertainment-related litigation issues or matters of similar complexity. Based on my familiarity with prevailing market rates for work of similar complexity in the Southern California market including specifically the Los Angeles market, I can attest that this hourly rate is within the prevailing market rate for work of similar complexity performed by attorneys of similar skill and experience in both the Southern California market generally and the Los Angeles market specifically.

15. I have extensive knowledge of the prevailing hourly rates in the community for work of similar nature and complexity to the work in this case. This knowledge includes knowledge of the Southern California market generally and the Los Angeles market specifically. My experience and knowledge in this regard comes from a variety of sources, including: (a) my own work in fee applications in other matters; (b) my assistance to other attorneys in their fee applications; (c) my independent research and knowledge of the prevailing market rates based on fee requests of other counsel and my familiarity with rates charged in other law firms; and (d) my independent reading and research regarding law firm billing rates. I also make it my practice to maintain cordial relationships with both other plaintiff's counsel and defense counsel who practice consumer class action law in a variety of settings. Consequently, I am quite familiar with what

attorneys in California generally and Los Angeles County specifically charge their clients for fees in matters like this one.

16. I made my most recent request for attorneys' fees in a class action in August 2016. My hourly rate in that case was $920, along with a multiplier of 3.39 on top of that.

17. We set our firm's hourly rates consistent with the rates charged by high-end law firms given my firm's skill and reputation in the areas in which we practice. In other words, we set our firm's rates consistent with those firms whom we believe provide comparable quality legal services such as the firms noted above. As set forth above, my personal qualifications command a higher-end of the spectrum billing rate for the type of cases we handle and indeed, we are often litigating and trying cases to successful conclusions among pre-eminent defense firms, including, just in the past year, Venable, Gibson Dunn, McGuire Woods, Irell & Manella, O'Melveny and Myers, Greenberg Traurig, Loeb & Loeb, Munger Tolles & Olson, Mitchell Silberberg & Knupp, and Kendall Brill & Kelly, among many others (and often times at any given time more than one case against such firms). Likewise, we typically hire attorneys at my firm, and engage co-counsel, who also have a demonstrated record of success and possess a high level of skill. Based on my familiarity with the prevailing market rates for work of similar complexity to the work performed in this case, including within the Los Angeles market, it is my opinion that the rates sought in this case by my firm and my co-counsel are reasonable and in line with the prevailing market rate for similar services in both Southern California generally and Los Angeles specifically. We pay our attorneys what the going rates are for associates at top firms.

18. My hours and those of the other lawyers in this case were placed into our billing system contemporaneously with the work done. The hours, a total lodestar of 740.1 hours at $455,175, are as follows:

| Timekeeper | Dispositive Motion Practice | Discovery and Discovery Motion Practice | Settlement, Mediation and Confirmatory Discovery | Final Approval, Objector Discovery and Claims Administration | Total Hours | Hourly Rate | Totals |
|---|---|---|---|---|---|---|---|
| Date Range | 11/4/2014-2/27/15 | 2/28/15-9/24/15 | 9/25/15-10/28/16 | 10/29/16-5/1/17 | | | |
| N. Johnson | 3.2 | 74.90 | 50.10 | 3.70 | 131.9 | $900 | $118,710 |
| D. Johnson | .5 | 31.3 | 54.0 | | 85.8 | $750 | $64,350 |
| J. Thigpen | | 61.5 | 128.20 | 105.5 | 295.2 | $600 | $177,120 |
| F. Nourian | | | 16.7 | 57.5 | 74.2 | $350 | $25,970 |
| B. Murray | 7.4 | 144.6 | | | 152 | $450 | $68,400 |
| J. Ryan | | 1.0 | | | 1 | $625 | $625 |
| Totals | 11.1 | 313.3 | 249 | 166.7 | 740.1 | | $455,175 |

19. With dozens of depositions, hundreds of written discovery requests, many thousands of pages of documents to review, witnesses and experts to interview, extensive pre-trial motion work, settlement, class member communications, and extensive post-settlement motion work, this case has occupied and enormous amount of my firm's professional time since November of 2014. I performed all of this work on contingency and was prevented from taking on other work as a result, but it was important to get resolution for these claims which affect so many millions of individuals. We also have costs involving messenger charges and photocopying of the relevant briefs that we filed and sent to the court as courtesy copies, in the amount of $823.

20. I have personally reviewed my contemporaneous time records and those for the other attorneys at my firm that I supervise, and if anything, it actually understates the time spent on this case. This time is current as of April 30, 2017 and time incurred after such date will be claimed by supplemental filing. I have determined from this review that all the time set forth was actually and reasonably spent in securing the successful result in this hard-fought case. I have exercised

billing judgment by not recording the time spent on all administrative or semi-clerical tasks, or on tasks that were duplicative or not sufficiently productive, and often on phone calls, internal discussions within the office, or shorter emails.

21. My firm nearly always takes on matters on a contingency fee basis, because my clients could not otherwise afford to litigate their claims. All contingency fee matters involve significant risk and as a result I am very selective about which cases I decide to take on. My firm also typically fronts litigation costs for my client (as it did for Plaintiffs here) at considerable expense and risk, as well. Let's be real: we had to advance after tax dollars and front an enormous overhead (three lawyers at any given time, two paralegals, a bookkeeper and law clerks) to prepare and litigate this case. The current interest rate used by the courts in California is ten percent. Obviously, we had significant "loss of use" of the monies, which, for example, could have been used for investment purposes.

22. Contingent fee cases present the very real possibility of working for hundreds or, as in the present case, thousands, of hours and never being consummated for that time. My firm also incurred hundreds of thousands of dollars of out-of-pocket expenses throughout the duration of this case and faced the risk of never recovering these costs if Plaintiffs had not proposed to settle this action. Therefore, it is my belief and my experience that an enhancement of my hourly rate by a factor of at least 2.04 is warranted to make the fees recovered in this case commensurate with the risk involved.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed in Beverly Hills, California.

**Dated**:        May 1, 2017_____        **By:**    s/ Neville L. Johnson
                                                            Neville L. Johnson

## **ATTESTATION RE: SIGNATURES**

     I, Jordanna G. Thigpen, am the ECF User who is filing the Declaration of Neville L. Johnson in support of Plaintiffs' Notice of Motion and Unopposed Motion for Attorneys' Fees and Costs and Class Representatives' Fee Awards in Class Action Settlement and Motion for Final Approval of Class Action Settlement. I attest that all other signatories listed, and on whose behalf the filings are being submitted, concur in the content of such filings and have authorized the filing of such documents.

DATED: May 1, 2017            **JOHNSON & JOHNSON LLP**

                                             /s/ Jordanna G. Thigpen
                                             Neville L. Johnson (SBN 66329)
                                             njohnson@jjllplaw.com
                                             Douglas L. Johnson (SBN 209216)
                                             djohnson@jjllplaw.com
                                             Jordanna G. Thigpen (SBN 232642)
                                             jthigpen@jjllplaw.com
                                             439 North Canon Drive, Suite 200
                                             Beverly Hills, California 90210
                                             Telephone: 310.975.1080
                                             Facsimile: 310.975.1095