Neville L. Johnson (SBN 66329)
njohnson@jjllplaw.com
Douglas L. Johnson (SBN 209216)
djohnson@jjllplaw.com
Jordanna G. Thigpen (SBN 232642)
jthigpen@jjllplaw.com
**JOHNSON & JOHNSON, LLP**
439 North Canon Drive, Suite 200
Beverly Hills, California 90210
Telephone: (310) 975-1080

William H. Anderson, (*Pro Hac Vice*)
wanderson@cuneolaw.com
Charles J. LaDuca, (*Pro Hac Vice*)
charles@cuneolaw.com
Michael J. Flannery (SBN 196266)
mflannery@cuneolaw.com
**CUNEO GILBERT & LADUCA, LLP**
4725 Wisconsin Avenue, NW, Suite 200
Washington, DC 20016
Telephone: (202) 789-3960

Brian W. Warwick, (*Pro Hac Vice*)
bwarwick@varnellandwarwick.com
Janet R. Varnell, (*Pro Hac Vice*)
jvarnell@varnellandwarwick.com
**VARNELL & WARWICK, P.A.**
P.O. Box 1870
Lady Lake, FL 32158
Telephone: (352) 753-8600

*Attorneys for Plaintiffs and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| **AMY FRIEDMAN, JUDI MILLER, KRYSTAL HENRY-MCARTHUR, and LISA ROGERS on behalf of themselves and all others similarly situated,**<br><br>Plaintiffs,<br><br>v.<br><br>**GUTHY-RENKER LLC and WEN BY CHAZ DEAN, INC.,**<br><br>**Defendants.** | Case No. 2:14-cv-06009-ODW-AGR<br><br>**DECLARATION OF WILLIAM H. ANDERSON IN SUPPORT OF UNOPPOSED MOTION OF CLASS COUNSEL FOR ATTORNEYS' FEES AND COSTS AND CLASS REPRESENTATIVES' FEE AWARD IN CLASS ACTION SETTLEMENT**<br><br>Judge: Hon. Otis D. Wright II<br>Motion Date: June 5, 2017<br>Time: 1:30 PM<br>Location: Courtroom 11 |

# DECLARATION OF WILLIAM H. ANDERSON

I, WILLIAM H. ANDERSON, declare as follows:

1. I am a partner with Cuneo Gilbert & LaDuca, LLP ("CGL"), a law firm headquartered in Washington, D.C. Along with my co-counsel, I have been appointed Interim Lead Class Counsel as one of the law firms representing Amy Friedman, Judi Miller, Krystal Henry-McArthur, and Lisa Rogers ("Plaintiffs"), individually and on behalf of all others similarly situated (the "Class") in the class action proceeding against Guthy-Renker, LLC and WEN by Chaz Dean, Inc. ("Defendants"). I make this declaration in support of Class Counsel's Motion for Attorneys' Fees and Costs and Class Representatives' Fee Award as part of the Class Action Settlement. I have personal knowledge of the facts set forth below and, if called as a witness, I could and would competently testify thereto.

**Work Performed By CGL In This Matter**

2. My firm has been involved in all aspects of this litigation.

3. **Origination:** We researched the factual basis for the claims advanced; formulated and researched the legal theories for relief, and conducted factual and legal research in support of those claims. Along With my co-counsel, CGL drafted the *Friedman* action, which was the first action in the nation challenging advertising and claims of hair loss against Defendants related to the WEN haircare line. Following drafting of the original complaint, we prepared first, second and third amended complaints, and briefed the motion to dismiss and compel arbitration.

4. **Discovery:** We performed extensive work on discovery. As set forth in the Joint Declaration we prepared and served numerous requests for admission, requests for production of documents and interrogatories. We also reviewed thousands of pages of discovery responses from Defendants, including, among other things, a multitude of formulas for the products at issue, consumer complaints, and various health and ingredient studies for the products. Similarly, we responded to

extensive discovery served on Plaintiffs Friedman and Miller. We also consulted with experts in dermatology, epidemiology and consumer behavior research. I took the depositions of three defendant representatives, two pertaining to customer service and a microbiologist employed in-house by Guthy-Renker. We drafted various documents relating to, reviewed, and negotiated complex discovery issues, some of which resulted in additional motion practice with two motions to compel. We also prepared for the depositions of Named Plaintiffs Friedman and Miller.

5. **Settlement:** Between January 29, 2016-March 31, 2016, I participated in four separate all-day mediation sessions with counsel for Defendants Guthy-Renker and Wen by Chaz Dean, Inc. ("Defendants"), and Plaintiffs Amy Friedman, Judi Miller, Krystal Henry McArthur, and Lisa Rogers, as well as nearly one dozen additional counsel for various insurance companies associated with Defendants. Both before and during the mediation sessions, we participated in drafting briefs for Judge Lichtman, who served as the mediator, as well as negotiating and discussing finer points of the settlement with co-counsel.

6. Settlement of this matter was complex. Each side fought very hard for their respective positions. It repeatedly appeared as if the Parties would not reach agreement. Finally the parties adjourned, having made significant progress on the settlement, and we were not far apart. Ultimately, we decided to accept Judge Lichtman's mediator's proposal on April 29, 2016. Thereafter, the parties held a two-day in-person meeting in Los Angeles on May 9-10, 2016 to finalize the settlement, respond to a variety of confirmatory discovery, and work to reduce the Settlement Agreement to writing.

7. At all times our negotiations with Defendants were non-collusive and conducted at arms-length.

8. Our Firm participated in the drafting of settlement papers and the motion for preliminary approval, and I argued on behalf of the Plaintiffs at the

preliminary approval hearing. After notice was disseminated, our Firm responded to hundreds of requests for information and questions related to the settlemend and claim process, and discussed the objections we received with defense counsel. I also took the depositions of three objectors to the Settlement.

**CGL's Experience, Qualifications and Views on the Settlement**

9. I am admitted to the state bars of Pennsylvania, Colorado and the District of Columbia, as well as the United States Court of Appeals for the D.C. Circuit, and the United States District Courts for Colorado and Washington, D.C.

10. I have been named by Super Lawyers as a Rising Star in consumer protection law for the last four years running.

11. I have lectured on class action litigation tactics and strategy and have worked almost exclusively on complex class action litigation for more than a decade.

12. The attorneys at CGL have represented a wide range of clients in complex litigation. My firm has litigated cases that are national and international in scope and has represented a diverse array of clients, including individuals, businesses, state and local governments, public interest organizations, and unions. Along with my firm, I have served as counsel in a number of significant cases including:

- *True v. American Honda Motor Co.*, (Case No. 07-cv-00287, C.D. Cal.) At just 27 years old I conceived of and filed this first-of-its-kind class action regarding fuel efficiency and battery issues in Honda Civic Hybrid vehicles and successfully argued the motion to dismiss against a named partner at an 850 lawyer, prominent national law firm. I served as class counsel in the lawsuit, which, after several years of contentious litigation, produced a settlement with actual cash benefits realized of well over $50 million.

- *In re Global Concepts Limited, Inc.*, (Case No. 12-cv-23064, S.D. Fla.) I served as co-lead counsel in this litigation concerning more than three million falsely advertised pest control devices. Along with co-counsel, we negotiated a nationwide settlement providing full

3

DECLARATION OF WILLIAM ANDERSON IN SUPPORT OF FINAL APPROVAL

refunds to class members. The settlement was finally approved from the bench without the filing of a single objection.

- *In re LivingSocial Marketing & Sales Practice Litig.*, (Case No. 11-mc-00472, D.C.D.C.) This litigation challenged the expiration dates included on LivingSocial gift certificates. CGL was co-lead counsel in the MDL, which ultimately settled for $7.5 million in cash.

- *Mirabella v. Rue La La, Inc.*, (Case No. 13-cv-11392, U.S.D.C. Mass.) This litigation challenged expiration dates on gift cards issued by Rue La La. CGL served as lead counsel in the litigation. The settlement offered a full credit for all money expended on eligible expired and unredeemed gift cards. Final approval was granted and not a single objection was filed.

- *In re Enron Corp. Sec. Litig.*, (Case No. H-01-3624, S.D. Tex.) CGL worked as Washington Counsel in this litigation resulting in over $7 billion recovery, the largest recovery in a securities fraud action in history.

- *Galanti, et al. v. The Goodyear Tire & Rubber Company*, (Case No. 03-cv-209, D.N.J.) $340+ million recovery on behalf of homeowners who purchased allegedly defective radiant heating systems. Significantly, in my firm's role as lead counsel, we brought together over 20 law firms in three factions over a year and a half to forge a bi-national global settlement that was approved from the bench.

- *Sloan v. United States*, (Case No. 06-483, U.S.D.C.D.C.) This litigation involved the illegal collection of taxes on long-distance telephone service by the IRS. After the filing of the case, the IRS acknowledged the inapplicability of the tax and established a program that has returned more than $8 billion dollars to American taxpayers (albeit through unilateral action, not through a settlement). My firm served as co-lead counsel in the MDL.

- *In re: Certainteed Corporation Roofing Shingles Products Liability Litigation*, (Case No. 2:07-md-01817, E.D.PA.) My firm served as co-lead counsel in CertainTeed's defective organic shingles litigation, an MDL that secured a settlement valued at more than $700 million.

- *Davitt v. American Honda Motor, Co.*, (Case No. 2:13-cv-00381, D.N.J.) This case concerned allegedly defective lock actuators in

Honda CR-V vehicles manufactured over a multi-year period. I served as class counsel in the action which yielded an excellent warranty extension and full reimbursement of parts and labor for prior repairs. The Court granted approval from the bench in May 2015.

- *Precht v. Kia Motors America*, (Case No. 14-cv-01148, C.D. Cal.) I served as lead counsel in this litigation alleging that Kia sold thousands of Kia Sportage vehicles with defective brake switches. After a year of aggressively litigation this case, *Kia* issued a nationwide recall to provide repair and replacement of all proposed class vehicles, as well as reimbursement for out of pocket expenses incurred by the proposed class.

- *Gornstein v. TimberTech*, (Case No. 1:14-cv-12409 D.C. Mass) I serve as co-lead counsel in this action alleging a defect in certain decking manufactured by TimberTech. My firm filed the first class action in the nation concerning this defect. After protracted negotiations, a settlement providing free replacement decking and a $4.50 per square foot labor reimbursement was granted final approval in late 2016.

- *Hadley v. Subaru of America, Inc.,* (Case No. 15-cv-7210) I served as lead counsel in this action concerning a defect related to the hood latch assembly of the Subaru Tribeca, which causes the hood to fly open unexpectedly at highway speeds, smashing the windshield, obstructing the driver's view and causing substantial risk of accidents. After six months of litigation, Subaru agreed to issue an international recall to address the defect at no cost to claimants

13. I am currently litigating numerous class actions across the United States—many of which are first of their kind cases in which I developed, along with co-counsel, the legal theories underpinning the cases. Just a few examples include:

- *Larsen v. Vizio*, (Case No. 14-cv-01865, C.D. Cal.) In this first of its kind action in the United States, I am co-lead counsel in a case

5

DECLARATION OF WILLIAM ANDERSON IN SUPPORT OF FINAL APPROVAL

challenging representations concerning refresh rates in certain high definition televisions manufactured and sold by Vizio.

- *Ardon v. City of Los Angeles*, (Case No. BC363959) I serve as class counsel in this case challenging the improper collection of telephone taxes by the City of Los Angeles. Approval has been granted to the settlement, which includes the establishment of a settlement fund of $92,500,000.

- *Noble v. Samsung Electronics America, Inc.*, (Case No. 15-cv-3713 D.N.J.) I serve as lead counsel in this action alleging that the Samsung Gear S watch fails—in striking fashion—to meet the battery life claims made by Samsung. After defeating a motion to dismiss and compel arbitration, Samsung appealed to the Third Circuit. Following oral argument, on March 27, 2017, the Third Circuit affirmed the trial court's ruling.

- *Orshan v. Apple*, (Case No. 5:14-cv-05659 N.D. Cal.) I developed, drafted and filed this first of its kind class action concerning the storage capacity of Apple devices and alleged improper and opportunistic sales techniques utilized by Apple. This case is pending in the Northern District of California.

14. The chart attached hereto as **Exhibit A** is a summary of time spent by the attorneys of my firm on this litigation, and the lodestar calculation based on my firm's current billing rates. The chart includes the name of each attorney and staff member who has worked on the matter, the current hourly billing rate and the hours expended by each attorney. The chart was prepared from contemporaneous time records prepared by my firm, which are available for submission to the Court at its request.

15. The chart attached hereto as **Exhibit B** is a detailed summary of the expenses spent by my firm on this litigation.

16. The Total number of hours spent on this litigation against Defendants by my firm from the inception of the case through April 30, 2017, is 2,273.85 hours. The total lodestar for attorney and paralegal time based on the firm's current rates is $1,330,927.50.

DECLARATION OF WILLIAM ANDERSON IN SUPPORT OF FINAL APPROVAL

17. The hourly rates in the chart, **Exhibit A**, are the same rates which my firm utilizes in all of its non-contingent matters and/or which have been accepted and approved in other complex contingent class action litigation.

18. In addition, my firm spent $44,182.62 in expenses related to expert and court costs.

19. We set our firm's hourly rates consistent with the rates charged by similarly sophisticated and experienced law firms given my firm's skill and reputation in the areas in which we practice. In other words, we set our firm's rates consistent with those firms whom we believe provide comparable quality legal services such as the firms noted above. With numerous depositions, scores of written discovery requests, many thousands of pages of documents to review, witnesses and experts to interview, extensive pre-trial motion work, settlement, class member communications, and extensive post-settlement motion work, this case has occupied an enormous amount of my firm's professional time since its inception. We performed all of this work on contingency and were prevented from taking on other work as a result, but it was important to get resolution for these claims that impact so many individuals.

20. I have personally reviewed my contemporaneous time records and if anything, it actually understates the time spent on this case. This time is current as of April 30, 2017, but it does not include the time and expenses that will be incurred to prepare for and attend the final approval, nor any of the time and expenses that will be incurred in any additional litigation that is required after the final approval hearing. I have determined from this review that all the time set forth was actually and reasonably spent in securing the successful result in this hard-fought case. I have exercised billing judgment by not recording the time spent on all administrative or semi-clerical tasks, or on tasks that were duplicative

or not sufficiently productive, and often on phone calls, internal discussions within the office, or shorter emails.

21. My firm nearly always takes on matters on a contingency fee basis, because my clients could not otherwise afford to litigate their claims. All contingency fee matters involve significant risk and as a result we are very selective about which cases we decide to take on. My firm also typically fronts litigation costs for my client (as it did for Plaintiffs here) at considerable expense and risk, as well. CGL was required to advance after tax dollars and front substantial overhead (three lawyers at any given time, two paralegals, a bookkeeper and law clerks) to prepare and litigate this case.

22. Contingent fee cases present the very real possibility of working for hundreds or, as in the present case, thousands, of hours and never being compensated for that time. My firm also incurred substantial out-of-pocket expenses throughout the duration of this case and faced the risk of never recovering these costs if Plaintiffs had not proposed to settle this action. Therefore, it is my belief that the requested enhancement of Class Counsels' fee is appropriate and commensurate with the risk involved.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed in Boulder, Colorado.

**Dated**: May 1, 2017_____        **By:**   /s/ William Anderson
                                                   William Anderson

DECLARATION OF WILLIAM ANDERSON IN SUPPORT OF FINAL APPROVAL

## ATTESTATION RE: SIGNATURES

I, Jordanna G. Thigpen, am the ECF User who is filing the Declaration of William H. Anderson in support of Class Counsel's Notice of Motion and Unopposed Motion for Attorneys' Fees and Costs and Class Representatives' Fee Awards in Class Action Settlement. I attest that all other signatories listed, and on whose behalf the filings are being submitted, concur in the content of such filings and have authorized the filing of such documents.

DATED: May 1, 2017          **JOHNSON & JOHNSON LLP**

/s/ Jordanna G. Thigpen
Neville L. Johnson (SBN 66329)
njohnson@jjllplaw.com
Douglas L. Johnson (SBN 209216)
djohnson@jjllplaw.com
Jordanna G. Thigpen (SBN 232642)
jthigpen@jjllplaw.com
439 North Canon Drive, Suite 200
Beverly Hills, California 90210
Telephone: 310.975.1080
Facsimile: 310.975.1095

DECLARATION OF WILLIAM ANDERSON IN SUPPORT OF FINAL APPROVAL

# EXHIBIT A

**Exhibit A--Wen Haircare Products Litigation: Cuneo Gilbert & LaDuca, LLP**

| | Pre-Suit Investigation and Complaint, and First Amended Complaint | Segment Total | Dispositive Motion Practice | Segment Total | Discovery and Discovery Motion Practice | Segment Total | Settlement, Mediation and Confirmatory Discovery | Segment Total | Final Approval, Objector Discovery and Claims Administration | Segment Total | Total Time | Total Fees |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Date Range | 7/1/2014-11/3/2014 | | 11/4/2014-2/27/15 | | 2/28/15-9/24/15 | | 9/25/15-10/28/16 | | 10/29/16-4/30/17 | | | |
| JonathanCuneo ($895) | | | | | | | 5.00 | $4,475.00 | | | **5.00** | **$4,475.00** |
| Charles LaDuca ($695) | | | | | 6.00 | $4,170.00 | 37.00 | $25,715.00 | | | **43.00** | **$29,885.00** |
| Michael Flannery ($775) | 15.00 | $11,625.00 | 16.50 | $12,787.50 | 75.75 | $58,706.25 | 55.50 | $43,012.50 | 21.00 | $16,275.00 | **183.75** | **$142,406.25** |
| William Anderson ($650) | 83.75 | $54,437.50 | 42.25 | $27,462.50 | 399.25 | $259,512.50 | 717.25 | $466,212.50 | 341.00 | $221,650.00 | **1,583.50** | **$1,029,275.00** |
| Alexandra Warren ($650) | | | | | | | | | 7.50 | $4,875.00 | **7.50** | **$4,875.00** |
| Taylor Asen ($550) | 0.25 | $137.50 | 12.00 | $6,600.00 | 71.75 | $39,462.50 | 14.60 | $8,030.00 | | | **98.60** | **$54,230.00** |
| Matthew Prewitt ($550) | | | | | | | 9.00 | $4,950.00 | | | **9.00** | **$4,950.00** |
| Beatrice Yakubu ($550) | | | | | 19.25 | $10,587.50 | | | | | **19.25** | **$1,237.50** |
| Peter Gil-Montllor ($500) | | | | | | | | | 0.75 | $375.00 | **0.75** | **$375.00** |
| Ben Elga ($450) | | | | | | | 2.75 | $1,237.50 | | | **2.75** | **$1,237.50** |
| Tim Powell ($225) | 0.75 | $168.75 | 1.00 | $225.00 | 0.25 | $56.25 | | | | | **2.00** | **$450.00** |
| Melisa Azak ($175) | | | | | | | 12.50 | $2,187.50 | 53.50 | $9,362.50 | **66.00** | **$11,550.00** |
| Nadia Belkin ($175) | 3.75 | $656.25 | 1.25 | $218.75 | 62.75 | $10,981.25 | 155.50 | $27,212.50 | | | **223.25** | **$39,068.75** |
| Ally Peck ($175) | | | | | | | 9.50 | $1,662.50 | 0.25 | $43.75 | **9.75** | **$1,706.25** |
| Marie Schenk ($175) | 9.25 | $1,618.75 | 1.00 | $175.00 | 3.75 | $656.25 | 12.75 | $2,231.25 | | | **26.75** | **$4,681.25** |
| Billy Czerwinski ($175) | | | | | | | 3.00 | $525.00 | | | **3.00** | **$525.00** |
| **TOTALS** | **112.75** | **$68,643.75** | **74.00** | **$47,468.75** | **638.75** | **$384,132.50** | **1,034.35** | **$587,451.25** | **424.00** | **$252,581.25** | **2,283.85** | **$1,330,927.50** |

# EXHIBIT B

## Exhibit B--WEN Haircare Products:  Expenses

## Expense Report

Firm:   Cuneo Gilbert & LaDuca, LLP
Time Period:   July 2014 thru April 28, 2017

|  | Current Expenses | Cumulative Expenses |
|---|---|---|
| Assessments |  |  |
| Court Reporters/Videos/Transcripts/Publications |  | $   11,915.77 |
| Duplicating |  | $          33.03 |
| Meals, Hotels and Transportation |  | $   13,807.28 |
| Messenger.Express Mail, Postage, SendGrid Email |  | $     1,786.29 |
| Secretarial Overtime |  |  |
| Telephone, Facsimile, Internet |  | $     1,582.26 |
| Westlaw/Lexis-Nexis/PACER research |  | $     1,520.98 |
| Expert Fees |  | $   10,912.50 |
| Filing Fees/Process Service |  | $     2,491.60 |
| Medical Records |  | $        132.91 |
| Total | $            - | $   44,182.62 |