GRAHAM L. NEWMAN (*pro hac vice* application pending)
Email: gnewman@csa-law.com
CHAPPELL, SMITH & ARDEN, P.A.
2801 Devine Street, Suite 300
Columbia, South Carolina 29205
Telephone: (803) 929-3600
Facsimile: (803) 929-3604

JAIME E. MOSS (SBN 285761)
Email: moss@lenzelawyers.com
LENZE MOSS, PLC
1300 Highland Avenue, Suite 207
Manhattan Beach, California 90266
Telephone: (310) 322-8800
Facsimile: (310) 322-8811

Attorneys for Petitioner

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMY FRIEDMAN, ET AL., <br><br> Plaintiffs, <br><br> vs. <br><br> GUTHY-RENKER, LLC, ET AL., <br><br> Defendants. | Case No.: 2:14-cv-06009-ODW-AGR <br><br> **PETITION TO OPT OUT OF SETTLEMENT** |

## INTRODUCTION

Petitioner Barbara Scott, a putative class member in the above-styled action, petitions this Court to permit her to opt out of any settlement pending in this matter. "Federal Rules permit a district court to extend an opt out period or grant relief from a judgment … and … the Ninth Circuit has recognized that the district court has

discretion to extend a class member's time to opt out." <u>Silber v. Mabon</u>, 18 F.3d 1449, 1454 (9th Cir. 1994). Petitioner Barbara Scott has communicated her request to the settlement administrator to opt out of the pending settlement (albeit one business day late), has been included in the list of "opt outs" on file with the Court, and will be prejudiced if not permitted to opt out of the pending settlement. As a result, Petitioner Barbara Scott requests that the Court permit her to opt out of the pending WEN class settlement.

## FACTS

Petitioner Barbara Scott is a resident of Goose Creek, South Carolina (a small town just outside of Charleston, South Carolina). Ms. Scott was a user of "WEN Cleansing Conditioner" for an extended period of time prior to June of 2015. In or around June of 2015, Ms. Scott's hair began to fall out. She sought medical treatment for her condition, but her hair loss progressed to the point where nearly all hair on the posterior portion of her scalp was gone. A recent image of Ms. Scott's hair loss is shown below.



Ms. Scott first spoke with the attorneys of Chappell, Smith & Arden, P.A. on the afternoon of Monday, February 13, 2017 and provided them with a copy of a settlement notice she received via U.S. Mail. (**Exhibit A**—WEN Settlement Notice). Ms. Scott is not an attorney and has no legal training. The first page of the Notice is a claim form indicating a deadline of April 28, 2017 to submit a "Tier 1 Class-Wide Flat Rate Claim." On page 11 of the Notice, however—in inconspicuous print—was a warning that "opt-out" requests must be postmarked by February 10, 2017. Ms. Scott was unaware of this deadline. Immediately realizing the peril she faced regarding her right to bring an independent claim, Petitioner's attorneys mailed an "opt out" request to the Settlement Administrator that very afternoon.[1] (**Exhibit B**—Scott Opt Out Request).

On April 25, 2017, Barbara Scott filed an independent lawsuit against the defendants in this case in Berkeley County, South Carolina. (**Exhibit C**—Scott Complaint). Defendants removed the lawsuit to federal court on June 5, 2017 (**Exhibit D**—Notice of Removal), and moved to stay all proceedings pending the resolution of motion for final settlement approval in the instant matter. (**Exhibit E**—Motion to Stay). Ms. Scott's attorneys consented to the stay, but informed the court of their intention to petition this Court to be permitted to opt out of any WEN/Guthy-Renker settlement. The District Court granted the stay, issuing a text order as follows:

> granting [5] Motion to Stay discovery pending final approval of the class settlement reached in Friedman, et al. v. Guthy-Renker, et al., Case No. 2:14-cv-06009, a parallel federal court class action, and plaintiff's request to be excluded from the Friedman settlement. Attorneys are

---

[1] It appears that the U.S. Postal Service did not postmark the opt out request until the following day, February 14, 2017.

to provide the court with a status report after the Friedman hearing on July 24, 2017.

(Dkt. 10, Scott v. Guthy-Renker, LLC, et al., 2:17-cv-01469-PMD (D.S.C.). This petition follows.

## STANDARD OF REVIEW

"[T]he district court has discretion to extend a class member's time to opt out." Silber v. Mabon, 18 F.3d 1449, 1454 (9th Cir. 1994). "The judge may treat as effective a tardy election to opt out. Factors affecting this decision include the reasons for the delay, whether there was excusable neglect, and whether prejudice resulted. Relief from deadlines, however, should be granted only if the delinquency is not substantial or if there is good cause shown." Manual for Complex Litigation (4th) at 298.

## ANALYSIS

### I. Reasons for the Delay

As shown above, the reason for the delay in Ms. Scott's opt out request stems from her inexperience with the legal system (particularly in complex matters such as class action litigation, with which even most attorneys are unfamiliar), and the potential confusion surrounding the April 28, 2017 deadline to submit a claim. Once Ms. Scott brought the settlement notice to the attention of an attorney, the February 10, 2017 opt-out deadline became apparent and she—through her attorneys—immediately acted to place the settlement administrator on notice.

## II. Excusable Neglect

Any neglect on the part of Ms. Scott in delivering her opt-out request beyond the February 10, 2017 deadline is excusable. Prior to consulting with counsel, Ms. Scott acted essentially as a *pro se* party of interest. This district recognizes a "more lenient standard applicable to *pro se* litigants." Ismail v. County of Orange, 917 F. Supp. 2d 1060, 1066 n.2 (C.D. Cal. 2012). As soon as she was able to consult with an attorney, she acted with great speed.

## III. Resulting Prejudice

Should Ms. Scott be barred from pursuing her individual claim, she will be greatly prejudiced. As shown above, the physical injury she has suffered as a result of using the Defendants' product amounts to substantial and obvious baldness. She is forced to wear a wig and endure the shame and embarrassment of concealing her injury on a daily basis. There is no indication that her scarring will heal.

Even if permitted to file a Tier 2 claim out of time, Ms. Scott's damages claim will be limited to $20,000—a paltry sum considering the extent and permanence of her injuries. It is for this reason that she has chosen to pursue an independent action rather than participate in the settlement.

## IV. Nature of the Delinquency

As noted above, the nature of the delinquency is one that is both short in time and inconsequential in scope to the Defendants. Ms. Scott's attorneys mailed her opt-out request one business day beyond the deadline and immediately upon realizing her predicament. The U.S. Postal Service postmarked the letter to the settlement administrator two days after the deadline. And, according to the opt out

notice filed by the Defendants with the District of South Carolina, the settlement administrator possessed the opt-out notice on February 17, 2017—one week after the deadline.

In fact, the Defendants have previously notified the Court that Ms. Scott submitted her opt-out notice (albeit "late") in an exhibit attached to the declaration of the settlement administrator, Jeffery Dahl. See Dkt. 217-10, p. 53.

## **CONCLUSION**

This matter is one in which the Court should use its discretion to permit Barbara Scott to opt out of the pending WEN class settlement beyond the opt-out deadline. Ms. Scott has suffered a significant injury and would be greatly prejudiced if refused the ability to proceed with her independent claim. In the alternative, should the court choose not to allow Ms. Scott to opt out of the pending settlement, Ms. Scott would request permission to file a Tier 1 and Tier 2 claim with the settlement administrator out-of-time.

Dated: July 12, 2017

/s/ Jaime E. Moss
LENZE MOSS, PLC
Jaime E. Moss
1300 Highland Avenue, Suite 207
Manhattan Beach, California 90266
Telephone: (310) 322-8800
Facsimile: (310) 322-8811

CHAPPELL, SMITH & ARDEN, P.A.
GRAHAM L. NEWMAN (*pro hac vice* application pending)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

2801 Devine Street, Suite 300
Columbia, South Carolina 29205
Telephone: (803) 929-3600
Facsimile: (803) 929-3604

 ATTORNEYS FOR PETITIONER
Barbara Scott

# CERTIFICATE OF SERVICE

I hereby certify that, on July 12, 2017 a copy of the foregoing **PETITION TO OPT OUT OF SETTLEMENT and DECLARATION OF GRAHAM L. NEWMAN** was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

July 12, 2017                    LENZE MOSS, PLC

*/s/ Jaime E. Moss*
Jaime E. Moss
*Attorneys for Plaintiffs*