1
2
3
4
5

LEWIS WAGNER, LLP
Dina M. Cox (admitted *pro hac vice*)
dcox@lewiswagner.com
Janelle P. Kilies (admitted *pro hac vice*)
jkillies@lewiswagner.com
501 Indiana Avenue, Suite 200
Indianapolis, IN 46202
Telephone:   317-237-0500
Fax:            317-630-2799

6
7
8
9

LATHAM & WATKINS LLP
David J. Schindler, Bar # 130490
david.schindler@lw.com
355 South Grand Avenue
Los Angeles, CA 90071
Telephone:   213-891-8556
Fax:            213-891-8763

10

*Attorneys for Defendant*
*Guthy-Renker LLC*

11

# UNITED STATES DISTRICT COURT

12
13

# CENTRAL DISTRICT OF CALIFORNIA

14

# WESTERN DIVISION

15

16
17
18
19
20
21
22

AMY FRIEDMAN and JUDI
MILLER, on behalf of themselves
and all others similarly situated,

       Plaintiffs,

    v.

GUTHY-RENKER, LLC, et al.,

       Defendants.

Case No. 2:14-cv-06009

**DEFENDANTS' RESPONSE IN OPPOSITION TO BARBARA SCOTT'S PETITION TO OPT OUT OF CLASS ACTION SETTLEMENT**

23

## INTRODUCTION

24
25
26
27
28

Scott's Petition to Opt Out of the Settlement should be denied because she received actual notice of the Class Settlement and failed to timely opt out. To prevail, Scott must show that her delay in failing to timely opt out was excusable; she fails to do so. Her "pro se" nature and "inexperience with the legal system" are

1  insufficient grounds on which to grant her relief.  Finally, Defendants would be
2  significantly prejudiced if Scott's untimely opt out is allowed because the financial
3  certainty and finality that were a basis of this Class Settlement would be
4  compromised.  Defendants respectfully request that the Court deny Scott's Petition
5  to opt out of the Class Settlement.

6  ## FACTS

7  Scott used a WEN® Cleansing Conditioner for an extended period of time
8  prior to June 2015.  (Dkt. 233).  As a result, she is included in the *Friedman* Class
9  Definition. (Dkts. 219 & 220).  Scott received actual notice of the Class Settlement
10  via postcard to her home address in December 2016.  (Dahl Declaration ¶¶ 2-4).
11  Scott had nearly two months to consider the notice before the opt-out deadline of
12  February 10, 2017.  Nevertheless, she mailed an untimely opt-out notice on
13  February 13, 2017, which was received by Dahl Administration on February 17,
14  2017.  (Dkt. 233-3).

15  ## ARGUMENT

16  **I.    The factors affecting a Court's decision to treat, as effective, a tardy**
17  **opt-out do not weigh in favor of Scott**

18  The purpose of an opt-out deadline is to provide certainty and to allow for
19  financial planning and the claims procedure.  A district court may, in the exercise of
20  its discretion, extend the period of time to opt-out of a class action settlement.  *See*
21  In re Gypsum Antitrust Cases, 565 F.2d 1123 (9th Cir. 1977) .   However,
22  extensions undercut the finality regarding the Parties' agreed settlement and "erode
23  finality of complex adjudications, discourage class action settlements, permit return
24  of the former option of one-way intervention, and place a burden on judicial
25  resources."  *See* McCubbrey v. Boise Cascade Home & Land Corp., 71 F.R.D. 62
26  (N.D. Cal. 1976) .  In deciding whether to extend the opt-out period, a district court
27  may consider (1) whether class notice was actually received; (2) the length of the
28

1    delay; (3) the reasons for the delay; (4) who or what caused the delay; (5) whether

2    the absent class member's failure to act in a timely manner was the result of

3    excusable neglect (which in turn requires consideration of whether the moving

4    party acts in good faith and reasonably); (6) how many people seek to opt-out; (7)

5    whether a final judgment or settlement will be affected if the request is granted;

6    and, (8) whether the defendant will be prejudiced if the request is granted. Negrete

7    v. Allianz Life Ins. Co. of N. Am., No. CV 05-6838 CAS (MANx), 2009 U.S. Dist.

8    LEXIS 129989 (C.D. Cal. June 1, 2009) (internal citations omitted).  None of these

9    factors weigh in favor of granting Scott the relief she requests.

10           **A.       Scott's Delay does not Constitute "Excusable Neglect."**

11           Scott's alleged reasons for delay are insufficient to support her request to

12   submit an untimely opt-out.  Scott argues that her "inexperience with the legal

13   system" and "pro se" nature entitle her to relief.  (Dkt. 233).  However, those facts

14   do not support an untimely opt-out.  *See, e.g., Gatdula v. CRST Int'l, Inc., No.*

15   *CV1101285VAPOPX, 2015 WL 12697656, at \*6–7 (C.D. Cal. Aug. 26, 2015)*

16   (confusion as to what a class member must do ***is not*** a sufficient reason to excuse

17   the untimeliness of an opt-out) (emphasis added)).  Not allowing class member

18   "confusion" to form a basis for allowing an untimely opt-out is consistent with the

19   purposes behind class settlement notices.

20           The purpose of the class settlement notice is to provide notice to class

21   members, who are typically unrepresented laypersons.  *See Alexander v. FedEx*

22   *Ground Package Sys., No. 05-cv-00038-EMC, 2016 U.S. Dist. LEXIS 49201 (N.D.*

23   *Cal. Apr. 12, 2016)* .  This Court approved the Parties' plan and form of notice

24   when it preliminary approved the class settlement.   Specifically, this Court

25   concluded that the notice proposed by the Parties was "the ***best practicable notice***

26   ***under the circumstances***." (Dkt. 144) (emphasis added).  This Court also approved

27

28

of the language and format of the notice regarding the opt-out deadline, which Scott contends was in "inconspicuous print." (Dkt. 233).

The notice language is unambiguous: "If you don't want to be legally bound by the Settlement, you must 'opt-out' or exclude yourself by mailing a note signed by you that lists your full name, address and the statement: 'I wish to be excluded from the WEN Class Action Settlement.'  Opt-Out statements must be postmarked no later than **February 10, 2017**." (Dkt. 144) (bold in original).  Despite this clear language, Scott failed to submit her opt-out on or before February 10, 2017; and, this failure dooms her claim that she should not be a class member.

In *Bowman v. UBS Fin. Servs., No. C-04-3525 MMC, 2007 U.S. Dist. LEXIS 39100 (N.D. Cal. May 17, 2007)* , the moving class members received notice roughly a month before the deadline to file an opt-out.  The notice provided: "[u]nless you elect not to participate in the Settlement by timely filing an Exclusion Form, you are a part of the Class, you will be bound by the terms of the Settlement and any final judgment that may be entered by the Court, and you will be deemed to have released the claims against UBS and the other released parties described above." *Id.*  The court held that this notice clearly advised class members that their failure to file an exclusion form would result in the release of all claims arising during the class period. *Id.* at * 2.  Because notice was clear, the court denied the class members' motion for a retroactive extension of time to opt out of the settlement. *Id.* at * 3.  The court based its decision on the fact that the moving class members received timely class notice notifying them that a release of claims would occur if they did not file a timely exclusion form. *Id.*  The court also concluded that the defendant would be prejudiced if the class members were permitted to opt out after the deadline. *Id.*

*Bowman* is applicable here.  Scott received notice in December 2016, which was nearly two months before the opt-out deadline and one month more than the

1  petitioners in *Bowman*.  As in *Bowman*, the notice conspicuously informed Scott

2  what she needed to do in order to opt-out and that failure to do so would result in a

3  release of her claims.  *Id.* at * 2; Dkt. 144.  Despite receiving this notice and

4  warning of the consequences, Scott mailed an untimely opt-out.  As in *Bowman*,

5  such an untimely opt-out should not be allowed.

6       Scott does not sufficiently explain what she did in the two months following

7  her receipt of the class action notice in December 2016.  Instead, she chooses to

8  highlight February 13, 2017, the date she took the two-month-old notice to her

9  attorneys.  Clearly, Scott did not ignore or discard the postcard notice she received.

10  She appears to have sat on her rights until after the deadline to submit a timely opt-

11  out.  As in *Bowman*, Scott's failure to act until the deadline had passed is not

12  excusable neglect.

13       **B.**    **Defendants, not Scott, would be Prejudiced if Scott's**

14           **Untimely Opt Out is Allowed.**

15       Allowing a late opt-out would counteract the "financial certainty" that all

16  Parties, and specifically Defendants, sought to achieve by entering into the

17  settlement agreement.  *Bowman*, 2007 WL 1456037 at *3 (citing *Georgine v.*

18  *Amchem Prods., CIVIL ACTION NO. 93-0215, 1995 U.S. Dist. LEXIS 13802 (E.D.*

19  *Pa. Sep. 18, 1995)* (denying motion to extend opt-out deadline where movants

20  timely received notice of opt-out deadline and defendants would be prejudice

21  because "financial certainty" they sought to achieve by entering into settlement

22  would be undermined by having to litigate additional claims).

23       Defendants would be prejudiced if the Court permits Scott to opt out at this

24  late date, because Defendants will have to expend resources defending against

25  claims that it reasonably understood were foreclosed.  *Id.*; *see also Silber v. Mabon,*

26  *18 F.3d 1449, 1455 (9th Cir. 1994)* (in ruling on motion to extend time to opt out

27

28

of settlement, court should consider "whether allowing a belated opt out would affect either the settlement or the finality of the judgment").

**C.     Contrary to Scott's Argument, Her Delinquency is Consequential in Scope to the Class Settlement.**

The purpose of the firm opt-out deadline is to provide finality and clarity to the class settlement process; if not enforced, the deadline would be meaningless. "There is no question that in the distribution of a large class action settlement fund, 'a cutoff date is essential and at some point the matter must be terminated.'" In re Gypsum Antitrust Cases, 565 F.2d 1123, 1127 (9th Cir. 1977) (internal citations omitted).   If Scott's untimely opt out is allowed, it essentially "extends" the deadline retroactively and opens up the Defendants to additional requests for untimely opt outs.  Yet Scott had sufficient notice and plenty of time to submit a valid opt out.  She has provided no reason to justify why she failed to timely opt out, or why this Court should retroactively extend the opt-out deadline.  Scott's own negligence should not be permitted to compromise the finality of the class action settlement, nor should it encourage other requests for late action.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1 | **CONCLUSION**

2      Defendants request that the Court deny Scott's petition to permit her

3 untimely opt out because the factors surrounding her delay are not sufficient to

4 excuse her tardiness, and Defendants would be significantly prejudiced if this late

5 opt out is allowed.

6                           By: /s/ Dina M. Cox

7                           David J. Schindler (SBN: 130490)

8                           david.schindler@lw.com
LATHAM & WATKINS LLP

9                           355 South Grand Avenue

10                          Los Angeles, CA  90071
Tel: (213) 891-8556

11                          Fax: (213) 891-8763

12

13                          Dina M. Cox
(admitted *Pro Hac Vice*)

14                          dcox@lewiswagner.com
Janelle P. Kilies

15                          (admitted *Pro Hac Vice*)

16                          jkilies@lewiswagner.com
LEWIS WAGNER, LLP

17                          501 Indiana Avenue, Suite 200

18                          Indianapolis, IN 46202
Tel:  (317) 237-0500

19                          Fax:  (317) 630-2790

20                          *Attorneys for Defendant Guthy-Renker, LLC*

21

22

23

24

25

26

27

28

1

## <u>CERTIFICATE OF SERVICE</u>

2

3       This is to certify that a copy of the foregoing has been filed with the Clerk of
the Court on July 31, 2017 using the CM/ECF system which sent notification of
this filing to all counsel of record and to anyone else registered to receive Notice of

4    Electronic Filing for this case.

5

6       I declare under penalty of perjury that the foregoing is true and correct, and
that this declaration was executed on July 31, 2017, and Los Angeles, California.

7

8                                             */s/* Barry R. Schirm

9                                             Barry R. Schirm
                                              HAWKINS PARNELL THACKSTON &
10                                            YOUNG LLP

11                                            *Attorneys for WEN by Chaz Dean Inc.*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' RESPONSE TO PETITION OF BARBARA SCOTT TO SUBMIT OPT-OUT**    8