# United States District Court
# Central District of California

| | |
|---|---|
| AMY FRIEDMAN; JUDI MILLER; KRYSTAL HENRY-McARTHUR; and LISA ROGERS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GUTHY-RENKER, LLC and WEN BY CHAZ DEAN, INC.,<br><br>Defendants. | Case No. 2:14-cv-06009-ODW(AGRx)<br><br>**ORDER GRANTING BARBARA SCOTT'S PETITION TO OPT OUT OF SETTLEMENT [233]** |

Currently pending before the Court is Barbara Scott's Petition to Opt Out of Settlement. (ECF No. 233.) Scott is a member of the eight million-plus nationwide class of persons who used various WEN hair care products between 2007 and 2016, and appears to have suffered severe hair loss as a result. (Pet. at 2, ECF No. 233.) Scott states that while she received notice of the class settlement in this action, she did not realize that the last day to opt out of the settlement (February 10, 2017) was substantially earlier than the last day to submit a claim under the settlement (April 28, 2017). (*Id.* at 3.) It was only after Scott showed the notice to an attorney (on February 13, 2017) that she realized the difference. (*Id.*) That same day, Scott's attorney mailed an opt out request on her behalf to the settlement administrator. (*Id.*;

Newman Decl. ¶ 3, Ex. B.)  On April 25, 2017, Scott filed an individual action against Defendants in South Carolina.  (Newman Decl. ¶ 4, Ex. C.)  On July 12, 2017, Scott filed the instant petition to opt out of the class settlement.  (ECF No. 233.)  Defendants oppose Scott's petition, arguing that Scott's failure to return the opt out notice before the deadline is not excusable, and that permitting Scott to belatedly opt out would undermine the finality of the class settlement.  (ECF No. 244.)  Scott did not submit any reply.  Scott's petition is now before the Court for decision.[1]

District courts have the discretion to grant relief from the deadline to opt out of a class settlement.  *Silber v. Mabon*, 18 F.3d 1449, 1455 (9th Cir. 1994); *In re Gypsum Antitrust Cases*, 565 F.2d 1123, 1128 (9th Cir. 1977).  The court may consider a variety of factors in deciding whether to grant such relief, including (but not limited to): "the degree of compliance with the best practicable notice procedures; when notice was actually received and if not timely received, why not; what caused the delay, and whose responsibility was it; how quickly the belated opt out request was made once notice was received; how many class members want to opt out; and whether allowing a belated opt out would affect either the settlement or finality of the judgment."  *Silber*, 18 F.3d at 1455.

After weighing the foregoing factors, the Court concludes that granting Scott's petition is appropriate.  To be sure, several factors weigh against granting the petition: Scott received actual notice of the settlement and does not contend that she received it late; and the notice quite clearly distinguishes between the deadline for filing a claim versus the deadline for opting out of the settlement.  However, the Court finds the diligence with which Scott acted after obtaining legal advice, and the fact that she mailed the opt out request only one business day after the opt out deadline, weighs heavily in favor of granting relief.  Moreover, Scott is the only one of eight million class members who is seeking relief from the opt out deadline.  Given that close to

---

[1] The Court previously concluded that this matter was appropriate for decision without oral argument, and thus vacated the hearing on this Motion. (ECF No. 248.)

four thousand class members timely opted out of the settlement, allowing one more opt out will hardly upend the settlement or destroy all settlement benefits for Defendants. While the Court is cognizant of the importance of finality in the class settlement context, the Court finds that the ends of justice will be better served in this particular circumstance by permitting the untimely opt out. The Court therefore **GRANTS** Scott's Petition. (ECF No. 233.)

**IT IS SO ORDERED.**

August 18, 2017

_____

**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**