Name: Ellen Bentz
Address: 427 Delta Avenue, C1-12
City, State, Zip: Cincinnati, Ohio 45226
Phone: 513-300-1102
Fax:
E-Mail: ebentz331@gmail.com

☐ FPD  ☐ Appointed  ☐ CJA  ☐ Pro Per  ☐ Retained

FEE PAID

FILED
CLERK, U.S. DISTRICT COURT
SEP 20 2017
CENTRAL DISTRICT OF CALIFORNIA
BY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMY FRIEDMAN, JUDI MILLER, KRYSTAL HENTRY-MCARTHUR AND LISA ROGERS<br><br>PLAINTIFF(S),<br>v.<br>GUTHY-RENKER LLC and WEN BY CHAZ DEAN, INC.<br><br>DEFENDANT(S). | CASE NUMBER:<br><br>2:14-cv-06009-ODW-AGR<br><br><br>**NOTICE OF APPEAL** |

NOTICE IS HEREBY GIVEN that _____ Ellen Bentz, and objector in this matter, _____ hereby appeals to
                                           *Name of Appellant*
the United States Court of Appeals for the Ninth Circuit from:

**Criminal Matter**

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☐ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☐ Interlocutory Appeals
☐ Sentence imposed:

☐ Bail status:

**Civil Matter**

☐ Order (specify):


☒ Judgment (specify):
   Order Granting Final Approval and Entering
   Final Judgment (Doc. 251)
☐ Other (specify):

Imposed or Filed on ___August 21, 2017___. Entered on the docket in this action on August 21, 2017.

A copy of said judgment or order is attached hereto.

September 14, 2017
Date

Signature
☒ Appellant/ProSe  ☐ Counsel for Appellant  ☐ Deputy Clerk

Note: The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the attorneys for each party. Also, if not electronically filed in a criminal case, the Clerk shall be furnished a sufficient number of copies of the Notice of Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

A-2 (01/07)                                    NOTICE OF APPEAL

010679

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| AMY FRIEDMAN, JUDI MILLER, KRYSTAL HENRY-MCARTHUR, and LISA ROGERS on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GUTHY-RENKER LLC and WEN BY CHAZ DEAN, INC.,<br><br>Defendants. | Case No. 2:14-cv-06009-ODW-AGR<br><br>ORDER GRANTING FINAL APPROVAL AND ENTERING FINAL JUDGMENT<br><br>Judge: Hon. Otis D. Wright II |

## ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AND FINAL JUDGMENT

On October 28, 2016, the Court entered an Order Granting Preliminary Approval of Class Settlement and directing notice be sent to the class. In that same Order, the Court set a Final Approval Hearing for June 5, 2017, for the purpose of determining (1) whether the proposed settlement, on the terms set forth in the Settlement Agreement and Release of Claims ("Agreement"), is fair, reasonable, and adequate, and should be finally approved by the Court; (2) whether, pursuant to the terms of the proposed settlement, a final order should be entered dismissing defendants Guthy-Renker LLC ("Guthy-Renker") and WEN by Chaz Dean, Inc. ("WEN") (collectively Guthy-Renker and WEN shall be referred to as "Defendants") and releasing Defendants from all Released Claims (as defined in the Agreement); (3) whether to award attorneys' fees and costs to Class Counsel;

and (4) whether to approve the Incentive Awards to Named Plaintiffs Amy Friedman, Judi Miller, Krystal Henry-McArthur, and Lisa Rogers. The Final Approval Hearing was held on June 5, 2017, at which time the Court addressed three issues of concern with the proposed settlement, and further hearing was set for July 24, 2017. This Order will refer to the Named Plaintiffs and Defendants as the "Parties" to the Agreement.

On or before February 10, 2017, Lindsey Buss, Christina Brown, Rosemary Renz, Melissa Randolph, Kathleen Horn, Tremaine Charles, Pamela Sweeney, Pamela Behrend, Ellen Bentz, Nadine Lindgren, Patricia Seastrom-Miller, and Christy Whaley Sparks (collectively, the "Objectors") filed objections to the settlement. The Parties filed their respective responses to the objections on May 1, 2017.

The Court, having reviewed the Agreement and all proposed modifications thereto, and all papers submitted in connection with the proposed settlement, and having considered all arguments of the Parties' counsel and the Objectors, finds that the Parties have evidenced full compliance with the Preliminary Approval Order, the Parties have addressed the three issues of concern expressed by the Court on June 5, 2017, and there are substantial and sufficient grounds for entering this Order Granting Final Approval of Settlement and Final Judgment ("Final Order and Judgment").

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Court has federal subject matter jurisdiction of this Lawsuit and jurisdiction to approve the settlement.

2. The Court has personal jurisdiction over the Named Plaintiffs, all members of the Settlement Class, and the Defendants.

3. The Court hereby directs the Parties and their counsel to implement

1

and consummate the Agreement as modified as follows and directs the administration of the settlement in accordance with the terms and provisions of the Agreement as modified as follows, pursuant to the agreement of the Parties and the approval of this Court:

    a. The class period shall be November 1, 2007 to September 19, 2016.

    b. Section A(1) – Tier 1 Class-Wide Flat Rate Claims: The last sentence of the first paragraph of this section is stricken. There shall be no cap on the amount of funds available to pay Class Members making Tier 1 claims.

    c. All references in the Settlement Agreement to a $5,000,000 cap or allocation for Tier 1 claims are stricken or replaced, as illustrated in the modified and redlined Agreement attached hereto as Exhibit 1 and incorporated by reference into this Order (unless otherwise noted herein, all terms and phrases used in this Final Order and Judgment shall have the same meaning as in the Agreement).

    d. Section 8: Incentive Awards to Named Plaintiffs. The Parties suggest that the incentive award for Amy Friedman and Judi Miller each be $20,000.

    e. Section 9: Attorney's Fees and Costs. Class Counsel fees shall be $5,500,000.

    f. Section 14: Special Master. The Special Master's fees shall be capped at $400,000.

    g. Section 17: Administrative Costs and Expenses. Settlement Administration fees and costs (exclusive of Special Master fees and costs, and costs and fees associated with delays from any appeals) shall be capped at $2,524,859.00.

Case 2:14-cv-06009-ODW-AGR Document 251 Filed 08/21/17 Page 4 of 8 Page ID #:3956

4. Pursuant to Federal Rule of Civil Procedure 23, the Court finds that (a) members of the proposed Settlement Class are so numerous as to make joinder of all members impracticable; (b) there are questions of law or fact common to the proposed Settlement Class; (c) the claims of the Named Plaintiffs are typical of the claims of the proposed Settlement Class; (d) the Named Plaintiffs and Class Counsel fairly and adequately protected and will continue to protect the interests of the members of the Settlement Class; (e) questions of law or fact common to the members of the Settlement Class predominate over any questions affecting only individual members; and, (f) for settlement purposes, a class action is superior to other available methods for the fair and efficient adjudication of the Lawsuit and its resolution.

5. The Court therefore finds that the requirements for certifying a settlement class have been met and are appropriate under the circumstances of this case pursuant to Federal Rule of Civil Procedure 23(b)(3). The Court certifies for settlement purposes only the following Settlement Class, with the Named Plaintiffs representing the Settlement Class as follows:

> All purchasers or users of WEN Hair Care Products in the United States or its territories between November 1, 2007 and September 19, 2016, excluding (a) any such person who purchased for resale and not for personal or household use, (b) any such person who signed a release of any Defendant in exchange for consideration, (c) any officers, directors or employees, or immediate family members of the officers, directors or employees, of any Defendant or any entity in which a Defendant has a controlling interest, (d) any legal counsel or employee of legal counsel for any Defendant, and (e) the presiding Judge in the Lawsuit, as well as the Judge's staff and their immediate family members.

6. The Court gives final approval to the settlement as fair, reasonable,

3

and adequate to the Named Plaintiffs and to each member of the Settlement Class, and the settlement is in their respective best interests, and is in full compliance with all requirements of due process and federal law. The settlement is finally approved in all respects.

7. Neither the certification of the Settlement Class, nor the settlement of this Lawsuit, shall be deemed to be a concession by Defendants of the propriety of the certification of a litigation class, in this Lawsuit or any other lawsuit, and Defendants shall retain all rights to assert that class certification for purposes other than settlement is not appropriate. Furthermore, the Agreement shall not be deemed to be an admission of liability or of unlawful conduct by or on the part of any of the Defendants or their future, current, or former officers, agents, and employees, and shall not serve as evidence of any wrongdoing by or on the part of any of the Defendants or their future, current, or former officers, agents and employees. However, reference may be made to the settlement and the Agreement as may be necessary to effectuate the provisions of the Agreement.

8. The Court finds that the U.S. Mail and Electronic Mail Notice, Settlement Website Notice, Publication Notice, notice provided to the state attorneys general and the United States Attorney General and the Notice Plan implemented pursuant to the Agreement (i) constituted the best practicable notice; (ii) constituted notice that is reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Lawsuit, of the proposed settlement, of their right to object or to exclude themselves from the proposed settlement and to appear at the Final Approval Hearing, and their right to seek monetary relief; (iii) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) met all applicable requirements of due process and federal law.

9. The Court finds that Class Counsel and the Named Plaintiffs adequately represented the Settlement Class for the purpose of entering into and implementing the Agreement. The Court further finds that Dahl Administration LLC, the Settlement Administrator, and the Hon. Nan Nolan (Ret.), the Special Master, have met all requirements of the Court as set forth in the Preliminary Approval Order and Agreement.

10. The Court has considered all properly raised objections. After considering the objections and all briefing and oral argument offered in support of or in opposition to the same, the Court finds that the objections are without merit. Accordingly, all objections are hereby overruled.

11. The Court further finds under Federal Rule of Civil Procedure 54(b) there is no just reason for delay in entering final judgment, and therefore directs that the judgment of dismissal shall be final and entered forthwith. Without affecting the finality of this Final Order and Judgment for purposes of appeal, the Court, by consent of the Parties, shall retain jurisdiction over the implementation and enforcement of the Agreement. Except as set forth expressly in this Paragraph, the case is dismissed with prejudice upon entry of this Final Order and Judgment.

12. The Court finds that the Named Plaintiffs and each member of the Settlement Class have conclusively compromised, settled, discharged, dismissed, and released all Released Claims against Defendants and the other Released Parties, as set forth in Section 16 of the Agreement.

13. Accordingly, upon the Effective Date, the Named Plaintiffs and all members of the Settlement Class who have not been excluded from the Settlement Class, whether or not they returned a Claim Form within the time and in the manner provided for, are barred from asserting any Released Claims against Defendants and the other Released Parties, and any such members of the

Settlement Class are deemed to have released any and all Released Claims as against Defendants and the other Released Parties. The settlement and this Final Order and Judgment are binding on, and shall have *res judicata* and preclusive effect in any pending and future lawsuits or other proceedings encompassed by the Released Claims maintained by or on behalf of the Named Plaintiffs and all other members of the Settlement Class.

14. The Court approves Incentive Award payments to Plaintiffs Friedman and Miller of $20,000 each, an incentive award for Plaintiff Henry-McArthur of $5,000, and Plaintiff Rogers of $2,500.

15. The Court, in light of the substantial work, considerable expense expended, and substantial risks associated with prosecuting this Lawsuit, further awards Class Counsel attorneys' fees and costs in the amount of $5,500,000, which equates to less than 21% of the Fund, and also approves the payment of all Administrative Costs and Expenses consistent with the terms of the Agreement.

16. To the extent that there are any residual funds left in the Fund at the end of the claim period, those residual funds will revert to *cy pres*, as described in Section 6 of the Agreement. The Parties select the American Academy of Dermatology, Inc. ("AAD") as *cy pres* recipient, and the Court directs that all residual funds shall revert to AAD and shall be earmarked for scalp and hair-related research and issues.

17. This order and judgment shall bar all members of the Settlement Class who have not been excluded from the Settlement Class from (i) filing, commencing, prosecuting, intervening in, or participating as plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on, relating to, or arising out of the claims, assertions and causes of action raised in the Lawsuit and/or the Released

Claims, or the facts and circumstances relating to any of them; and (ii) from filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of members of the Settlement Class who have not been excluded from the Settlement Class (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to, or arising out the claims, assertions and causes of action raised in the Lawsuit and/or the Released Claims, or the facts and circumstances relating to any of them.

18. The Court approves the Opt-Out List (ECF No. 217-9 to 217-10) and determines that the Opt-Out List is a complete list of all potential Settlement Class members who have properly and timely requested exclusion from the Settlement Class and who therefore shall neither share in nor be bound by this Final Order and Judgment. Notwithstanding the foregoing, the Court in its discretion may grant requests by other class members to opt out of the settlement.

DATED: August 21, 2017.

HON. OTIS D. WRIGHT II
United States District Judge

7

ORDER GRANTING FINAL APPROVAL AND ENTERING FINAL JUDGMENT

I certify that my notice of appeal was filed by regular mail on the 5th of April, 2017 on:

**William H Anderson**
**Charles J. LaDuca**
Cuneo Gilbert and LaDuca LLP
4725 Wisconsin Avenue NW Suite 200
Washington, DC 20016

**Taylor Asen**
Cuneo Gilbert and LaDuca LLP
16 Court Street Suite 1012
Brooklyn, NY 11241

**Michael J Flannery**
Cuneo Gilbert and LaDuca LLP
11620 Wilshire Boulevard Suite 900
Los Angeles, CA 90025

**Douglas L Johnson**
**Neville Johnson**
Jordanna Thigpen
Johnson and Johnson LLP
439 North Canon Drive Suite 200
Beverly Hills, CA 90210

**Jaime Erin Moss**
Lenze Moss PLC
1300 Highland Avenue Suite 207
Manhattan Beach, CA 90266

**Steven T Simmons**
**Janet Varnell**
**Brian Warwick**
Varnell and Warwick PA
PO Box 1870
Lady Lake, FL 32158

Attorneys for Amy Friedman

**Dina M Cox**
**Janelle Kilies**

**Charles Whybrew**
Lewis Wagner LLP
501 Indiana Avenue Suite 200
Indianapolis, IN 46202

**Sarah M Gragert**
Latham and Watkins LLP
555 Eleventh Street NW Suite 1000
Washington, DC 20004-1304

**Jonathan Michael Jackson**
**David Schindler**
**Kristin Tuey**
Latham and Watkins LLP
355 South Grand Avenue
Suite 100
Los Angeles, CA 90071-1560

Attorneys for Guthy Renker

**Michael B Giaquinto**
**Barry Schirm**
Hawkins Parnell Thackston and Young LLP
445 South Figueroa Street Suite 3200
Los Angeles, CA 90071

Attorneys for WEN by Chaz Dean

**Anne Andrews**
**Sean Higgins**
**John Thornton**
Andrews and Thornton
2 Corporate Park Suite 110
Irvine, CA 92606

**Amy E Davis**
Christiansen Davis LLC
4100 Spring Valley Road Suite 450
Dallas, TX 75244

**David E Rosen**
Murphy Rosen LLP

100 Wilshire Boulevard Suite 1300
Santa Monica, CA 90401

**Robert P Berry**
**Carol Silberg**
Berry Silberberg and Stokes LLC
16150 Main Circle Drive Suite 120
St Louis, MO 63017
314-480-5882
314-480-5884 (fax)
rberry@berrysilberberg.com

Attorney for Tonya Whitehead

**Robert L Esensten**
**Randi Geffner**
Esensten Law
12100 Wilshire Suite Suite 1660
Los Angeles, CA 90025

Attorney for Tosin Barakat

**Graham L Newman**
Chappell Smith and Arden PA
2801 Devine Street Suite 300
Columbia, SC 29205

Attorney for Barbara Scott


