1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Michael D. Luppi
State Bar No. 55865
Law Offices of Michael D Luppi
11366 Christy Ave, Sylmar, CA 91342
(818 )897-3344 Fax: (818) 897-3344
Email: girlfriwp@aol.com
Attorney for Objector Pamela L. Behrend

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| **AMY FRIEDMAN, JUDI MILLER, KRYSTAL HENRY-McCARTHUR and LISA ROGERS, on behalf of themselves and all other similarly situated,**<br><br>**Plaintiffs/Appellees**<br><br>**v.**<br><br>**GUTY-RENKER, LLC and WEN BY CHAZ DEAN, INC.,**<br><br>**Defendants/Appellees**<br><br>**v.**<br><br>**Pamela L. Behrend,**<br><br>**Objector/Appellant** | **Case No.: 2:14-cv-06009-ODW-AGR**<br><br>**OBJECTOR BEHREND'S RESPONSE TO MOTION FOR APPEAL BOND FILED OCTOBER 20, 2017**<br><br><br>**Hearing: November 20, 2017**<br>**Time: 1:30 PM**<br>**Courtroom: 5D**<br><br>**The Hon. Otis D. Wright, II** |

1

## **TABLE OF CONTENTS**

TABLE OF CONTENTS.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  i

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF REASONS IN OPPOSITION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

# TABLE OF AUTHORITIES

2

3

## CASES

4   *Adsani In re American President Lines, Incorporated,* 779 F.2d 714

5      (D.C. Cir. 1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 6

6   *Azizian v. Federated Department Stores, Incorporated,* 499 F.3d 950

7      (9th Cir. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 4, 5, 6

8   *Clark v. Universal Builders, Inc.,* 501 F.2d 324 (7th Cir. 1974). . . . . . . . . . . . 6, 7

9

10  *Kitagawa v. Gaudet (In re MagSafe Apple Power Adapter Litig.),* 571 F.

    App'x 560 (9th Cir. 2014). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 4

11

12  *United States v. Bradley,* 35 U.S. 343 (1836). . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

13

14

## STATUTES AND RULES

15

16  28 U.S.C. § 1912. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

17  28 U.S.C. § 1920. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

18

19  28 U.S.C. § 2072(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

20  Fed. R. App. P. 7. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 4, 5, 6

21

22  Fed. R. App. P. 38. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

23  Fed. R. App. P. 39. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 4, 5

24

25

26

27

28

**INTRODUCTION**

Pamela Behrend (Objector Behrend) timely filed objections to the purposed Wen Hair Care class action settlement. This Court held a final approval hearing on June 5, 2017. Subsequently, this Court entered both an Order Granting Motion for Final Approval of Class Settlement and [216] and Granting Motion for Attorneys' Fees and Costs [218] (Dkt 250) and an Order Granting Final Approval and Entering Final Judgment (Dkt 251)

On September 14, 2017, the Clerk of the Court entered the first of the three notices of appeal by an Objector/Appellant regarding the Court's August 22, 2017 Orders. That Notice was filed by Objector/Appellant Pamela A. Sweeney.

On September 22, 2017, the Clerk's office received a timely Notice of Appeal from Objector/Appellant Behrend (Dkt. 261), pursuant to Rule 4(a)(3) F.R.App.P.

On October 20, 2017 moved this Court to require Objector/Appellant Behrend to post a $48,326.50 appeal bond pursuant to Rule 7 F.R.App.P.

**STATEMENT OF REASONS IN OPPOSITION**

1.      Rule 7 F.R.App.P (Rule 7) costs on appeal are only the costs listed in Rule 39(e) F.R.App.P. (Rule 39(e))

2.      Rule 39(e) provides that costs on appeal taxable in the District Court for the benefit of the party entitled to costs are the cost: for the preparation and transmission of the record; for the reporter's transcript, if needed to determine the appeal; for premiums paid for a supersedeas bond or other bond to preserve rights pending appeal; and, for the

fee for filing the notice of appeal.

3.      Movants' papers, document 2617-1, page 14 say that they "secured a quote from Gibson Moore Appellate services, LLC, and [the] appellate costs for preparing and filing briefs and appendices and other associated fees were estimated to be $1,942.50."

4.      Rule 39 costs "rarely exceed a few hundred dollars when taxed against an appellant. *Kitagawa v. Gaudet (In re MagSafe Apple Power Adapter Litig.*), 571 F. App'x 560 (9th Cir. 2014)

5.      Imposition of a $48,326.50 Rule 7 appeal bond would violate Objector/Appellant Behrend's due process rights in that she was never advised, in the published Class Notice, or any order of this Court, that she would have to post an appeal bond that included $42,499.00 for "the administrative costs of delay" to protect her appellate rights.

6.      Per her deposition, Objector/Appellant Behrend can not afford the requested appeal bond without   borrowing against the equity in her home. (Dkt. 267-1, page 12)

7.      In this circuit, the issuance of an appeal bond that is legally impermissible, pursuant to Rule 7, triggers satellite litigation regarding the bond order. *Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 953 (9th Cir. 2007)

**ARGUMENT**

Rule 39(e) provides that costs on appeal taxable in the District Court for the benefit of the party entitled to costs are the cost: for the preparation and transmission of the record; for the reporter's transcript, if needed to determine the appeal; for premiums paid for a supersedeas bond or other bond to preserve rights pending appeal; and, for the fee for filing the notice of appeal.

To date, there is no Federal statute which provides for "costs including the administrative costs of delay." Thus, the split in the circuits on the issue of whether attorney's fees as costs can be properly included in an appeal bond under Rule 7 cannot be expanded beyond the attorney's fees. In point of fact the circuit split only arises of the tension between the Federal Rules of Appellate Procedure and the language of some statutes in the U.S. code which include the language "costs including a reasonable attorney's fee" language.

Once attorney's fees are subtracted from the equation, it is clear that "Rule 7 costs on appeal are only costs listed in Rule 39(e). See *In re American President Lines, Inc.*, 779 F.2d 714, 716 (D.C. Cir. 1985) Rule 7 costs on appeal are only Rule 39 cost items); *Kitagawa v. Gaudet (In re MagSafe Apple Power Adapter Litig.*), 571 F. App'x 560 (9th Cir. 2014) (FRAP 39 costs "rarely exceed a few hundred dollars when taxed against an appellant [and a] district court may not include in an appeal bond any expenses beyond those referenced in FRAP 39..."); *Tennille v. Western Union*, 774 F3d 1249 (10th Cir. 2014). Bonds that are in excess of amounts authorized by law are void to the extent of the amount in excess of the amount allowed by law; "and for any excess beyond that act, if there be any (on which we do not decide), it is void, *pro tanto*. *United States v. Bradley*, 35 U.S. 343 (1836)

In *Kitagawa V. Gaudet* the 9th Circuit instructed: "[a] district court may always include

in an appeal bond the costs specified in Fed. R. App. P. 39. See id. [*Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 955 (9th Cir. 2007)] at 955-56. Yet these costs rarely exceed a few hundred dollars when taxed against an appellant. The district court may not include in an appeal bond any expenses beyond those referenced in Fed. R. App. P. 39 unless such expenses may be shifted pursuant to another statute. See id. [*Azzian*] at 959-60. ... The district court abused its discretion by requiring the objectors to post $15,000 appeal bonds given that the only applicable fee-shifting statute is Fed. R. App. P. 39. Accordingly, we vacate the district court's May 29, 2012, order. On remand, the district court may impose an appeal bond that more accurately reflects the amount that a prevailing appellee would be entitled to recover from a losing appellant under Fed. R. App. P. 39."

The Advisory Committee Notes to the 1998 amendments to Rule 7 state that the language of the rule is amended to make the rule more easily understood and that the changes are intended to be "stylistic only."  The term "costs on appeal" is contained in Rule 7, as amended in 1998, and was not changed from the 1979 amendment.  The consistent interpretation of "costs on appeal" in Rule 7 prior to the 1979 amendment, and thereafter, and at the time of the April 24, 1998 stylistic amendment was that it did not include attorney's fees.  The 1998 stylistic amendment, that continued to use the term "cost on appeal," manifests the intent that Rule 7 not to include attorney's fees.  Moreover, the Advisory Committee Notes to the 1998 Amendments to Rules 7 and 39 indicate that the amendments were to provide consistency of terminology throughout the appellate rules.  Both Rules used the term "costs on appeal" so what is a cost on appeal for each rule is the same. Thus, as a matter of law, once the nuanced  argument regarding attorney's fees, is subtracted, Ruled 7 appeal bonds are limited to Rule 39 costs.

28 U.S.C. § 1920 provides that *"[a] judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.*

Viewing Rules 7 and 39 in light of the Rules Enabling Act, 28 U.S.C. § 2072(a), also results in the conclusion that "administrative costs of delay" are not properly included in an appeal bond. The Rules Enabling Act provides that the rules of procedure do not enlarge or modify a substantive right. Therefore, since the statutory basis for Rule 39 is 28 U.S.C. § 1920, regarding "taxation of costs," as a matter of law, pursuant to the Rules Enabling Act,  Rule 39 cannot authorize costs greater than those provided under 28 U.S.C. § 1920, as set forth above. Those costs simply do not include administrative costs of delay.

The same is true when viewing Rules 7 and 39 in light of  28 U.S.C. § 1912, which clearly delineates the requested "administrative costs of delay" as damages, not costs; "*Where a judgment is affirmed by the Supreme Court or a court of appeals, the court in its discretion may adjudge to the prevailing party just damages for his delay, and single or double costs*."

In *Azizian v. Federated Dep't Stores, Inc*., 499 F.3d 950, 2007 U.S. App. LEXIS 20070 (9th Cir. Cal. 2007) the Court noted that "the courts of appeals, which may dispose of the appeal at the outset through a screening process, grant an appellee's motion to dismiss, or impose

sanctions including attorney's fees under Rule 38. *In re Am. President Lines*, 779 F.2d at 717. Allowing districts court to impose high Rule 7 bonds on where the appeals might be found frivolous risks impermissibly encumber[ing]" Appellants' right to appeal and effectively preempt[s] this court's prerogative to make its own frivolousness determination. Id. at 717, 718; see also *Adsani*, 139 F.3d at 79 ([A]ny attempt by a [district] court at preventing an appeal is unwarranted and cannot be tolerated) (quoting *Clark v. Universal Builders, Inc.*, 501 F.2d 324, 341 (7th Cir. 1974)).

Additionally, an appeal bond, which includes costs that are not allowable by law, in excess of an amount affordable by the appellant, without borrowing against the equity of her marital home, raises constitutional issues of due process and equal protection guaranteed by the Fifth Amendment.

In this matter, on the face of movants' papers the estimated costs of appeal are $1,942.50, (Dkt 267-2 page 14), not $5,827.50; which is 3 times the estimated costs. As the 9th circuit has noted, a cost or bonding requirement can be unconstitutional when it too heavily burdens the ability of a party to exercise its statutory right to appeal. *Adsani,* 139 F.3d at 77-79

Furthermore, due process requires that the Court approved Notice of the proposed settlement explicitly governs the parameters of objections. In this matter nothing in the Notice put Objector/Appellant Behrend on notice that, should the District Court overrule her objections, she will be required to post an appeal bond covering alleged administrative costs of delay in order to perfect her appeal to the 9th circuit.

## <u>CONCLUSION</u>

For the reasons set forth above this court should deny appellees request that Objector/

Appellant Behrend post a $48,326.50 Rule 7 appeal bond and instead set the bond at $1,942.50

with regard to her non consolidated appeal.


Respectfully submitted,

/s/ Michael D. Luppi

Michael D. Luppi
State Bar No. 55865
Attorney for Objector/Appellamt Behrend
Law Offices of Michael D. Luppi
11366 Christy Ave
Sylmar, CA 91342
(818 )897-3344
Fax: (818) 897-3344
Email: girlfriwp@aol.com

**OBJECTOR BEHREND'S RESPONSE TO MOTION FOR APPEAL BOND FILED OCTOBER 20, 2017**

7

## CERTIFICATE OF SERVICE

I, the undersigned, certify and declare that I am over the age of 18 years, employed in California at the Law Office of Michael D. Luppi, 11366 Christy Avene, Sylmar, CA 91342.

On October 30, 2017, I served true and correct copies of the Objector Behrend's Response to Motion for Appeal Bond Filed October 20, 2017, by causing the documents to be enclosed in an envelope addressed to the persons at the addresses below. These envelopes were then delivered via regular, postage paid U.S Mail.

Pamela Sweeney
2672 Mutchler Road
Madison, WI 53711

Ellen Bentz
427 Delta Avenue, C1-12
Cincinnati, Ohio 45226

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on October 30, 2017.

/s/ Michael D. Luppi
Michael D. Luppi

**OBJECTOR BEHREND'S RESPONSE TO MOTION FOR APPEAL BOND FILED OCTOBER 20, 2017**

8