Neville L. Johnson (SBN 66329)
njohnson@jjllplaw.com
Douglas L. Johnson (SBN 209216)
djohnson@jjllplaw.com
Jordanna G. Thigpen (SBN 232642)
jthigpen@jjllplaw.com
**JOHNSON & JOHNSON, LLP**
439 North Canon Drive, Suite 200
Beverly Hills, California 90210
Telephone:  (310) 975-1080

William Anderson, (*Pro Hac Vice*)
wanderson@cuneolaw.com
Charles J. LaDuca, (*Pro Hac Vice*)
charles@cuneolaw.com
Michael J. Flannery (SBN 196266)
mflannery@cuneolaw.com
**CUNEO GILBERT & LADUCA, LLP**
4725 Wisconsin Avenue, NW
Suite 200
Washington, DC 20002
Telephone:  (202) 789-3960

Brian W. Warwick, (*Pro Hac Vice*)
bwarwick@varnellandwarwick.com
Janet R. Varnell, (*Pro Hac Vice*)
jvarnell@varnellandwarwick.com
**VARNELL & WARWICK, P.A.**
P.O. Box 1870
Lady Lake, FL  32158
Telephone:  (352) 753-8600

Attorneys for Plaintiffs and the Proposed Class

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| **AMY FRIEDMAN, JUDI MILLER, KRYSTAL HENRY-MCARTHUR, and LISA ROGERS on behalf of themselves and all others similarly situated,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**GUTHY-RENKER LLC and WEN BY CHAZ DEAN, INC.,**<br><br>**Defendants.** | Case No. 2:14-cv-06009-ODW-AGR<br><br>**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR APPEAL BOND**<br><br>Judge:  Hon. Otis D. Wright II<br>Motion Date:  November 20, 2017<br>Time:  1:30 p.m.<br>Location:  Courtroom 5D |

## **TABLE OF CONTENTS**

I.      INTRODUCTION ........................................................................................1

II.     ARGUMENT ...............................................................................................2

        A.      Costs Of Administration Should Be Included In The Bond .................2

        B.      The Estimated Appellate Costs Are Reasonable ..................................5

        C.      Appellant-Objector Is Able To Pay The Amount Of The Bond...........5

III.    CONCLUSION ............................................................................................6

1
2
## TABLE OF AUTHORITIES
3
<u>Cases</u>

4 *Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950 (9th Cir. 2007) ................... 4

5 *Dennings v. Clearwire Corp.,* 928 F. Supp. 2d 1270 (W.D. Wash.

6     2013) ........................................................................................................ 2, 3

7 *In re Netflix Privacy Litig.*, No. 5:11-CV-00379-EJD, 2013 WL

8     6173772 (N.D. Cal. Nov. 25, 2013) .......................................................... 2, 4, 6

9 *Miletak v. Allstate Ins. Co.*, No. C 06-03778 JW, 2012 WL 3686785

10     (N.D. Cal. Aug. 27, 2012) .......................................................................... 2, 3, 5

11 *Redwen v. Sino Clean Energy, Inc.*, No. CV 11-3936 PA (SSX), 2013

12     WL 12128684 (C.D. Cal. Dec. 20, 2013) ...................................................... 2, 4

13 *Shames v. Hertz Corp.*, 2013 WL 3155019 (S.D. Cal. 2013) ................................. 1

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.      INTRODUCTION

Pamela Behrend is the only Appellant-Objector that filed an opposition to Plaintiff's Motion seeking an appeal bond.  Consistent with an emerging pattern[1], Appellant-Objectors Sweeney and Bentz did not file timely oppositions—tacitly conceding that issuance of the requested bond is appropriate.  Appellant-Objector Behrend's opposition, while timely, nevertheless ignores most of the arguments raised by Plaintiffs and fails to distinguish any of the cases cited by Plaintiffs.  Simply put, her opposition is without merit and a bond should be required of each Appellant-Objector.

Plaintiffs' motion establishes that (1) Appellant-Objector Behrend (as well as Appellant-Objectors Sweeney and Bentz) is financially able to post a bond, (2) the risk is substantial that absent the bond Appellant-Objector Behrend will not pay Plaintiffs' costs if she loses her appeal, and (3) the underlying merits of her appeal are lacking.  *See Shames v. Hertz Corp.*, 2013 WL 3155019, at \*1 (S.D. Cal. June 18, 2013) (discussing factors courts should consider in assessing the propriety and amount of a bond).  Appellant-Objector does not even contest that there is a risk she will not pay the costs, nor that her appeal lacks merit.  Instead, despite an express statement under oath in her deposition that she was willing to and could afford to post a bond, her newest lawyer claims—without any documentary evidence or support—that she cannot afford to post a bond.  Additionally, Appellant-Objector argues, in the face of multiple cases to the contrary, that administrative costs cannot be included in the bond.  Because Plaintiffs have established that each Appellant-Objector meets the established criteria for an

---

[1] To the extent the improper purpose of these appeals is not already abundantly clear, none of the Appellant-Objectors have complied with their obligations to order transcripts pursuant to Ninth Circuit Rule 10-3.1.  As such, all of the appeals are now subject to dismissal pursuant to Ninth Circuit Rule 42-1.  *See* Docket Nos. 253, 258, and 262.  Additionally, Appellant-Objector Sweeney has also failed to pay the filing fee for her appeal, ignoring a September 22, 2017 order of the Ninth Circuit giving her 21 days to submit payment or move to proceed in forma pauperis.  *See* Docket No. 259.

1  appeal bond, each Appellant-Objector should, accordingly, be ordered to post an

2  appeal bond in the amount of $48,326.50, comprised of: (1) anticipated settlement

3  administration fees of $42,499.00; and (2) transcript, filing, copy, binding and

4  other reasonable fees associated with litigation of the appeal of $1,942.50 for each

5  Appellee—a total of $5,827.50 in hard costs associated with the appeal.

6  **II.   ARGUMENT**

7  　　**A.   Costs Of Administration Should Be Included In The Bond**

8  　　　　The bulk of Appellant-Objector Behrend's Opposition is devoted to the

9  argument that administration costs may not be included in the Court's calculation

10  of the appeal bond.  However, the position that Behrend espouses—that the bond

11  can only include appellate costs—ignores numerous cases within the Ninth Circuit

12  interpreting Federal Rule of Appellate Procedure 7 to include administration costs

13  in the amount of the bond.  *See e.g. In re Netflix Privacy Litig.*, No. 5:11-CV-

14  00379-EJD, 2013 WL 6173772, at *4 (N.D. Cal. Nov. 25, 2013); *Redwen v. Sino*

15  *Clean Energy, Inc.*, No. CV 11-3936 PA (SSX), 2013 WL 12128684, at *2 (C.D.

16  Cal. Dec. 20, 2013); *Miletak v. Allstate Ins. Co.*, No. C 06-03778 JW, 2012 WL

17  3686785, at *2 (N.D. Cal. Aug. 27, 2012); *Dennings v. Clearwire Corp.,* 928 F.

18  Supp. 2d 1270, 1272 (W.D. Wash. 2013).

19  　　　　In *In re Netflix Privacy Litig.*, 2013 WL 6173772, at *4, the plaintiffs asked

20  for appeal bonds of $21,519 from each individual objector, consisting of $175 in

21  taxable costs and $21,344 in administrative costs (including maintaining and

22  administering the settlement website and toll-free phone number, answering

23  questions from class members, managing and filing taxes for the settlement and

24  escrow account, and paying monthly storage costs) for each appeal. The Court held

25  that these costs were reasonable and that requiring an appeal bond totaling $21,519

26  from each of the individual objectors was proper.

27

28

In *Redwen*, 2013 WL 12128684, at *2, the Court found that expected administration costs of $16,510.50 were reasonable:

> These costs are attributable to the delay caused by Vincent's appeal. The claims administrator has estimated, based on previous experience, that if the appeal further extends the time period of the settlement administration, the additional fees and expenses will be approximately $1,485.00 per month… The median length of appeals in the Ninth Circuit is 15.3 months… Since the Notice of Appeal was filed on August 9, 2013, and the distribution of the settlement fund is scheduled for January 2014 without accounting for Vincent's appeal, applying the average delay period would extend the time to distribution approximately 10.3 months. Multiplying the average expense of $1,485.00 per month by 10.3 months and adding the claims administrator's estimated one-time fixed fee of $1,215.00 results in expected additional administration costs of $16,510.50. Vincent presents no evidence to rebut this.

In light of the evidence presented, the Court held that the amount of the appeal bond requested by the plaintiffs, which also included $900 in estimated costs of preparing and filing the record and briefs and the costs of transcripts, was reasonable.

In *Miletak*, 2012 WL 3686785, at *2, the Court found that a bond consisting of $10,000 in appellate costs as defined by Fed. R. App. P. 39(e) and $50,000 in administrative costs consisting of costs incurred to service and respond to class member needs pending appeal, was reasonable.

Finally, in *Dennings,* 928 F. Supp. 2d 1270, 1272, the Court held that the plaintiffs' request for a $41,150.00 appeal bond was reasonable.

> Their request includes $2,000.00 for the cost of acquiring a transcript and filing documents with the court and $39,150.00 in increased costs of administering the settlement as a result of the appeal… With regard to the $2,000.00 request, Plaintiffs have produced testimonial evidence that, in the past, this figure would have been much higher but that $2,000.00 is now reasonable in light of recent rule changes in the Ninth Circuit that reduce the number of papers that need to be filed on

appeal… Mr. Morgan and Mr. De La Garza present no evidence to rebut this. Having reviewed the evidence submitted by Plaintiffs, the court concludes that $2,000.00 is reasonable. Plaintiffs' request for $39,150.00 in administrative fees is also reasonable. As explained above, courts have interpreted Rule 7 broadly to include increased expenses in settlement administration and administrative costs… Plaintiffs calculated their figure of $39,150.00 by multiplying the estimated monthly increase in settlement administration costs ($2,250.00) by the median length of a Ninth Circuit appeal (17.4 months) to arrive at a total of $39,150.00… This is a sound methodology that is supported by evidence… Once again, Mr. Morgan and Mr. De La Garza present no evidence whatsoever to rebut it. Accordingly, the court concludes that Plaintiffs' figures are reasonable.

Appellant-Objector Behrend relies on the Ninth Circuit's decision in *Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 954–55 (9th Cir.2007) for the proposition that administration costs and expenses cannot be included in the bond. But that is not what *Azizian* dictates.  In *Azizian*, the Ninth Circuit held "that the term 'costs on appeal' in Rule 7 includes all expenses defined as 'costs' by an applicable fee-shifting statute, including attorney's fees." *Azizian*, 499 F.3d at 958. In contrast where, as here, Plaintiff seeks a bond for litigation and settlement administration costs (rather than delay damages or attorneys' fees), the bond requested is permissible and justified. *See e.g. In re Netflix Privacy Litig.*, 2013 WL 6173772, at *4; *Redwen*, 2013 WL 12128684, at *2.

Plaintiffs request that Appellant-Objectors be required to post a bond of $42,499 each for administrative costs is, thus, consistent with prior appeal bonds required in the Ninth Circuit and remains uncontradicted by the record evidence. If these costs are not recovered, Class Member benefits will have to be reduced because the common fund will have to be taxed for these additional expenses during the appeal.

## B. The Estimated Appellate Costs Are Reasonable

With respect to costs on appeal, Appellant-Objector Behrend asserts that the total estimated costs are three times Plaintiffs' costs. Opp. Mot. App. Bnd., Dkt. No. 270, at 6. Plaintiffs secured a quote from Gibson Moore Appellate Services, LLC, and appellate costs for preparing and filing briefs and appendices and other associated fees were estimated to be $1,942.50. Anderson Decl. at ¶ 8. Defendants Guthy-Renker and Wen by Chaz Dean have both indicated that they anticipate accruing similar costs. *Id.* at ¶¶ 9-10. Appellant-Objector Behrend makes no legitimate effort to contest these projected costs, pointing only to vague dicta from an unrelated case. Opp. Mot. App. Bnd., Dkt. No. 270, at 2. Thus, the total costs among the Plaintiffs and Defendants amounts to $5,827.50. The sum of the Parties' estimated appeal costs should be part of the bond.

## C. Appellant-Objector Is Able To Pay The Amount Of The Bond

Appellant-Objector also contends that the amount of the bond is "in excess of an amount affordable" to her. Opp. Mot. App. Bnd., Dkt. No. 270, at 6. This position is, however, contrary to the record evidence. As set forth in Plaintiff's Opening Brief, Appellant-Objector Behrend testified that she has the financial resources to post a bond. *See* Anderson Decl. at Exhibit 6, Pgs. 70-71, Lns. 24-13 (Q. Do you and your husband have the financial ability to post a bond, what is called an appeal bond, which would be, probably covers the cost of keeping all the accounts open and available during the time period of the appeal. And so sometimes the court will require an appeal bond. Have you talked to your husband about that? A. A little bit. Q. Okay. A. And we have a lot of equity in our house. We have plenty of equity in that. We have a good retirement plan we can borrow against. Q. So you have the financial ability? A. Yes.").

Appellant-Objector Behrend explicitly stated that she had the financial ability to post the bond. She does not now point to evidence in the record to the

1   contrary, perhaps because there is none.  Instead, she argues—without citation to

2   record evidence or to case law in support of her contention—that "borrowing

3   against the equity of her marital home, raises constitutional issues…"  Opp. Mot.

4   App. Bnd., Dkt. No. 270, at 6.  This mere assertion is insufficient to satisfy

5   Appellant-Objector Behrend's burden to establish that she lacks the financial

6   capacity to post the bond and ignores her reference to other assets during her

7   deposition.  *See Miletak*, 2012 WL 3686785, at *2, n. 4 ("[F]inancial information"

8   is required; a mere assertion as to financial inability in a declaration, without more,

9   is insufficient and "weighs in favor of imposing a bond."); *see also In re Initial*

10  *Pub. Offering Sec. Litig.*, 728 F. Supp. 2d 289, 293 (S.D.N.Y. 2010) (ability to post

11  bond is "presumed" where objectors do not present evidence to the contrary).  In

12  reality, Appellant-Objector Behrend has previously objected to class action

13  settlements and is fully aware that her appeal will hold up the Settlement for

14  months, if not years.  She had the opportunity to opt out of the Settlement and

15  pursue her claims individually, but chose to object and appeal instead.  She should

16  not be allowed to diminish the common fund without any consequences.  It should

17  not be an easy decision to hold up Settlement benefits from being distributed to

18  more than 400,000 Class Members.  Thus, this factor supports the assessment of a

19  bond.  *See In re Netflix*, 2013 WL 6173772, at *3 ("Generally, district courts have

20  found that this first factor weighs in favor of a bond unless a party is financially

21  unable to post a bond.") (internal citations omitted).

22  **III.   CONCLUSION**

23         Issuance of an appeal bond is entirely appropriate as to these Appellant-

24  Objectors.  Therefore, Plaintiffs respectfully request that this Honorable Court

25  grant this Motion and require each Appellant-Objector to post a bond in the total

26  amount of $48,326.50 (comprised of $5,827.50 in appellate costs and $42,499 in

27  administrative costs).

28  //

DATED:  November 2, 2017          **JOHNSON & JOHNSON**

**By:**   s/ Jordanna G. Thigpen

Neville L. Johnson (SBN 66329)
njohnson@jjllplaw.com
Douglas L. Johnson (SBN 209216)
djohnson@jjllplaw.com
Jordanna G. Thigpen (SBN 232642)
jthigpen@jjllplaw.com
439 North Canon Drive, Suite 200
Beverly Hills, California 90210
Telephone:  (310) 975-1080
Facsimile:  (310) 975-1095

**CUNEO GILBERT & LADUCA, LLP**

**By:**   /s/ William H. Anderson
William H. Anderson (*Pro Hac Vice*)
wanderson@cuneolaw.com
Charles J. LaDuca (*Pro Hac Vice*)
charlesl@cuneolaw.com
Michael Flannery (SBN 196266)
mflannery@cuneolaw.com
4725 Wisconsin Ave., NW
Suite 200
Washington, DC 20002
Telephone:  (202) 789-3960
Fax:  (202) 789-1813

**VARNELL & WARWICK, P.A.**

**By:**   /s/ Brian W. Warwick
Brian W. Warwick (*Pro Hac Vice*)
bwarwick@varnellandwarwick.com
Janet R. Varnell (*Pro Hac Vice*)
jvarnell@varnellandwarwick.com
P.O. Box 1870
Lady Lake, FL  32158
Telephone:  (352) 753-8600
Facsimile:  (352) 753-8606

*Counsel for Named Plaintiffs and the Class*